DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SABRINA M. BERDUX, State Bar #248927
MARGARET W. BAUMGARTNER, State Bar #151762
KAITLYN MURPHY, State Bar #293309
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3929 [Berdux]
Telephone:    (415) 554-3859 [Baumgartner]
Telephone:    (415) 554-3867 [Murphy]
Facsimile:    (415) 554-3837
E-Mail:    sabrina.m.berdux@sfcityatty.org
E-Mail:    margaret.baumgartner@sfcityatty.org
E-Mail:    kaitlyn.murphy@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,[1] VICKI HENNESSY,
 PAUL MIYAMOTO, JASON JACKSON, AND CAPTAIN MCCONNELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKEN, MICHAEL BROWN AND JOSE POOT, ON BEHALF OF THEMSELVES INDIVIDUALLY AND OTHERS SIMILARLY SITUATED, AS A CLASS AND SUBCLASS,<br><br>       Plaintiffs,<br><br>       vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL AND JOHN AND JANE DOES, NOS. 1 -50,<br><br>       Defendants. | Case No. 19-CV-02724-SK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Hearing Date:    October 7, 2019<br>Time:    9:30 a.m.<br>Place:    Ctrm. C, 15th Fl.<br>        450 Golden Gate Ave.<br>        San Francisco, CA 94102<br><br>Trial Date:    Not Set. |

---

[1] Plaintiffs also name as a defendant the San Francisco County Sheriff's Department, but the Department is not a separate legal entity that can sue or be sued.  It is a Department of the City.

MOTION TO DISMISS
CASE NO. 19-CV-02724-SK

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...............................................................................................3

I.    INTRODUCTION ...............................................................................................9

II.    STATEMENT OF FACTS ..................................................................................9

III.    ARGUMENT .....................................................................................................11

    A.    LEGAL STANDARD OF REVIEW .......................................................11

    B.    PLAINTIFFS KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, MONTRAIL BRACKENS, MICHAEL BROWN AND JOSE POOT DO NOT HAVE EIGHTH AMENDMENT CLAIMS ..........................................................................12

    C.    THE PLRA BARS PLAINTIFFS' EMOTIONAL AND MENTAL SUFFERING CLAIMS THAT LACK A SHOWING OF PHYSICAL INJURY ................................................................................................12

    D.    EACH OF THE SIX CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED .................................................14

    E.    THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS TO PLAINTIFFS' FEDERAL CLAIMS (CLAIMS 1 AND 2) ................................................................14

    F.    PLAINTIFFS' STATE LAW CLAIMS ARE BARRED .........................17

        1.    The State Law Immunity for Injury to a Prisoner Bars Plaintiff's State Law Claims Against the Entity Defendant ...........................17

        2.    The Good Faith Immunity Bars Plaintiffs' State Law Claims Against the Individual Defendants ..................................................18

    G.    PLAINTIFFS' CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) IS INSUFFICIENT (CLAIM 6).........18

IV.    CONCLUSION.................................................................................................19

# TABLE OF AUTHORITIES

**State Cases**

*Davidson v. City of Westminster*
  32 Cal.3d 197 (1982) ................................................................................................18

*Degrassi v. Cook*
  29 Cal.4th 333 (2002) ..............................................................................................11

*Hughes v. Pair*
  46 Cal.4th 1035 (2009) ............................................................................................18

*Katzberg v. Regents of University of California*
  29 Cal.4th 300 (2002) ..............................................................................................11

*Lawson v. Superior Court*
  180 Cal.App.4th 1372 (2010) ..................................................................................17

*O'Toole v. Superior Court*
  140 Cal.App.4th 488 (2006) ....................................................................................18

*Sahley v. County of San Diego*
  69 Cal.App.3d 347 (1977) .......................................................................................17

*Wilson v. Hynek*
  207 Cal.App.4th 999 (2012) ....................................................................................18

**State Statutes & Codes**

Title 15 of the California Code of Regulations................................................................15

15 California Code of Regulations
  Section 1065 ............................................................................................................15

California Government Code
  Sectoion 844 ...........................................................................................................17

California Government Code
  Section 844.6 ......................................................................................................17, 18

California Government Code
  Section 844.6(a)(2) ..................................................................................................17

**Federal Cases**

*aff'd*
  133 F.3d 459 (7th Cir. 1997) ...................................................................................13

