LAW OFFICES OF YOLANDA HUANG
YOLANDA HUANG, SBN 104543
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 329-2140
Facsimile: (510) 580-9410

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>        Plaintiffs,<br><br>        vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL and John & Jane DOEs, Nos. 1 - 50.<br><br>        Defendants. | Case No.: 3:19-cv-02724 SK<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:  Nov. 18, 2019<br>Time:  1:30 p.m.<br>Courtroom: C<br><br>Magistrate Judge Sallie Kim, presiding |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................................i

TABLE OF AUTHORITIES ............................................................................................................. ii

I. INTRODUCTION .................................................................................................................1

II. STATEMENT OF FACTS .................................................................................................1

III. ARGUMENT ......................................................................................................................1

    1. STANDARDS OF REVIEW ...........................................................................................1

    2. THE PLAINTIFFS' EMOTIONAL AND MENTAL SUFFERING CLAIMS ARE NOT BARRED BY THE PLRA BECAUSE THE COMPLAINT ALLEGES CONCRETE, PHYSICAL INJURIES ...............................................................................3

    3. PLAINTIFFS HAVE PLED SUFFICIENT FACTS REGARDING THE LIABILITY OF THE INDIVIDUAL DEFENDANTS. .....................................................................5

        A. Defendants Citation to Taylor Is Incomplete and Therefore Misleading ............5

        B. Taylor Addressed Summary Judgment and Is Inapposite To Dismissal. .............6

        C. The Complaint Is Sufficient Pled .........................................................................6

    4. QUALIFIED IMMUNITY DOES NOT WARRANT A DISMISSAL. ...............................7

    5. CAL. GOV. CODE § 844.6 DOES NOT GIVE ENTITY DEFENDANTS IMMUNITY FROM LIABILITY FOR STATE CONSTITUTIONAL VIOLATIONS 9

    6. PLAINTIFFS HAVE SUFFICENTLY PLED ALL ASPECTS OF THE SIXTH CAUSE OF ACTION (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ...................................................................................................................10

    7. THIS COURT CAN CONSIDER ILLUSTRATIVE FACTS PLAINTIFFS EXPECTS TO BE ABLE TO PROVE ..................................................................................11

    8. PLAINTIFFS EIGHTH AMENDMENT RIGHTS ..............................................................13

    9. LEAVE TO AMEND .................................................................................................13

IV. CONCLUSION ..................................................................................................................13

**COMPLAINT**
*Norbert, et al. v. San Francisco County Sheriff's Dept. et al.,* United States District Court, Northern District of California, Case No. 3:19-cv-02724 SK

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**CASES**

*Allen v. Cty. of Sonoma,*

No. 17-CV-00448-YGR, 2017 WL 3593340, (N.D. Cal. Aug. 18, 2017)........................................11

*Ashcroft v. al-Kidd*

563 U.S. (2011)....................................................................................................................2, 3, 9

*Ashcroft v. Iqbal,*

556 U.S. (2009).......................................................................................................................4, 9

*Bell Atl. Corp. v. Twombly,*

550 U.S. (2007)........................................................................................................................2, 3

*Benge v. Scalzo,*

No. CV04-1687PHX (D. Ariz. May 21, 2008) ...........................................................................5

*Benigni v. City of Hemet,*

879 F.2d *(9th Cir. 1988)*.............................................................................................................7

*Butz v. Economou*

438, U.S. (1978).........................................................................................................................8

*Cahill v. Liberty Mut. Ins. Co.,*

80 F.3d (9th Cir.1996)................................................................................................................2

*Clegg v. Cult Awareness Network,*

18 F.3d (9th Cir. 1992)...............................................................................................................3

*Davis v. D.C.,*

158 F.3d  (D.C. Cir. 1998)..........................................................................................................4

*Erickson v. Pardus,*

551 U.S. (2007)...........................................................................................................................2

*Foman v. Davis,*

371 U.S. (1962).........................................................................................................................13

*G.M. v. Solano Cty. Office of Educ.*,

No. 208CV00534MCEDAD, 2008 WL 11385595, (E.D. Cal. Dec. 15, 2008) ..............................11

*Geinosky v. City of Chicago*

(7th cir. 2012)  675 F. 3d 743.) ..............................................................................................11

*Gomez v. Toledo,*

446 U.S. (1980) ....................................................................................................................7, 8

*Hailey v. Cal Physician's Serv.,*

158 Cal. App. 4th (2007) ..........................................................................................................11

