DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SABRINA M. BERDUX, State Bar #248927
MARGARET W. BAUMGARTNER, State Bar #151762
KAITLYN MURPHY, State Bar #293309
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3929 [Berdux]
Telephone:    (415) 554-3859 [Baumgartner]
Telephone:    (415) 554-3867 [Murphy]
Facsimile:    (415) 554-3837
E-Mail:       sabrina.m.berdux@sfcityatty.org
E-Mail:       margaret.baumgartner@sfcityatty.org
E-Mail:       kaitlyn.murphy@sfcityatty.org


Attorneys for Defendants
SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT,
CITY AND COUNTY OF SAN FRANCISCO, VICKI HENNESSY,
 PAUL MIYAMOTO, JASON JACKSON, AND CAPTAIN MCCONNELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKEN, MICHAEL BROWN AND JOSE POOT, ON BEHALF OF THEMSELVES INDIVIDUALLY AND OTHERS SIMILARLY SITUATED, AS A CLASS AND SUBCLASS, | Case No. 19-CV-02724-SK **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT (Dkt. 37)** |
| Plaintiffs, | Hearing Date:    October 7, 2019 Time:            9:30 a.m. Place:           Ctrm. C, 15th Fl. |
| vs. | 450 Golden Gate Ave. San Francisco, CA 94102 |
| SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL AND JOHN AND JANE DOES, NOS. 1 -50, | |
| Defendants. | |

REPLY ISO MOTION TO DISMISS                    1                    n:\lit\li2019\191337\01393444.docx
CASE NO. 19-CV-02724-SK

Defendants respectfully submit this Reply in support of their Motion to Dismiss Plaintiffs' Complaint.

## I. PLAINTIFFS' COMPLAINT FAILS TO STATE SUFFICIENT FACTS TO IMPOSE INDIVIDUAL OR SUPERVISORY LIABILITY

Defendants moved to dismiss the individual Defendants from Plaintiffs' Complaint because there are no facts plead that the individuals, sued in their individual capacities, knew that the jail conditions at County Jail 4 ("CJ4") CJ4 or County Jail 5 ("CJ5") rose to the level of constitutional violations.

Plaintiffs' quote from Sheriff Hennessy regarding the "embarrassment" of the jail lacks any context. Plaintiffs seem to suggest that this vague statement, referring broadly and generally to a decades old facility, indicates that Sheriff Hennessy knew that the recreation time offered, and lack of outdoor space at CJ4 and CJ5 gave rise to constitutional violations. A very broad statement, lacking context, does not give rise to the requirement that Defendants "knew of the violations." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). There are no such facts. Further, Plaintiffs do not offer a response as to the other three individually named Defendants. Plaintiffs' claims against the individual must be dismissed.

## II. QUALIFIED IMMUNITY REMAINS APPLICABLE

The individual Defendants are entitled to qualified immunity because there remains no clear "existing precedent [that has] placed the statutory or constitutional question beyond debate." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Plaintiffs suggest that a factual questions exists regarding Defendants' belief, or lack thereof, that the recreation time and lack of outdoor space at CJ4 and CJ5 are constitutional violations. Defendants' belief is an inapplicable issue here because there is no clear constitutional authority that holds that the recreation time and locations offered to Plaintiffs are insufficient. There is no clear constitutional authority that holds that outdoor recreated is required.

Plaintiffs only authority in opposition to Defendants' argument that the recreation offered at CJ4 and CJ5 is unconstitutional is *Spain v. Procunier*, 600 F.2d 189 (9th Cr. 1979). As this Court noted during the hearing on Plaintiff's preliminary injunction, the Court in *Spain* specifically stated,

REPLY ISO MOTION TO DISMISS                    2                    n:\lit\li2019\191337\01393444.docx
CASE NO. 19-CV-02724-SK

"we do not consider it necessary to decide whether deprivation of outdoor exercise is a per se violation of the eighth amendment. Our ruling, and that of the district court, applies to these plaintiffs who were assigned to the AC for a period of years." *Spain,* 600 F.3d at 199.  Additionally, the facts of Spain are materially different than the case at hand.  The facts evaluated were that the "AC" inmates were "never permitted any outdoor exercise *or* recreation" and that the inmates were assigned to "AC" for a period of years.  *Id.* (emphasis added). Here, there are no facts that recreation is denied to inmates for a period of years.  Because of the factual differences between this case and *Spain*, *Spain* cannot provide the clear constitutional authority that would be required to overcome qualified immunity.

