UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 19-cv-02724-SK<br><br>**ORDER REGARDING MOTION FOR CLARIFICATION**<br><br>Regarding Docket No. 113 |

Defendants move for administrative relief to seek clarification of the Court's Order dated January 31, 2020 (Dkt. 113.)  Defendants poses five questions:

(1) How does the Court interpret the term "direct sunlight"?

(2) Does the Order address inmates in County Jail 2?

(3) Are Defendants required to provide inmates in administrative segregation for non-disciplinary reasons in County Jail 5 with exercise in the gym for one hour per day, five days a week, or are the current measures in place for inmates in administrative segregation for non-disciplinary reasons in County Jail 5 acceptable?

(4)  Are Defendants required to provide inmates in administrative segregation in both County Jails 4 and 5 with exercise in the gym for one hour per day, five days a week, or can Defendants provide those inmates with one hour a day, five days a week of combined out-of-cell time and time in the gym?

(5) What is the effective date of the Order?  Defendants request 30 days to implement the Order or file a stay.

The Court clarifies the Order regarding Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss as follows:

(1) The term "direct sunlight" is access to sunlight that is not filtered through a window. Thus, to the extent that the louvered windows in County Jail 4 allow access to sunlight, not filtered through any obstruction such as glass, that access is "access to direct sunlight." It appeared during the site visit that the louvered windows did allow sunlight without any obstruction, but the Court is not aware of how often the louvered windows are open or closed.

(2) The Order does not address inmates in County Jail 2. Those inmates and the conditions of their confinement are currently not before the Court, and the Court cannot rule on issues not briefed and for which the Court has no evidence.

(3) As the Court noted in the Order, there is conflicting evidence about the amount of time inmates in administrative segregation for non-disciplinary reasons in County Jail 5 receive for the "day room" and the gym. As noted in the Order, Defendants claim that these inmates receive 30 minutes in the gym and 30 minutes in the day room every day. That amount of access to the day room and gym every day meets constitutional standards. However, if Defendants alter that schedule, then at a minimum, the Court find that inmates in administrative segregation for non-disciplinary reasons in County Jail 5 must receive at least one hour in the gym, five days a week.

(4) Because the size of day rooms in County Jails 4 and 5 differ, the Court finds that inmates in administrative segregation for non-disciplinary reasons in County Jail 4 must have access to the gym for one hour a day, five days a week. As noted above, inmates in administrative segregation for non-disciplinary reasons in County Jail 5 can receive combined access to the day room (30 minutes) and the gym (30 minutes), seven days a week, or, if that schedule changes, they must have one hour a day, five days a week, in the gym.

///

///

///

///

(5) Defendants must implement the Order or file a stay by February 28, 2020.

**IT IS SO ORDERED**.

Dated: February 11, 2020



SALLIE KIM
United States Magistrate Judge