1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   MEREDITH B. OSBORN, State Bar #250467
    Chief Trial Attorney
3   SABRINA M. BERDUX, State Bar #248927
    MARGARET W. BAUMGARTNER, State Bar #151762
4   KAITLYN MURPHY, State Bar #293309
    Deputy City Attorneys
5   Fox Plaza
    1390 Market Street, 6th Floor
6   San Francisco, California 94102-5408
    Telephone:    (415) 554-3929 [Berdux]
7   Telephone:    (415) 554-3859 [Baumgartner]
    Telephone:    (415) 554-3867 [Murphy]
8   Facsimile:    (415) 554-3837
    E-Mail:       sabrina.m.berdux@sfcityatty.org
9   E-Mail:       margaret.baumgartner@sfcityatty.org
    E-Mail:       kaitlyn.murphy@sfcityatty.org
10

11  Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO and VICKI HENNESSY
12

13

14                 UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16  KENYON NORBERT, TROY                    Case No. 19-CV-02724
    MCALLISTER, MARSHALL HARRIS,
17  ARMANDO CARLOS, MONTRAIL               **DEFENDANTS CITY AND COUNTY OF SAN**
    BRACKEN, MICHAEL BROWN AND JOSE        **FRANCISCO AND VICKI HENNESSY'S**
18  POOT, ON BEHALF OF THEMSELVES          **ANSWER TO COMPLAINT**
    INDIVIDUALLY AND OTHERS
19  SIMILARLY SITUATED, AS A CLASS
    AND SUBCLASS,
20
            Plaintiffs,
21
        vs.
22
    SAN FRANCISCO COUNTY SHERIFF'S
23  DEPARTMENT, CITY AND COUNTY OF
    SAN FRANCISCO, SAN FRANCISCO
24  SHERIFF VICKI HENNESSY; CHIEF
    DEPUTY SHERIFF PAUL MIYAMOTO;
25  CAPTAIN JASON JACKSON, CAPTAINA
    MCCONNELL AND JOHN AND JANE
26  DOES, NOS. 1 -50,

27          Defendants.

28

Defendants CITY AND COUNTY OF SAN FRANCISCO and VICKI HENNESSY answer Plaintiffs Norbert *et al.*'s Complaint for Declaratory and Injunctive Relief and Damages ("Complaint") as follows:

### INTRODUCTION

Plaintiffs' Complaint contains an unnumbered preamble to the Complaint for which no response is necessary.  The preamble does not contain any allegations that are not otherwise included in the substantive portion of the Complaint that Defendants respond to herein.

### JURISDICTION

1.      Defendants answer paragraph 1 as follows:  Defendants admit that this Court has jurisdiction.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

2.      Defendants answer paragraph 2 as follows:  Defendants admit that this Court has jurisdiction.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

3.      Defendants answer paragraph 3 as follows:  Defendants admit that this Court has jurisdiction.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

4.      Defendants answer paragraph 4 as follows:  This paragraph contains only legal conclusions and does not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

5.      Defendants answer paragraph 5 as follows:  Defendants lack information and belief with respect to plaintiffs' grievances, and on that basis, deny the allegations.  Defendants deny refusing to accept grievances and deny the remaining allegations.

6.      Defendants answer paragraph 6 as follows:  Defendants deny the allegations in this paragraph.

### VENUE AND INTRADISTRICT ASSIGNMENT

7.      Defendants answer paragraph 7 as follows:  Defendants admit that venue in the Northern District of California is appropriate.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

///

///

1

2

3

**JURY DEMAND**

8.      Defendants answer paragraph 8 as follows:  This paragraph is plaintiffs' request for a jury trial, which does not require a response.  Defendants also request a trial by jury.

**PARTIES**

**PLAINTIFFS**

9.      Defendants answer paragraph 9 as follows:  Defendants admit that Plaintiffs are currently housed at San Francisco County Jail #4 or County Jail #5.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

10.      Defendants answer paragraph 10 as follows:  Defendants admit that Plaintiffs are currently housed at San Francisco County Jail #4 or County Jail #5.  Admit that Armando Carlos has been in the custody of the San Francisco Sheriff's Department since July 19, 2011.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

**DEFENDANTS**

11.      Defendants answer paragraph 11 as follows:  Defendants admit that San Francisco is a county in the State of California.

