UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENYON NORBERT, et al.,

Plaintiffs,

v.

SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,

Defendants.

Case No. 19-cv-02724-SK

**ORDER DENYING MOTION TO STAY AS MOOT**

Regarding Docket No. 128

Plaintiffs Kenyon Norbert, Montrail Brackens, Jose Poot, Marshall Harris, Armando Carlos, Michael Brown, and Troy McAllister ("Plaintiffs") are individuals currently incarcerated in San Francisco County Jail 4 ("County Jail 4") and San Francisco County Jail 5 ("County Jail 5"). On May 20, 2019, Plaintiffs filed a class action complaint ("Complaint") for declaratory and injunctive relief and damages, alleging that the conditions of their confinement violate the Eighth and Fourteenth Amendments to the United States Constitution, Sections 7 and 17 of the California Constitution, and 15 C.C.R. 1065. (Dkt. 1.) Plaintiffs bring their claims against the San Francisco County Sheriff's Department and the City and County of San Francisco, as well as against Sheriff Vicki Hennessy, Captain Jason Jackson, Captain Kevin McConnell, and Chief Deputy Sheriff Paul Miyamoto in their individual capacities ("Defendants"). (*Id.*) On June 27, 2019, Plaintiffs filed a motion for a preliminary injunction. (Dkt. 8.) Defendants opposed the motion. (Dkt. 11.)

The Court issued a preliminary injunction in this matter on January 31, 2020 (Dkt. 110) and issued a clarification of the preliminary injunction on February 11, 2020 (Dkt. 119). The preliminary injunction required Defendants to provide access to direct sunlight, as defined by the Court to include sunlight through open louvered windows, for inmates housed in County Jails 4 and 5 for more than four years and required Defendants to provide one hour per day, five days per

week, of recreation time for inmates held in administrative segregation in County Jails 4 and 5. (Dkts. 110, 119.) On February 28, 2020, Defendants filed a notice of appeal to the Ninth Circuit Court of Appeals of the Court's preliminary injunction. (Dkt. 127.) Simultaneously, Defendants filed a motion to stay application of the preliminary injunction pending appeal. (Dkt. 128.) Plaintiffs filed a notice of cross-appeal on March 13, 2020. (Dkt. 139.) Defendants complied with the portion of the preliminary injunction requiring increased recreation time for inmates held in administrative segregation, and the parties stipulated to a stay of the direct sunlight portion of the preliminary injunction and of the appeals pending settlement discussions. (Dkts. 138, 150.)

The parties engaged in lengthy settlement discussions with the assistance of Magistrate Judge Laurel Beeler, but ultimately failed to reach a resolution of this matter. (Dkts. 153, 156, 159, 175, 178, 180.) On September 5, 2020, County Jail 4 closed permanently. (Dkt. 188-1 (Huang Supp. Dec. Ex. F).) On October 5, 2020, the Court held a case management conference and set a renewed briefing schedule on Defendants' motion to stay. (Dkt. 184.) Plaintiffs oppose the motion to stay. (Dkts. 186, 187, 188.) Defendants submitted a reply in support of the motion to stay. (Dkt. 189.)

Having considered the submissions of the parties, the record in the case, and the relevant legal authorities, the Court HEREBY DENIES Defendants' motion to stay as MOOT, for the reasons set forth below.

**DISCUSSION**

The motion for stay is moot because the preliminary injunction at issue expired on April 30, 2020, under the terms of the Prison Litigation Reform Act ("PLRA"). The PRLA provides that, in "any civil action with respect to prison conditions," a "court may enter a temporary restraining order or an order for preliminary injunctive relief." 18 U.S.C. § 3626(a). That "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period." The PLRA governs prospective relief in the prison context where violations of federal law are at issue. *See Handberry v. Thompson*, 446 F.3d 335, 344 (2d Cir. 2006). The PLRA defines "the term 'prisoner'" to mean

2

"any person subject to incarceration, detention, or admission to any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 18 U.S.C. § 3626(g). The PLRA further defines "the term 'prison'" to mean "any Federal, State, or local facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." *Id.* The PLRA thus mandates that a preliminary injunction entered by a district court expires after 90 days. *Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001). A court may enter a renewed injunction pending appeal, as long as the renewed injunction does not alter the *status quo* on appeal. *Id.*

The PLRA applies to the preliminary injunction entered in this case because it provided prospective relief for inmates housed in state facilities who are prisoners within the meaning of the PLRA regarding alleged deprivations of Federal Constitutional rights. The Court's preliminary injunction was entered on January 31, 2020. (Dkt. 110.) The Court made the findings required under 18 U.S.C. § 3626(a)(1) that the preliminary injunction was narrowly drawn, that it extended no further than necessary to correct the violation of the Federal rights at issue, and that it was the least intrusive means necessary to correct the violation. (*Id.*) However, the Court did not make the preliminary injunction a final injunction or renew the injunction because the parties were actively engaged in settlement discussions at the time immediately following entry of the preliminary injunction. Therefore, the preliminary injunction expired automatically pursuant to the PLRA on April 30, 2020. Because the preliminary injunction expired automatically, Defendants' motion to stay application of the preliminary injunction is moot. The Court therefore does not reach the issues of whether a stay pending appeal would be warranted or whether a renewal of the preliminary injunction would alter the *status quo* in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

3

**CONCLUSION**

For the reasons set forth above, Defendants' motion to stay application of the preliminary injunction is DENIED as MOOT.

**IT IS SO ORDERED**.

Dated: December 3, 2020



SALLIE KIM
United States Magistrate Judge