CITY AND COUNTY OF SAN FRANCISCO     OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

SABRINA M. BERDUX
Deputy City Attorney

Direct Dial: (415) 554-3929
Email: sabrina.m.berdux@sfcityatty.org

May 19, 2021

Hon. Magistrate Judge Sallie Kim
San Francisco Courthouse
Courtroom C - 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

    Re: *Kenyon Norbert, et al. v. San Francisco County Sheriff's Department, et al.*
          United States District Court Case No. 19-CV-02724-SK

### JOINT DISCOVERY LETTER REGARDING DEPOSITIONS

Dear Judge Kim:

The parties submit this joint letter brief in regarding two discovery disputes that they have been unable to resolve through the meet and confer process: (1) Plaintiffs' request to take the deposition of Defendants' Person(s) Most Knowledgeable depositions for in person rather than remote deposition; and (2) Defense counsels' request to take each Plaintiffs' depositions on separate days rather than schedule more than one deposition per day.

    **I.**     **PLAINTIFFS' NOTICE OF DEFENDANTS' DEPOSITIONS**

    **A. Plaintiff's Position:**

Plaintiffs have been seeking the deposition of Person Most Knowledgeable since the end of February. Plaintiffs noticed the deposition of persons most knowledgeable, with a request for production of documents. The original deposition was noticed for March 8, 2021. Defendants stated they were unable to identify the PMK witnesses, and on March 12, 2021, identified three individuals, with dates in the second week of April. After an exchange of emails, and a phone meet and confer, we agreed that Captain Tilton would appear for deposition on May 14, 2021. In the Plaintiffs' amended notice of taking deposition, Plaintiffs requested that Captain Tilton appear in person. Defendants have refused, insisting on remote depositions. Plaintiffs have stated that counsel is fully vaccinated, the court reporter is fully vaccinated, that counsel's conference room will allow social distancing, agreed that everyone remain masked, that the conference have an electronic air filter operating, and offered to install plexi-glass barriers. Furthermore, Plaintiffs stated that Ms. Berdux, counsel for defendants can opt to appear remotely if Captain Tilton appear in person. Defendants have refused, citing covid-19.

On May 6, 2021, San Francisco moved into the yellow tier. In Alameda County, the Public Health website, 71% of the County has had one vaccination and 53% is fully vaccinated. Offices are permitted to open. CDCR announced that fully vaccinated individuals no longer need to wear masks indoors.

Plaintiffs prefer in person depositions. In person depositions facilitate the use of documents, which is much more difficult on zoom. Plaintiffs do not see the justification for Captain Tilton's refusal to appear in person for deposition. Plaintiffs' counsel is entering the

CITY AND COUNTY OF SAN FRANCISCO                           OFFICE OF THE CITY ATTORNEY

Letter to Hon. Magistrate Judge Sallie Kim
Page 2
May 19, 2021

third week of an in-person jury trial, with over 30 individuals in the courtroom, in Martinez. The courtroom is not much larger than Courtroom C, with no untoward effects.

### B. Defendants' Position:

Defendant's requests that the depositions noticed and contemplated in this matter proceed remotely via video.

Plaintiffs served a deposition notice on February 24, 2021 for person(s) most knowledgeable regarding 14 topics; two of those topics which included a multitude of subtopics. Plaintiffs' notice set the depositions for March 8, 2021 and also included 12 document requests. On March 12, 2021, Defendants offered 4 dates ranging from April 1 to April 9 for three witnesses responsive to the request categories. Plaintiffs' counsel did not respond to accept any of the proffered dates. Three weeks later, on April 7, 2021, Plaintiffs' counsel requested additional availability and requested that the PMK's be produced in a specific order. After meeting and conferring regarding scheduling, the PMK depositions were agreed for May 10, 12, and 14. Plaintiffs' counsel then unilaterally cancelled the May 10 and 12 depositions and stated that she intended to proceed with Captain Stephen Tilton on May 14, at 10:00 a.m.

