UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 19-cv-02724-SK<br><br>**ORDER REGARDING SUPPLEMENTAL DISCOVERY LETTER BRIEF**<br><br>Regarding Docket Nos. 248, 249, 250 |

Plaintiffs request the ability to take certain medical tests of the named Plaintiffs and class members. For the reasons set forth below, the Court DENIES the request WITHOUT PREJUDICE.

**A.  Background.**

The parties have discussed and briefed the issue of independent testing of Plaintiffs for a long period of time in many pleadings. Plaintiffs first moved on October 15, 2019, for an Order requiring Defendants to permit Plaintiffs to conduct a "blood draw" and to conduct "medical and psychiatric examinations and surveys." (Dkt. No. 63.) Specifically, Plaintiffs sought analyses of the following: "Complete blood count," "Basic metabolic panel," "Complete metabolic panel," "Thyroid panel," "Coagulation panel," "DHEA-sulfate serum test," "C-reactive protein test," "Cortisol levels," "25 hydroxy Vit D," "Calcium Albumin," "parathyroid hormone," and "A1C." (Dkt. No. 63-1.) In that request, Plaintiffs sought this data from 125-150 inmates who consented to the process. (Dkt. No. 63-1). Defendants objected to Plaintiffs' proposal on a number of grounds, including the argument that the burden to Defendants outweighed any potential benefit. (Dkt. No. 77.) At the hearing on the matter, Plaintiffs indicated that the data would be used for this case and for scientific research. After a hearing on the issue, the Court continued the hearing

but posted the following questions:

> The Court advises plaintiffs to provide additional information regarding the scientific validity of the proposed plan and the manner in which the data and evidence will be used either by scientific researchers or by other sources who seek to subpoena the materials for use in ongoing criminal cases or other ongoing civil cases. The Court advises plaintiffs to provide copies of any studies submitted for approval with any institutional review board regarding testing of human subjects and, to the extent that scientific research have sought funding from other sources, copies of any grant proposals. The Court advises defendants to provide information regarding the initial screening of inmates, the regularity and scope of checkups, and the manner in which inmates can seek their medial records. The Court notes that any consent form must be mutual, i.e., the parties must have equal access to any evidence obtained.

(Dkt. No. 86.)

After additional briefing and further hearing on January 14, 2020, the Court issued an Order on January 23, 2020, denying in part and granting in part Plaintiffs' motion. (Dkt. No. 107.) The Court ordered the parties to design an appropriate consent form for blood tests and "proceed only as to the named Plaintiffs who consent to the testing." (*Id*.) The Court denied the request to conduct any further examinations or surveys. (*Id*.) The Court set deadlines for the submission of consent forms. (Dkt. No. 124.) The parties did not submit a consent form. After appeal of other issues in this case, the Court stayed the issue of the consent form. (Dkt. No. 147.)

Between January 23, 2022, and August 9, 2022, Plaintiffs submitted no further request regarding this issue until Plaintiffs raised the issue again. On August 9, 2022, Plaintiffs filed a discovery letter brief seeking access to named Plaintiffs and class members for medical assessment and to resolve other unrelated discovery matters. (Dkt. No. 244.) Defendants opposed the request. (Dkt. No. 244-1.) The Court held a hearing on the matters on August 17, 2022. (Dkt. No. 246.) At the hearing, Plaintiffs raised, for the first time, an argument that the policy of the San Francisco Sheriff Department authorized independent medical testing. Thus, the Court provided for supplemental briefing on a specific, expedited schedule, given that the deadline for factual discovery was August 19, 2022 and the date for disclosure of expert witnesses was September 2, 2022. (Dkt. No. 246.) Plaintiffs filed their supplemental discovery letter brief on

2

1  August 22, 2022, on schedule, and a declaration in support filed on August 23, 2022, after the
2  deadline. (Dkt. Nos. 248, 249.) Defendants filed their supplemental letter brief on August 24,
3  2022, on schedule. (Dkt. No. 250.)

**B.     Discussion.**

Plaintiffs argue that their request does not affect discovery in this case because they have the right to seek medical testing. Plaintiffs point out that, if they were not incarcerated, they could obtain any medical tests on their own without leave of Court. Plaintiffs also point to Custody Division Policy and Procedure (CODM) 7.08, which states in relevant part:

> The Sheriff's Department recognizes that prisoners in the San Francisco County Jails retain all civil rights guaranteed by the United. States and California Constitutions except when necessary to restrict those rights for the reasonable safety and security of an institution or of the public…. (P) Health Care – Prisoners have the right to receive medical, dental and mental health care…. (3) A prisoner may decline care or treatments provided by the jail and provide it by his/her own physician at his/her own expense.

