CITY AND COUNTY OF SAN FRANCISCO

DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

SABRINA M. BERDUX
Deputy City Attorney

Direct Dial:  (415) 554-3929
Email:        sabrina.m.berdux@sfcityatty.org

December 23, 2022

Hon. Sallie Kim
United States District Court, Northern District of California
Courtroom C-15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Kenyon Norbert, et al. v. San Francisco County Sheriff's Department, et al.*
U.S. District Court Case No. 19-cv-02724-SK (LB)

Dear Judge Kim:

Defendants object to Plaintiffs' oversized untimely discovery letter. After the parties exchanged multiple drafts of a joint letter for a full week, this morning Plaintiffs' counsel stated that Defendants edits were "unacceptable," and refused to continue working towards a joint letter brief, instead requiring Defendants to file a separate letter. **(Ex. A).** The letter Plaintiffs filed does not accurately reflect the parties meet and confer efforts on these issues. But even the substance of the discovery dispute as Plaintiffs' frame it is untimely. Fact discovery closed on August 19, 2022. (ECF No. 241). Expert discovery closed on November 9, 2022. (ECF No. 233). Any discovery disputes were due no "more than 7 days after" the applicable cut-off. N.D. Cal. Civ. Local Rule 37-3. Instead, Plaintiffs waited until December 13—the day *after* the Court took the parties' summary judgment motions under submission—to raise these issues with Defendants. Plaintiffs' unexplained delay is reason enough to deny their motion.

There is no need for the Court to rule on any of the issues in the discovery letter now and it is unclear why Plaintiffs are so insistent on raising these issues with the Court at this juncture. Defendants stated as part of the meet and confer that it was not apparent why these issues needed

FOX PLAZA · 1390 MARKET STREET, 6TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-3837

c:\users\sberdux\desktop\01646588.docx

Letter to Judge Kim **Error! Reference source not found.**Page 2
December 23, 2022

to be brought to the Court now with discovery closed, summary judgment motions pending, and the holiday season approaching. Plaintiffs could not provide a response other than to state it is important to them these issues be resolved.

The issues in Plaintiffs' letter overlap with issues briefed as part of the summary judgment motions. As Defendants informed Plaintiffs upon their request for a meet and confer, the Court's rulings on those motions will moot their letter. To the extent Plaintiffs seek to relitigate the evidentiary objections raised in the summary judgment briefing, the Court should not entertain their effort. The parties have already had the opportunity to raise and respond to any such objections. Plaintiffs made deliberate choices about their discovery strategy. They cannot use this letter as a second bite at the apple to revise those choices after the close of fact and expert discovery and after Defendants' opportunity to file their dispositive motion has passed.

To the extent Plaintiffs are not seeking to use this discovery letter to influence the pending summary judgment motions, their issues are properly brought as motions in limine because they concern whether or not certain evidence will be admitted at trial. Motions in limine also afford the parties the proper space and time to adequately raise and oppose any such evidentiary issues—rather than Plaintiffs' discovery letter, which would rush the parties to present cursory arguments on a number of significant issues in a compressed page length. Defendants would need more than four combined pages to substantively address the collection of untimely issues raised by Plaintiffs.

Plaintiffs positions are also at odds with the basic rules of discovery in federal civil litigation. During the parties' meet and confer Defendants requested Plaintiffs confirm they were not directing their experts to perform further work on this case and to confirm whether Plaintiffs

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Judge Kim **Error! Reference source not found.**Page 3
December 23, 2022

intend to submit any further supplemental reports. Plaintiffs declined to respond. Plaintiffs argue they should be permitted to do this because these are "non-discovery related issues." This is plainly incorrect. Plaintiffs seek permission to render Defendants' costly expert reports and expert depositions meaningless and continue discovery until the eve of trial without any restraint by instructing their experts to continue doing research and revising their opinions in this case. This approach would read any meaning out of the discovery cut-off dates set by the Court.

For the above-referenced reasons, Defendants request the Court deny Plaintiffs' discovery letter as untimely.

If the Court is inclined to consider any of the untimely issues in Plaintiffs' letter on their merits, Defendants would ask the Court set a briefing schedule for these issues after it issues an order on the pending summary judgment motions.

