UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. 19-cv-02724-SK<br><br>**ORDER REGARDING DISCOVERY LETTER**<br><br>Regarding Docket No. 314 |

On December 23, 2022, Plaintiffs filed a discovery letter raising numerous discovery disputes. (Dkt. No. 314.) Defendant concurrently filed a letter addressing Plaintiff's discovery letter. (Dkt. No. 314-1.)

Under the Civil Local Rules, any discovery disputes are due no more than seven days after the applicable close of discovery. Civ. Local Rule 37-3. Fact discovery closed on August 19, 2022. (Dkt. No. 241.) Expert discovery closed on November 9, 2022. (Dkt. No. 233.) Any disputes regarding factual discovery were due by August 26, 2022 and any disputes about expert discovery were due by November 16, 2022. As such, the disputes and issues raised by Plaintiffs are untimely and will not be addressed at this time.

Plaintiffs argue that Defendant failed to comply with Fed.R.Civ.P. 26. If the parties dispute the sufficiency of disclosures, they may file motions *in limine* to address them.

Plaintiffs also raise concerns regarding the anonymity of inmates who participated in interviews with Julianna Di Miceli, and the Court directs Plaintiffs to file a motion to seal to address these issues. The Court notes that one of the reasons that the Court was concerned about scientists' adherence to protocols from human subject testing panels from academic institutions is that those institutions have rules regarding notification to human subjects about disclosure of the

data.  The ethical treatment of human subjects requires that the person collecting data notify the human subjects of the way that the data will be used and who will have access to it.  The Court is concerned about the disclosures that Di Miceli made to the inmates and requires full disclosure of the notification – or lack of notification – if Plaintiffs choose to file a motion to seal that data.

The parties also raise the issue of the admissibility of the second report of Charles Czeisler, an expert witness offered by Plaintiffs.  To the extent that this admissibility affects the pending summary judgment motions, the Court will address that issue in ruling on those motions.  To the extent that Defendant seeks to exclude his second report from trial, Defendant may file a motion *in limine*.  Nothing in this Order should be interpreted as extending the number of motions in *limine* that each side may offer; Plaintiffs may file five (total for all Plaintiffs), and Defendant may file five, as set forth in the Court's previous Order.

**IT IS SO ORDERED**.

Dated: January 3, 2023

_____
SALLIE KIM
United States Magistrate Judge