UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTRAIL BRACKENS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | Case No. 19-cv-02724-SK<br><br>**ORDER REGARDING MOTIONS *IN LIMINE***<br><br>Regarding Docket Nos. 341, 342, 344, 345, 346, 349, 350, 351, 352, 353 |

**PLAINTIFFS' MOTIONS *IN LIMINE***

**A.   Plaintiffs' Motion in Limine No. 1**

Plaintiffs in Motion in Limine No. 1 move to exclude evidence related to named Plaintiffs' arrests and prior convictions is GRANTED IN PART. (Dkt. No. 341.) The Court DEFERS ruling on one portion of this motion in limine, as described in more detail below.

The Court GRANTS Plaintiff's motions to exclude alleged convictions of Montrail Brackens. Fed. R. of Evid. 609 applies to impeaching the character of a witness for truthfulness by evidence of a criminal conviction. Because over 10 years have passed since any alleged convictions for Brackens, 609(b) applies. Evidence is admissible only if its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect. FRE 609(b)(1). Defendant does not provide "specific facts and circumstances" that support alleged probative value of this evidence. FRE 609(b)(1). In their Opposition, Defendant generally references "credibility determinations" the Court will need to make and the relative import of Plaintiff's testimony in this case. (Dkt. No. 354.) The Court does not find this sufficient to outweigh the prejudicial effect of this testimony.

The Court DEFERS ruling regarding admitting evidence about the convictions of Plaintiffs

or other witnesses. Defendant must disclose if it plans to present evidence of prior convictions for certain witnesses, and if so, which convictions. When or if Defendant attempts to bring in that evidence, the Court will rule on objections at trial.

The Court GRANTS Plaintiffs' motion to exclude current and prior arrests or prior criminal activity which have not resulted in convictions. At the pretrial conference for this matter, Defendant stated that it wishes to admit evidence of prior arrests for the purpose of showing why Defendant placed certain individuals in administrative segregation. The Court does not find the reasoning for individuals' presence in administrative segregation relevant to this case but takes judicial notice of the existence of administrative segregation and will accept Parties stating certain pre-trial detainees are in administrative segregation.

## B.     Plaintiffs' Motion in Limine No. 2

Plaintiffs in Motion in Limine No. 2 move to bar the following: (1) the introduction of evidence of any present or past classification for pre-trial detainees based on a lack of relevance and evidence; and (2) the introduction of evidence that Defendant complied with provisions of the California Building Code. (Dkt. No. 342.) The Court hereby DENIES the first part of the motion and GRANTS the second part of the motion. Defendant provided evidence about classification in supplements to Defendant's Rule 26 disclosures, and this evidence also may be relevant to defenses under the Fourteenth Amendment. (*See* Dkt. No. 356.) As stated above, parties may state that pre-trial detainees are in administrative segregation but should not litigate *why* detainees are there.

And whether Defendant complied with the California Building Code does not appear to be relevant to the issue of the Fourteenth Amendment. Plaintiffs are reminded that there is no private right of action to challenge a violation of the California Building Code and that violation of a state law does not prove a violation of the Fourteenth Amendment. The Court will take judicial notice of the California Building Code, and the undisputed facts show that Defendant did not comply with the California Building Code in failing to provide an outside exercise area. The Court does not consider the California Building Code to be relevant and thus will not admit any other evidence from either party on this issue.

### C. Plaintiffs' Motion in Limine No. 3

Plaintiffs in Motion in Limine No. 3 move to designate sheriff's deputies, employees of Defendant, and any of Defendant's designated experts as "adverse witnesses" and to permit leading questions. (Dkt. No. 344.) Plaintiffs' motion is hereby GRANTED as to Paul Miyamoto and Lisa Pratt and DENIED without prejudice as to all remaining witnesses. If Plaintiffs are able to establish a witness is adverse, the Court will allow Plaintiffs to lead them in examination.

### D. Plaintiffs' Motion in Limine No. 4

Plaintiffs in Motion in Limine No. 4 seek to prohibit Defendant from "directly or indirectly referring to or offering evidence or testimony on the Covid-19 pandemic and the possibility of future pandemics as a justification" for lockdowns and denial to outdoor space. (Dkt. No. 345.) Plaintiffs' motion is hereby DENIED. First, Plaintiffs argue that the Court should exclude this evidence because California listed the COVID-19 emergency over as of February 28, 2023. This Court previously ruled that no evidence would be admitted after close of discovery as of August 19, 2022. (Dkt. No. 339.) Therefore, the COVID-19 pandemic is relevant to the time period at issue. Evidence related to the COVID-19 pandemic before August 19, 2022 is likely relevant in showing a 'non-punitive purpose' for Defendant's actions under the Fourteenth Amendment. Furthermore, this case concerns injunctive relief, which requires a showing of harm that is 'likely to recur' which may necessitate arguments relating to the possibility of future pandemics leading to further lockdowns. *F.T.C. v. Evans Prod. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985). As such, the evidence Plaintiffs wish to exclude may be relevant to *both* parties' cases.

