**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL and John & Jane DOEs, Nos. 1 - 50.<br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br><br><br>**PLAINTIFFS' TRIAL BRIEF IN SUPPORT OF REQUEST FOR PRESUMPTIVE DAMAGES PURSUANT TO 42 U.S.C. §1983** |

i

**Table of Contents**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ..........................................................1

II.  STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY ....................1

III. PRESUMPTIVE DAMAGES ARE MANDATORY ONCE THE COURT HAS FOUND A CONSTITUTIONAL VIOLATION..................................................................................4

    A.   Nominal Damages Should Be Awarded Upon a Finding of a Constitutional Violation under 42 U.S.C. §1983.................................................................................................5

    B.   An Award of Damages is Mandatory Upon a Finding of Actual Injury Caused by a Constitutional Violation ........................................................................................6

IV.  THIS COURT'S ORDER ON SUMMARY JUDGMENT DID NOT EXTINQUISH PLAINTIFFS' CLAIM FOR PRESUMPTIVE DAMAGES..................................................8

V.   CONCLUSION .........................................................................................................................9

ii

**PLAINTIFFS' TRIAL BRIEF IN SUPPORT OF REQUEST FOR PRESUMPTIVE DAMAGES PURSUANT TO 42 U.S.C. §1983-- Case No.: 3:19-cv-02724 SK**

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to permission received from the Court at the Pretrial Conference in this matter on Friday afternoon, June 30, 2023, Plaintiffs file this Trial Brief in Support of Plaintiffs' Request for Presumptive Damages under 42 U.S.C. §1983. This Trial Brief is to advise the Court of the availability of damages which are mandatory upon the finding of a Constitutional violation which has caused actual injury. The issue of this class of damages was not addressed in Defendants' Motion for Summary Judgment.

Plaintiffs respectfully request that the Court allow Plaintiffs to submit claims for presumptive damages at the trial of this matter. Alternatively, Plaintiffs request leave of the Court to file a Motion to Vacate pertinent portions of this Court's Order Denying Plaintiffs' Motion for Summary Judgment and Granting in Part Defendant's Motion for Summary Judgment (ECF 325), as well as pertinent portions of this Court's Order Regarding Plaintiff's Request for Clarification (ECF 339), pursuant to Federal Rule of Civil Procedure 54(b).

The Court has previously found that Defendants have violated the Fourteenth Amendment's prohibition against punishment of pretrial detainees. (ECF 110, pp. 37:10-15, 38:5-7, 57:6-8). Thus, under the holdings of the United States Supreme Court in *Carey v. Piphus*, 435 U.S. 247, 255, 267 (1978)("*Carey*") and *Smith v. Wade*, 461 U.S. 30, 34 (1983) ("*Smith*"), as well as the Ninth Circuit Court of Appeals' ruling in *Hazle v. Crofoot*, 727 F.3d 983 (9th Cir. 2013)("*Hazle*"), the Court must award at least nominal damages in this case. The Court must also consider Plaintiffs' claims of actual damages because an award of compensatory damages is mandatory upon a finding of actual damages caused by Defendants' Constitutional violations.

## II. STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiffs' Complaint is brought pursuant to the Civil Rights Acts, 42 U.S.C. §§1981, 1983 and 1988, and originally alleged violations of the Eighth and Fourteenth Amendments of the United States Constitution, and their counterparts in the California State Constitution. (ECF 1, pg. 2:25-27). Only the Fourteenth Amendment and the concurrent claim under Article 1, §7 of the California State Constitution remain.

1

**PLAINTIFFS' TRIAL BRIEF IN SUPPORT OF REQUEST FOR PRESUMPTIVE DAMAGES PURSUANT TO 42 U.S.C. §1983-- Case No.: 3:19-cv-02724 SK**

The named Plaintiffs are representatives of a certified class under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Court has certified the following classes and subclasses:

> (a) Class 1 ("Outdoor Class"): All inmates who are pretrial detainees and have been incarcerated in CJ3 at any point during the time period May 20, 2017 to the present, and who do not have outdoor access as part of their incarceration at CJ5;
>
> (b) Class 2 ("Confinement Class"): All inmates who are pretrial detainees and have been incarcerated in CJ3, at any point during the time period from May 20, 2017 to the present, and who have fewer than one (1) hour per 24 hour period of time out of their cells as part of their incarceration at CJ5;
>
> (1) Subclass 1 ("Confinement Subclass 1"): All inmates in the Confinement Class who are classified by the San Francisco County Sheriff's Office in general population housing; and
>
> (2) Subclass 2 ("Confinement Subclass 2"): All inmates in the Confinement Class who are classified by the San Francisco County Sheriff's Office in administrative segregation housing.

