UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTRAIL BRACKENS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 19-cv-02724-SK<br><br>**ORDER DENYING DAMAGES**<br><br>Regarding Docket No. 388 |

On July 7, 2023, Plaintiffs submitted a trial brief requesting the Court reconsider its prior denial of damages in this case and consider applying "presumptive damages." (Dkt. No. 388.) For the reasons stated herein, the Court DENIES Plaintiffs' request.

This Court previously granted Defendant's motion to strike damages. (Dkt. No. 325.) Specifically, the Court held that since parties had specifically stipulated to a 23(b)(2) class, the only form of damages available were incidental damages. (*Id.* at 15-18.) The Court discussed at length why incidental damages were not available given the facts of this case. (*Id.*) The Court additionally held that punitive damages were not available in this matter. (*Id.* at 18-19.) In Plaintiffs' motion for reconsideration, they did not challenge the Court's determination regarding damages. (Dkt. No. 330.) The Court reiterated that damages were not available in this case at the pretrial conference.

Plaintiffs now raise the theory that damages in a § 1983 suit damages are "presumptive" and must be granted should Plaintiffs prove their case. This theory fails. While damages may be available in a § 1983 suit, Plaintiffs waived any damages beyond incidental damages when they stipulated to be a 23(b)(2) class. The Court does not disagree with Plaintiffs' argument that a purpose of "the damages remedy in §1983 is 'to compensate persons for injuries caused by the

1  deprivation of constitutional rights.'" (Dkt. No. 388 (quoting *Carey v. Piphus*, 435 U.S. 247, 264
2  (1978).)  However, Plaintiffs do not point to any cases where damages beyond incidental damages
3  were made available for a 23(b)(2) class, nor can the Court find any such situations where
4  'presumptive damages' were awarded to a 23(b)(2) class, even in a § 1983 suit.  The broad
5  argument that damages flow out of §1983 suits and may have been available to Plaintiffs at the
6  onset of this case does not change the fact that Plaintiffs stipulated such damages away during the
7  course of litigation.  As such, Plaintiffs' motion is hereby DENIED.

**IT IS SO ORDERED**.

Dated: July 11, 2023



SALLIE KIM
United States Magistrate Judge

2