**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL and John & Jane DOEs, Nos. 1 - 50.<br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF THIS COURT'S ORDER REGARDING DEFENDANTS' MOTION *IN LIMINE* NUMBER 1 (ECF 387)**<br><br>Hon. Sallie Kim, Presiding<br><br>Trial Date:  August 8, 2023 |

- 1 -

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF THIS COURT'S ORDER REGARDING ADMISSIBILITY OF DR. GHANNAM'S TESTIMONY AT TRIAL (ECF 387)- Case No.: 3:19-cv-02724 SK**

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs respectfully request that this Court issue an Order providing guidance to the parties concerning its ruling granting Defendants' Motion *in Limine* No. 1 as to Plaintiffs' expert witness Dr. Jess Ghannam (ECF 387, pg. 5:6-10).

Defendants are asserting that the Court has excluded the entirety of Dr. Ghannam's testimony, meaning that Dr. Ghannam is barred from testifying at trial. (See Ex. B, attached to Decl. of Richard Brody) Plaintiffs read the Court's order only as precluding that portion of Dr. Ghannam's testimony which relies on the **one single question** which he declined to answer during his deposition, which was to provide the names of patients of his who are not class members in this case because of the psychotherapist/patient privilege. Those patients informed Dr. Ghannam that prior to the onset of the Covid pandemic, inmates in administrative segregation were held in lockdown 23 hours per day. (ECF 349-3, portions of the deposition testimony of Dr. Jess Ghannam taken on November 7, 2022, pp. 98:15-99:11). To the best of Plaintiffs' knowledge, Defendants do not disagree with this statement. Dr. Ghannam otherwise answered Defendants' questions during the full 7 hours of his deposition. (Decl. of Richard A. Brody). Plaintiffs contend that the refusal to answer one question which would have required the disclosure of confidential information does not warrant the wholesale exclusion of Dr. Ghannam's testimony sought by Defendants, nor does it prejudice Defendants in any way at trial.

Because the parties disagree as to the scope of this Court's ruling, Plaintiffs respectfully request clarification as to whether the Court is barring only that testimony by Dr. Ghannam which he declined to answer, namely the names of prior patients who are not class members, or whether, as defendants assert, as a result of Dr. Ghannam's refusal to answer this one question, the Court is barring all of Dr. Ghannam's testimony at trial.

Given the limitations the Court has imposed on available time for each side for trial, Plaintiffs are endeavoring to clarify all possible issues beforehand so as not to impede the progress of trial.

///

- 2 -
**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF THIS COURT'S ORDER REGARDING ADMISSIBILITY OF DR. GHANNAM'S TESTIMONY AT TRIAL (ECF 387)- Case No.: 3:19-cv-02724 SK**

## II. STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY

Jess Ghannam, Ph.D. is a Clinical Professor of Psychiatry in the Department of Psychiatry and Behavioral Sciences at the University of California San Francisco.  He is an expert in the fields of the impact of trauma, Post Traumatic Stress Disorder, brain injury, torture and solitary confinement.  (ECF 273-4, Page 2 of 3:3-11).  It is Dr. Ghannam's expert opinion that the conditions sustained by Plaintiffs in the past and at the time he prepared his expert report in this case dated September 2, 2022, constitute solitary confinement. It is Dr. Ghannam's further expert opinion that those conditions of confinement have caused and contributed to a worsening of Plaintiffs' overall mental health that could result in profound chronic, life-long disability and chronic psychiatric and neurocognitive impairments.  (ECF 273-4, Page 2 of 3:17-25).

Dr. Ghannam was deposed on November 7, 2022, and January 20, 2023. Dr. Ghannam testified for the full 7 hour time allowed by Fed. R. Civ. P. 30(d)(1).  (Decl. of Richard A. Brody). Defendants have identified only one instance in which Dr. Ghannam refused to answer one question, and that was when it sought confidential information protected by the psychotherapist/patient privilege. (ECF 349-3, portions of the deposition testimony of Dr. Jess Ghannam taken on November 7, 2022, pp. 98:15-99:11).

In its Order Regarding Motions *in Limine* (ECF 387), the Court granted Defendants' Motion *in Limine* No. 1 as to Plaintiffs' expert witness Dr. Jess Ghannam.  The Court's Order as to Dr. Ghannam (ECF 387, pg. 5:6-10) states the following:

> Defendant's motion is GRANTED.  Ghannam states that he formed opinions independently of the inadmissible survey results but refuses to disclose the basis of his opinions for "privacy reasons" and patient confidentiality. Thus, Defendant was not able to examine him fully, and Plaintiffs cannot offer these opinions at trial.

