**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL and John & Jane DOEs, Nos. 1 - 50.<br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br>**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER REGARDING THE DATES OF JAIL CONDITIONS TO BE CONSIDERED AT TRIAL (ECF NO. 384)**<br><br>Trial Date: August 8, 2023 |

Pursuant to the Court's Order as contained in its Civil Minutes (**ECF No. 384**), Plaintiffs advise the Court that they are willing to address the conditions at the San Bruno Jail only as of August 19, 2022, and earlier, and are <u>not</u> willing to have the Court consider current conditions at the San Bruno Jail after August 19, 2022 through the time of trial of this action.

Plaintiffs' counsel met and conferred with Defense Counsel by e-mail on July 19, 2023, and advised Defense Counsel that Plaintiffs are unwilling to have the Court consider current conditions at trial. Plaintiffs' position is based upon the following:

1. The Court has previously ordered that the timing for "current conditions" is the close of fact discovery, August 19, 2022. (**ECF No. 339**). The Court has ruled on numerous occasions that it will enforce the discovery cut-off of August 19, 2022.

2. The Court has ruled that the discovery cut-off includes barring evidence (whether direct or through expert testimony) of class members' communications with class counsel after August 19, 2022, regarding conditions of confinement through the use of surveys, which were written documentation of specific communications between class members and their counsel. (**ECF Nos. 325, 335, 387, 395**).

3. Plaintiffs have relied upon the Orders of the Court in preparing for trial. As a result, Plaintiffs' counsel largely ceased collecting communications with class members and documenting conditions of confinement and changes regarding sunshine access and out of cell schedules, post August 19, 2022.

4. Plaintiffs will be severely prejudiced if the Court considers evidence of current conditions without Plaintiffs having the opportunity to both obtain and present information from their clients through surveys, notate communications and to also conduct discovery on the conditions at the jail for the time period between August 2022 to the present. Plaintiffs are thus unable to verify or document the actual current conditions. Plaintiffs will also be severely prejudiced because they would be unable to provide updated factual information to their expert witnesses and obtain any additional or supplemental opinions that would be warranted based upon any such facts.

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER REGARDING THE DATES OF JAIL CONDITIONS TO BE CONSIDERED AT TRIAL-- Case No.: 3:19-cv-02724 SK**

3. Plaintiffs renew their objections to Defendants' improper attempts to surreptitiously present such evidence to the Court. **(ECF Nos. 358, 359 and 376).**

Respectfully Submitted by:

Dated: 7/21/23                          GREENFIRE LAW, P.C.

By:  */s/ Richard A. Brody*
     Richard A. Brody
     ATTORNEY FOR PLAINTIFFS