**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL and John & Jane DOEs, Nos. 1 - 50.<br><br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER EXCLUDING PLAINTIFFS' EXPERT WITNESS, JESS GHANNAM, PH.D., FROM TESTIFYING AT TRIAL (ECF NO. 387), AND ORDER DENYING PLAINTIFFS' MOTION FOR CLARIFICATION (ECF NO. 395)**<br><br>Dept:   Courtroom C, 15th Floor<br>        Federal District Court<br>        450 Golden Gate Ave.<br>        San Francisco, CA<br><br>Hon. Sallie Kim, presiding<br><br>Trial Date:  August 8, 2023 |

Pursuant to Civil Local Rule 7-9, Plaintiffs respectfully submit this Motion for Leave to File A Motion for Reconsideration of this Court's Order Excluding Plaintiffs' Expert Witness, Jess Ghannam, Ph.D., from testifying at Trial (ECF No. 387) and this Court's Order Denying Plaintiffs' Motion for Clarification (ECF No. 395).

This Motion is made on the grounds that in issuing the Orders (ECF No. 387 and ECF No. 395), there was a manifest failure by the Court to consider material facts or other dispositive legal arguments which were presented to the Court before the issuance of these two interlocutory orders. (Local Rule 7-9(b)(3)).

This motion is made pursuant to Federal Rule of Civil Procedure 60(b)(6) and Northern District Local Rule 7-9(b)(3) on the grounds that there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order"; that this Court relies on a mistake of fact and law that materially affects the Orders of the Court in excluding pertinent information to the Order; that this Court failed to consider less dire and severe alternatives before imposing the severe discovery sanction of the total exclusion of expert opinion testimony by Plaintiffs' expert witness Dr. Ghannam, and that such exclusion is manifestly unjust, unduly harsh, and severely prejudicial to Plaintiffs.

Plaintiffs seek leave to file the attached motion.

I.   **Legal Basis for Reconsideration**

Federal Rule of Civil Procedure 60(b)(6) provides that:

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(6) any other reason that justifies relief."

Local Rule 7-9(a) provides that: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."

Civil L.R. 7-9(b) allows for reconsideration if the moving party acts with reasonable

diligence and shows one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> [. . .]
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

## II. The Court's Exclusion of Dr. Ghannam's Expert Opinion in Total is Based Upon Error of Fact and Law and is Manifestly Unjust

### A. The Court Made Errors of Fact and Law in Excluding Dr. Ghannam

The Court's Orders (ECF 395 and ECF No 395) completely exclude all expert testimony and opinions from Jess Ghannam, Ph.D. Specifically, the Court's Orders:

1. Exclude Dr. Ghannam from testifying at the trial of this matter on the grounds that Dr. Ghannam "formed opinions independently of the inadmissible survey results but refuses to disclose the basis of his opinions for 'privacy reasons' and patient confidentiality. Thus, Defendant was not able to examine him fully, and Plaintiffs cannot offer these opinions at trial." (ECF No. 387, pg. 5:6-10); and

2. Confirm that "Ghannam is entirely barred from testifying at trial. Ghannam's opinions relied on improperly gathered and inadmissible surveys and on independent data that Ghannam did not disclose to Defendant." (ECF 395, pg. 1:15-17).

Plaintiffs request leave of court to file a motion to reconsider the above findings on the following grounds:

1. Dr. Ghannam was deposed on November 7, 2022, and January 20, 2023. He refused to answer <u>one question</u> at deposition according to Defendants' Motion in Limine No. 1 (ECF No. 349-3, pp. 98:15-99:11). Answering that question would have required Dr. Ghannam to identify patients of his who are not parties to this litigation, in breach of his ethical duties to maintain the patient/psychotherapist privilege.

2. The question which Dr. Ghannam was ethically unable to answer was one to which Defendants know the answer and <u>which is believed to be undisputed in this case</u>, namely that prior to the onset of the Covid-19 pandemic, inmates in administrative segregation were held in lockdown 23 hours per day. (ECF 349-3, portions of the deposition testimony of Dr. Jess Ghannam taken on November 7, 2022, pp. 98:15-99:11). It is undisputed that Defendant San Francisco Sheriff's Office has had control over all daily activities of pretrial detainees at the San Bruno Jail at all times relevant to this case. Thus, Defendants are in far better position than Plaintiffs and Dr. Ghannam to know the answer to this one single question.

3. In his expert report, Dr. Ghannam states that he relied on materials that were not the subject of Defendants' Motion in Limine No. 1. Specifically, Dr. Ghannam's expert report states that he relied on the sworn declarations from Messrs. Carlos, Poot, McFarland, Beloy, Harris, Alexis, Garcia and Norbert. (ECF 349-2, pp. 4-7). In his expert report, Dr. Ghannam also lists a large number of otherwise admissible documents that he reviewed and relied upon in addition to the surveys. Those documents include various docket entries, health records relating to Plaintiffs Montrail Brackens, Jose Poot and Troy McAllister, as well as demonstrative evidence including floor plans of a jail pod section and photographs taken at the jail. (ECF 349-2, pp. 42 and 43 of 43). Dr. Ghannam acknowledges that he reviewed diagnostic test information of 20 incarcerated individuals provided to him by Plaintiffs' counsel. (ECF 349-2, pg. 7). Dr. Ghannam also states that over his 25-year career he has interviewed and evaluated over 100 incarcerated individuals at the county, state and federal districts, many of whom were subjected to the same conditions of confinement as the plaintiffs in this case have alleged. (ECF 349-2, pg. 7). Thus, it was an error of fact for the Court to conclude that all of Dr. Ghannam's opinions were based upon either inadmissible material or on interviews with clients who are not parties to this lawsuit whom he would not identify due to ethical obligations. Similarly, it was an error of law for the Court to conclude that all of Dr. Ghannam's opinions were based upon either inadmissible material or on interviews with clients who are not parties to this lawsuit whom he would not identify due to ethical obligations.

