**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Berkeley, CA 94705
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 8055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL, and John & Jane DOEs Nos. 1 - 50.<br><br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br><br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE REGARDING CERTAIN MATERIALS PERTAINING TO TITLE 24 AND VARIANCES THEREFROM** |

**1**

## I.   PROCEDURAL HISTORY

This Court has taken judicial notice of the following, previously:[1]

1) The existence and content of the 2001 California Building Code, Section 470A
   (**Exhibit 1**);

2) The existence and content of the 2007 California Building Code, Section 1231
   (**Exhibit 2**);

3) The existence and content of the 2013 Title 24 Minimum Standards for Local Detention
   Facilities (**Exhibit 3**);

4) The existence and content of the 2021 Final Proposed Revisions of Title 24 (**Exhibit 4**);

5) The history of the California Building Standards Code, Title 24 (**Exhibit 5**); and

6) Defendant did not comply with the California Building Code in failing to provide an outside
   exercise area.[2]

(*See* ECF 325, p 35:3-15).

## II.   REQUEST

Plaintiffs request that the Court take judicial notice of the following facts and records:

1) Renew its notice of the facts and documents listed above, Section I, with the exhibits
   listed above to be admitted into evidence for trial (**Exhibits 1-5**);

2) That 15 California Code of Regulations, Title 15, section 1011, titled "Variances" was
   repealed in the 32 week of the year 1986;[3]

3) As of 2004, 15 Cal. Code Regs. § 1011 had already been repealed;[4]

4) That 15 California Code of Regulations, Title 15, section 1029, titled "Policy and
   Procedures Manual" has at all times relevant to this case required review at least every

---

[1] Where a document is referenced, a true and correct copy of the same is filed herewith.

[2] ECF 387, p. 2:24-27

[3] A true and correct copy of the current code is provided as **Exhibit 6**; The California Code of Regulations Supplement is published weekly, so the historical note of repeal in Register 86, No. 32 means that the action repealing Section 1011 was taken in 1986, week 32. *See* https://oal.ca.gov/ccr_history/#:~:text=The%20CCR%20Supplement%20(Register)%20is%20organized%20by%20year%20and%20number,the%20week%20it%20was%20published (last accessed August 5, 2023).

[4] A true and correct copy of 16 Cal.Code Regulations § 1011 (2004) is attached as **Exhibit 7**. This is the oldest year available on Lexis.

**2**

two years of the requirements of Title 15 and Title 24, and that **Exhibit 8** is a true and correct copy of a comparison of the current language of 15 Cal. Code Regs. § 1029 to that in 2004;

5) The fact that prisoners were not moved into the existing San Bruno Jail, a Type II Detention Facility, until 2006;

6) The existence of California Attorney General Opinion 99-1214 (May 2, 2000) (**Exhibit 9**);

7) The existence and content of San Francisco Ordinance 225-22 (**Exhibit 10**), and specifically, that the San Francisco Building Code amendments were adopted by the Board of Supervisors of the City and County of San Francisco on November 10, 2022, by Ordinance 225-22 effective December 11, 2022 and operative January 1, 2023;[5]

8) The existence and content of the current San Francisco Building Code (**Exhibit 11**);

9) That the current San Francisco Building Code contains no amendment of 24 Cal. Code Regs. § 1231, which is the portion of the California Building Code addressing "Minimum Standards for Adult Detention Facilities."

10) That San Francisco has no discretion to adopt standards less restrictive than those contained in Title 24.

## III.  LAW SUPPORTING REQUEST

Federal Rule of Evidence 201(b) provides that this Court may take judicial notice of any "fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Rule 201 of the Federal Rules of Evidence allows judicial notice to be taken of the existence and authenticity of public and quasi-public documents. *Del Puerto Water Dist. v. U.S.*

---

[5] The San Francisco Building Code is available on-line at https://codelibrary.amlegal.com/codes/san_francisco/latest/sf_building/0-0-0-91586, and the record of the adoption of the Building Code by the San Francisco Board of Supervisors, including the whole packet provided the Board, is available at: https://sfgov.legistar.com/LegislationDetail.aspx?ID=5812242&GUID=FF7F0FF8-0610-457C-8F92-3A767062A613.

