**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL and John & Jane DOEs, Nos. 1 - 50.<br><br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br>**PLAINTIFFS' OFFER OF PROOF RE: PROPOSED TRIAL TESTIMONY OF JESS GHANNAM, PH.D AND PLAINTIFFS' EXHIBIT 14 (GHANNAM REPORT)(FRCP 103)**<br><br>Dept: Courtroom 4, 17th Floor<br>Federal District Court<br>450 Golden Gate Ave.<br>San Francisco, CA<br><br>Hon. Sallie Kim, Presiding<br><br>TRIAL DATE: AUGUST 8, 2023 |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 103(a), Plaintiffs respectfully submit this Offer of Proof regarding the Proposed Trial Testimony of Jess Ghannam, Ph.D, and Plaintiffs' Exhibit P0014, which is the September 2, 2022, report of Dr. Ghannam. **(Exhibit 1)** Plaintiffs are cognizant of the Court's prior rulings excluding Dr. Ghannam from testifying during Plaintiffs' case in chief, and do not seek to relitigate those issues. (ECF 387, p. 5:6-10). However, Plaintiffs are submitting this Offer of Proof to ensure that the record is clear regarding the Court's rulings and to preserve Plaintiffs' rights on appeal, should an appeal be necessary.

## II. AN OFFER OF PROOF IS APPROPRIATE HERE

An offer of proof is appropriate when a ruling excludes evidence and this exclusion affects a "substantial right of the party." Fed R Evid. 103(a). On review, evidentiary rulings are not assigned error unless a substantial right is affected, and the judge was alerted to the nature of the error.

Although the Court has previously issued rulings excluding Dr. Ghannam's testimony during Plaintiffs' case in chief, Plaintiffs contend that ambiguities in existing case law necessitate this Offer of Proof. Federal courts in California generally hold that after a definitive ruling on a motion in limine, the party seeking to offer the evidence need not make an offer of proof to preserve the issue. Fed R Evid. 103(b). *United States v. Sepulveda-Barraza,* 645 F.3d 1066, 1070 (9th Cir. 2011). In *Sepulveda*, the court held there was no need to renew an offer of proof to preserve a claim for error as the court had made a definitive ruling on the record admitting testimony following a motion in limine seeking to exclude this testimony. *Id.*

However, in *Lam v. City of Los Banos,* the 9th Circuit held that a pre-trial ruling where the court denied a motion in limine without prejudice provided notice that the ruling was not definitive and was in fact "subject to reconsideration." *Lam v. City of Los Banos,* 976 F.3d 986, 1005 (9th Cir. 2020). Additionally, some courts hold that an offer of proof may still be required after a definitive ruling on a motion in limine. *See Lawrey v. Good Samaritan Hosp.,* 751 F.3d 947, 951-

- 2 -

**PLAINTIFFS' OFFER OF PROOF RE: PROPOSED TRIAL TESTIMONY OF JESS GHANNAM, PH.D AND PLAINTIFFS' EXHIBIT 14 (GHANNAM REPORT)-- Case No.: 3:19-cv-02724 SK**

52 (8th Cir. 2014) addressing the issue of whether an offer of proof is necessary after a definitive ruling on a motion in limine.

### III. STATEMENT OF RELEVANT PROCEDURAL HISTORY

On July 6, 2023, the Court issued its Order Regarding Motions *in Limine*. The Court's Order states in pertinent part that: "Plaintiffs cannot offer *these opinions* at trial." (**ECF No. 387**, pg. 5:7-10, emphasis added).

Plaintiffs' counsel interpreted the Court's Order to mean that Dr. Ghannam could testify at trial, but that his opinion testimony was subject to limitation. Defendants interpreted the Court's Order to completely bar Dr. Ghannam from testifying at trial. After meet and confer efforts with defense counsel confirmed this difference of interpretation, Plaintiffs filed their Administrative Motion for Clarification on July 14, 2023. (**ECF No. 394**). On July 17, 2023, the Court issued its Order Regarding Request for Clarification. In this Order, the Court stated that "the Court hereby clarifies that Ghannam is entirely barred from testifying at trial." (**ECF No. 395**, pg. 1:15-16).

On July 26, 2023, Plaintiffs submitted their Amended 100 Exhibits for Trial. Plaintiffs' Exhibit No. P0014 is the "Ghannam Expert Report attached as Exh. B to Ghannam deposition." The Sponsoring Witness listed for Dr. Ghannam's expert report is Dr. Ghannam. (**ECF No. 413**).

Defendants objected to the admission of Exhibit No. P0014 on the following grounds: "FRCP 26 - Not timely disclosed/produced, FRE 401, 402 - Relevance, FRE 403 - Substantially More Prejudicial Than Probative, FRE 801, 802 - Hearsay, FRE 805 - Hearsay w/in Hearsay, CCSF MIL No. 1– Apply MSJ Rulings, CCSF MIL No. 4 – Claims Not At Issue, FRE 701 Speculation." (**ECF No. 413**).

