**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL and John & Jane DOEs, Nos. 1 - 50.<br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br>**PLAINTIFFS' MOTION FOR RELIEF (FRCP 60), DECLARATION OF RICHARD A. BRODY IN SUPPORT THEREOF, PROPOSED ORDER**<br><br>Dept: Courtroom 4, 17th Floor<br>    Federal District Court<br>    450 Golden Gate Ave.<br>    San Francisco, CA<br><br>Hon. Sallie Kim, Presiding<br><br>Trial Date: August 8, 2023 |

## I. INTRODUCTION AND RELIEF SOUGHT

Plaintiffs seek an Order from the Court allowing them to submit the report of Plaintiffs' expert witness Ross Mirkarimi for use at trial. While Mr. Mirkarimi's expert report was initially designated as an exhibit on the Joint Exhibit List filed by the parties, it was inadvertently omitted from Plaintiffs' 100 Exhibits for Trial, the pared down exhibit list ordered by the Court. Plaintiffs have only submitted 97 exhibits in total for trial to date.

Defendants will not be prejudiced by an Order granting this relief. The expert report of Mr. Mirkarimi was timely produced and was attached as an exhibit to the first volume of Mr. Mirkarimi's deposition. Defendants questioned Mr. Mirkarimi at length regarding his expert opinions during the two sessions of his deposition. Mr. Mirkarimi's file materials were designated as exhibits for trial, in the Joint Exhibit List, in Plaintiffs' 100 Exhibits for Trial and in Plaintiffs' Amended 100 Exhibits for Trial. While Mr. Mirkarimi's entire file was identified as an exhibit in the Top 100 Lists (P 0058), his actual expert report was inadvertently not included in these materials.

## II. STATEMENT OF FACTS

On June 15, 2023, Plaintiffs and Defendants submitted their Joint Numerical List of All Exhibits That Will Be Offered As Evidence in a Party's Case in Chief. (**ECF No. 361**). Plaintiffs' Exhibit 56 was "Mirkarimi Deposition, Vol 1." Mr. Mirkarimi's Expert Report was attached to this transcript as Exhibit A. The Expert Report of Ross B. Mirkarimi begins at page P 0056, pages 134 to 148 of Plaintiffs' Exhibit 56. A true and accurate copy of Plaintiffs' Exhibit 56 is attached to the Declaration of Richard A. Brody as **Exhibit 1** and is incorporate by reference as though set forth in full herein.

On June 30, 2023, the Pretrial Conference was held in this case. At the Pretrial Conference, the Court addressed the issue of whether deposition transcripts should be designated as exhibits for witnesses who were expected to testify in person at trial. The Court indicated that such transcripts should not be submitted as exhibits.

**PLAINTIFFS' MOTION FOR RELIEF (FRCP 60), DECLARATION OF RICHARD A. BRODY IN SUPPORT THEREOF, PROPOSED ORDER-- Case No.: 3:19-cv-02724 SK**

On June 30, 2023, the Court issued its Civil Minutes, and ordered that each party select the top 100 exhibits to be used at trial and file an updated exhibit list. (**ECF No. 384**). On July 20, 2023, Plaintiffs timely submitted their 100 Exhibits for Trial. (**ECF No. 400**). On July 26, 2023, pursuant to Court Order, Plaintiffs submitted their Amended 100 Exhibits for Trial (**ECF No. 413**). Both "Top 100" Lists include only 97 exhibits. Both "Top 100" Lists included Plaintiffs' Exhibit P0058, "Mirkarimi File Documents BATES stamped," which Plaintiffs' counsel inadvertently believed included not only Mr. Mirkarimi's entire file and reliance documents, but also Mr. Mirkarimi's expert report. (Decl. of Richard A. Brody). Plaintiffs' counsel did not discover that Mr. Mirkarimi's expert report was not included in this exhibit until the evening of Saturday, August 5, 2023. (Decl. of Richard A. Brody).

### III. THE COURT MAY RELIEVE A PARTY FROM AN ORDER BECAUSE OF MISTAKE, INADVERTENCE OR EXCUSABLE NEGLECT

Federal Rule of Civil Procedure 60 gives the Court authority to grant the relief sought here.

Federal Rule of Civil Procedure 60(a) provides in pertinent part:
The court may correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.

Federal Rule of Civil Procedure 60(b) provides in pertinent part:
On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect
(6) any other reason that justifies relief.

A Motion for Relief must be made within a reasonable time. (Fed. R. Civ. P. 60(c)(1)). This motion is made within 48 hours' of the discovery of this issue and 24 hours before Mr. Mirkarimi's anticipated testimony at trial.

### IV. GRANTING RELIEF WILL SERVE THE INTERESTS OF SUBSTANTIAL JUSTICE AND WILL NOT UNDULY PREJUDICE DEFENDANTS

Mr. Mirkarimi's opinions have been thoroughly explored by Defendants at his deposition. His expert report was previously provided as part of his expert materials in this case. His expert report was also part of the exhibits originally designated for use at trial by Plaintiffs. Including his

report as an exhibit submitted for inclusion in the trial record will ensure that full and complete evidence is submitted to the Court for trial.

Granting this motion will not unduly prejudice Defendants. Plaintiffs' have designated the expert reports of other expert witnesses testifying at trial, and the Court's rulings to date have generally overruled objections to the introduction of such evidence. Mr. Mirkarimi's expert report was included as an exhibit in the original Joint Designation of Exhibits by the parties. This motion is being timely made and provides Defendants with sufficient time to prepare for their cross-examination of Mr. Mirkarimi based on any evidence that may be included in Mr. Mirkarimi's report.

## V.   CONCLUSION

For the reasons set forth herein and in the attached Declaration of Richard A. Brody, Plaintiffs respectfully request that the Court grant this motion and allow Exhibit 2 to Mr. Brody's Declaration--the expert report of Ross Mirkarimi--to be submitted as evidence at the trial in this matter.

Respectfully Submitted by:

Dated: 8/7/2023                     GREENFIRE LAW, PC

By:  */s/ Richard A. Brody*
     Richard A. Brody
     ATTORNEY FOR PLAINTIFFS

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on August 7, 2023, from Richard A. Brody for the filing of this Motion.

   */s/ Rachel Doughty*
   Rachel Doughty
   ATTORNEY FOR PLAINTIFFS

**PLAINTIFFS' MOTION FOR RELIEF (FRCP 60), DECLARATION OF RICHARD A. BRODY IN SUPPORT THEREOF, PROPOSED ORDER-- Case No.: 3:19-cv-02724 SK**