*Ashcroft v. Al-Kidd*
  563 U.S. 731 (2011)..................................................................................................14

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)..................................................................................................12

*Aulson v. Blanchard*
    83 F.3d 1 (1st Cir. 1996) ..................................................................................................12

*Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir. 1990) ...........................................................................................11

*Botelho v. Hawaii*
    No. CIV. 06-00096 DAE, 2015 WL 2088877, at *15 (D. Haw. Feb. 25, 2010).....................17

*Brosseau v. Haugen*
    543 U.S. 194 (2004)..........................................................................................................15

*Bureerong v. Uvawas*
    922 F.Supp. 1450 (C.D. Cal. 1996) .................................................................................12

*Butz v. Economou*
    438 U.S. 478 (1978)..........................................................................................................15

*Candler v. Santa Rita County Jail Watch Commander*
    No. 11-CV-01992-CW, 2015 WL 333298, at *9 (N.D. Cal. Jan. 26, 2015) ............................16

*Clay v. Miller*
    626 F.2d 345 (4th Cir. 1980) ...........................................................................................17

*Clegg v. Cult Awareness Network*
    18 F.3d 752 (9th Cir. 1994) .............................................................................................12

*Davis v. District of Columbia*
    158 F.3d 1342 (D.C. Cir. 1998).................................................................................13, 14

*Dawes v. Walker*
    239 F.3d, 489 (2d Cir. 2001) ...........................................................................................12

*Franklin v. Fox*
    312 F.3d 423 (9th Cir. 2002) ...........................................................................................15

*Graves v. Arpaio*
    No. CV-77-0479-PHX-NVW, 2008 WL 4699770, at *39 (D. Ariz. Oct. 22, 2008)................17

*Harris v. Gerner*
    216 F.3d 970 (11th Cir. 2000) .........................................................................................12

*Haynie v. County of Los Angeles*
    339 F.3d 1071 (9th Cir. 2003) .........................................................................................15

*Ingraham v. Wright*
    430 U.S. 651 (1977)..........................................................................................................12

*Ivey v. Board of Regents*
    673 F.2d 266 (9th Cir. 1982) ...........................................................................................11

*Monell v. Department of Soc. Servs.*
    436 U.S. 658 (1978)................................................................................................14

*Oliver v. Keller*
    289 F.3d 623 (9th Cir. 2002) ................................................................................13

*Pearson v. Callahan*
    555 U.S. 223 (2009)..........................................................................................14, 15

*Pierce v. County of Orange*
    526 F.3d 1190 (9th Cir. 2008) ........................................................................16, 17

*Pomerantz v. County of Los Angeles*
    674 F.2d 1288 (9th Cir. 1982) ..............................................................................14

*Ramirez v. City of Buena Park*
    560 F.3d 1012 (9th Cir. 2009) ..............................................................................15

*Saucier v. Katz*
    533 U.S. 194 (2001)..............................................................................................15

*Spain v. Procunier*
    600 F.2d 189 (9th Cir. 1979) ................................................................................16

*Stack v. Lobo*
    903 F.Supp. 1361 (N.D. Cal. 1995)......................................................................11

*Taylor v. List*
    880 F.2d 1040 (9th Cir. 1989) ..............................................................................14

*Zehner v. Trigg*
    952 F.Supp. 1318 (S.D. Ind.)................................................................................13

**Federal Statutes**
42 United States Code
    Section 1983 .........................................................................................................11

42 United States Code
    Section 1997e(e) ...................................................................................................12

**Rules**
Federal Rules of Civil Procedure
    Rule 12(b)(6)................................................................................................9, 11, 12

**Constitutional Provisions**
California Constitution
    Article I, Section 7 ...............................................................................................11

California Constitution
    Article I, Section 17 .................................................................................11, 17, 18

United States Constitution
   Eighth Amendment ...........................................................................................................11, 12, 19

United States Constitution
   Fourteenth Amendment ..................................................................................................................11