*Hall v. City of Santa Barbara*,

833 F.2d 1270, 1274, *cert. den.* 485 U.S. (1988) ....................................................................2

*Harlow v. Fitzgerald,*

*457 U.S. (1982)* .......................................................................................................................7

*Ileto v. Glock, Inc.*,

349 F.3d (9th Cir. 2003) ............................................................................................................2

*Katzberg v. Regents of Univ. of California*,

29 Cal.4th (2002) ......................................................................................................................9

*Kaufman & Broad-South Bay v. Unisys Corp.*,

822 F.Supp. (N.D. Cal. 1993) ...................................................................................................2

*KFC Western, Inc. v. Meghrig*,

49 F.3d (9th Cir. 1995) ..............................................................................................................2

*Lawson v. Superior Court*,

180 Cal.App.4th (2010) .............................................................................................................10

*Lopez v. Smith*,

203 F.3d (9th Cir. 2000) ............................................................................................................3

*Mitchell v. Forsyth*,

472 U.S. (1985) ........................................................................................................................7

*Moreno v. Baca,*

iii
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
*Norbert, et al. v. San Francisco County Sheriff's Dept. et al.,* United States District Court, Northern District of California, Case No. 3:19-cv-02724 SK

431 F3d (9th Cir. 2005)....................................................................................................7

*Myron v. Terhune*,

225 F. App'x (9th Cir. 2007) ............................................................................................4

*Oliver v. Keller*,

289 F.3d (9th Cir. 2002)....................................................................................................4

*Owens v. Kaiser Found. Health Plan, Inc.*,

244 F.3d (9th Cir. 2001) ..................................................................................................13

*Perfect 10, Inc. v. Visa Inter'l Serv. Ass'n*,

494 F.3d (9th Cir. 2007)....................................................................................................2

*Pomerantz v. County of Los Angeles*,

674 F.2d (9th Cir. 1982)....................................................................................................6

*Renteria v. Williams*,

340 F. App'x (9th Cir. 2009) ............................................................................................5

*Shroyer v. New Cingular Wireless Servs., Inc.*,

622 F.3d (9th Cir. 2010)....................................................................................................2

*Slater v. Deasey,*

2019 WL 2552316 (June, 2019, 9th Cir.).........................................................................7

*Spain v. Procunier,*

600 F.2d (9th Cir. 1979)....................................................................................................8

*Taylor v. List,*

880 F.2d (9th Cir. 1989)....................................................................................................5

*Walling v. Beverly Enterprises*,

476 F.2d (9th Cir. 1973)....................................................................................................2

*Whitley v. Albers*

(475 U.S. 312 (1986)........................................................................................................13

**STATUTES**

Cal. Gov. Code § 844.6.................................................................................................9, 10

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
*Norbert, et al. v. San Francisco County Sheriff's Dept. et al.,* United States District Court, Northern District of California, Case No. 3:19-cv-02724 SK

**FEDERAL STATUES**

Fed. R. Civ. P. 8(a) ..........................................................................................................1

 Fed. R. Civ. P. 8(a)(2).............................................................................................2, 4, 6

Federal Rule of Civil Procedure §15(a)(2)..................................................................15

PLRA 42 U.S.C. §1997e(e)...................................................................................1, 3, 7

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
*Norbert, et al. v. San Francisco County Sheriff's Dept. et al.,* United States District Court, Northern District of California, Case No. 3:19-cv-02724 SK

## I. INTRODUCTION

Plaintiffs are pretrial prisoners who are currently incarcerated in San Francisco County Jails, up to six and a half years. Defendants are the City and County of San Francisco, it's Sheriff's Department, the Sheriff and the Facility Commanders for County Jail 1 and County Jail 2. Plaintiffs sued defendants for completely denying all prisoners access to sunshine and outdoor recreation, and for keeping all prisoners at County Jail 4 locked up for excessive amounts of time, up to 24 hours per day, resulting in unconstitutional, cruel and inhumane conditions in these jails. Defendants filed a motion to dismiss.