Plaintiffs do not refute the holding in *Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008), where the Ninth Circuit specifically declined to hold that the Constitution requires a specific minimum amount of recreation time for pretrial detainees and held that indoor exercise satisfied the constitutional standard.  *Id. at 1212-13*; s*ee also Clay v. Miller*, 626 F.2d 345, 347 (4th Cir. 1980); *Botelho v. Hawaii*, No. CIV. 06-00096 DAE, 2015 WL 2088877, at *15 (D. Haw. Feb. 25, 2010); *Graves v. Arpaio*, No. CV-77-0479-PHX-NVW, 2008 WL 4699770, at *39 (D. Ariz. Oct. 22, 2008).

The burden is on Plaintiffs to show that the law was clearly established at the time of the alleged violation.  *Oliver v. Baca,* 913 F.3d 852, 860 (9th Cir. 2019).   Here, Plaintiff has not, and cannot do so.  Accordingly, the individual Defendants must be dismissed because they retain qualified immunity.

## III.   CAL. GOVT. CODE § 844.6 IMMUNIZES DEFENDANTS FROM LIABILITY FOR PLAINITFFS' STATE CONSTITUTIONAL CLAIMS

Plaintiffs do not and cannot overcome the plain language of California Government Code § 844.6.  The holdings of *Katzberg v. Regents of Univ. of California* do not obviate the clear statutory immunity granted to the City by the California Government Code.  The court in *Katzberg* was concerned with determining whether a plaintiff may maintain an action for monetary damages to remedy a constitutional violation.  *Katzberg v. Regents of Univ. of California,* 29 Cal.4th 300 (2002). The Court did not find that Government Code § 844.6 was unconstitutional nor did not find that Government Code § 844.6 was inapplicable.  In fact it did not analyze section 844.6 at all.

///

The general statement in *Katzberg* that all branches of government are required to comply with the constitutional directives does not render an immunity statute inapplicable.  The California Government Code immunizes the Defendants from liability for the state constitutional claims alleged and Plaintiffs' state Constitutional claims must be dismissed.

## IV.    PLAINTIFFS DO NOT DISPUTE DEFENDANTS GOOD FAITH IMMUNITY

Plaintiffs did not oppose Defendants' argument that the individually named Defendants are immune from Plaintiffs' state law claims based on good faith immunity.  Accordingly, Plaintiffs' state law claims against the individual Defendants must be dismissed because Plaintiffs have waived any objection to Defendants' argument. *Hurd v. Terhune*, 8 F. App'x 676, 677 (9th Cir. 2001) ("we conclude that he waived this claim by failing to delineate it specifically and explicitly in his opposition to defendant's motion for summary judgment"); *Lee v. Retail Store Employee Bldg. Corp.*, 2017 WL 346021, at *20 (N.D. Cal. Jan. 24, 2017) (denying leave to amend because plaintiffs' "failure to even argue the issue in their opposition indicates a waiver of this claim"); *Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, at *6 n. 2 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims").

Plaintiffs argued in opposition that Government Code § 844.6 does not bar negligence claims. Defendant does not dispute this.  However, § 820.6 of the California Government Code states "If a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for an injury caused thereby except to the extent that he would have been liable had the enactment been constitutional, valid and applicable."

Accordingly, even if the individually named Defendants were negligent regarding their belief that the recreation provided to Plaintiffs was constitutional, they are entitled to immunity.

## V.    PLAINTIFFS INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED") CLAIM REMAINS FATALLY VAGUE AND INSUFFICIENT

Plaintiffs' IIED claim should be dismissed for three reasons. First, Plaintiffs allege that all Defendants, regardless of their individual decisions or interactions, intentionally inflicted emotional distress upon all Plaintiffs.  These are broad, categorical complaints by a group of plaintiffs against a

REPLY ISO MOTION TO DISMISS                4                n:\lit\li2019\191337\01393444.docx
CASE NO. 19-CV-02724-SK

group of defendants. Plaintiffs have failed to plead the particularized conduct of each Defendant that constituted particularized harm. *Fleming v. Cigna Health Corp.*, No. 17-CV-04852-EMC, 2018 WL 3023377, at *1 (N.D. Cal. June 18, 2018) ("if Plaintiff were to file an amended complaint, he must '. . . provide a specific statement of how each Defendant engaged in the conduct that is the basis for the claims asserted against that Defendant"). Accordingly, Plaintiffs IIED claims remain insufficient.