12.      Defendants answer paragraph 12 as follows:  Defendants admit that Vicki Hennessy was, but is no longer, the Sheriff for the San Francisco Sheriff's Department.  The remaining allegations are legal contentions and conclusions, which do not require a response.  To the extent a response is required, Defendants deny the remaining allegations.  Defendants specifically deny violating plaintiffs' constitutional rights and/or acting unlawfully, and deny causing plaintiffs injury.

13.      Defendants answer paragraph 13 as follows:  Defendants admit that Paul Miyamoto was, but is no longer, the Chief Deputy Sheriff for the San Francisco Sheriff's Department.  The remaining allegations are legal contentions and conclusions, which do not require a response.  To the extent a response is required, Defendants deny the remaining allegations.  Defendants specifically deny violating plaintiffs' constitutional rights and/or acting unlawfully, and deny causing plaintiffs injury.

14.      Defendants answer paragraph 14 as follows:  Defendants admit that Jason Jackson was at times the Captain of County Jail #4.   The remaining allegations are legal contentions and

conclusions, which do not require a response. To the extent a response is required, Defendants deny the remaining allegations. Defendants specifically deny violating plaintiffs' constitutional rights and/or acting unlawfully, and deny causing plaintiffs injury.

15. Defendants answer paragraph 15 as follows: Defendants admit that Kevin McConnell was at times the Captain of County Jail #5. The remaining allegations are legal contentions and conclusions, which do not require a response. To the extent a response is required, Defendants deny the remaining allegations. Defendants specifically deny violating plaintiffs' constitutional rights and/or acting unlawfully, and deny causing plaintiffs injury.

16. Defendants answer paragraph 16 as follows: Defendants admit that the individual defendants are employees of the San Francisco Sheriff's Department, with the exception of Vicki Hennessy who is no longer employed with the City. The remaining allegations are legal contentions and conclusions, which do not require a response. To the extent a response is required, Defendants deny the remaining allegations.

17. Defendants answer paragraph 17 as follows: The allegations in this paragraph are legal contentions and conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations.

**CLASS ACTION ALLEGATIONS**

18. Defendants answer paragraph 18 as follows: This paragraph contains only legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny that all inmates are denied access to sunlight, Defendants admit that no outdoor recreation is provided to inmates due the absence of secure facilities, Defendants deny the remaining allegations in this paragraph.

19. Defendants answer paragraph 19 as follows: This paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph. Defendants deny the remaining allegations in this paragraph.

20. Defendants answer paragraph 20 as follows: This paragraph contains legal contentions or conclusions, which do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph. Defendants deny the remaining allegations in this paragraph.

21.     Defendants answer paragraph 21 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

22.     Defendants answer paragraph 22 as follows: This paragraph and its subparts contain legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

23.     Defendants answer paragraph 23 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

24.     Defendants answer paragraph 24 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

25.     Defendants answer paragraph 25 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

26.     Defendants answer paragraph 26 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

27.     Defendants answer paragraph 27 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

28.     Defendants answer paragraph 28 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

29.     Defendants answer paragraph 29 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

1

**PRISONER SUB-CLASS ACTION ALLEGATIONS**

2      30.     Defendants answer paragraph 30 as follows:  This paragraph contains legal contentions

3 or conclusions, which do not require a response.  To the extent a response is required, Defendants

4 deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

5      31.     Defendants answer paragraph 31 as follows:  This paragraph contains legal contentions

6 or conclusions, which do not require a response.  To the extent a response is required, Defendants

7 deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

8      32.     Defendants answer paragraph 32 as follows:  This paragraph contains legal contentions

9 or conclusions, which do not require a response.  To the extent a response is required, Defendants

10 deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

11      33.     Defendants answer paragraph 33 as follows:  This paragraph contains legal contentions

12 or conclusions, which do not require a response.  To the extent a response is required, Defendants

13 deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

14      34.     Defendants answer paragraph 34 as follows:  This paragraph contains legal contentions

15 or conclusions, which do not require a response.  To the extent a response is required, Defendants

16 deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

17      35.     Defendants answer paragraph 35 as follows:  This paragraph, and its subparts, contain

18 legal contentions or conclusions, which do not require a response.  To the extent a response is

19 required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining

20 allegations in this paragraph.