Plaintiffs' counsel has requested that the depositions take place in person in her office. Defendants agreed to make the PMK deponents available at the agreed-upon date and time, but requested the depositions occur remotely due to ongoing Covid concerns. As stated below, Defendants have also noticed Plaintiffs' depositions to occur remotely rather than in-person. On May 11, 2021 Defendants' counsel informed Plaintiffs' counsel that one of our witnesses had a close contact with Covid the day before. Accordingly, counsel renewed the offer to proceed with the deposition remotely, but the close Covid contact raised further safety concerns. Defendants are enthusiastically aware of the continuing improvement of Covid numbers. There is no dispute that California and the Bay Area have decreasing infections and increasing vaccinations. However, Covid has not been extinguished, it remains a real risk, and we are requesting the ability to continue taking a measured and cautious approach as the Bay Area begins to open again. On May 10, 2021 there were 1,377 positive Covid test results in California.[1] Vaccination rates are encouraging, but still less than half of people are fully vaccinated and only 16.7% of people are partially vaccinated.[2] Fortunately, children ages 12 and older are now eligible for vaccination, but this has just commenced and is limited to older children. This poses risk to witnesses, counsel, parties, with young children.

At this time, lengthy indoor interactions among multiple households, even with masks, poses an unnecessary risk. This is especially true where Plaintiffs' counsel has had increased exposure risk for Covid based on her ongoing criminal trial. Covid exposures may not be known yet, and again pose an increased risk.

Additionally, regarding evaluating or balancing the relative risk of proceeding with an indoor deposition involving vaccinated persons, Defendants' counsel is not permitted to request or disclose vaccination status of witnesses or other participants because it is protected by the Health Information Privacy Protection Act (HIPAA).

Defendants are sincerely appreciative of the offer of safety measures that Plaintiffs' counsel has confirmed, including at least 6-foot distancing, mask wearing, plexiglass shields, and an air filter. These protocols seem to make the deposition more difficult to conduct rather than doing so by video. A court reporter will undoubtedly have a difficult time taking an accurate record under these conditions.

Defendants do not seek to request any accommodations for remote depositions that they do not already practice themselves. Since Covid started, Defendants' counsel has not conducted any in person depositions in which all counsels and witnesses and a court reporter were in person

---

[1] https://covid19.ca.gov/state-dashboard/
[2] https://covid19.ca.gov/vaccination-progress-data/

in the same room.  Additionally, Defendants' counsel is continuing to schedule remote depositions for the foreseeable future in this and other matters; as evidenced in part by the depositions of plaintiffs to occur remotely.  This is true for mediations which have also occurred and continue to be scheduled for remote participation.

Since the start of Covid, Defendants' counsel has not been indoors with people outside of our families/pod for the length of time that is contemplated for these depositions.  The guidelines and recommendations Plaintiffs' counsel cites are a floor, but not a ceiling. Increasing the risk of exposure by an in-person deposition is unnecessary in light of the reasonable alternative to have a remote deposition especially where Defense counsel agreed to make their witnesses available at the date and time agreed to by the parties.

## II.  DEFENDANTS' NOTICES OF PLAINTIFF DEPOSITIONS

### A.  Plaintiff's Position:

Defendants noticed the deposition of plaintiffs, many of whom are incarcerated in a San Francisco County Jail at San Bruno.  Plaintiffs' counsel has requested to attend these depositions with plaintiffs, in person.  Given the travel distance and time required, Plaintiffs' counsel has requested that more than one deposition be scheduled per day.  Defendants refuse and demand that each deposition be scheduled separately on individual days.  This is an unreasonable demand on Plaintiffs' counsel time, given that one-way travel is almost an hour from Oakland to San Bruno, and individuals dates will demand almost an extra 10 hours for travel alone.  There is no justification why more than one deposition cannot be scheduled per day, and defendants' counsel has provided none.  There is no justification for why depositions cannot be sequenced to avoid the unnecessary need for excess travel and unnecessary demands on plaintiffs' counsel time.