(Dkt. No. 248.) According to Plaintiffs, CODM 7.08 was established on September 17, 1997, and revised on March 10, 2017. (*Id.*)

Defendants object to the request on several grounds. (Dkt. No. 250.) First, although Plaintiffs filed their letter brief by the deadline the Court set, August 22, 2022, Plaintiffs submitted an additional declaration of Plaintiffs' counsel on August 23, 2022, which Defendants did not receive until 1:13 p.m. (*Id.*) Given that the Court had ordered Defendants to respond by August 24, 2022, Defendants did not have sufficient time to respond to the issues raised in the declaration. (*Id.*) Defendants raise concerns about Plaintiffs' factual representations about the working of the jail system, and Defendants note that they cannot respond to the logistical issues raised in the declaration on such a short time-frame. (*Id.*)

Second, Defendants object that Plaintiffs' request lacks specificity so that Defendants or the Court can weigh the request's proportionality against the needs of the case for purposes of Federal Rule of Civil Procedure 26. (Dkt. No. 250.) It is unclear from Plaintiffs' request whether the information sought relates to the needs of this case, i.e., to provide evidence for experts and/or for trial, or whether this is a freestanding request for additional medical treatment. Third,

3

1  Defendants object to the request because it is a request for discovery beyond the deadline for
2  discovery.
3        The Court finds that Plaintiffs' request is not specific enough for the Court to evaluate.
4  With regard to specificity, the Court told Plaintiffs two years ago when Plaintiffs first raised this
5  issue that Plaintiffs must provide a clear plan to pursue this additional medical evidence. The plan
6  that Plaintiffs propose is not clear, and Defendants object on many practical grounds. Because
7  Plaintiffs have had over two years to meet and confer with Defendants to propose a plan, the Court
8  does not favor this last-minute attempt to test Plaintiffs.
9        Additionally, the purpose of Plaintiffs' request is not clear. If the purpose is simply to seek
10 additional medical treatment and not for discovery in this case, Plaintiffs seek injunctive relief and
11 must follow the process for seeking injunctive relief. As currently stated, Plaintiffs' request does
12 not meet the standards for injunctive relief. A plaintiff seeking a preliminary injunction must
13 establish: "(1) likely success on the merits; (2) likely irreparable harm absent preliminary relief;
14 (3) [that] the balance of equities tips in [Plaintiffs'] favor; and (4) that an injunction is in the
15 public's interest." *Doe v. Kelly,* 878 F.3d 710, 719 (9th Cir. 2017) (citations omitted). A
16 "possibility" of irreparable harm is insufficient; rather it must be "likely" absent an injunction.
17 *Am. Trucking Ass'n, Inc. v. City of L.A.,* 559 F.3d 1046, 1052 (9th Cir. 2009). Alternatively,
18 "'serious questions going to the merits' and a balance of hardships that tip sharply towards the
19 plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that
20 there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for*
21 *the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Plaintiffs bear the burden to
22 show that these factors are met. *DISH Network Corp. v. FCC*, 653 F.3d 771, 776-77 (9th Cir.
23 2011). Here, Plaintiffs argue that the policy entitles them to seek medical care at their own
24 expense, but they do not show irreparable harm requiring an injunction at this time. The fact that
25 Plaintiffs have waited over two years to again make this request shows that there is no urgency for
26 medical purposes.
27       If the purpose of the request is to provide information to Plaintiffs' experts, the Court
28 remains concerned that, given the deadline for disclosure of expert is September 2, 2022, with the

corresponding deadlines for other expert deadlines, there is not enough time for Plaintiffs to create a workable plan for testing, provide that evidence to Defendants, and also allow experts to analyze that evidence. The Court has extended the deadlines in this case many times. (Dkt. Nos. 22, 34, 162, 172, 216, 232, 233, 241, 247.) This case has been pending for over three years – since May 20, 2019. The Court is not willing to extend deadlines again and is not willing to delay trial further.

Accordingly, the Court DENIES Plaintiffs' supplemental request WITHOUT PREJUDICE. If Plaintiffs seek injunctive relief, they may file a motion for preliminary injunction, and the Court will expedite the schedule for that briefing. However, to the extent that Plaintiffs seek testing for purposes of this litigation – to provide information to experts and to provide evidence for trial – the request is simply too late.

**IT IS SO ORDERED**.

Dated: August 25, 2022



SALLIE KIM
United States Magistrate Judge