Very truly yours,

DAVID CHIU
City Attorney

SABRINA M. BERDUX
Deputy City Attorney

| | |
|---|---|
| **From:** | Berdux, Sabrina (CAT) |
| **To:** | "Yolanda Huang" |
| **Cc:** | Richard Brody; Murphy, Kaitlyn (CAT); Rachel Doughty |
| **Subject:** | RE: Norbert v. CCSF-Revised Joint Letter to Judge Kim |
| **Date:** | Friday, December 23, 2022 11:39:54 AM |

Good Morning, Judge Kim's standing order requires a joint letter, which is why we have been working collaboratively with Mr. Brody all week in order to file a joint letter. Our edits to the last draft were made to ensure that the joint portion of the letter conformed to our meet and confer last Friday with Mr. Brody, in which you did not participate.

We will provide Defendants' letter today.


**Sabrina M. Berdux Cohen (she/her)**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3929 Direct
www.sfcityattorney.org

**From:** Yolanda Huang <yhuang.law@gmail.com>
**Sent:** Friday, December 23, 2022 10:47 AM
**To:** Berdux, Sabrina (CAT) <Sabrina.M.Berdux@sfcityatty.org>
**Cc:** Richard Brody <rbrody@greenfirelaw.com>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Rachel Doughty <rdoughty@greenfirelaw.com>
**Subject:** Re: Norbert v. CCSF-Revised Joint Letter to Judge Kim

Ms. Berdux,
Your edits are unacceptable. Rather than continuing along this vein, I would propose that we follow the format we have previously used, and that is, plaintiffs file a letter with our language, and you prepare a letter with your language, and we file the 2 separate documents together. Judge Kim has accepted that format previously.

I have attached plaintiffs' letter, as originally sent to you by Mr. Brody, without defendants' portion. If you wish to submit defendants' version, please place whatever defendants wish to submit on City Attorney letterhead, and we will file the two documentstogether. We will be filing plaintiff's portion by the end of the day today, so please email us whatever you wish to file, no later than 5 pm this evening.

Yours truly,


**Yolanda Huang, Esq.**

PO Box 5475 • Berkeley • CA • 94705 • Phone:510-329-2140 • Fax:510-580-9410

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have

received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

On Fri, Dec 23, 2022 at 10:06 AM Berdux, Sabrina (CAT) <Sabrina.M.Berdux@sfcityatty.org> wrote:

> Good Morning, please see Defendats' edits and comments.
>
> Please also be advised that I will be out of the office next week and will not be checking email or voicemail.
>
> Thank you,
>
>
> **Sabrina M. Berdux Cohen (she/her)**
> Deputy City Attorney
> Office of City Attorney David Chiu
> (415) 554-3929 Direct
> www.sfcityattorney.org
>
> **From:** Richard Brody <rbrody@greenfirelaw.com>
> **Sent:** Thursday, December 22, 2022 10:48 AM
> **To:** Berdux, Sabrina (CAT) <Sabrina.M.Berdux@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>
> **Cc:** Yolanda Huang <yhuang.law@gmail.com>; Rachel Doughty <rdoughty@greenfirelaw.com>
> **Subject:** Norbert v. CCSF-Revised Joint Letter to Judge Kim
>
> Good morning Sabrina and Kaitlyn,
> We have made revisions to the proposed Joint Letter in response to the additions to the Defendants' Omnibus Response.  The primary changes to the proposed Joint Letter have to do with matters of organization.  Yolanda and I have re-arranged some of the structure of the letter to create two main categories of issues in order to make it easier for Judge Kim to address the issues we have discussed.  In addition, we have made some changes to the language for some of the issues.
> Attached are two copies of the revised draft.  One is a marked up version showing additions and deletions.  The other version is the proposed final version for submission to Judge Kim.
> I would be appreciative if you could review this today so that we can get this on file this week.
> As always, please feel free to contact me with any questions or concerns.
> Sincerely, Rick
>
> --
>
>
>
> Richard A. Brody, Esq.

> 2748 Adeline Street, Suite A
> Berkeley, CA 94703
> T: 510.900.9502 x 705
> F: 510.900.9502
> rbrody@greenfirelaw.com
>
> PRIVILEGE AND CONFIDENTIALITY NOTICE
> This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact me immediately by return e-mail or at 510-900-9502 x 2, and destroy the original transmission and its attachments without reading or saving in any manner.

--