### D. Plaintiffs' Motion in Limine No. 5

Plaintiffs in Motion in Limine No. 5 seek to enforce this Court's Order for Clarification which sets "current conditions" to August 19, 2022 and bars the admission of any new evidence. (Dkt. Nos. 339, 346.) As discussed during the pretrial conference, parties may meet and confer and agree to include conditions past August 19, 2022, if both sides agree.

However, the Court notes that further information regarding conditions past August 19, 2022 may not be necessary for a finding of injunctive relief. Defendant argues that the Court may decide a moot issue based on changes that have taken place after the close of fact discovery. *Doty*

3

1  *v. Cnty. of Lassen*, 37 F.3d 540 (9th Cir. 1994).  In *Doty*, a District Court found there was
2  unconstitutional overcrowding in the "Old Jail" and imposed an inmate cap on both the "Old Jail"
3  and a "New Jail." *Id.* at 544.  The Old Jail was rated at a capacity of forty-one inmates, and the
4  New Jail was rated at a capacity of 248 inmates. The maximum number of inmates held in the Old
5  Jail was eighty-two inmates.  *Id.*  However, before the Court issued an injunction, the inmates in
6  the Old Jail had been moved to a New Jail, and thus the issue of overcrowding in the Old Jail was
7  moot.  The Ninth Circuit found "there was no ongoing, overcrowding-related constitutional
8  violation at the New Jail, because there was no reason to believe that past instances of
9  overcrowding would recur in the much larger New Jail, and because there was no evidence of
10 violations of past court orders." *Id.* at 545.  This Court will analyze any claim for injunctive relief
11 under appropriate Ninth Circuit standards, which require a showing that alleged harm is ongoing
12 or likely to recur. *Id.*, *F.T.C. v. Evans Prod. Co.*, 775 F.2d 1084, 1087 (9th Cir. 1985).

The Court thus DEFERS ruling on this motion.

### DEFENDANT'S MOTIONS *IN LIMINE*

**A. Defendant's Motion in Limine No. 1**

Defendant moves in Motion in Limine No. 1 to limit the testimony of Charles Czeisler and Jamie Zeitzer and to exclude in whole the testimony of Dr. Robert Bernstein, Mr. Lucas Fogarty, Dr. Jess Ghannam, and Plaintiffs' deposition designations from the head of Jail Health Services Dr. Lisa Pratt.  (Dkt. No. 349.)  The Court notes that any exclusions of evidence are not "sanctions" as Plaintiff argues, but instead are rulings on admissibility of evidence under Federal and Local Rules.

**1.  Charles Czeisler**

Defendant's motion is DENIED without prejudice.  The Court will accept Czeisler's testimony inasmuch as it does not rest on inadmissible survey results.

**2.  Robert Bernstein and Lucas Fogarty**

Defendant's motion is GRANTED IN PART and DENIED IN PART.  If Defendant calls David Mathis as a witness, Plaintiffs will be permitted to call Robert Bernstein and Lucas Fogarty as rebuttal witnesses.  However, if Mathis is not called, Bernstein and Fogarty may not be called

4

as witnesses.

### 3. Jamie Zeitzer

Defendant's motion is GRANTED. Plaintiffs may call Zeitzer as a witness, but he is barred from discussing any details contained within his declaration submitted for summary judgment. (Dkt. No. 267-5.)

### 4. Jess Ghannam

Defendant's motion is GRANTED. Ghannam states that he formed opinions independently of the inadmissible survey results but refuses to disclose the basis of his opinions for "privacy reasons" and patient confidentiality. Thus, Defendant was not able to examine him fully, and Plaintiffs cannot offer these opinions at trial.

### 5. Lisa Pratt

Defendant's motion is GRANTED IN PART and DENIED IN PART. Plaintiffs may call Pratt as a witness and question her regarding COVID-19 protocols but may not question her about the topics discussed in her deposition designations – such as Vitamin D supplements and medical care available for detainees.