(ECF No. 238).

On January 31, 2020, the Court issued its Order Regarding Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss. (ECF 110). In issuing a Preliminary Injunction, the Court found that Defendants had committed violations of the Fourteenth Amendment. In this Order, the Court found "…that complete denial of outdoor exercise for an inmate confined more than four years is punishment…" and also found that "…confining a pretrial detainee, an innocent person, in such a situation where he does not see direct sunlight for years is not rationally related to the non-punitive nature of confinement and violates the Fourteen Amendment." (ECF 110, pp. 37:10-15, 38:5-7). The Court also found that "confining inmates in County Jail 4 who are in administrative segregation and confined to their cells for 23 ½ hours a day violates the more stringent standard of the Eighth Amendment and thus violates the Fourteenth Amendment." (ECF 110, pg. 57:6-8).

Defendants' Motion for Summary Judgment asked the Court to strike Plaintiffs' Prayer for Compensatory Damages on the sole ground that compensatory damages are unavailable in a Rule 23(b)(2) class action. (ECF 259, pg. 19:17-20). In making this argument, Defendants relied on the holding of the Supreme Court in *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011). (ECF 259,

2

PLAINTIFFS' TRIAL BRIEF IN SUPPORT OF REQUEST FOR PRESUMPTIVE DAMAGES
PURSUANT TO 42 U.S.C. §1983-- Case No.: 3:19-cv-02724 SK

pg. 20:1-10). But the *Wal*-Mart decision only addressed the issue of damages available in a consumer rights Rule 23(b)(2) class action, not in a civil rights action, like this one, brought pursuant to 42 U.S.C. §1983. Defendants' request to strike the claim for compensatory damages did <u>not</u> address damages available directly in a claim under 42 U.S.C. §1983. (ECF 259, pp. 19:15-21:21). In their Opposition, Plaintiffs argued that "the Supreme Court has stated that the primary purpose of the damages remedy in §1983 is 'to compensate persons for injuries caused by the deprivation of constitutional rights," citing *Carey*, 435 U.S. at 264. (ECF 266, pp. 22:27-23:7). Plaintiffs' Opposition also cited to this Court's Order Regarding Plaintiffs' Motion for Preliminary Injunction, in which the Court found that the complete denial of outdoor exercise for an inmate confined for more than four years is punishment and a violation of the Fourteenth Amendment. (ECF 110, pp. 37:13-18, 38:5-7, cited at ECF 266, pp. 9:15-10:12).

The Court's Order Denying Plaintiffs' Motion for Summary Judgment and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment struck both the Plaintiffs' prayer for compensatory damages (ECF 325, pg. 18:11-12) and prayer for punitive damages (ECF 325, pg. 19:15). The Court's Order states that "…the only issues before the Court for trial will be the current state of County Jail 3 and the injunctive relief based on the current state of conditions for inmates in County Jail 3." (ECF 325, pg. 19:15-17).

On April 20, 2023, Plaintiffs timely filed their Administrative Motion for Leave to File Motion for Reconsideration of this Court's Summary Judgment Order (ECF 330). This Motion primarily dealt with the partial or complete exclusion of certain expert witnesses designated by Plaintiffs. On May 2, 2023, this Court issued its Order Denying Plaintiff's Motion for Leave to File Motion for Reconsideration. (ECF 332).