In his expert report, Dr. Ghannam states that he relied on numerous sworn declarations in reaching his opinions in this case.  Specifically, Dr. Ghannam states that he relied on the sworn declarations from Messrs. Carlos, Poot, McFarland, Beloy, Harris, Alexis, Garcia and Norbert. (ECF 349-2, pp. 4-7).  In his expert report, Dr. Ghannam also lists a large number of documents that he reviewed in addition to the surveys.  Those documents include various docket entries, health records relating to Plaintiffs Montrail Brackens, Jose Poot and Troy McAllister, as well as

- 3 -

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF THIS COURT'S ORDER REGARDING ADMISSIBILITY OF DR. GHANNAM'S TESTIMONY AT TRIAL (ECF 387)- Case No.: 3:19-cv-02724 SK**

1  demonstrative evidence including floor plans of a jail pod section and photographs taken at the
2  jail.  (ECF 349-2, pp. 42 and 43 of 43).  Dr. Ghannam acknowledges that he reviewed diagnostic
3  test information of 20 incarcerated individuals provided to him by Plaintiffs' counsel.  (ECF 349-
4  2, pg. 7).  Dr. Ghannam also states that over his 25-year career he has interviewed and evaluated
5  over 100 incarcerated individuals at the county, state and federal districts, many of whom were
6  subjected to the same conditions of confinement as the plaintiffs in this case have alleged.  (ECF
7  349-2, pg. 7).

8        In testimony provided to the Court by Defendants (but not cited by Defendants), Dr.
9  Ghannam testified to his understanding that, prior to the onset of Covid, individuals in
10 administrative segregation were locked down 23 hours per day and only allowed out of their cell
11 for one hour a day.  That understanding came from both conversations with Plaintiffs' counsel and
12 from his own work with clients of his at the jail separate and apart from the present case.  (ECF
13 349-3, pg. 98:5-14).   The testimony that inmates in Administrative Segregation were limited to
14 one hour of out of cell time in the past was confirmed in this case by Defendants' own expert
15 witness Dr. David Mathis. (ECF 266, pg. 15:13-18; Exh. 17 to ECF 266, pp. 108:18-109:10).

16       In refusing to identify the names of his own clients who provided information on out of
17 cell time prior to Covid, Dr. Ghannam testified that those individuals were not part of this class.
18 (ECF 349-3, pp. 98:15-99:11).  The testimony by Dr. Ghannam concerns evidence that Defendants
19 have actual knowledge of and do not dispute because they are the entities that operate and control
20 the conditions of confinement at the San Bruno jail.  Plaintiffs' understanding is that Defendants
21 do not dispute that prisoners in administrative segregation were locked down for 23 hours per day
22 prior to the onset of the pandemic.  In addition, there was nothing that prevented Defendants from
23 asking Dr. Ghannam questions about the information obtained from those non-class members that
24 did not involve their identification.  Such questions could have included matters such as when such
25 individuals were incarcerated at the San Bruno Jail, their classification status at the time of
26 incarceration and the foundation for their ability to testify as to out of cell time.  Yet, Defendants
27 did not submit evidence in their Motion *in Limine* Number 1 that they were prevented from asking
28 such questions during the deposition of Dr. Ghannam.  As such, there is absolutely no prejudice to

- 4 -

the Defendants from Dr. Ghannam's adherence to his ethical obligations as a psychologist asserting psychotherapist/patient privilege.

In his Declaration in Support of Plaintiffs' Opposition to Defendants' Motion *in Limine* No. 1, Dr. Ghannam states that:

> My opinion is supported by evidence independent of the surveys. The subject surveys confirmed my opinion, but do not change my expert opinion in this matter. Without the surveys, my opinion stands that the conditions at the San Bruno jail "constitute solitary confinement…. it is my further expert opinion that the conditions of confinement experienced by the current plaintiffs have caused and contributed to a worsening of their overall mental health that could result in profound chronic, life-long disability, and chronic psychiatric and neurocognitive impairments." (ECF 368, pg. 2:6-11).

Thus, there is ample evidence that Dr. Ghannam's expert opinions derive from a multitude of concededly admissible sources.

### III.   REQUESTS FOR CLARIFICATION ARE APPROPRIATE TO CLARIFY A LITIGANT'S DUTY

While there is no specific Federal Rule of Civil Procedure which governs requests for clarification, *United States v. Philip Morris USA, Inc* 793 F. Supp. 2d 165 (DC Dist. Ct. 2011); applying to the Courts for clarification is appropriate to clarify a litigant's duty. See *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945)("…we think courts would not be apt to withhold a clarification in the light of a concrete situation that left parties or "successors and assigns" in the dark as to their duty toward the court.")

Fed. R. Civ. P. 60(a) also provides in pertinent part that "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."  The Court has authority to modify its own interlocutory orders even when a motion for clarification does not meet the requirements for a motion for reconsideration.  *Nancy Zhang v. Realty,* 2022 U.S. Dist. LEXIS 218965, at 7-8 (C.D. Cal. August 24, 2022).  Plaintiffs respectfully request that the Court issue an Order clarifying its ruling regarding the nature and scope of the testimony of Plaintiffs' expert witness Dr. Jess Ghannam.