4. Plaintiffs' counsel is entitled to interview their clients, including by use of surveys, and to share information with Plaintiffs' expert witnesses including Dr. Ghannam;

5. The sanction of precluding all of Dr. Ghannam's expert testimony entirely is manifestly unjust, unnecessarily harsh, and draconian, and not warranted; and

6. No less severe sanctions were considered.

**B. Dr. Ghannam must be allowed to testify because he reached opinions in this case that are not based on reliance on evidence which the Court has excluded**

In his expert report, Dr. Ghannam states that he relied on numerous sworn declarations in reaching his opinions in this case. Specifically, Dr. Ghannam states that he relied on the sworn declarations from Messrs. Carlos, Poot, McFarland, Beloy, Harris, Alexis, Garcia and Norbert. (ECF 349-2, pp. 4-7). In his expert report, Dr. Ghannam also lists a large number of documents that he reviewed in addition to the surveys. Those documents include various docket entries, health records relating to Plaintiffs Montrail Brackens, Jose Poot and Troy McAllister, as well as demonstrative evidence including floor plans of a jail pod section and photographs taken at the jail. (ECF 349-2, pp. 42 and 43 of 43). Dr. Ghannam acknowledges that he reviewed diagnostic test information of 20 incarcerated individuals provided to him by Plaintiffs' counsel. (ECF 349-2, pg. 7). Dr. Ghannam also states that over his 25-year career he has interviewed and evaluated over 100 incarcerated individuals at the county, state and federal districts, many of whom were subjected to the same conditions of confinement as the plaintiffs in this case have alleged. (ECF 349-2, pg. 7).

In testimony provided to the Court by Defendants (but not cited by Defendants), Dr. Ghannam testified to his understanding that, prior to the onset of Covid, individuals in administrative segregation were locked down 23 hours per day and only allowed out of their cell for one hour a day. That understanding came from both conversations with Plaintiffs' counsel and from his own work with clients of his at the jail separate and apart from the present case. (ECF 349-3, pg. 98:5-14). The testimony that inmates in Administrative Segregation were limited to one hour of out of cell time in the past was confirmed in this case by Defendants' own expert witness Dr. David Mathis. (ECF 266, pg. 15:13-18; Exh. 17 to ECF 266, pp. 108:18-109:10).

In refusing to identify the names of his own clients who provided information on out of cell time prior to Covid, Dr. Ghannam testified that those individuals were not part of this class.

(ECF 349-3, pp. 98:15-99:11).  The testimony by Dr. Ghannam concerns evidence that Defendants have actual knowledge of and do not dispute because they are the entities that operate and control the conditions of confinement at the San Bruno jail.  Plaintiffs' understanding is that Defendants do not dispute that prisoners in administrative segregation were locked down for 23 hours per day prior to the onset of the pandemic.  Defendants did not submit evidence in their Motion *in Limine* Number 1 that they were prevented from asking questions regarding the individuals from whom Dr. Ghannam received information (other than their names or other specific identifying information) during the deposition of Dr. Ghannam.  As such, there is absolutely no prejudice to the Defendants from Dr. Ghannam's adherence to his ethical obligations as a psychologist asserting psychotherapist/patient privilege.

In his Declaration in Support of Plaintiffs' Opposition to Defendants' Motion *in Limine* No. 1, Dr. Ghannam states that:

> My opinion is supported by evidence independent of the surveys. The subject surveys confirmed my opinion, but do not change my expert opinion in this matter. Without the surveys, my opinion stands that the conditions at the San Bruno jail "constitute solitary confinement…. it is my further expert opinion that the conditions of confinement experienced by the current plaintiffs have caused and contributed to a worsening of their overall mental health that could result in profound chronic, life-long disability, and chronic psychiatric and neurocognitive impairments." (ECF 368, pg. 2:6-11).

Thus, there is ample evidence that Dr. Ghannam's expert opinions derive from a multitude of concededly admissible sources.

> C.   **Excluding Dr. Ghannam's expert testimony is manifestly unjust and is contrary to longstanding case law regarding the exclusion of expert testimony and expert witnesses**

There was a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order because the Court apparently did not consider the five required factors regarding discovery sanctions at the time it issued the Orders in question, nor did it apparently consider the imposition of lesser sanctions.

The Ninth Circuit has set forth five factors a district court must weigh in analyzing discovery sanctions, even when justified: (1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir. 1997). "[T]he key factors are prejudice and the availability of lesser sanctions." *Henry v. Gill Indus., Inc*., 983 F.2d 943, 948 (9th Cir. 1993) (citations and quotations omitted). "[A]ny sanction must be just." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) (internal quotations omitted). The standard for deciding whether a particular sanction is "just" depends upon whether it is "severe." *Olmos v. Ryan,* No. CV-17-3665-PHX-GMS (JFM), 2021 U.S. Dist. LEXIS 104427, at *19 (D. Ariz. June 2, 2021).

Because the Court's Orders do not contain a discussion of these five factors or a discussion of the availability of lesser sanctions, the required factors set forth in Civil L.R. 7-9(b) have been met and Plaintiffs should be granted leave to file the attached Motion for Reconsideration.

## II. CONCLUSION

Plaintiffs respectfully request that this Motion for Leave to File Motion for Reconsideration be granted and that Plaintiffs be allowed leave to file their attached Motion for Reconsideration.

July 28, 2023

Respectfully submitted,

GREENFIRE LAW

By:   */s/ Richard Brody*
          Richard Brody

Attorneys for Plaintiffs and the Class