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No.: 3:19-cv-02724 SK

*Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003); *see also, California ex rel. RoNo, LLC v. Altus Finance S.A.*, 344 F.3d 920, 931 (9th Cir. 2003) ("requests for judicial notice are GRANTED to the extent that they are compatible with Federal Rule of Evidence 201 and do not require the acceptance of facts 'subject to reasonable dispute.'"); *Kent v. Daimlerchrysler Corp.*, 200 F. Supp. 2d 1208, 1219 (N.D. Cal. 2002); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 959 (N.D. Cal. 2010).

### A.    Previously Noticed Material

Plaintiffs' first request for notice should be granted because the Court has already stated that "[t]he Court will take judicial notice of the California Building Code, and the undisputed facts show that Defendant did not comply with the California Building Code in failing to provide an outside exercise area." (ECF 387, p. 2:24-27) Plaintiffs' Request 1 simply requests that the Court's prior ruling be extended to material to be considered at trial.

### B.    Current and Historical State Regulations and San Francisco Ordinances

Plaintiff requests judicial notice be taken of various iterations of the California and San Francisco Building Code. As public records with the force of law, their existence and accuracy cannot be reasonably questioned.

### C.    Historical Facts

**Exhibit 5** is a history of California Code of Regulations, Title 24 published by the California Building Standards Commission and available on a State of California website. Its accuracy cannot be reasonably questioned.

Requests 3 (repeal of section 1011), 5 (date inmates moved to facility at issue), and 9 (fact of not amendment of Title 24 upon adoption into San Francisco Building Code) are all facts widely known, lacking controversy, and easily verifiable.

**D.      Limitations on San Francisco's Ability to Alter Title 24**

This Court should take judicial notice of Request 10 because it is a true statement of the law.

Article XI, section 7 of the California Constitution provides that municipalities may enact and enforce ordinances "not in conflict with general laws." The California legislature has preempted local power to establish minimum standards for local detention facilities, placing that responsibility instead with the Board of State and Community Corrections ("BSCC"). Cal. Penal Code § 6030 ("The Board of State and Community Corrections shall establish minimum standards for local correction facilities."); *see also Bldg. Indus. Ass'n v. City of Livermore*, 45 Cal. App. 4th 719, 724-726 (1996)(discussing preemption in analogous delegation of fire safety portions of Building Code); *see* California's Health and Safety Code §18938(b) (Uniform Building Codes "shall" apply to all occupancies throughout the state), §18941.5 (localities may adopt more restrictive building standards). San Francisco has acknowledged this limitation on its power. San Francisco Ordinance 225-22, Section 2(c) (Exhibit 10)(acknowledging that "[l]ocal jurisdictions must enforce the California Building Standards Code but they may also enact more restrictive building standards").

**E.      Attorney General Opinion**

Judicial Notice of the existence of Exhibit 9, a California Attorney General Opinion, should be taken upon the ground that federal courts have previously held that the opinions of the State Attorney General are judicially noticeable public documents. *See Chester v. TJX Cos*., No. 5:15-cv-01437-ODW (DTB), 2016 U.S. Dist. LEXIS 110342, at *12 (C.D. Cal. Aug. 18, 2016), *Cent. Delta Water Agency v. U.S. Fish & Wildlife Serv*., 653 F. Supp. 2d 1066, 1079 (E.D. Cal. 2009)(such opinions are "judicially noticeable persuasive, but non-binding authority").

In conclusion, Plaintiffs respectfully request that this court take judicial notice of the facts, statements of the law, and existence and content of the items listed above, in Section II for the reasons stated in Section III, above.

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**
Case No.: 3:19-cv-02724 SK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted by:

Dated: August 5, 2023

GREENFIRE LAW, PC

By:   */s/ Rachel S. Doughty*

Rachel Doughty
ATTORNEY FOR PLAINTIFFS

**6**