Plaintiffs responded to these objections as follows: "The Expert Report was timely served on September 2, 2022. The deadline for Initial Expert Disclosures was September 2, 2022. (**ECF 241**).

FRE 703 provides that "an expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." FRE 703 permits an expert to testify to an opinion

even if that opinion is based on otherwise inadmissible facts or data. *Williams v. Illinois*, 132 S. Ct. 2221, 2242, (2012). Rule 703 permits an expert to base opinion testimony on personal knowledge, evidence admitted at trial, or evidence not admitted so long as it supplies the kind of facts or data that experts in the field "reasonably rely" on in forming an opinion. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 591 (1993) ; Fed. R. Evid. 703. Plaintiffs' Opposition to Defendants MILs Nos. 1 and 4." (**ECF No. 413**).

On July 28, 2023, Plaintiffs filed their Administrative Motion for Leave to File Motion for Reconsideration of Order Excluding Plaintiffs' Expert Witness, Jess Ghannam, Ph.D. from Testifying at Trial and Order Denying Plaintiffs' Motion for Clarification. (**ECF No. 419**). The Administrative Motion was accompanied by the Proposed Motion for Reconsideration. (**ECF No. 419-1**).

On August 3, 2023, the Court issued its Minute Entry for proceedings held by Zoom before Magistrate Judge Sallie Kim. (**ECF No. 425**). The Minute Entry contained the following entry:

> The Court denies the Motion for Leave to File a Motion for Reconsideration of the Order Excluding Plaintiffs Expert Witness, Jess Ghannam, Ph.D. (dkt no. [419]). The Court finds that Plaintiffs fail to meet the standards for reconsideration and that, in addition to the reasons previously stated, his testimony is not relevant, because he addresses an issue not before the Court.

On August 4, 2023, the Court issued its Order Regarding Plaintiffs' Trial Exhibits. (**ECF No. 427**). The Court's Ruling as to Exhibit P0014 is "Sustained." It is not clear to Plaintiffs whether the Court has sustained each objection listed in the "Objection" column, or whether the Court's Ruling is based on only one or some of the listed objections.

IV.     **STATEMENT OF FACTS PERTINENT TO THIS OFFER OF PROOF**

Plaintiffs' Complaint for Declaratory and Injunctive Relief alleges, inter alia, that "…some prisoners in County Jail 5 are confined for excessive amounts of time to their cells; these prisoners are permitted out of their cells for only 3 hours a week, total, resulting in being locked up for 165 hours a week, or 98.2% of the time. Defendants have been, and continue to be, deliberately indifferent to these unconstitutional, cruel and inhumane conditions in their jails. Their

- 4 -
**PLAINTIFFS' OFFER OF PROOF RE: PROPOSED TRIAL TESTIMONY OF JESS GHANNAM, PH.D AND PLAINTIFFS' EXHIBIT 14 (GHANNAM REPORT)-- Case No.: 3:19-cv-02724 SK**

indifference results in an unreasonable risk of serious harm to these prisoners physical, emotional and mental health." (**ECF No. 1**, pg. 2:6-12).

Jess Ghannam, Ph.D. is a Clinical Professor of Psychiatry in the Department of Psychiatry and Behavioral Sciences at the University of California San Francisco. He is an expert in the fields of the impact of trauma, Post Traumatic Stress Disorder, brain injury, torture and solitary confinement. (**ECF No. 273-4**, Page 2 of 3:3-11). It is Dr. Ghannam's expert opinion that the conditions sustained by Plaintiffs in the past and at the time he prepared his expert report in this case dated September 2, 2022, constitute solitary confinement. It is Dr. Ghannam's further expert opinion that those conditions of confinement have caused and contributed to a worsening of Plaintiffs' overall mental health that could result in profound chronic, life-long disability and chronic psychiatric and neurocognitive impairments. (**ECF 273-4**, Page 2 of 3:17-25). Thus, there is a clear link between Dr. Ghannam's proposed trial testimony and the allegations in Plaintiffs' complaint.

Dr. Ghannam was deposed on November 7, 2022, and January 20, 2023. Dr. Ghannam testified for the full 7-hour time allowed by Fed. R. Civ. P. 30(d)(1). Defendants have identified only one instance in which Dr. Ghannam refused to answer one question, and that was when it sought confidential information protected by the psychotherapist/patient privilege. (**ECF 349-3**, portions of the deposition testimony of Dr. Jess Ghannam taken on November 7, 2022, pp. 98:15-99:11).

In its Order Regarding Motions *in Limine* (**ECF 387**), the Court granted Defendants' Motion *in Limine* No. 1 as to Plaintiffs' expert witness Dr. Jess Ghannam. The Court's Order as to Dr. Ghannam (**ECF 387,** pg. 5:6-10) states the following:

> Defendant's motion is GRANTED. Ghannam states that he formed opinions independently of the inadmissible survey results but refuses to disclose the basis of his opinions for "privacy reasons" and patient confidentiality. Thus, Defendant was not able to examine him fully, and Plaintiffs cannot offer these opinions at trial.