**TO PLAINITFFS AND THEIR ATTORNEY OF RECORD**:

**PLEASE TAKE NOTICE THAT** at 9:30 a.m. on October 7, 2019, at the United States District Court for the Northern District of California, 450 Golden Gate Ave., 15th Floor, Courtroom C, before the Hon. Sallie Kim, Defendants City and County of San Francisco, San Francisco Sheriff Vicki Hennessy, Chief Deputy Sheriff Paul Miyamoto, Captain Jason Jackson, and Captain McConnell ("Defendants") will and hereby do more for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's claims against Defendants. Each of the seven plaintiffs brings six claims against each defendant including the following: 42 U.S.C. § 1983 claim for violation of the Eighth Amendment (claim 1); 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment (claim 2); violation of Article I, Section 7 of the California Constitution (claim 3); violation of Article I, Section 17 of the California Constitution (claim 4); state law negligence (claim 5); and state law intentional infliction of emotional distress (claim 6). Defendants' motion to dismiss is made on the following grounds:

First, Plaintiffs Kenyon Norbert, Troy McAllister, Marshall Harris, Montrail Brackens, Michael Brown, and Jose Poot do not have Eighth Amendment claims because they are not convicted inmates which is a threshold requirement.

Second, the Prison Litigation Reform Act prohibits a claim for emotional and mental suffering damages where there has not been a showing of a physical injury and here plaintiffs lack a showing of a physical injury.

Third, the claims against the individual defendants are deficient because there are no facts that the individuals participated personally in the alleged conduct.

Fourth, the individual defendants are entitled to qualified immunity because the alleged jail conditions are not clear constitutional violations and the individuals did not have notice that they were clearly unconstitutional.

Fifth, Plaintiffs' state law claims are barred by statutory immunity.

Sixth, Plaintiffs' claim for intentional inflict of emotional distress is deficient.

///

///

MOTION TO DISMISS
CASE NO. 19-CV-02724-SK

7

n:\lit\li2019\191337\01388883.docx

This motion is based on the memorandum of points and authorities, the docket and files of this Court, and such other arguments and authorities as the parties may bring to the Court's attention.

Dated: August 30, 2019

> DENNIS J. HERRERA
> City Attorney
> CHERYL ADAMS
> Chief Trial Deputy
> SABRINA M. BERDUX
> MARGARET W. BAUMGARTNER
> KAITLYN MURPHY
> Deputy City Attorneys
>
>
> By: */s/ Sabrina M. Berdux*
> SABRINA M. BERDUX
>
> Attorneys for Defendants
> CITY AND COUNTY OF SAN FRANCISCO, VICKI HENNESSY, PAUL MIYAMOTO, JASON JACKSON, AND CAPTAIN MCCONNELL

MOTION TO DISMISS
CASE NO. 19-CV-02724-SK

8

n:\lit\li2019\191337\01388883.docx

## I.    INTRODUCTION

The San Francisco Sheriff's Department provides visible day light, fresh air, and recreation to all of its inmates.  Plaintiffs sued, alleging that the constitutional guarantees them access to sunlight, fresh air, and recreation all at the same time.  Plaintiffs can provide no legal authority for that proposition, and in fact, the manner in which the Department provides fresh air, day light, and recreation comply with State Correction standards.  Therefore Defendants San Francisco Sheriff Vicki Hennessy, Chief Deputy Sheriff Paul Miyamoto, Captain Jason Jackson, and Captain McConnell City ("Individual Defendants"), and City and County of San Francisco ("City") move for dismissal of the claims against them under Federal Rule of Civil Procedure 12(b)(6).  Additionally, state law immunities apply to plaintiffs' claims, barring liability.

## II.    STATEMENT OF FACTS

For the purpose of this motion, Defendants accept as true all well pled allegations in the complaint. Each of the seven plaintiffs are pre-trial or pre-sentence detainees housed in San Francisco County Jail 4 or County Jail 5 who challenge their conditions of confinement including: access to sunlight and fresh air, outdoor recreation, and the length of weekly recreational time. (Compl. ¶¶ 9-10).[2] Both County Jail 4 and County Jail 5 have indoor exercise facilities rather than an outdoor exercise yard and an inmate's access to sunlight, fresh air, and exercise vary depending on the facility in which facility they are housed. (Compl. ¶¶ 40-41, 48).

**County Jail 5**

County Jail 5 was constructed in 2006 and is located in San Bruno. (Compl. ¶ 30). The jail is divided into 16 housing pods each with 24 cells that house at most 48 inmates (2 per cell). (Compl. ¶¶ 39, 42). Each pod has its own gym the size of the "paint" area of a basketball court, which all inmates can access during "pod time." (Compl. ¶ 42). The gym in each pod has a glass slit on the wall which lets in outside air and natural light and also permits inmates to see "a small sliver of the sky from limited angles." (Compl. ¶ 43).