Withal, the defendants' spurious arguments against the Complaint as such must be refuted, all as follows. Defendants assert six bases for dismissal. The primary one is the erroneous assertion that deprivation of sunlight and excessive confinement in small, cramped cells does not cause physical injuries; an effort to ignore, denigrate and deprecate the serious injuries Plaintiffs have suffered and thereby assert that Plaintiffs' claims are barred by the PLRA 42 U.S.C. §1997e(e). The second is Defendants' attempt to obtain a dismissal with their claims of qualified immunity when there are substantial issues of fact regarding the wrongfulness of Defendants' conduct, by papering over the existence of the issues of fact, and citing generic and largely summary arguments and dicta on immunity. The remainder of Defendants' arguments are cursory arguments based upon incomplete citation to caselaw, and caselaw from analysis of summary judgment and not motions seeking dismissal.

## II. STATEMENT OF FACTS

All plaintiffs, at the filing of this lawsuit are in County Jail 4 and County Jail 5. These jails house only men. Prisoners in County Jail 5 are held 24/7 in artificial light, and never given the opportunity to be in sunlight. Prisoners in San Francisco County Jail 4 are locked up in their cells for 24 hours a day and allowed out for indoor exercise only twice a week for 1.5 hours at a time. Defendants do not dispute these facts.

## III. ARGUMENT

### 1. STANDARDS OF REVIEW

A plaintiff's obligation under Rule 8(a) is to present a complaint containing a "short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

In considering a motion under federal rules of civil Procedure 12b6, , a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

Motions to dismiss are generally "regarded with disfavor and [are] rarely granted without leave to amend." *Kaufman & Broad-South Bay v. Unisys Corp.*, 822 F.Supp. 1468, 1472 (N.D. Cal. 1993), *disapproved of on other grounds in KFC Western, Inc. v. Meghrig*, 49 F.3d 518 (9th Cir. 1995), *citing Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274, *cert. den.* 485 U.S. 940 (1988); *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003),(Rule 12(b)(6) embodies "a powerful presumption against rejecting pleadings for failure to state a claim.")

In ruling on a motion to dismiss, all allegations of material fact are accepted as true and should be construed "in the light most favorable to the plaintiff." *Perfect 10, Inc. v. Visa Inter'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007) (internal quotation marks omitted). Ambiguity must also be resolved in Plaintiffs' favor. *Walling v. Beverly Enterprises*, 476 F.2d 393, 396 (9th Cir. 1973).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). The court must also determine whether plaintiff can prove *any set of facts* to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir.1996). "A complaint should not be dismissed unless it appears *beyond doubt* the plaintiff

can prove *no set of facts* in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-556. A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

**2. THE PLAINTIFFS' EMOTIONAL AND MENTAL SUFFERING CLAIMS ARE NOT BARRED BY THE PLRA BECAUSE THE COMPLAINT ALLEGES CONCRETE, PHYSICAL INJURIES.**

The defendants argue that "most of plaintiffs' claimed injuries do not constitute a physical injury required to overcome the basic threshold to obtain damages for mental or emotional suffering" under the Prison Litigation Reform Act ("PLRA"). Dkt. 37 at 13. The defendants' reading of the Complaint doesn't see the forest for the trees, because the Plaintiffs clearly stated that:

"On information and belief...all prisoners in CJ4 and CJ5 are deficient in Vitamin D, and suffer from a variety of health issues resulting from Vitamin D deficiency, including soft bones, muscle weakness, bone pain, cardiovascular disease and cognitive impairment (inability to think clearly and analyze logically)." Dkt. 1 at 15 ¶ 53 (emphasis added).

Also see Dkt. 1 at 15 ¶ 52 ("[p]risoners at SFCJ4 suffer from a number of illnesses as a result of the excessive confinement, lack of access to meaningful exercise, and complete denial of outdoor exercise and sunshine," including "cardiovascular disease, hypertension, negative impacts on blood sugar including adult onset diabetes and lowered insulin sensitivity, headaches, migraines, anxiety and depression, weight increase and obesity," as well as predisposition to "non-cardiovascular chronic diseases including colon cancer").

These physical injury allegations, particularly the role that Vitamin D plays in contributing

to cardiovascular disease, diabetes, and hypertension, more than meet the de minimis physical injury pleading threshold set by *Oliver v. Keller*, 289 F.3d 623 (9th Cir. 2002), because they are more chronic and debilitating than the back pain and canker sore complained of in that case. *Oliver*, 289 F.3d at 629. The physical injury allegations as presented in the Complaint also meet Rule 8's requirement for a "short and plain statement of the claim" in all complaints. Fed. R. Civ. P. 8(a)(2).