Second, the IIED claim as pled lacks allegations regarding the severity or any resulting harm. The severity of the acts plead in the authority that Plaintiffs site are distinguishable; where children in a special education program were forced to sit in their own feces and subjected to public ridicule. *D.K. by & through G.M. v. Solano Cty. Office of Educ.*, No. 208CV00534MCEDAD, 2008 WL 11385595.

Third, Plaintiffs cannot refute their own admission in their Complaint that the requisite intent or reckless element cannot be met. Plaintiffs confirm that that the Sheriff's department employees who responded to Plaintiffs' administrative grievances believed the City's policies were consistent with statewide regulations concerning the minimum standards for local detention facilities. (Compl. ¶ 67 (referencing Title 15 of California's Code of Regulations regarding Crime Prevention and Corrections)).

## VI.    PLAINTIFFS' ALLEGED INJURIES DO NOT SATISFY THE "PHYSICAL INJURY" REQUIRED TO BE SHOWN BY THE PLRA

In opposing Defendants' motion to dismiss the emotional and mental suffering claims on the grounds that a sufficient physical injury has not been plead, Plaintiffs rely on overbroad and categorical statements of general maladies attributable to all Plaintiffs. Plaintiffs assert that "all prisoners in CJ4 and CJ5" suffer a "number of illnesses." (Compl. ¶ 53). Just as Plaintiffs cannot sustain their claims by alleging general conduct attributed to "all defendants" rather than providing a particularized factual basis for their claim against each defendant, so too must Plaintiffs provide sufficient allegations of harm as to each individual named Plaintiff. Relying on generalizations is insufficient. Upon close examination of the allegations of each individual Plaintiff, a physical injury is not identified in the complaint. For example, Plaintiffs McAllister and Harris describe general concerns regarding their health. Plaintiff Brackens has not alleged any physical injuries. Plaintiff Brown vaguely alleges "body pain" and exacerbation of a pre-existing condition. Plaintiff Poot pleads

headaches which is a de minimus injury.  None of the Plaintiffs can point to a specific physical injury, beyond de minimus, that is caused by lack of recreation or sunshine.

## VII.    PLAINTIFFS DO NOT HAVE EIGHT AMENDMENT CLAIMS

At this time, Plaintiffs do not have Eighth Amendment claims against Defendants because they are all pre-trial or pre-sentence detainees, whose claims fall under the Fourteenth Amendment.  If an Eight Amendment claim arises during the course of litigation, a request to amend the Complaint would be appropriate.  Defendants would not object to an amendment that pleads an Eight Amendment cause if appropriate.  The discovery that will be conducted in this case will be the same, whether a later Eighth Amendment claim is included or not.  Accordingly, Defendants request dismissal of the Eighth Amendment cause of action as it is inapplicable at this time.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## CONCLUSION

Defendants respectfully request that this motion be granted without leave to amend.

Plaintiffs' claims for emotional and mental suffering are precluded by the PLRA for failing to show a physical injury.

Plaintiffs' Complaint fails to plead facts sufficient to assert a cause of action against the individual Defendants. Even if the complaint can be amended to allege such facts, the individual Defendants are entitled to qualified immunity. Accordingly, all individual Defendants should be dismissed with prejudice.

Plaintiffs' state law claims against all Defendants are barred by unambiguous immunities set forth by the California Government Code. No facts can be alleged to overcome the immunities. Accordingly, all state law claims should be dismissed with prejudice.

Plaintiffs are undisputedly pre-trial detainees. Accordingly, an Eighth Amendment claim is not applicable and should be dismissed with prejudice.

Dated:  September 20, 2019

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Deputy
SABRINA M. BERDUX
MARGARET W. BAUMGARTNER
KAITLYN MURPHY
Deputy City Attorneys

By: */s/ Sabrina M. Berdux*
SABRINA M. BERDUX

Attorneys for Defendants
SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, VICKI HENNESSY, PAUL MIYAMOTO, JASON JACKSON, AND CAPTAIN MCCONNELL

REPLY ISO MOTION TO DISMISS
CASE NO. 19-CV-02724-SK

7

n:\lit\li2019\191337\01393444.docx