21      36.     Defendants answer paragraph 36 as follows:  This paragraph contains legal contentions

22 or conclusions, which do not require a response.  To the extent a response is required, Defendants

23 deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

24      37.     Defendants answer paragraph 37 as follows:  This paragraph contains legal contentions

25 or conclusions, which do not require a response.  To the extent a response is required, Defendants

26 deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

27 ///

28 ///

38.     Defendants answer paragraph 38 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.  Defendants deny the remaining allegations in this paragraph.

## STATEMENT OF FACTS

39.     Defendants answer paragraph 39 as follows:  Defendants admit the allegations in this paragraph.

40.     Defendants answer paragraph 40 as follows:  Defendants admit that the old and replaced jail in San Bruno had an outdoor yard that was used by inmates.  Except as specifically admitted, Defendants deny the allegations.

41.     Defendants answer paragraph 41 as follows:  Defendants admit that the construction of County Jail 5 did not include an area for outdoor recreation.  Except as specifically admitted, Defendants deny the allegations.

42.     Defendants answer paragraph 42 as follows:  Defendants admit that that in County Jail 5 there are sixteen housing pods with 24 cells each and that each cell holds two prisoners such that each pod has the capacity to house 48 inmates.  Defendant admits that each pod is shaped in a semi-circle, that cells are on two floors that all face a day room, and that a sheriff deputy's station opposite the cells faces the cells and day room.  Defendant admits that each pod has a common area that contains tables, benches, chairs, and a gym.  Defendants admit that inmates have access during the gym during various periods of time depending on programming and classification.  Defendants admit that the gyms have a basketball hoop and exercise equipment.  Except as specifically admitted, Defendants deny the allegations.

43.     Defendants answer paragraph 43 as follows:  Defendants admit that each gym at County Jail 5 has two large screened windows that allow in fresh air.  The screens have more structure than a house window screen but do allow an occluded sky view through the screens.  Defendant admits that an inmates out of cell time and access to the gym at County Jail 5 depends on their classification.  Except as specifically admitted, Defendants deny the allegations.

44.     Defendants answer paragraph 44 as follows: Defendants deny the allegations in this paragraph.

45.     Defendants answer paragraph 45 as follows: Defendants deny the allegations in this paragraph.

46.     Defendants answer paragraph 46 as follows:  Defendants lack information and belief as to the allegations in this paragraph, and on that basis, deny the allegations.

47.     Defendants answer paragraph 47 as follows:  Defendants lack information and belief as to the allegations in this paragraph, and on that basis, deny the allegations.

48.     Defendants answer paragraph 48 as follows:  Defendants admit that County Jail 4 is a linear jail, and the front of the cells are metal bars.  Defendants admit that cell sizes can be for a single prisoner, two prisoners, six prisoners or 12 prisoners, and that in the 12-prisoner cells, there are bunk beds on one half, called the nighttime section, and the day room, which has table and benches. Defendants admit that County Jail does not have access to outdoor recreation.  Except as specifically admitted, Defendants deny the allegations.

49.     Defendants answer paragraph 49 as follows:  Defendants admit that that the 12 person cells at County Jail 4 contain a shower and toilets.  Defendants admit that all inmates at County Jail 4 have access to the gym for three hours per week.  Defendants admit that inmates who are not housed in 12 person cells are provided access to a shower twice per week.  Defendants admit that County Jail does not have access to outdoor recreation.  Except as specifically admitted, Defendants deny the allegations.