Plaintiffs' request that more than one deposition be scheduled per day.  If in fact, defendants really need to go in excess of that amount of time, depositions can be continued to an additional date.

### B.  Defendant's Position:

On May 4, 2021, Defendants sent a notice of deposition for six of the named plaintiffs housed in County Jail 3 located in San Bruno.  Defendants' notice confirmed that each deposition would take place remotely.  Defendants' noticed each named plaintiff's deposition on a separate day, noticing the depositions for May 19, 20, 21, 24, 25, and 26.

On May 10, 2021, the parties held a meet and confer regarding Plaintiffs' depositions.  Plaintiffs' counsel requested that she be allowed to defend her clients' depositions in-person at County Jail 3, and demanded that Defendants complete two depositions per day so that she did not have to drive to San Bruno six times.  Plaintiffs' counsel is not required to appear in-person for the remote depositions. However, out of respect for her request, defense counsel coordinated with the Sheriff's Office to arrange for Plaintiffs' counsel to be able to be present at County Jail 3 during the depositions if she so chooses with a screen/plexiglass in between clients and attorneys. Defense counsel stated that they are unable to commit to conducting 2 depositions per day at this point because the City anticipates there will be insufficient time. In an email to Plaintiffs' counsel, the City wrote:

> As you are aware, your clients allege a number of significant health issues, they have an extensive medical record history, and significant incarceration histories.  If the depositions start at 9 a.m. and 1:00 p.m. each day, we are limited to just 3 hours for a party deposition in a putative class action matter.  This is not an acceptable limitation on discovery in this serious matter.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Hon. Magistrate Judge Sallie Kim
Page 4
May 19, 2021

      For the second time on May 11, Defendants counsel asked to confirm plaintiffs' depositions for June 1, 2, 3, 4, 7, 8 and 9.

      Plaintiffs' counsel responded making further demands to limit the time that Defendants have to take the plaintiffs' depositions. In addition to demanding a time limitation, she demanded that the details of the deposition questions be provided. Plaintiffs' counsel responded:

> What relevance is it to go through their carceral history - this should take a half hour - at most. And you will not be able to question them about any pending cases. So, yes, detail what you need to ask, the relevance, and let's submit this to Judge Kim.

      In response, Defense counsel declined to provide their deposition questions in advance of the depositions, citing attorney work product. Defendants' counsel also confirmed that they could not agree to Plaintiffs unilaterally decreasing the permitted deposition time to 4 hours. Again, defense counsel explained: "Depositions are already limited in time to 7 hours. I am not positive that every plaintiff deposition will last longer than 4 hours, but it is unfair to ask for such a limitation in this putative class action case that alleges Constitutional violations for a number of jail conditions, spanning 4 years, and significant personal injuries resulting therefrom." During the meet and confer process Plaintiffs' counsel did not identify any basis for conducting two plaintiffs' depositions per day other than the inconvenience of her driving to County Jail 3.

      Defendants are willing to be flexible about the dates of Plaintiffs' depositions, but cannot agree to limit those depositions to 4 hours each and conduct two depositions per day so that Plaintiffs' counsel can avoid three trips to County Jail 3. Additionally, if the burden of driving to County Jail 3 is too significant, there is no requirement Plaintiffs' counsel attend the depositions in-person. As previously stated, the depositions were noticed as remote depositions. The City therefore respectfully requests that the Court order the parties to meet and confer regarding mutually available dates for the Plaintiffs' depositions without any requirement that the City limit its depositions to four hours or that the parties conduct two depositions per day.

      Very truly yours,

      DENNIS J. HERRERA
      City Attorney

      */S/ Sabrina M. Berdux*

      SABRINA M. BERDUX
      Deputy City Attorney


      LAW OFFICES OF YOLANDA HUANG

      */S/ Yolanda Huang*

      YOLANDA HUANG
      *Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory.*