## B. Defendant's Motion in Limine No. 2

Defendant in Motion in Limine No. 2 seeks to bar Plaintiffs from calling any of the following witnesses as fact witnesses and limit their testimony to impeachment: "SF Public Defender," "Psych person," Joshua Beloy, Ken Lomba, Loni Hancock, Sheriff Deputy Greg Petty, undisclosed "Sheriff's Deputies," Dr. Lisa Pratt, and undisclosed "Additional inmates." (Dkt. No. 350.)

Defendant's motion is GRANTED as to undisclosed "Sheriff's Deputies," undisclosed "additional inmates," and the 21 "supplemental" witnesses, pursuant to FRCP 37.[1] Plaintiffs did not disclose these witnesses in their initial Rule 26 disclosures and during discovery, and Defendant would be unfairly prejudiced if these witnesses then appeared at trial. Even assuming

---

[1] Plaintiffs provided this supplemental list after Motions *in limine* were due and never disclosed these witnesses in discovery or Rule 26 disclosures. (Dkt. No. 362.) The Court believes these may be a list of the previously undisclosed "Sheriff's Deputies."

5

1   Defendant wished to prepare for these witnesses now, Defendant would not be able to adequately
2   prepare for unnamed and undisclosed witnesses.
3         Defendant's motion is GRANTED as to Loni Hancock.  Although Plaintiffs timely
4   disclosed Hancock as a non-retained rebuttal expert, her expert disclosure fails to satisfy FRCP
5   26(a)(2)(C).  (Dkt. No. 350-10.)  The Court finds that Hancock's disclosures did not properly
6   contain a summary of facts and opinions pursuant to FRCP 26(a)(2)(C).  The Court further finds
7   the topic of Hancock's proposed testimony irrelevant to this case.
8         Defendant's motion is additionally GRANTED as to Greg Petty.  Plaintiffs did not disclose
9   Petty in their Rule 26 disclosures, and Defendant was aware of him only because he wrote to
10  Defendant.  While Rule 26(e)(1)(A) does not require supplementing disclosures where information
11  has "otherwise been made known to the other parties during the discovery process or in writing,"
12  simply including a letter by an individual does not put opposing counsel on notice that they will be
13  a witness.
14        Defendant's motion is DENIED as to Ken Lomba, Joshua Beloy, and Lisa Pratt.  Although
15  Plaintiffs did not disclose Lomba until after the close of fact discovery, Defendant deposed him.
16  (Dkt. No. 369 at 10.)  Plaintiffs have stated Lomba is a non-retained expert and listed him on their
17  expert witness disclosures and amended it with additional information regarding his intended
18  testimony.  (Dkt. Nos. 350-7; 350-9.)  The Court finds that the summary of intended testimony
19  satisfies FRCP 26(a)(2)(C) for non-retained experts.  However, Defendant has been prejudiced by
20  Plaintiffs' failure to disclose Lomba as a fact witness, despite his role in fact discovery and in
21  Plaintiffs' theory of improper staffing leading to the conditions of confinement.  Pursuant to the
22  discussion at the pretrial conference, Defendant is permitted to conduct further fact discovery
23  regarding fact discovery to rebut Lomba's testimony.
24        Plaintiffs never disclosed Joshua Beloy as a witness in Rule 26 disclosures.  However,
25  Beloy's disclosure was exempted under FRCP 26(e)(1)(A), which allows a party to not disclose
26  additional information which has "otherwise been made known to the other parties during the
27  discovery process or in writing."  Beloy has provided declarations in support of Plaintiffs' motions
28  consistently since Plaintiffs' Second Motion for Preliminary Injunction.  (Dkt. Nos. 197, 200, 205,

1   268, 274.)  As such, Defendant's motion is DENIED as to Beloy.

2   Although Plaintiffs also did not list Lisa Pratt in their initial disclosure, Defendant identified her as a "person most knowledgeable" for deposition of Defendant.  Pratt is also an employee of Defendant, and Defendant listed her as a witness. (Dkt. Nos. 350 at 1; 369 at 12; 362 at 35.)  Thus, she is exempted under FRCP 26(e)(1)(A), and Defendant's motion is DENIED.

### C. Defendant's Motion in Limine No. 3

Defendant in Motion in Limine No. 3 seeks to exclude all documents Plaintiffs did not timely produce, except those offered solely for impeachment.  Defendant seeks to preclude all of Plaintiffs exhibits since Plaintiff did not timely provide an exhibit list. (Dkt. No. 351.)  Defendant additionally seeks to exclude four categories of exhibits for additional reasons.

Defendant's motion to preclude all exhibits is DENIED.  Even though Plaintiffs did not timely provide a full list of exhibits with sponsoring witnesses, a complete denial of exhibits would be unduly prejudicial to Plaintiffs.