On May 25, 2023, Plaintiffs timely filed their Administrative Motion for Clarification of the Court's Order ECF 325, the Order granting in part Defendants' Motion for Summary Judgment. (ECF 337). Plaintiffs' Motion was based upon two grounds, one of which was to seek "clarification regarding the nature and scope of evidence regarding incidental damages which will be allowed at trial." (ECF 337, pg. 2:5-6). In the Motion for Clarification, Plaintiffs argued, *inter alia*, that, contrary to the Order of the Court, Plaintiffs had indeed described damages that flowed

directly out of the injunctive relief sought in this action, citing to the testimony of Dr. Charles Czeisler and Dr. Jess Ghannam. (ECF 337, pp. 5:9-7:7). Plaintiffs also argued that Defendants' Motion for Summary Judgment did not directly address the issue of incidental damages, and thus any order disallowing such damages was unwarranted. (ECF 337, pg. 4, 1-8).

In the Order Regarding Plaintiff's Request for Clarification, the Court ruled as follows:

> The Court will not consider damages at trial. As discussed at length in the Order Regarding Summary Judgment, the only form of damages available to Plaintiff as a 23(b)(2) class were incidental damages. (ECF 325 at 14-18.) The Court found then and reiterates now that Plaintiffs have not shown incidental damages." (ECF 325 at 18 ("Plaintiffs have not described any damages that flow directly out of the injunctive relief they seek."))

(ECF 339, p.2:13-17). The Court also expressed that it would consider evidence of psychological harm and garden variety emotional distress in the context of access to sunlight and outdoor exercise. (ECF 339, pp. 2:28-3:1).

### III. PRESUMPTIVE DAMAGES ARE MANDATORY ONCE THE COURT HAS FOUND A CONSTITUTIONAL VIOLATION

Presumptive damages are damages which flow directly from the finding of a violation of the United States Constitution pursuant to 42 U.S.C. §1983. *Smith*, 461 U.S. at 52. Presumptive damages are not necessarily the same as incidental damages which may be awarded in a class action matter under Rule 23(b)(2). First, incidental damages are those that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief. Thus, Plaintiffs have characterized the need for present and future medical monitoring and psychological testing as incidental damages because they flow directly from the harm caused by the conditions of confinement.

By contrast, presumptive damages are damages to remedy the Constitutional violation, where the focus is on both the violation of the Constitutional right, and the damages (whether actual or nominal) flowing from the Constitutional violation. Presumptive damages arise directly out of the 28 U.S.C. §1983 cause of action. Regardless of whether that action is an individual case or a class action, the Court's damages analysis must be the same, i.e. if the Court finds that there has been a violation of Plaintiffs' Constitutional rights and if the Constitutional violation causes

**4**

actual injury to the Plaintiffs, then the Court must award compensatory damages. *Carey*, 435 U.S. at 255. This is also in contrast to incidental damages, where the trier of fact has discretion as to whether there are damages which flow directly from the injunctive relief which has been sought in a Rule 23(b)(2) class.

The Supreme Court in *Smith v. Wade* confirmed that "Section 1983 is derived from §1 of the Civil Rights Act of 1871, 17 Stat. 13. It was intended to create 'a species of tort liability' in favor of persons deprived of federally secured rights. *Carey v. Piphus*, 435 U.S. 247, 253 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)." *Smith*, *supra*, 461 U.S. at 34. The Supreme Court in *Smith* went on to state that: "'If the plaintiff proves sufficiently serious misconduct on the defendant's part, the question whether to award punitive damages is left to the jury, which may or may not make such an award.' D. Dobbs, Law of Remedies 204 (1973) (footnote 14 omitted). Compensatory damages, by contrast, are <u>mandatory</u>; once liability is found, the jury is required to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss." *Id.* at 52 (emphasis added). In a later case, the Supreme Court slightly modified this holding by stating that "damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages." *Memphis Cmty. Sch. Dist. V. Stachura,* 477 U.S, 299, 310 (1986). Thus, the focus in the award of damages must be on the actual harm suffered rather than the value or importance of the specific constitutional right that has been violated.

This Court has previously found that Defendants have violated the Fourteenth Amendment's prohibition against punishment of pretrial detainees. (ECF 110, pp. 37:10-15, 38:5-7, 57:6-8). Thus, the Court must award at least nominal damages at trial. The Court must also consider Plaintiffs' claims of actual damages because an award of compensatory damages is mandatory upon a finding of actual damages caused by Defendants' Constitutional violations.