### IV. PLAINTIFFS SHOULD NOT BE PENALIZED FOR DR. GHANNAM'S PROPER REFUSAL TO IDENTIFY THE NAMES OF HIS PATIENTS WHO ARE NOT CLASS MEMBERS

The psychotherapist-patient privilege in California is afforded protection under the California State Constitution's right to privacy. The privilege was described by the Court in *Sorenson v. Superior Court*, 219 Cal.App.4th 209, 161 Cal.Rptr.3d 794, 824 (2013):

> (The psychotherapist-patient ) privilege—which is "an aspect of the patient's constitutional right to privacy" under article I, section 1 of the California Constitution (*People v. Stritzinger* (1983) 34 Cal.3d 505, 511 [194 Cal. Rptr. 431, 668 P.2d 738] (*Stritzinger*))—is codified under Evidence Code section 1014. It affords "the patient, whether or not a party, [the] privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and psychotherapist … ." (*Ibid.*) At the time Evidence Code section 1014 was enacted (approximately two years before the LPS Act), it was observed: "'Psychoanalysis and psychotherapy are dependent upon the fullest revelation of the most intimate and embarrassing details of the patient's life … . Unless a patient … is assured that such information can and will be held in utmost confidence, he will be reluctant to make the full disclosure upon which diagnosis and treatment … depends.' [Citation.]" (*People v. Wharton* (1991) 53 Cal.3d 522, 555 [280 Cal. Rptr. 631, 809 P.2d 290], quoting Sen. Judiciary Com. com., 29B West's Ann. Evid. Code (1966 ed.) foll. § 1014, p. 621.) Therefore, because "an environment of confidentiality of treatment is vitally important to the successful operation of psychotherapy" (*In re Lifschutz* (1970) 2 Cal.3d 415, 422 [85 Cal. Rptr. 829, 467 P.2d 557]; see *Jaffee v. Redmond* (1996) 518 U.S. 1, 10 [135 L. Ed. 2d 337, 116 S. Ct. 1923]), the "privilege has been broadly construed in favor of the patient." (*Stritzinger*, at p. 511; see *In re Lifschutz*, at p. 435, fn. 20 ["the Legislature acknowledged that the unique nature of psychotherapeutic treatment required and justified a greater degree of confidentiality than was legally afforded other medical treatment"]; *Story v. Superior Court* (2003) 109 Cal.App.4th 1007, 1014 [135 Cal. Rptr. 2d 532] [public policy dictates that privilege be construed broadly in favor of patient and exceptions to privilege be construed narrowly].)

Dr. Ghannam properly and ethically refused to identified individuals with whom he had consulted in a professional setting, who were not members of the class, concerning information that existed largely before this action was commenced. Plaintiffs should not be penalized by the wholesale exclusion of Dr. Ghannam's testimony at trial by his acting in accord with the rules of professional ethics.

///

///

///

- 6 -

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF THIS COURT'S ORDER REGARDING ADMISSIBILITY OF DR. GHANNAM'S TESTIMONY AT TRIAL (ECF 387)- Case No.: 3:19-cv-02724 SK**

## V. THERE IS NO PREJUDICE TO DEFENDANTS IN ALLOWING DR. GHANNAM TO GIVE EXPERT TESTIMONY AT TRIAL

The one question that Dr. Ghannam refused to answer was Defendants' request that he identify which clients he spoke with about the amount of out-of-cell time they had prior to Covid. (ECF 349-3, pp. 98:15-99:11). There is no dispute about this issue. This information is known to Defendants, who operate the San Bruno Jail and control all out-of-cell time. There is absolutely no prejudice from Dr. Ghannam's refusal to identify the names of his clients from whom he obtained this undisputed factual information.

As far as issues pertaining to the factual bases for the opinions reached in this case, Dr. Ghannam relied on numerous sources of knowledge and information in reaching his opinions in this case. Those sources include his knowledge, training, background and experience; the declarations of inmates at the San Bruno Jail that were in the possession of Defendants, information provided by Plaintiffs' counsel and information obtained in surveys of 20 inmates at the San Bruno Jail. (ECF 349-2).

## VI. CONCLUSION

For the reasons set forth herein, as well as in Plaintiffs' Opposition to Defendants' Motion *in Limine* No. 1 and declarations in support of that Opposition, Plaintiffs respectfully request that the Court issue a clarifying Order allowing Dr. Ghannam to testify at trial so long as Dr. Ghannam does not refer to the surveys previously excluded by the Court and does not give expert testimony and opinions whose sole source of support consists of those surveys.

Respectfully Submitted by:

Dated: 7/15/2023

GREENFIRE LAW, PC

By: */s/ Richard A. Brody*
    Richard A. Brody
    Attorneys for Plaintiffs

///

///

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF THIS COURT'S ORDER REGARDING ADMISSIBILITY OF DR. GHANNAM'S TESTIMONY AT TRIAL (ECF 387)- Case No.: 3:19-cv-02724 SK**

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on July 14, 2023, from signatory for the filing of this document.

          /s/ *Yolanda Huang*
Yolanda Huang, Esq.
ATTORNEY FOR PLAINTIFFS