In his expert report, Dr. Ghannam states that he relied on numerous sworn declarations in reaching his opinions in this case. Specifically, Dr. Ghannam states that he relied on the sworn

- 5 -

**PLAINTIFFS' OFFER OF PROOF RE: PROPOSED TRIAL TESTIMONY OF JESS GHANNAM, PH.D AND PLAINTIFFS' EXHIBIT 14 (GHANNAM REPORT)-- Case No.: 3:19-cv-02724 SK**

declarations from Messrs. Carlos, Poot, McFarland, Beloy, Harris, Alexis, Garcia and Norbert. (**ECF 349-2**, pp. 4-7). The Court has not excluded these declarations. In his expert report, Dr. Ghannam also lists a large number of documents that he reviewed in addition to the surveys. Those documents include various docket entries, health records relating to Plaintiffs Montrail Brackens, Jose Poot and Troy McAllister, as well as demonstrative evidence including floor plans of a jail pod section and photographs taken at the jail. (**ECF 349-2**, pp. 42 and 43 of 43). The Court has not excluded this evidence. Dr. Ghannam acknowledges that he reviewed surveys of approximately 20 incarcerated individuals provided to him by Plaintiffs' counsel. (**ECF 349-2**, pg. 7). Over objections by Plaintiffs' counsel, the Court has excluded these surveys. Dr. Ghannam also states that over his 25-year career he has interviewed and evaluated over 100 incarcerated individuals at the county, state and federal districts, many of whom were subjected to the same conditions of confinement as the plaintiffs in this case have alleged. (**ECF 349-2**, pg. 7). The Court has not excluded this foundational evidence pertaining to Dr. Ghannam's knowledge, training, background and experience.

In testimony provided to the Court by Defendants (but not cited by Defendants in their Motion *in Limine* No. 1), Dr. Ghannam testified to his understanding that, prior to the onset of Covid, individuals in administrative segregation were locked down 23 hours per day and only allowed out of their cell for one hour a day. That understanding came from both conversations with Plaintiffs' counsel and from his own work with clients of his at the jail separate and apart from the present case. (**ECF 349-3**, pg. 98:5-14). The testimony that inmates in Administrative Segregation were limited to one hour of out of cell time in the past was confirmed in this case by Defendants' own medical expert witness Dr. David Mathis. (**ECF 266**, pg. 15:13-18; Exh. 17 to **ECF 266,** pp. 108:18-109:10). And the conditions described are consistent with those of the Court's own observation during a site visit. (See **ECF 110**).

In refusing to identify the names of his own clients who provided information on out of cell time prior to Covid, Dr. Ghannam testified that those individuals were not part of this class. (**ECF 349-3**, pp. 98:15-99:11). The testimony by Dr. Ghannam concerns evidence that Defendants have actual knowledge of and do not dispute because they are the entities that operate and control

- 6 -

the conditions of confinement at the San Bruno jail. Plaintiffs' understanding is that Defendants do not dispute that prisoners in administrative segregation were locked down for 23 hours per day prior to the onset of the pandemic.

In addition, there was nothing that prevented Defendants from asking Dr. Ghannam questions about the information obtained from those non-class members that did not involve their identification. Such questions could have included matters such as when such individuals were incarcerated at the San Bruno Jail, their classification status at the time of incarceration and the foundation for their ability to testify as to out of cell time. Yet, Defendants did not submit evidence in their Motion *in Limine* Number 1 that they were prevented from asking such questions during the deposition of Dr. Ghannam. As such, there is absolutely no prejudice to the Defendants from Dr. Ghannam's adherence to his ethical obligations as a psychologist asserting psychotherapist/patient privilege.

In his Declaration in Support of Plaintiffs' Opposition to Defendants' Motion *in Limine* No. 1, Dr. Ghannam states that:

> My opinion is supported by evidence independent of the surveys. The subject surveys confirmed my opinion, but do not change my expert opinion in this matter. Without the surveys, my opinion stands that the conditions at the San Bruno jail "constitute solitary confinement…. it is my further expert opinion that the conditions of confinement experienced by the current plaintiffs have caused and contributed to a worsening of their overall mental health that could result in profound chronic, life-long disability, and chronic psychiatric and neurocognitive impairments."

(ECF 368, pg. 2:6-11).

Thus, there is ample evidence that Dr. Ghannam's expert opinions derive from a multitude of concededly admissible sources.

## V. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court issue its ruling on this Offer of Proof.

Respectfully Submitted by:

Dated: August 6, 2023               GREENFIRE LAW, PC

                          By:  */s/ Richard A. Brody*
                               Richard A. Brody
                               ATTORNEYS FOR PLAINTIFFS

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on August 6, 2023, from Richard Brody for the filing of this document.

                               */s/ Rachel Doughty*
                               Rachel Doughty
                               ATTORNEY FOR PLAINTIFFS

- 8 -

**PLAINTIFFS' OFFER OF PROOF RE: PROPOSED TRIAL TESTIMONY OF JESS GHANNAM, PH.D AND PLAINTIFFS' EXHIBIT 14 (GHANNAM REPORT)-- Case No.: 3:19-cv-02724 SK**