---

[2] Plaintiffs Kenyon Norbert, Montrail Brackens, Jose Poot, Troy McAllister, Marshal Harris, and Michael Brown are currently pretrial detainees. (Compl. ¶ 10). Plaintiff Armando Carlos is a pre-sentence detainee. (*Id*.)

MOTION TO DISMISS
CASE NO. 19-CV-02724-SK

9

n:\lit\li2019\191337\01388883.docx

There are no allegations regarding the length of "pod time," meaning time outside a cell with access to the pod day room and gym, for inmates in 14 of the 16 pods at County Jail 5. However, the complaint provides information about "pod time" for two of the pods. Inmates in the Intake Pod (7A) and the Administrative Segregation Pod (4A) are permitted out of their cells for 30 minutes per day, during which time they can use the gym or make phone calls. (Compl. ¶ 43).

**County Jail 4**

County Jail 4 was constructed more than 4 decades earlier than County Jail 5 and is in downtown San Francisco at 850 Bryant Street. (Compl. ¶ 39). Unlike County Jail 5's pod structure, County Jail 4's "layout is in corridors with cells lining the corridors." (Compl. ¶ 48). Cell sizes range in size to accommodate 1, 2, 6, or 12 inmates. (*Id*.). Inmates housed in "A block" have access to natural light and outside air from windows across the hallway from their cells; the remaining areas of the jail do not. (*Id*.)

There are no allegations regarding the size of the County Jail 4's gym or whether the gym has access to natural light or outside air as in County Jail 5. Inmates in County Jail 4 are each provided one three-hour block of time to access the gym each week.[3] (Compl. ¶ 49).

Plaintiffs allege on information and belief that inmates in County Jail 4 and County Jail 5 suffer from Vitamin D deficiency and related health issues while inmates in County Jail 4 also suffer from additional issues resulting from their conditions of confinement including "cardiovascular disease, hypertension, negative impacts on blood sugar including adult onset diabetes and lowered insulin sensitivity, headaches, migraines, anxiety and depression, weight increase and obesity." (Compl. ¶¶ 52-53).

Plaintiffs allege their conditions of confinement are the result of "Defendants' policies, practices, actions, and omissions." (Compl. ¶¶ 18, 28 37). In particular, Defendant Hennessey as Sheriff and Defendant Miyamoto as Chief Deputy Sheriff in charge of the Custody Division, at all relevant times "held command and policy making positions" in the County jails and "caused, created, authorized, condoned, ratified, approved, or knowingly acquiesced" to the city's policies. (Compl. ¶¶

---

[3] The Sheriff recently changed that practice, and they gym schedule now calls for two recreation times per week.

12-13). Defendants Jackson and McConnell as the Captains responsible for County Jail 4 and County Jail 5 respectively, held "supervisory, command and/or policy-making positions" and "participated in the supervision and execution of the conduct practiced in County Jail 4." (Compl. ¶¶ 14-15). Each Individual Defendant had the power "to effectuate the necessary changes to prevent the constitutional deprivations and injuries and harms complained of" and failed to do so setting in motion "a series of acts by others" which the Individual Defendants knew or should have known would lead to constitutional injuries. (Compl. ¶ 17).

Based on the conduct above, Plaintiffs bring six claims against Defendants: 42 U.S.C. § 1983 claim for violation of the Eighth Amendment (claim 1); 42 U.S.C. § 1983 claim for violation of the Fourteenth Amendment (claim 2); violation of Article I, Section 7 of the California Constitution[4] (claim 3); violation of Article I, Section 17 of the California Constitution (claim 4); state law negligence (claim 5); and state law intentional infliction of emotional distress (claim 6).  Plaintiffs seek injunctive relief, compensatory, and punitive damages.

## III.    ARGUMENT

### A.    LEGAL STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim.  A court should grant a Rule 12(b)(6) motion where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  While material factual allegations are taken as true and construed in the light most favorable to the non-movant, allegations that are conclusory, vague, or speculative are insufficient to survive a motion to dismiss. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Stack v. Lobo*, 903 F. Supp. 1361, 1369 (N.D. Cal. 1995).