The Complaint also adequately alleges causation. The Complaint states that the "substantial risk of serious harm and injury" Plaintiffs are subjected to by defendants' denial of access to "an essential vitamin, Vitamin D" is "caused by excessive confinement, inadequate physical exercise, social isolation and environmental deprivation…of up to 23.5 hours a day in small, inadequate cells, including eating, sleeping and defecating in these cells." Id. at 20 ¶ 74.

And defendants' reliance on *Davis v. D.C.*, 158 F.3d 1342 (D.C. Cir. 1998), is like comparing apples and oranges. First, the allegations of emotional and mental distress made by the plaintiff in *Davis* could never have involved physical injury because they stemmed from jail personnel's disclosure of the contents of the plaintiff's medical files and the fact he was dying from HIV. *Davis*, supra. at 1345. Here, all of the Plaintiffs' allegations necessarily involve physical injury, because it is a basic scientific fact that when humans are deprived of sunshine, Vitamin D deficiency results, setting off a cascade of negative medical consequences. Second, Davis is not controlling.

Further, defendants' PLRA allegations appear to be limited to Plaintiffs' sixth cause of action for intentional infliction of emotional distress ("IIED"). See Dkt. 1 at 23. Plaintiffs clearly incorporated by reference "each and every allegation contained in the above paragraphs 1-67 with the same force and effect as if fully set forth herein," so the allegations in ¶¶ 52-53 cited above apply to the IIED claim. Dkt. 1 at 23 ¶ 89. However, if the defendants seek to limit Plaintiffs' recovery of damages related to their constitutional claims, the Court should reject any such attempt, see *Oliver v. Keller*, supra at 629–30 ("[t]o the extent that appellant's claims for compensatory, nominal or punitive damages are premised on alleged Fourteenth Amendment violations, and not on emotional or mental distress suffered as a result of those violations…those claims are not barred" (emphasis added)); *Myron v. Terhune*, 225 F. App'x 434, 436–37 (9th Cir. 2007) (claim that did not allege

physical injury was "erroneously dismissed" under § 1997e(e) where allegations were based on the Eight Amendment for "overcrowding and understaffing" and "oppressive cell conditions"); *Renteria v. Williams*, 340 F. App'x 382, 383 (9th Cir. 2009) ("[t]he "physical injury" requirement of 42 U.S.C. § 1997e(e) does not apply to claims for compensatory, nominal, or punitive damages"); *Benge v. Scalzo*, No. CV04-1687PHX-DGC CRP, 2008 WL 2157024, at \*10 (D. Ariz. May 21, 2008) (psychiatric conditions "left untreated for over a year and a suicide attempt" were enough to overcome § 1997e(e) argument; court held that "[e]ven absent physical injury, a prisoner is entitled to seek compensatory, nominal, and punitive damages premised on violations of constitutional rights" (citing Oliver at 629-30)).

The Complaint contains adequate allegations of physical injuries, and therefore the Court should reject the defendants' arguments that the PLRA bars Plaintiffs' recovery on their emotional and mental suffering claims.

**3. PLAINTIFFS HAVE PLED SUFFICIENT FACTS REGARDING THE LIABILITY OF THE INDIVIDUAL DEFENDANTS.**

Plaintiffs named four individual command officers, Hennessy, Miyamoto, Jackson, and McConnell, as defendants, all of whom worked as officers or employees of the San Francisco County Sheriff's Office and acted "under the color of law within the meaning of 42 U.S.C. § 1983…" Dkt. 1 at 6 ¶¶ 16-17. The defendants argue that the claims against these individual defendants should be dismissed. Dkt. 37 at 14. The most troubling aspect of their argument is the fact that the defendants conveniently left out a significant portion of the rule in *Taylor v. List,* 880 F.2d 1040 (9th Cir. 1989) in their cite to that case.

A. Defendants Citation to Taylor Is Incomplete and Therefore Misleading.

The defendants would have the Court believe that the court in Taylor said "[a]n individual is only liable pursuant to § 1983 if he or she personally participated in the actions." Dkt. 37 at 14. However, the rule as enunciated in *Taylor* is that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045 (emphasis added). It is precisely the individual defendants' roles in directing the constitutional violations through the

policies and practices they promulgated that form the basis of the Plaintiffs' allegations. It is also clear that the individual defendants knew of but failed to act to prevent these constitutional violations. This last point is important, because the Plaintiffs allege that "[e]very individual Defendant's actions or inactions" were a primary or significant causal factor in the constitutional deprivations. Dkt. 1 at p. 6 ¶ 17 (emphasis added). To this point, the Complaint states:

"Defendant Hennessy is quoted in a San Francisco Chronicle article on October 26, 2018 as stating, "County Jail No. 4 is an embarrassment – it's an embarrassment to the city." Yet, during her tenure as Sheriff, she has taken no steps to improve or ameliorate the conditions at County Jail 4. [Dkt. 1 at 18 ¶ 66].