50.     Defendants answer paragraph 50 as follows: Defendants deny the allegations in this paragraph.

51.     Defendants answer paragraph 51 as follows: Defendants deny the allegations in this paragraph.

**EFFECTS ON INMATES OF EXCESSIVE CONFINEMENT**

52.     Defendants answer paragraph 52 as follows:  Defendants deny the allegations in this paragraph.

53.     Defendants answer paragraph 53 as follows:  Defendants deny the allegations in this paragraph.

///

54.     Defendants answer paragraph 54 as follows:  Defendants admit that Plaintiff Kenyon Norbert is in San Francisco custody.  Defendants specifically deny causing harm to plaintiff. Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

55.     Defendants answer paragraph 55 as follows:  Defendants specifically deny causing harm to plaintiff.  Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

56.     Defendants answer paragraph 56 as follows:  Defendants specifically deny causing harm to plaintiff.  Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

57.     Defendants answer paragraph 54 as follows:  Defendants admit that Plaintiff Troy McAllister is in San Francisco custody.  Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

58.     Defendants answer paragraph 58 as follows:  Defendants specifically deny causing harm to plaintiff.  Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

59.     Defendants answer paragraph 59 as follows:  Defendants admit that Plaintiff Marshall Harris is in San Francisco custody.  Defendants specifically deny causing harm to plaintiff. Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

60.     Defendants answer paragraph 60 as follows:  Defendants admit that Plaintiff Armando Carlos is in San Francisco custody.  Defendants specifically deny causing harm to plaintiff.

Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

61.    Defendants answer paragraph 61 as follows:  Defendants admit that Plaintiff Armando Carlos is in San Francisco custody.  Defendants specifically deny causing harm to plaintiff. Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

62.    Defendants answer paragraph 62 as follows:  Defendants admit that Plaintiff Montrail Brackens is in San Francisco custody.  Defendants admit that plaintiff has not had access outdoor recreation.  Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

63.    Defendants answer paragraph 63 as follows:  Defendants admit that Plaintiff Michael Brown is in San Francisco custody.  Defendants admit that plaintiff has not had access outdoor recreation.  Defendants specifically deny causing harm to plaintiff.  Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

64.    Defendants answer paragraph 64 as follows:  Defendants admit that Plaintiff Jose Poot is in San Francisco custody.  Defendants admit that plaintiff has not had access outdoor recreation. Defendants specifically deny causing harm to plaintiff.  Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

## CITY AND COUNTY OF SAN FRANCISCO'S RESPONSES

65.    Defendants answer paragraph 65 as follows:  Defendants deny the allegations in this paragraph.

///

///

66.     Defendants answer paragraph 66 as follows:  Defendants lack information and belief as to the remaining allegations, and on that basis, deny the remaining allegations in this paragraph. Except as specifically admitted, Defendants deny the allegations in this paragraph.

67.     Defendants answer paragraph 67 as follows:  Defendants admit that responses to inmates' grievances were provided regarding outdoor recreation.  Defendants admit that some of its responses confirmed that no outdoor recreation exists, that the City complies with Title 15 regulations, that a waiver for was issued by the State Board of Community Corrections, and that County Jail was constructed prior to gym requirements.  Except as specifically admitted, Defendants deny the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