The Court DEFERS ruling as to all other motions to exclude documents.  The parties are directed to submit a shortened list of no more than 100 exhibits each and objections to those exhibits within two weeks of this order's filing.

### D. Defendant's Motion in Limine No. 4

Defendant in Motion in Limine No. 4 seeks to exclude any evidence related to: (1) phone or library access; (2) access to medical care; (3) quality of medical care; (4) sleep disruptions; (5) jail lighting schedule; (6) mattress comfort; (7) ambient temperatures inside the jail; (8) quality of items available for purchase in commissary; and (9) quality of television offered in the jail.

Defendant's motion is GRANTED.

### E. Defendant's Motion in Limine No. 5

Defendant in Motion in Limine No. 5 seeks to exclude lay witness opinions offered by Plaintiffs and detainees relating to 1) their alleged injures, 2) the causation of those injuries, and 3) any policies or practices by San Francisco Sheriff's Office.  Defendant's motion is GRANTED IN PART and DENIED IN PART.

As an initial matter and as discussed during the pretrial conference, this Court will not

prevent detainees from testifying in full regarding their experiences.  Given that this is a bench trial, the risk of prejudice is low, and this Court will not consider inadmissible evidence in its final findings.  The parties are directed to use the following in structuring questions to witnesses.

Plaintiffs and detainees may testify relating to their alleged injuries.  Further, Plaintiffs are not barred under hearsay rules to testify relating to statements made *by them* relating to "medical history; past or present symptoms or sensations; their inception; or their general cause"[2] which were made for medical diagnosis or treatment.  Fed. R. Evid. 803(4).  Under *Sanchez v. Master Prot., LP*, Plaintiffs may not self-diagnose regarding their medical conditions but may generally describe how they felt and the effects on their bodies.  2022 WL 2092995, at *2 (C.D. Cal. May 4, 2022) ("Plaintiff cannot self-diagnose himself with—or testify as to the symptoms of—depression, anxiety, and insomnia…but [the Court] DENIES Defendant's motion *in limine* to the extent it seeks to prevent Plaintiff from testifying that he generally felt depressed, anxious, or sleep deprived.")  Other courts have held that a party may testify regarding to "the extent of his injury in the same manner and to the extent as he would describe it to treating medical professionals; the treatment he received; and the effect the injury had on him, e.g., the pain he suffered and any effect the injury has on his ability to carry out his every day activities" but may not seek to interpret or explain "medical or diagnostic terms" or medical records.  *Burleson v. Samson*, No. 2:00-CV-01591-JKS, 2007 WL 2688840, at *2 (E.D. Cal. Sept. 13, 2007)

Plaintiffs' lay testimony regarding direct causation of their injuries is generally not sufficient to show causation.  However, Plaintiffs are not barred from offering testimony of surrounding facts to their emotional distress which may show a causal link.  *Boren v. Harrah's Entm't Inc.*, 2010 WL 4340641, at *2 (D. Nev. Oct. 26, 2010) ("Just because a lay witness cannot testify about his opinion as to the causation of the emotional distress does not mean that a plaintiff cannot testify about the surrounding facts which prove a causal link between the alleged wrong and the alleged damage, even without an expert.")  Although this Court has held that "lay opinion is not definitive evidence of causation," that does not bar lay opinion evidence of facts

---

[2] Causation is discussed below. Although testimony related to cause is not barred by hearsay rules, it is impermissible lay witness testimony.

8

surrounding their distress. *Yamagiwa v. City of Half Moon Bay*, No. C05-4149VRW, 2007 WL 831804, at *6 (N.D. Cal. Mar. 19, 2007).

Regarding policies or practices, Defendant's motion is DENIED. Plaintiffs and detainees may testify to their first-hand experiences within County Jail 5 and the policies and practices they experienced. Courts have ruled that lay witnesses may testify regarding policies and practices when they had first-hand experiences of those practices. *Diunugala v. Dep't of Conservation, Div. of Oil, Gas, & Geothermal Res.*, 2018 WL 6137175, at *1 (C.D. Cal. Sept. 28, 2018) (permitting lay opinion testimony related to policies and practices where they could personally observe them); *United States v. Kerley*, 784 F.3d 327, 337 (6th Cir. 2015) ("witnesses [may] give lay opinion testimony about a business's policies, practices, or procedures…if the witness's testimony derived from personal knowledge,"). However, Plaintiffs and other detainees may not testify beyond their first-hand experiences.

**IT IS SO ORDERED**.

Dated: July 6, 2023

_____
SALLIE KIM
United States Magistrate Judge