### A. Nominal Damages Should Be Awarded Upon a Finding of a Constitutional Violation under 42 U.S.C. §1983

In *Carey* the Supreme Court held that students who had been denied procedural due process but who had not suffered actual injury because their suspensions were justified, were still

entitled to recover nominal damages. 435 U.S. at 255, 267. The Supreme Court explained that damages are available for the deprivation of a Constitutional right, even without proof of actual injury, stating:

> Even if respondents' suspensions were justified, and even if they did not suffer any other actual injury, the fact remains that they were deprived of their right to procedural due process. "It is enough to invoke the procedural safeguards of the Fourteenth Amendment that a significant property interest is at stake, whatever the ultimate outcome of a hearing…." *Fuentes v. Shevin*, 407 U.S., at 87; see *Codd v. Velger*, 429 U.S., at 632 (STEVENS,J., dissenting); *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 424 (1915). Common-law courts traditionally have vindicated deprivations of certain "absolute" rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.

*Carey*, 435 U.S. at 266.

The Ninth Circuit has also long held that "for purposes of *Piphus* it does not matter whether the underlying claim involves a deprivation of a procedural or substantive constitutionally-based right." *Draper v. Coombs,* 792 F.2d 915, 921-922 (9th Cir. 1986) ("even assuming that Draper did not suffer actual damages as a result of his unlawful extradition, his complaint stated valid section 1983 for nominal damages. Accordingly, the district court erred in dismissing those claims.").

### B. An Award of Damages is Mandatory Upon a Finding of Actual Injury Caused by a Constitutional Violation

In *Hazle v. Crofoot,* 727 F.3d 983, the Ninth Circuit Court of Appeal held that a parolee was entitled to compensatory damages as a matter of law because the District Court had found that the parolee's 1st Amendment rights were violated when he was required to attend a religious-based treatment program, and that the parolee had suffered actual injury by being incarcerated due to his failure to attend the program and being incarcerated as a result thereof.

In reversing the verdict of the District Court jury which had awarded no damages after the District Court judge had found at summary judgment that the parolee's 1st Amendment rights had been violated, the *Hazle* Court stated that:

> The district judge's finding of liability establishes that Hazle suffered actual injury when he was unconstitutionally incarcerated. Given this undisputed finding that Hazle's constitutional rights were violated, and applying the rule that the award of compensatory damages is mandatory when the existence of actual injury is beyond dispute, we hold that the district judge erred in refusing to hold that Hazle was, as a matter of law, entitled to compensatory damages. We therefore reverse the district judge's denial of Hazle's motion for a new trial. The Supreme Court has held that entitlement to compensatory damages in a civil rights action is not a matter of discretion: "Compensatory damages . . . are mandatory; once liability is found, the jury is required to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss." *Smith v. Wade,* 461 U.S. 30, 52, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983) (emphasis added).

*Hazle*, 727 F. 3d at 992.

The *Hazle* Court also cited similar decisions from the Second Circuit and other Circuits on this issue, in language that is applicable to the claims asserted on behalf of these Plaintiffs, stating that:

> The Second Circuit held that its rule regarding compensatory damages applied with particular force to claims for loss of liberty, noting that "where the plaintiff was indisputably deprived of his liberty" and the underlying conduct is unlawful, the plaintiff is entitled to "compensatory, not merely nominal, damages." *Id.* The court stated that such treatment was consistent with the traditional common-law principles governing entitlement to damages for the tort of false imprisonment. The Second Circuit's holding is consistent with decisions by other circuits rejecting awards of merely nominal damages for unlawful conduct resulting in the loss of liberty.

*Id.* at 993.

The 9th Circuit Court of Appeals, in a July 2020 decision, also cited to the *Hazle* decision, stating "…an award of nominal damages may be mandatory in a 42 U.S.C. §1983 action in some circumstances…" *Monster Energy Co. v. Integrated Supply Network, LLC.*, 821 Fed. Appx. 730, 2020 U.S. App. LEXIS 22874 (9th Circuit, July 22, 2020) (*citing Hazle*, 727 F.3d at 991, n.6, 992 (9th Cir. 2013) and *Floyd v. Laws*, 929 F. 2d 1390, 1401-02 (9th Cir. 1991)).