The Court applies a two-part test in evaluating the sufficiency of allegations.  First, the Court must identify and disregard allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Second, the Court

---

[4] A plaintiff generally may not bring a claim for damages directly under the California Constitution. *See Katzberg v. Regents of University of California*, 29 Cal.4th 300 (2002); *Degrassi v. Cook*, 29 Cal.4th 333 (2002) but can bring claims for declaration or injunctive relief.  To the extent that plaintiff seeks damages pursuant to these provisions, the court should dismiss the claims.

must decide whether the factual allegations, if assumed true, allege a plausible claim. *Id.* A claim has facial plausibility when the plaintiff pleads facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Furthermore, under Rule 12(b)(6), "a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1462 (C.D. Cal. 1996); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (noting that a court need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited"). The Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

### B.   PLAINTIFFS KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, MONTRAIL BRACKENS, MICHAEL BROWN AND JOSE POOT DO NOT HAVE EIGHTH AMENDMENT CLAIMS

Plaintiffs' first claim alleges an Eighth Amendment violation. The Eighth Amendment proscription against cruel and unusual punishment applies only to prisoners who have been tried and convicted. *Ingraham v. Wright,* 430 U.S. 651, 670 (1977). Plaintiffs Kenyon Norbert, Troy McAllister, Marshall Harris, Montrail Brackens, Michael Brown, and Jose Poot are all pre-trial detainees who have not yet been adjudicated guilty or not guilty, and therefore any claims regarding their conditions of confinement are properly brought under the Fourteenth Amendment rather than the Eighth Amendment. (Compl. ¶ 10).

### C.   THE PLRA BARS PLAINTIFFS' EMOTIONAL AND MENTAL SUFFERING CLAIMS THAT LACK A SHOWING OF PHYSICAL INJURY

The Prison Litigation Reform Act (PLRA) states: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The purpose of the PLRA was to curtail frivolous prisoner litigation. *Harris v. Gerner,* 216 F.3d 970, 977 (11th Cir. 2000); *Dawes v. Walker,* 239 F.3d, 489, 495 (2d Cir. 2001). Failure to allege an appropriate physical injury is ground to dismiss a claim for damages. *See Zehner v. Trigg*, 952 F.Supp. 1318, 1321–35

(S.D. Ind.) (dismissing action for damages because no plaintiff developed physical injury by exposure to asbestos while in prison), *aff'd*, 133 F.3d 459 (7th Cir. 1997). The qualifying physical injury need not be significant, but it must be more than de minimis. *Oliver v. Keller*, 289 F.3d 623, 627–29 (9th Cir. 2002).  Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as a prior showing of physical injury. *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998).

The *Oliver* Court rejected the notion that "any" physical injury meets the de minimus requirement.  *Oliver,* 289 F.3d at 629.  It also specifically found that back pain, leg pain, assault from another prisoner, and a painful canker sore did not meet the requirements that a physical injury occurred. *Id.*

Here, most of plaintiffs' claimed injuries do not constitute a physical injury required to overcome the basic threshold to obtain damages for mental or emotional suffering.  Plaintiffs have specifically plead a cause of action for intentional infliction of emotional distress (claim 6) that must be dismissed.

Plaintiff **Norbert** alleges that since being in jail he has gained weight, has trouble sleeping, experiences depression and anxiety, and believes himself to be Vitamin D deficient. (Compl. ¶ 56).

Plaintiff **McAllister** states that he is "falling into despair," is "concerned about his health," without providing any additional specifics on any physical injuries. (Compl. ¶ 58).

Plaintiff **Harris** attempts to allege physical injuries in paragraph 59 of Plaintiffs' Complaint. Plaintiff claims that he too is "concerned" that long term denial of sunlight will impact is cognitive function.  Again, there is no actual physical injury.

Plaintiff **Carlos** alleges that his skin has become lighter during his incarceration, he experiences migraines and suffers from undiagnosed nerve damage, which has led to lost sensation and mobility in his right arm. (Compl. ¶¶ 60-61). He too alleges he is "afraid" of what will happen if he returns to sunlight, but again this is not a physical injury. At best, Plaintiff's alleged physical injuries are migraines and an unspecified nerve injury.  There is no causal relationship identified or plead between plaintiff's conditions of confinement and migraines or nerve injury.

Information specific to Plaintiff **Brackens** is discussed in Paragraph 62 of the Complaint, but he has not alleged any physical injuries to him as a result of the conditions of confinement addressed in the complaint. (Compl. ¶ 62).