### B. Taylor Addressed Summary Judgment and Is Inapposite To Dismissal.

Even if the entire rule from *Taylor* is considered, the *Taylor* case itself is inapposite because the standard by which the court rejected the plaintiff's allegations in considering summary judgment is different than the standard applicable here at the motion to dismiss stage, cf. *Taylor,* supra at 1045 ("[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data") with Perfect 10, Inc., supra at 794 (all allegations of material fact are accepted as true and should be construed "in the light most favorable to the plaintiff"). For the same reason, *Pomerantz v. County of Los Angeles*, 674 F.2d 1288, 1291 (9th Cir. 1982) is equally inapplicable ("[t]here is no genuine issue of fact as to [the district court's finding on summary judgment], even viewing the evidence in the light most favorable to appellants").

### C. The Complaint Is Sufficient Pled.

Regarding the allegations themselves, the defendants basically assert that the Complaint is insufficiently pled regarding the individual defendants, arguing that it is limited to a conclusory assertion "that each defendant "caused, created, authorized ... unconstitutional conditions." Dkt. 37 at 14 (quoting Dkt. 1 at ¶¶ 12-15). This argument ignores more specific passages in the Complaint:

"At all relevant times herein, Defendants…HENNESSY, MIYAMOTO, JACKSON, and MCCONNELL have established and/or followed policies, procedures, customs, and/or practices that subject Plaintiffs and all class members to the harmful and inhumane effects of confinement and total denial of access to sunlight and sunshine; denial even to natural daylight; and isolation from the

outdoors….” [Dkt. 1 at pp. 19-20 ¶¶ 70, 74].

The Complaint goes on to allege that the individual defendants: “caused by excessive confinement, inadequate physical exercise, social isolation and environmental deprivation through forcing members of the sub-class to suffer confinement of up to 23.5 hours a day in small, inadequate cells, including eating, sleeping and defecating in these cells.” Id.

The Court should allow the Plaintiffs’ claims against the individual defendants to proceed and disregard the defendants’ factual arguments to the contrary.

### 4. QUALIFIED IMMUNITY DOES NOT WARRANT A DISMISSAL.

“[Q]ualified…immunity is an affirmative defense,” *Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982)* and “because qualified immunity is an affirmative defense[,] the burden of proving it lies with the defendant just as the burden of pleading the defense lies on the defendant[.]” *Benigni v. City of Hemet,* 879 F.2d 473, 479 *(9th Cir. 1988), Moreno v. Baca,* 431 F3d 633, 638 (9th Cir. 2005); *Slater v. Deasey,* 2019 WL 2552316 (June, 2019, 9th Cir.)  Where plaintiffs have pled clearly established law in the complaint, as plaintiffs in the present case have, the appropriate procedural step is for the defendant to pursue summary judgment “if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts.” *Mitchell v. Forsyth*, 472 U.S. 511, 526.  (1985)

More generally, the U.S. Supreme Court has indicated that the defense of immunity is inappropriate as grounds to dismiss a plaintiff’s complaint. In *Gomez v. Toledo,* 446 U.S. 635, 640 (1980), the Court wrote:

> “Our conclusion as to the allocation of the burden of pleading is supported by the nature of the qualified immunity defense. As our decisions make clear, whether such immunity has been established depends on facts peculiarly within the knowledge and control of the defendant. Thus we have stated that ‘[i]t is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with good-faith belief, that affords a basis for qualified immunity... There may be no way for a plaintiff to known in

advance whether the official has such a belief or, indeed, whether he will claim that he does. The existence of a subjective belief will frequently turn on factors which a plaintiff cannot reasonably be expected to know."

When defendants urge this court to evaluate "[**i**]**f** an official could reasonably have believed her actions were legal" [emphasis added] [Dkt. 37, p. 15, l. 14-15], then the examination of whether that "belief" in fact existed and whether the belief, if it existed was reasonable, falls squarely within the holding of *Gomez*, supra., and should be determined pursuant to summary judgment. Dismissal is inappropriate.