68.     Defendants answer paragraph 68 as follows:  Defendants repeat all prior answers and denials.

69.     Defendants answer paragraph 69 as follows:  Defendants admit this allegation.

70.     Defendants answer paragraph 70 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

71.     Defendants answer paragraph 71as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

72.     Defendants answer paragraph 72 as follows:  Defendants repeat all prior answers and denials.

73.     Defendants answer paragraph 73 as follows:  Defendants admit this allegation.

74.     Defendants answer paragraph 74 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

///

///

75.     Defendants answer paragraph 75 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## THIRD CAUSE OF ACTION

76.     Defendants answer paragraph 76 as follows:  Defendants repeat all prior answers and denials.

77.     Defendants answer paragraph 77 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

78.     Defendants answer paragraph 78 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

79.     Defendants answer paragraph 79 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## FOURTH CAUSE OF ACTION

80.     Defendants answer paragraph 80 as follows:  Defendants repeat all prior answers and denials.

81.     Defendants answer paragraph 81 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

82.     Defendants answer paragraph 82 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## FIFTH CAUSE OF ACTION

83.     Defendants answer paragraph 83 as follows:  Defendants repeat all prior answers and denials.

///

84.     Defendants answer paragraph 84 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

85.     Defendants answer paragraph 85 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

86.     Defendants answer paragraph 86 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

87.     Defendants answer paragraph 87 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

88.     Defendants answer paragraph 88 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

**SIXTH CAUSE OF ACTION**

89.     Defendants answer paragraph 89 as follows:  Defendants repeat all prior answers and denials.

90.     Defendants answer paragraph 90 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

91.     Defendants answer paragraph 91 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

92.     Defendants answer paragraph 92 as follows:  This paragraph contains legal contentions or conclusions, which do not require a response.  To the extent a response is required, Defendants deny the allegations in this paragraph.

1

**REQUEST FOR RELIEF**

2    These paragraphs contain legal contentions or conclusions, which do not require a response.

3   To the extent a response is required, Defendants deny the allegations in this paragraph.

4    <u>**SEPARATE AFFIRMATIVE DEFENSES**</u>

5    **FIRST AFFIRMATIVE DEFENSE**

6    (Failure to State a Claim)

7    Plaintiffs fail to state facts sufficient to constitute a cause of action against each defendant.

8    **SECOND AFFIRMATIVE DEFENSE**

9    (Assumption of Risk - Peril)

10    Defendants allege that plaintiffs realized and appreciated the alleged danger which presented

11   itself at the times of the happening of the events set forth in the complaint herein; that plaintiffs

12   voluntarily placed themselves in a position of peril, and that the loss or damage, if any, sustained by

13   plaintiffs was caused by said risks which were accepted and voluntarily assumed by plaintiffs, when

14   engaging in said activity.

15    **THIRD AFFIRMATIVE DEFENSE**

16    (Assumption of the Risk)

17    Defendants allege that plaintiffs had full knowledge of the risks involved in the activity in

18   which they were engaged at the time of the incident set forth in the complaint herein; that plaintiffs

19   voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in

20   said complaint; and that the loss or damage, if any, sustained by the them was caused by said risks that

21   were accepted and voluntarily assumed by him.

22    **FOURTH AFFIRMATIVE DEFENSE**

23    (Failure to Mitigate Damages)

24    Defendants allege that the complaint and each and every cause of action therein is barred

25   because plaintiffs failed to use reasonable diligence to mitigate damages allegedly sustained by them,

26   and said failure bars or reduces the recovery, if any from defendants.

27   ///

28   ///

1

2

**FIFTH AFFIRMATIVE DEFENSE**

(Defendants' Acts Not A Proximate Cause)

3  Defendants state that any act or omission on the part of the answering defendants, their agents

4  or employees, was not the proximate cause of plaintiffs' injury.

5

**SIXTH AFFIRMATIVE DEFENSE**

6

(Denial of Damages)

7  Defendants deny that plaintiffs have been damaged in any sum or sums, or otherwise, or at all,

8  by reason of any act or omission of any defendant.

9

**SEVENTH AFFIRMATIVE DEFENSE**

10

(Immunity)

11  Defendants allege the provisions of the California Tort Claims Act of the California

12  Government Code (Government Code §§810 *et seq.*) as a measure of the duty of the City and County

13  of San Francisco and its employees.

14

**EIGHTH AFFIRMATIVE DEFENSE**

15

(Immunity)

16  Defendants claim the immunities under the applicable provisions of the Government Code,

17  including without limitation sections 820.8, 821.6, 830-835.4.

18

**NINTH AFFIRMATIVE DEFENSE**

19

(Barred by Tort Claims Act and Failure to file Claim)

20  Defendant allege that to the extent the complaint includes allegations within the scope of the

21  California Tort Claims Act, the complaint is barred by the following provisions of the California Tort

22  Claims Act: Government Code sections: 815; 815(b); 815.2; 815.4; 815.6; 818.2; 818.2; 818.4; 818.6;

23  818.7; 818.8; 820; 820(b); 820.2; 820.4; 820.6; 820.8; 820.25; 821.2; 821.4; 821.6; 821.8; 822; 822.2;

24  830; 830.2; 830.4; 830.5; 830.6; 830.7; 830.8; 830.9; 831; 831.2; 831.4; 835; 835.2; 835.4; 840; 840.2;

25  840.6; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4;

26  855.6; 855.8; 856; 856.2; 856.4; 910, et seq.; 956.4, and other applicable provisions of law and of said

27  sections.  Under California law, Defendant is liable only pursuant to statute.