7
**PLAINTIFFS' TRIAL BRIEF IN SUPPORT OF REQUEST FOR PRESUMPTIVE DAMAGES PURSUANT TO 42 U.S.C. §1983-- Case No.: 3:19-cv-02724 SK**

Finally, on the measure of damages to be awarded, the *Hazle* Court stated that: "Here, Hazle is entitled to an award of compensatory damages for each day that he spent in prison as a result of the violation of his constitutional rights by the state defendants." 727 F. 3d at 993.

### IV. THIS COURT'S ORDER ON SUMMARY JUDGMENT DID NOT EXTINQUISH PLAINTIFFS' CLAIM FOR PRESUMPTIVE DAMAGES

The issue of presumptive damages was not addressed in Defendants' Motion for Summary Judgment. Accordingly, Defendants did not demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(e) also provides that "if a party fails to properly support an assertion or fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> (1) give an opportunity to properly support or address the fact; …
>
> (4) issue any other appropriate order."

Rule 54 provides in pertinent part that "…any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

In granting Plaintiffs' Motion to Vacate the Court's Order Granting Defendants' Motion for Summary Judgment, the Court in *Persistence Software, Inc. v. Object People, Inc.,* stated:

> Unlike an order granting judgment, however, an order granting partial summary judgment is interlocutory in nature and does not terminate the action as to all of the claims and parties. See generally *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7-8, 64 L.Ed. 2d 1, 100 S. Ct. 1460 (1980). Accordingly, pursuant to Federal Rule of Civil Procedure 54(b), a partial summary judgment order is subject to vacation at any time prior to final judgment. See Fed.R.Civ.P. 54(b); see also *Gallant v. Telebrands Corp.,* 35 F. Supp. 2d 378, 393-94 (D.N.J. 1998). The standard for granting a motion to vacate under Rule 54(b) is less rigid than that under Rule 60(b) governing vacation of final judgments. See Fed.R.Civ.P. 60(b) Advisory Committee Notes; *see also Farr Man & Co. v. M/V Rozita,* 903 F.2d 871, 875 (1st Cir. 1990); *Gallant,* 35 F. Supp. 2d at 393-94.

8
**PLAINTIFFS' TRIAL BRIEF IN SUPPORT OF REQUEST FOR PRESUMPTIVE DAMAGES PURSUANT TO 42 U.S.C. §1983-- Case No.: 3:19-cv-02724 SK**

200 F.R.D. 626, 2001 U.S. Dist. LEXIS 12534 (N. D. Cal., March 7, 2001).

Because decisions from both Supreme Court and the Ninth Circuit mandate the award of presumptive damages upon a finding of a Constitutional violation under 42 U.S.C. §1983, and because the issue of presumptive damages was not placed at issue by Defendants in their Motion for Summary Judgment, and because this Court has previously found that Defendants have violated the Constitutional rights of certain Plaintiffs in this action, the Court must consider and award presumptive damages in this case.

## V.   CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court allow Plaintiffs to submit claims for presumptive damages at the trial of this matter. Alternatively, Plaintiffs request leave of the Court to file a Motion to Vacate pertinent portions of this Court's Order Denying Plaintiffs' Motion for Summary Judgment and Granting in Part Defendant's Motion for Summary Judgment (ECF 325), and pertinent portions of this Court's Order Regarding Plaintiff's Request for Clarification (ECF 339), pursuant to Federal Rule of Civil Procedure 54(b).

Respectfully Submitted by:

Dated: 7/7/2023                                                     GREENFIRE LAW, P.C.

By:   */s/ Richard A. Brody*
Rachel S. Doughty
Richard A. Brody
ATTORNEYS FOR PLAINTIFFS

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on July 7, 2023, from signatory for the filing of this document.

   */s/ Rachel Doughty*
Rachel Doughty
ATTORNEY FOR PLAINTIFFS