Plaintiff **Brown** alleges his limited recreation time has "exacerbated his asthma" and caused him "body pain." (Compl. ¶ 64). The alleged "injuries" are insufficient to constitute a physical injury as required.

Plaintiff **Poot** alleges he has "lost all color in his skin," feels isolated, and has "frequent headaches." (Compl. ¶ 64). The alleged "injuries" are insufficient to constitute a physical injury as required. Again, headaches are a de minimus injury that does not rise to the standard required. The complaint is also vague, lacks causation, and is not distinct from the emotional injuries alleged. *Davis at 1349.*

**D.    EACH OF THE SIX CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED**

Plaintiffs sue each of the Individual Defendants in their individual capacities. (Compl. ¶¶ 13-15). Plaintiffs' allegations are that each defendant "caused, created, authorized…unconstitutional conditions." (Compl. ¶¶ 12-15). But this conclusory allegation is insufficient to state a constitutional claim against them. There are no specific facts plead regarding the acts that each individual took with relation to these allegedly unconstitutional conditions. Certainly, they cannot make policies regarding the structure of the building. An individual is only liable pursuant to § 1983 if he or she personally participated in the actions. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Monell v. Department of Soc. Servs.* 436 U.S. 658 (1978); *Pomerantz v. County of Los Angeles*, 674 F.2d 1288, 1291 (9th Cir. 1982).

**E.    THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS TO PLAINTIFFS' FEDERAL CLAIMS (CLAIMS 1 AND 2)**

All government employees, such as defendants here, including the Sheriff, are entitled to qualified immunity for federal claims unless "existing precedent [has] placed the statutory or constitutional question beyond debate." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The purpose of qualified immunity is to ensure that

MOTION TO DISMISS                                     14                    n:\lit\li2019\191337\01388883.docx
CASE NO. 19-CV-02724-SK

individuals, before they are held liable for constitutional violations, have "fair notice that [their] conduct was unlawful." *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) Even when an individual makes a reasonable mistake about either the state of the law or the facts, a court should grant qualified immunity. *Butz v. Economou*, 438 U.S. 478, 507 (1978); *Haynie v. County of Los Angeles*, 339 F.3d 1071, 1077-78 (9th Cir. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

District courts in the Ninth Circuit traditionally evaluate a defendant's qualified immunity defense using a two-step inquiry based on *Saucier*. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009) Although *Saucier*'*s* two-step inquiry is no longer "an inflexible requirement," generally, under the first step of *Saucier*, the issue is whether on the undisputed facts, the officers violated a constitutional right. *Pearson*, 555 U.S. at 231.  Under the second step of *Saucier*, the issue is whether that right was "clearly established" in the specific factual context confronting the officers. *Saucier,* 533 U.S. at 202.  Thus, even if any of the individual defendants violated federal law, the Court must consider whether the law was clearly established as it applied to their situation.  "If an official could reasonably have believed her actions were legal in light of clearly established law and the information she possessed at the time, she is protected by qualified immunity." *Franklin v. Fox*, 312 F.3d 423, 437 (9th Cir. 2002) (citing *Saucier*).

The Individual Defendants are entitled to qualified immunity for Plaintiffs' constitutional claims because Plaintiffs have not, and cannot, allege that any Individual Defendants violated a Constitutional right "beyond debate," by providing the recreation time, fresh air, and access to natural light in the manner that they do.  Rather, a reasonable Deputy in their position would believe that by complying with Title 15 of the California Code of Regulations, which sets forth the State's regulations for local jails, including setting a requirement for three hours of recreation time per week, they comply with all constitutional requirements.  15 CCR § 1065.  No case or other law has put them on notice that Title 15 creates unconstitutional conditions of confinement.