*Butz v. Economou* 438, U.S. 478 (1978) cited by defendants specifically states that "…Scheuer and other cases have recognized that it is not unfair to hold liable the official who knows or should know he is acting outside the law..." *Butz v. Economou* supra. at 506. Defendants continue arguing issues of fact by claiming that the defendants' conduct was at worst "reasonable mistake". [Dkt. 37 p. 15, l. 2-3] Whether defendants' knew that they were acting outside the law, whether defendants' conduct was reasonable are issues of fact question reserved for the jury.

Plaintiffs have clearly pled that defendants San Francisco County Sheriff's Department was cognizant and aware of the importance and value of outdoor recreation, had had outdoor recreation for decades as part of their jail program, and that San Francisco County Sheriff's Department provided outdoor recreation during the 17 years in which *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) holding was issued, mandating fresh air and regular outdoor exercise. Whether said defendants can now turn around and claim reliance on 15 CCR 1065; whether such reliance is in fact true or reasonable, whether defendants were informed and knowledgeable that other local jails in the Bay Area, including Alameda's Santa Rita Jail, which defendants has considered for holding San Francisco prisoners, provide outdoor recreation in the form of a large, outdoor, grassy yard, and if defendants had such knowledge, whether such knowledge obviates against defendants' claim of reasonable reliance on Title 15, are all factual disputes that are inappropriate for a decision on a 12(b)(6) motion.

The correct characterization of defendants' claims for qualified immunity as a factual dispute is underscored by defendants argument that "the issue is whether that right was 'clearly established'

in the <u>specific factual context</u> confronting the officers.' [emphasis added] [Dkt. 37, p. 15, l. 12-13]  It is precisely the need to evaluate defendants' claims within the <u>specific factual context</u> of this case, that renders defendants' request for dismissal inappropriate.

Defendants citation to *Ashcroft v. al-Kidd* 563 U.S. 731 (2011) is also inapposite.  By citing Ashcroft, defendants lift one sentence, and assert that this one sentence creates a new standard for evaluating qualified immunity.  It did not.  In *Ashcroft*, the court evaluated whether a properly issued arrest warrant, based upon individualized suspicions which supported the issuance of the arrest warrant, can be invalidated due to assertions that the motivation for seeking the warrant was pretextual.  In examining this very narrow question, the United States Supreme Court stated that in order to hold that such a use of a legally issued arrest warrant, even if there were ulterior motives, violates clearly established law, there needs to be existing precedent "which placed the statutory or constitutional question beyond debate." *Ashcroft,* supra at 740.[1]  Such is not the issue here.

**5.      CAL. GOV. CODE § 844.6 DOES NOT GIVE ENTITY DEFENDANTS IMMUNITY FROM LIABILITY FOR STATE CONSTITUTIONAL VIOLATIONS.**

The Plaintiffs' Third and Fourth causes of action, brought under Article I, Sections 7 and 17 of the California Constitution respectively, allege an "ongoing deprivation of rights" under those provisions caused by all defendants.  Dkt. 1 at 21 ¶ 78; Dkt. 1 at 22 ¶ 81.  Contrary to the defendants' blanket assertion, causes of action against entity defendants based on violations of California's constitution are not barred by Cal. Gov. Code § 844.6, because "all branches of government are required to comply with [California] constitutional directives," see *Katzberg v. Regents of Univ. of California*, 29 Cal.4th 300, 306-7 (2002) ("it also is clear that, like many other constitutional provisions, [article I section 7 of the California Constitution] supports an action, brought by a private plaintiff against a proper defendant, for declaratory relief or for injunction") (citation omitted).  Thus, the defendants' argument that the Plaintiffs' Third and Fourth causes of action should be dismissed without leave to amend must be rejected.

---

[1] The Court in *Ashcroft*, supra at 743, from *Malley v. Briggs* (1986) 475 U.S. 335, 336, which held that qualified immunity does not protect the officer who applies for an arrest warrant knowing that the facts are not true, or lacking a reasonable basis for believing the facts are true.

And while the defendants correctly cite *Lawson v. Superior Court*, 180 Cal.App.4th 1372, 1383 (2010) for the proposition that public entities are not vicariously liable for the acts and omissions of its employees when a prisoner alleges injuries, § 844.6 does not preclude a public entity from paying judgments on behalf of public employees found liable for proximately causing injuries to prisoners, nor does it excuse public employees' liability for such harms:

Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission. The public entity may but is not required to pay any judgment, compromise or settlement, or may but is not required to indemnify any public employee, in any case where the public entity is immune from liability under this section. Cal. Gov't Code § 844.6(d).