28  ///

**TENTH AFFIRMATIVE DEFENSE**

(Variance Between Tort Claim and Complaint)

Defendants allege that to the extent the complaint includes allegations within the scope of the California Tort Claims Act, plaintiffs purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs' written government tort claims, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendants allege that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiffs may have is barred by law.

**TWELFTH AFFIRMATIVE DEFENSE**

(Estoppel)

By reason of plaintiffs' own acts and omissions plaintiffs are estopped from seeking any recovery from defendants by reason of the allegations set forth in the complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust)

As a separate and affirmative defense to the complaint and to each and every allegation set forth therein, defendants allege that the complaint is barred by failure to exhaust administrative remedies as required by the Prison Litigation Reform Act.  Defendants affirmatively allege that the jail has an adequate grievance procedure and that some plaintiffs failed to avail themselves of the procedure, barring any lawsuit against the City or its employees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

As a separate and affirmative defense to the complaint and to each and every allegation set forth therein, defendants allege that the complaint and each cause of action therein are barred by the

doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Proper Conduct)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, defendants allege that at all times and places mentioned in the complaint, they acted without malice and with a good faith belief in the propriety of their conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Acting in Good Faith)

As a separate and affirmative defense to the complaint and to each and every allegation set forth therein, defendants allege that at all times mentioned in the complaint, they performed and discharged in good faith each and every obligation, if any, owed to plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Privilege)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, defendants allege that their conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Immunities)

As a separate and affirmative defense to the complaint and to each and every allegation contained therein, defendants assert the various immunities conferred upon them pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Public Liability Act)

Defendants allege the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendants' duties and liabilities in this action.

///

///

1

2

**TWENTIETH AFFIRMATIVE DEFENSE**

(Plaintiffs' Conduct Reckless and Wanton)

Defendants allege that at all times mentioned in plaintiffs' complaint herein, plaintiffs acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiffs; that as a consequence, plaintiffs' claims are barred.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Immunity:  Exemplary Damages)

Defendants allege that as a public entity they are immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Discretionary Act Immunity)

Defendants allege that the act or omissions which plaintiffs claim give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his or her employment and, as a result, plaintiffs' claims are barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Failure to State Relief Under 42 U.S.C. 1983)

Defendants allege that the plaintiffs have failed to allege facts in the complaint sufficient to state a claim for relief under 42 U.S.C. 1983 against the City and County of San Francisco, its agents, employees and particularly its Sheriff Department employees.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(City and County of San Francisco Not a Proper Party)

Defendants allege that plaintiffs have failed to allege sufficient, specific facts against San Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that plaintiffs were negligent in

and about the matters and activities alleged in the complaint; that plaintiffs' negligence contributed to and was a proximate cause of plaintiffs' alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiffs are entitled to recover damages against defendants by virtue of the complaint, defendants pray that the recovery be diminished or extinguished by reason of the negligence of plaintiffs in proportion to the degree of fault attributable to the plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiffs.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

Defendants allege that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Immunity for Failure to Provide Medical Care to a Prisoner)

Defendants allege that, under Government Code section 845.6, San Francisco is immune from liability for any inadequate medical care plaintiffs may have received while in custody.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Physical Injury)

Defendants allege that plaintiffs did not suffer a physical injury as required to recover emotional or mental distress damages under the Prisoner Litigation Reform Act.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendants allege that the complaint is barred by the statute of limitations, including the statute of limitations set forth in the Government Tort Claims Act and C.C.P. §§ 335 *et seq.*

///

///

///

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendant to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiff.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Res Judicata)

To the extent any of the allegations in the Complaint have been previously litigated, those allegations and/or the Complaint, and each cause of action therein, are barred by the doctrine of *res judicata* and collateral estoppel.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(No Common Law Negligence)