In support of the claims plaintiffs have cited publications regarding best practices, including the United Nations standards, a U.S. State Department handbook, the American Correctional Association.  (Compl, ¶ 46-47)  Plaintiffs cite to some legal authority regarding jail conditions as well. (Compl, ¶ 41). However, none of the sources create a constitutional obligation to provide direct

sunshine, and recreation, and fresh air at the same time as plaintiffs seem to allege is required. There is no constitutional authority that has held that the sunlight, fresh air, and recreation that is currently provided to plaintiffs is unconstitutional. Plaintiffs do not contend that recreation time and fresh air is unavailable to inmates at CJ5. (Compl ¶ 42-43). Regarding CJ4, Plaintiffs' Complaint confirms that inmates are offered recreation time and some cells have access to natural light and fresh air.[5] (Compl, ¶ 48-49). Even the Ninth Circuit case Plaintiffs do cite, *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979), which found additional recreation time appropriate under the circumstances of the case, went out of its way to avoid setting a bright line rule. *Id.* at 200 ("On this record the district court did not find that exercise is required for every prisoner given a temporary assignment to the AC for disciplinary purposes, and we do not address that question.").

It is anticipated that plaintiffs will argue that there is no affirmative constitutional authority that allows defendants to deny the requested combination of sunlight, fresh air and recreation. Plaintiff will argue that there is no constitutional authority specifically allowing the amount of light, air and recreation that is being offered to plaintiffs. However, the absence of such specific legal authority supports a finding that the constitutional standards in this area are not "clearly established."

The Ninth Circuit in *Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008), specifically declined to hold that the Constitution requires a specific minimum amount of recreation time for pretrial detainees. In that case, the jail provided the plaintiffs only ninety minutes of exercise per week, at best. *Id.* The Court held that 90 minutes did not meet the minimum requirements, but reinstated a prior injunction requiring two hours per week, suggesting that two hours a week of recreation time meets constitutional standards. *Id*. at 1212-13; *see also, Candler v. Santa Rita County Jail Watch Commander*, No. 11-CV-01992-CW, 2015 WL 333298, at *9 (N.D. Cal. Jan. 26, 2015) (holding that two hours of exercise per week is constitutional under *Pierce*).

The Ninth Circuit has held indoor exercise satisfies the constitutional standard. *See Pierce*, 526 F.3d at 1212-13 (reinstating order requiring pretrial detainees in administrative segregation

---

[5] The jail inspection conducted with the Court and parties reveals that the amount of windows, air and light available in the gym and cell blocks other than block A is misrepresented in Plaintiffs' Complaint. The inspection also revealed that the space and existence of a "day side" area in the 12 person cells at CJ4 is also misrepresented in Plaintiffs' Complaint.

receive two hours of indoor exercise per week); *see also Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980) (constitutional requirements satisfied where prisoners had access to indoor day room eighteen hours a day); *Botelho v. Hawaii*, No. CIV. 06-00096 DAE, 2015 WL 2088877, at \*15 (D. Haw. Feb. 25, 2010) (indoor exercise meets the constitutional standard).  And, "[d]etermining what constitutes adequate exercise requires consideration of the physical characteristics of the cell and jail," *Pierce*, 526 F.3d at 1212, which may include, for example, whether "dayrooms provide space and equipment for detainees for vigorous physical exercise," *Graves v. Arpaio*, No. CV-77-0479-PHX-NVW, 2008 WL 4699770, at \*39 (D. Ariz. Oct. 22, 2008).

This lack of clear "existing precedent" requires that the Court grant qualified immunity to the named individual defendants.

## F.    PLAINTIFFS' STATE LAW CLAIMS ARE BARRED

### 1.    The State Law Immunity for Injury to a Prisoner Bars Plaintiff's State Law Claims Against the Entity Defendant

Plaintiffs' state law clams against the Entity Defendant is barred by Section 844.6 of the California Government Code, which states a public entity is not liable for an injury to any prisoner. Cal. Gov. Code § 844.6(a)(2).  Additionally, a public entity is not vicariously liable for the acts and omissions of its employees when a prisoner alleges injuries.  *Lawson v. Superior Court*, 180 Cal.App.4th 1372, 1383 (2010) ("Although a public entity may be vicariously liable for the acts and omissions of its employees, that rule does not apply in the case of injuries to prisoners."). The definition of "prisoner" is broad enough to include both those previously convicted and those housed as pre-trial detainees. Gov. Code § 844; *see also Sahley v. County of San Diego*, 69 Cal.App.3d 347, 349 (1977) (holding "preconviction detainee awaiting trial" who had been "booked and arraigned" was a "'prisoner' for purposes of governmental immunity").

Plaintiffs were all prisoners within the meaning of the Government Code during the time of the events alleged in the Complaint. Therefore, Plaintiffs third and fourth causes of action for violations of Article I, Section 17 of the California Constitution, fifth cause of action for negligence, and sixth cause of action for intentional infliction of emotional distress against the Entity Defendant should be dismissed without leave to amend.