**6.     PLAINTIFFS HAVE SUFFICENTLY PLED ALL ASPECTS OF THE SIXTH CAUSE OF ACTION (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

The defendants' argument that the Plaintiffs' sixth cause of action for intentional infliction of emotional distress ("IIED") is insufficiently plead in all regards ignores the plain text of ¶¶ 90-92 of the Complaint. For example, paragraph 90 alleges that the defendants' adoption of "policies, customs, and practices" that completely deny inmates "all access to outdoor recreation, to outdoor light, sunshine and sunlight" and force inmates to "live, eat and sleep in small, cramped cells up to 23.5 hours a day" amounts to "extreme and outrageous conduct that intentionally or recklessly disregards the probability of causing emotional distress." Dkt. 1 at 23 ¶ 90. Thus, the defendants' statements that no allegations were made "that any Defendant acted with the intention to cause Plaintiffs emotional distress" and "that any Defendant acted with reckless disregard for the probability that their actions would cause Plaintiffs' emotional distress" are without merit. Dkt. 37 at 19.

Plaintiffs also pled, that for years, the Sheriff's Department was cognizant of the benefits of outdoor exercise and activity in reducing recidivism, and had instituted a robust and active outdoor jail garden program, which was inexplicably eliminated through the construction of the current County jail 5. The decision to eliminate all outdoor exercise and recreation, and then to continue

denying each and every prisoner any and all access to the outdoors and sunshine is an intentional, knowing, purposeful act, which is especially egregious given the Sheriff's Department, and its top officers' prior involvement and knowledge of the benefits of outdoor exercise and activity.

Other courts have denied motions to dismiss claims of IIED. The court in *D.K. by & through G.M. v. Solano Cty. Office of Educ.* held that "[t]he extreme and outrageous nature of conduct for purposes of establishing IIED may arise from injuries facilitated by a defendant's abuse of power he or she exerts over a particular plaintiff. *D.K. by & through G.M. v. Solano Cty. Office of Educ.*, No. 208CV00534MCEDAD, 2008 WL 11385595, at *7 (E.D. Cal. Dec. 15, 2008) (citing *Hailey v. Cal Physician's Serv.,* 158 Cal. App. 4th 452, 474 (2007)). Based on allegations of outrageous conduct by teachers against disabled children, the plaintiffs' complaint was "sufficient to state potential claims for IIED." Id. Similarly, the plaintiff's allegations in *Allen v. Cty. of Sonoma* were "sufficient to raise a plausible inference" of IIED among other conduct, and the court denied the defendant's motion to dismiss the claim. *Allen v. Cty. of Sonoma*, No. 17-CV-00448-YGR, 2017 WL 3593340, at *6 (N.D. Cal. Aug. 18, 2017).

Likewise, the Court here should allow the Plaintiffs' IIED claim to proceed, or at the very least should allow leave to amend.

## 7.     THIS COURT CAN CONSIDER ILLUSTRATIVE FACTS PLAINTIFFS EXPECTS TO BE ABLE TO PROVE

Plaintiffs have submitted a motion for preliminary injunction. Both plaintiffs and defendants have submitted declarations on the issues raised. And this court has already conducted a site visit of both County Jail 4 and County Jail 5. These materials illustrate the facts plaintiffs expect to be able to prove, and which this court may consider. *Geinosky v. City of Chicago* (7th cir. 2012) 675 F. 3d 743, 745 n.1). These materials referred to are only for illustrative purposes only and are not for the purpose of converting the 12(b)(6) motion into a summary-judgment motion. *Geinosky*, supra at 745. N. 1)[2]

---

[2] In the turmoil concerning civil pleading standards stirred up by *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff who is opposing a Rule 12(b)(6) or Rule 12(c) motion and who can provide such illustration may find it prudent to do so. (It may also be prudent to explain to the district court that the materials are being submitted for illustrative purposes and should not be used to convert the motion into a Rule 56 motion for summary judgment.) *Geinosky v. City of Chicago* (7th Cir. 2012) 675 F.3d 743, 745

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
*Norbert, et al. v. San Francisco County Sheriff's Dept. et al.,* United States District Court, Northern District of California, Case No. 3:19-cv-02724 SK

Defendants argue in their motion to dismiss, their version of countervailing facts including their claim that Defendants were reasonable in providing "the creation time, fresh air, and access to natural light…." [Dkt. 37, p. 15, l. 20-21]   Defendants reference the jail inspection and allege that the visit "reveals that the amount of windows, air and light available in the gym and cell blocks…is misrepresented in Plaintiffs' Complaint." [Dkt. 37, p. 16, FN 5]  This underscores the fact that defendants' motion for dismissal is in truth a dispute of the facts which should be reserved for summary judgement.