Defendant alleges that, as a matter of law, Plaintiff may not assert causes of action for common law negligence against this answering defendant. *See, e.g., Van Kempen v. Hayward Area Park etc. Dist.* (1972) 23 Cal.App.3d 822, 825, 100 Cal.Rptr. 498, cited in *Dept. of Transportation v. Superior Court (Verdeja)* (1992) 5 Cal.App.4th 1480, 1484, 7 Cal.Rptr.2d 498.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Proposition 51)

Defendant alleges that in the event that this answering Defendant is found to be liable -- which liability is specifically denied and stated merely for the purposes of this affirmative defense -- such liability, if any there be, for non-economic damages shall be several and not joint, pursuant to the California Fair Responsibility Act of 1986 (Proposition 51) as set forth in section 1431 *et seq.* of the California Civil Code.  The Defendant requests that the trier of fact be instructed that the amount of non-economic damages be allocated in direct proportion to the percentage of fault, if any there be, assessed against each person or entity to which the Act applies and that a separate judgment be rendered against each such person or entity in the amount of such non-economic damages attributable to that person or entity.

*///*

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Contribution)

The fault of persons other than this Defendant contributed to and proximately caused the occurrence.  Under the principles formulated in *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, and under the provisions of the Fair Responsibility Act of 1986 (Proposition 51) as set forth in California Civil Code §§1431, 1431.1, 1431.2 and 1431.3, this Defendant prays that the percentage of such contribution be established by special verdict or other procedure, and that Defendant's ultimate liability be reduced to the extent of such contribution.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Negligence of Third Parties - Equitable and Statutory Indemnity for Defendant)

Defendant states that Plaintiff's injuries were caused by the negligence or other act or omission of third parties, and defendant is entitled to equitable and statutory indemnity from such third parties.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(Setoff and Recoupment)

Without conceding that acts of this defendant caused damage to Plaintiff or any other person in any respect, Defendant alleges that this answering defendant is entitled to an offset and recoup against any judgment that may be entered against it all obligations of the Plaintiff owing to the Defendant.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

(Proper Enforcement of Law)

California Government Code Section 820.4 provides that a public employee is not liable for injuries inflicted by his or her acts or omissions committed "in the execution or enforcement of any law" while exercising due care.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(Course and Scope)

The City alleges that it is not liable for any acts or omissions of its employees which occurred outside of those employees' scope of employment with the City.

///

///

1

### FORTIEETH AFFIRMATIVE DEFENSE

2

(Immunity for Injuries by and to Prisoners)

3    Defendants allege that, under Government Code section 844.6, San Francisco is immune from

4 liability for any injuries by or to prisoners.

5

### ADDITIONAL AFFIRMATIVE DEFENSES

6    Defendants presently have insufficient knowledge or information on which to form a belief as

7 to whether they may have additional, as yet unstated, defenses available.  Defendants reserve the right

8 to assert additional defenses in the event that discovery indicates that they would be appropriate.

9

### DEMAND FOR JURY TRIAL

10    Defendants hereby demand a trial by jury on all counts of Plaintiffs' complaint.

11

### PRAYER FOR RELIEF

12    WHEREFORE, Defendants pray for judgment as follows:

13    1.    That plaintiffs take nothing from defendants;

14    2.    That the complaint against defendants be dismissed with prejudice;

15    3.    That defendants recover their costs of suit herein, including attorneys' fees; and

16    4.    For such other relief as is just and proper.

17

18 Dated:  February 26, 2020

19

20

           DENNIS J. HERRERA
           City Attorney
           MEREDITH B. OSBORN
           Chief Trial Deputy
           SABRINA M. BERDUX
           MARGARET W. BAUMGARTNER
           KAITLYN MURPHY
           Deputy City Attorneys

21

22

23

24

        By: */s/ Sabrina M. Berdux*
           SABRINA M. BERDUX

25

26

           Attorneys for Defendants
           CITY AND COUNTY OF SAN FRANCISCO and
           VICKI HENNESSY

27

28