MOTION TO DISMISS
CASE NO. 19-CV-02724-SK

n:\lit\li2019\191337\01388883.docx

### 2.    The Good Faith Immunity Bars Plaintiffs' State Law Claims Against the Individual Defendants

Plaintiffs' state law clams against the individual defendants are barred by Section 844.6 of the California Government Code, which states "If a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for an injury caused thereby except the extent that he would have been liable had the enactment been constitutional, valid and applicable."

Plaintiffs assert four state law causes of action against the Individual Defendants.  The claims allege that they denied plaintiffs adequate recreation, access to sunlight, sunshine, outdoor exercise, outdoor air, and kept plaintiffs excessively confined.

No clear constitutional violations exist for the confinement conditions that plaintiffs assert. However, even if such conditions are found to constitute constitutional violations, the individuals' negligence in believing that the conditions did not violate plaintiffs' civil rights renders them immune. *O'Toole v. Superior Court,* 140 Cal.App.4th 488, 503 (2006).

Accordingly, plaintiffs' third and fourth causes of action for violations of Article I, Section 17 of the California Constitution, fifth cause of action for negligence, and sixth cause of action for intentional infliction of emotional distress against the individual defendants should be dismissed without leave to amend.

### G.    PLAINTIFFS' CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) IS INSUFFICIENT (CLAIM 6)

A claim for intentional infliction of emotional distress requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair,* 46 Cal.4th 1035, 1050 (2009).  "The tort calls for intentional, or at least reckless conduct—conduct intended to inflict injury or engaged in with the realization that injury will result." *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982).  "Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized society."  *Wilson v. Hynek*, 207 Cal.App.4th 999, 1009 (2012)

MOTION TO DISMISS                                         18                          n:\lit\li2019\191337\01388883.docx
CASE NO. 19-CV-02724-SK

Plaintiffs' claim fails to plausibly allege an IIED claim because there are insufficient allegations of the Defendants' intent to cause Plaintiffs emotional distress or that Defendants' conduct was sufficiently outrageous.

There are no allegations that any Defendant acted with the intention to cause Plaintiffs emotional distress. Nor are there plausible allegations that any Defendant acted with reckless disregard for the probability that their actions would cause Plaintiffs' emotional distress. Plaintiffs only allegation regarding the factual basis for their IIED claim is that Defendants' conduct in adopting the policies regulating the conditions of the jails at issue "is extreme and outrageous conduct that intentionally or recklessly disregards the probably of causing emotional distress." (Compl. ¶ 90). That allegation is too conclusory to state a claim.

Further, the allegations are insufficient to show that the Defendants conduct was sufficiently outrageous. Plaintiffs' own allegations state that the Sheriff's department employees who responded to Plaintiffs' administrative grievances believed the City's policies were consistent with statewide regulations concerning the minimum standards for local detention facilities. (Compl. ¶ 67 (referencing Title 15 of California's Code of Regulations regarding Crime Prevention and Corrections)).

Plaintiffs' claim for IIED must be dismissed because it is insufficiently plead.

## IV.   CONCLUSION

Plaintiffs are undisputedly pre-trial detainees.  Accordingly, an Eighth Amendment claim is not applicable and should be dismissed with prejudice.

Plaintiffs' claims for emotional and mental suffering are precluded by the PLRA for failing to show a physical injury.

Plaintiffs' Complaint fails to plead facts sufficient to assert a cause of action against the individual defendants.  Even if the complaint can be amended to allege such facts, the individual defendants are entitled to qualified immunity.  Accordingly, all individual defendants should be dismissed with prejudice.

Plaintiffs' state law claims against all defendants are barred by unambiguous immunities set forth by the California Government Code.  No facts can be alleged to overcome the immunities. Accordingly, all state law claims should be dismissed with prejudice.

Defendants respectfully request that this motion be granted without leave to amend.

Dated:  August 30, 2019

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Deputy
SABRINA M. BERDUX
MARGARET W. BAUMGARTNER
KAITLYN MURPHY
Deputy City Attorneys


By: */s/ Sabrina M. Berdux*
SABRINA M. BERDUX

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, VICKI
HENNESSY, PAUL MIYAMOTO, JASON JACKSON, AND
CAPTAIN MCCONNELL