The facts which plaintiffs expect to be able to prove include that defendants were aware of the constitutional requirements for outdoor recreation, and that defendants chose to deliberately violate plaintiffs rights.  Furthermore, testimony and facts presented at trial will demonstrate that the "opaque" windows, and the meager amount of air  in the gyms at County Jail 5, and the smidgen of light through the gym skylights at County Jail 4, do not pass muster and do not meet the constitutional requirements.

Plaintiffs also anticipate being able to prove significant physical injuries with many class members and named plaintiffs having developed, while in custody,  adult onset diabetes, hypertension, skin disorders, and cardiovascular disorders.  This proffer is bolstered by the Declaration of Kenyon Norbert, who has been in custody, as a pretrial detainee since 2014,  stating:

> "I was always waking up on the wrong side of the bed.  I was suffering regular severe
> headaches.  I was tired all the time, but having trouble falling asleep and trouble staying
> asleep.  I was having bad lower back pain, and hip pain.  Walking feels good and helps
> my body, but I never had the opportunity to do much walking." [Dkt. 8-8, ¶ 11]

Most recently, Mr. Norbert is experiencing cardio-vascular issues with swelling in his feet from  lack of movement and exercise.  "The doctor said I need regular exercise.  It has gotten so bad, although I am only 27, my feet are swelling like an old lady." [Dkt. 8-8, p. 6, l. 8-9]  This proffer demonstrates,  the issues raised by defendants in their motions to dismiss based upon their assertions of facts, are the basis of significant factual dispute, and deefendants' motion to dismiss should be overruled with these factual disputes reserved for summary judgment after discovery has been conducted.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
*Norbert, et al. v. San Francisco County Sheriff's Dept. et al.,*  United States District Court, Northern District of California, Case No. 3:19-cv-02724 SK

## 8. PLAINTIFFS EIGHTH AMENDMENT RIGHTS

The named plaintiffs have all invoked the eighth amendment. This is for several reasons. As pre-trial detainees with trials and other procedures moving forward independent of this lawsuit, it is possible and perhaps even probable that their status will no longer be pretrial, and in which the protections they seek will be protected under the eighth amendment. Until such time as a class certification motion is heard and granted, plaintiffs do not wish to be placed in a position where they would lose standing under the 14th amendment and be left naked having not pled the eighth amendment.

Having so stated, the Supreme Court has held that <u>all</u> prisoners claims for the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers* (475 U.S. 312 (1986). For many of the prisoners at County Jail 4, who are caged up 5 or more days a week, for 24 hours a day, and some who are forced to live in, essentially, a closet size cell, under conditions akin to solitary confinement, without access to the outdoors, to fresh air and sunlight can be construed as the "unnecessary and wanton infliction of pain". And for that reason, the eighth Amendment Claim stands and defendants' motion to dismiss should be overruled.

## 9. LEAVE TO AMEND

If the Court should grant any portion of defendants' motion to dismiss, plaintiffs seek leave to amend the First Amended Complaint pursuant to Federal Rule of Civil Procedure §15(a)(2).

The decision to grant or deny leave to amend is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 advises that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

## IV. CONCLUSION

In support of plaintiffs' claims (identify), plaintiff made the following factual allegations for each element of their claims. 1) The defendant made an intentional decision regarding the conditions under which the plaintiff was confined; 2) The conditions of confinement put the

plaintiff at substantial risk of suffering serious harm including the development or exacerbation of diabetes, dementia and hypertension; 3) The defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and 4) By not taking such measures the defendant caused the plaintiff's injuries.

Because plaintiffs stated a claim on which relief can be granted, the Court should deny defendants' motion.

Respectfully submitted,

DATED: September 13, 2019                    LAW OFFICE OF YOLANDA HUANG


_ _/s/ Yolanda Huang_ _
Yolanda Huang
Counsel for Plaintiffs

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**
*Norbert, et al. v. San Francisco County Sheriff's Dept. et al.,* United States District Court, Northern District of California, Case No. 3:19-cv-02724 SK