DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Attorney
SABRINA M. BERDUX, State Bar #248927
KAITLYN MURPHY, State Bar #293309
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:      (415) 554-3929 [Berdux]
Telephone:      (415) 554-6762 [Murphy]
Facsimile:      (415) 554-3837
E-Mail:         sabrina.m.berdux@sfcityatty.org
E-Mail:         kaitlyn.murphy@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENYON NORBERT, TROY
MCALLISTER, MARSHALL HARRIS,
ARMANDO CARLOS, MONTRAIL
BRACKEN, MICHAEL BROWN AND JOSE
POOT, ON BEHALF OF THEMSELVES
INDIVIDUALLY AND OTHERS
SIMILARLY SITUATED, AS A CLASS
AND SUBCLASS,

      Plaintiffs,

      vs.

SAN FRANCISCO COUNTY SHERIFF'S
DEPARTMENT, CITY AND COUNTY OF
SAN FRANCISCO, SAN FRANCISCO
SHERIFF VICKI HENNESSY; CHIEF
DEPUTY SHERIFF PAUL MIYAMOTO;
CAPTAIN JASON JACKSON, CAPTAIN
MCCONNELL AND JOHN AND JANE
DOES, NOS. 1 -50,

      Defendants.

Case No. 19-cv-02724-SK (LB)

**DEFENDANTS' OMNIBUS RESPONSE TO
PLAINTIFFS' POCKET BRIEFS (ECF NOS.
430, 432, 434, 435)**

Trial Date:           August 8, 2023

      Plaintiffs submitted a slew of requests to the Court in the weekend before trial. Defendants

provide this omnibus response to Plaintiffs' Request for Judicial Notice of Certain Materials

Pertaining to California Building Code Title 24 (ECF No. 430), Plaintiffs' Offer of Proof Regarding Exhibit 8 (ECF No. 432), Plaintiffs' Offer of Proof Regarding The Proposed Testimony of Jess Ghannam and Exhibit 14 (ECF No. 434), and Plaintiffs' Motion for Relief to Admit Exhibit 56—the report of Plaintiffs' Expert Ross Mirkarimi. (ECF No. 435.) In addition, Defendants request the Court issue an order that the parties are not permitted to file any further pocket briefs or offers of proof without first orally seeking leave of Court.

## I.      Request for Judicial Notice (ECF No. 430)

Plaintiffs seek judicial notice of (1) 2001 California Building Code, Section 470A; (2) the existence and content of the 2007 California Building Code, Section 1231; (3) the existence and content of the 2013 Title 24 Minimum Standards for Local Detention Facilities; (4) the existence and content of the 2021 Final Proposed Revisions of Title 24; (5) the history of the California Building Standards Code, Title 24; and (6) Plaintiffs argument that Defendant did not comply with the California Building Code in failing to provide an outside exercise area. (ECF No. 430 2:1-12)

The specific code and regulatory sections Plaintiffs cite are irrelevant pursuant to FRE 401 and 402 and therefore not properly subject to judicial notice. The Court has already ruled that "whether Defendant complied with the California Building Code does not appear to be relevant to the issue of the Fourteenth Amendment."  (ECF No. 387, Pg. 2:21-22) In so doing, a number of Defendants' disclosed exhibits have been sustained upon Plaintiffs' objections, including 1,000 pages of subpoenaed records from the Board of State and Community Corrections California (BSCC), the entity responsible for enforcing Plaintiffs requested codes. (ECF No. 428, re: Exhibit 1063) In respect of and reliance on the Court's ruling on Motions in Limine, Defendants withdrew a "Primary Witness" identified to testify from the BSCC, Steve Wicklander. (ECF Nos. 387, 421, 362)

Additionally, Plaintiffs seek to bury in their filing not only requests for the actual text of these regulations, but of their argument that San Francisco did not comply with state and local regulations. A court should not judicially notice a fact that is not subject to a reasonable dispute. FRE 201. Defendants dispute they did not comply with BSCC regulations because they never received any violations from the BSCC for its recreation facilities. Defendants disputed and intended to provide a

defense to Plaintiffs allegations is evidenced by the exhibits and witnesses proffered in pre-trial pleadings and by prior pleadings in this case. (*E.g.* ECF No. 260)

Finally, Plaintiffs Request for Judicial Notice proffers extensive legislative history, not adjudicative facts. The legislative history may or may not be complete and therefore potentially inaccurate. For example, no analysis has been proffered by counsel or disclosed in expert reports regarding the applicability of new codes or standards to pre-existing buildings. Defendants have not had the opportunity to review the legislative history and what are likely additional existing legal opinions other than what Plaintiffs have provided. Accordingly, Defendants are also unduly prejudiced by Plaintiffs requests.

Plaintiffs' Requests for Judicial Notice must be denied because they are not relevant and they are subject to reasonable dispute.

## II.     Offers of Proof (ECF Nos. 432, 434)

Plaintiffs submitted two "orders of proof," which are the equivalent of motions asking the Court to reconsider its evidentiary rulings as to Exhibits 8 and 14. The motions should be denied on this basis alone. The Court has already warned and admonished Plaintiffs that they cannot use administrative filings as an end-run around the strict standards for a motion for reconsideration. (*See e.g.,* ECF No. 395 ("The Court notes that Plaintiffs have filed a motion for reconsideration couched as a request for clarification and admonishes Plaintiffs that they may not file motions for reconsideration without first filing a motion for leave to do so."). The parties had an opportunity to make and respond to evidentiary objections to each of the proposed exhibits. The Court issued its orders.  Any arguments Plaintiffs now make regarding Exhibits 8 and 14 should have been made previously. They identify no reason for their failure to do so and permitting Plaintiff to make these kind of arguments—let alone granting them—would cause Defendants significant prejudice. We are on the eve of trial. Defendants are prejudice by Plaintiffs seeking another bite at the apple for any evidentiary ruling where they failed to persuade the Court.

### A.    Additional Reasons The Court Should Not Reconsider Its Decision To Exclude Exhibit 8

Permitting Plaintiffs to introduce portions of Exhibit 8 would also permit Plaintiffs to exceed the 100 exhibit limit per side that the Court set. Exhibit 8 is 1,855 pages. It contains, by Plaintiffs' own description a compilation of "Light Measurements, Defense Expert Report, Discovery Response and Depo Excerpts." (ECF No. 413 [Ex. 8].) It appears Plaintiffs sought to include in this exhibit the documents they sent to Dr. Zeitzer—both before and after he authored his expert report. Plaintiffs have now identified two discrete documents from Exhibit 8 they would like to admit into evidence—a blueprint of the jail and a figure from the expert report of Plaintiffs' meteorologist. (ECF No. 432.) Thus, Plaintiffs have converted one exhibit into two. Defendants held scrupulously to the Court's exhibit limit, cutting down more than half of its initial exhibit list to stay within the limits set by the Court. If Plaintiffs are permitted to expand their oversized compilation exhibits into several exhibits, then the 100 exhibit limit would only apply to Defendants. The Court should decline Plaintiffs' invitation to make such an unjust ruling.

Further, one of the documents from Exhibit 8 Plaintiffs propose to use with their expert in sleep science, Dr. Zeitzer, is a topographical map pulled from the report of Defendants' weather forecasting expert Jay Rosenthal. It is inappropriate for Plaintiffs to seek to admit a figure from one of the defense expert reports with their own expert testifying as part of their case in chief. Weather forecasting is not Dr. Zeitzer's area of expertise and Plaintiffs did not designate him or any other person as a rebuttal expert to Mr. Rosenthal's work. Dr. Zeitzer could not have relied on the figure when coming to his own conclusions because the parties had a mutual exchange of expert reports in September 2022 and therefore Plaintiffs' counsel could not have provided Dr. Zeitzer the figure until after his report was completed. Further, with respect to Dr. Zeitzer specifically, his report did not offer any opinions at all. He simply provided light measurement data that Plaintiffs' additional sleep scientist, Dr. Czeisler, relied on in forming his conclusions. Therefore, asking Dr. Zeitzer any questions based on the figure Plaintiffs seek to admit would require him to exceed the scope of his own expert report. Accordingly, Dr. Zeitzer cannot lay the proper foundation to use Mr. Rosenthal's figure no can he provide any admissible commentary in reliance on the figure itself.

**B.    Additional Reasons The Court Should Not Reconsider Its Decision To Exclude Exhibit 14**

Exhibit 14 is the expert report of Dr. Jess Ghannam. The Court excluded Dr. Ghannam from testifying at trial in response to Defendants' motion in limine and denied Plaintiffs' improper administrative motion for clarification and administrative motion for reconsideration on this same issue. (ECF Nos. 387, 395, 419, 425.) Plaintiffs have had no fewer than four opportunities to litigate this issue and fully articulate their position. They have no basis to seek a fifth here.

**III.    Motion For Relief (ECF No. 435)**

Plaintiffs final pretrial motion to date is a request to permit them to add the expert report of Ros Mirkarimi to their exhibit list. It is improper for Plaintiffs seek to introduce the Mirkarimi report as a trial exhibit. Expert reports are out of court statements offered for the truth of the matter asserted and are therefore inadmissible hearsay to which no exception applies. *Hunt v. City of Portland*, 599 F. App'x 620, 621 (9th Cir. 2013) (finding it was error for the district court to admit the expert's report at trial because "[w]ith respect to the expert's written report, we conclude that the report is hearsay to which no hearsay exception applies"); S.*J. v. Albany Unified School District et al.*, No. 20-CV-06414-KAW, 2023 WL 4930837, at *2 (N.D. Cal. Aug. 1, 2023) ("[g]enerally, expert reports are inadmissible hearsay, and Plaintiffs identify no hearsay exception"). While Plaintiffs are free to put Mr. Mirkirimi on the stand to testify as to the opinions properly disclosed in his report they cannot simply offer his report to meet their burden of proof. Plaintiffs motion should therefore be denied as moot because the report would not be admissible if on Plaintiffs' exhibit list.

Even if Mr. Mirkarimi's report were admissible—which it is not—it would be inappropriate for Plaintiffs to seek to add the report to their exhibit list with less than one day remaining before his testimony after Plaintiffs already exceeded the 100 exhibit limit that the Court imposed on each party.

Plaintiffs contend they inadvertently omitted Mr. Mirkarimi's report from their top 100 exhibit list, but do not explain what diligent efforts they took to avoid such an error. Additionally, Plaintiffs ignore that they already once supplemented their top 100 exhibit list to add three new exhibits that they claimed were also inadvertently omitted from their first list, but did not add Mr. Mirkarimi's report at that time. (ECF No. 413). Plaintiffs do not explain why they were previously able to identify

1    three other exhibits they inadvertently omitted, but did not notice this one. Indeed, the parties

2    addressed those three exhibits at the final pretrial conference, giving all parties time to argue ruling on

3    the evidentiary objections. There is no such opportunity here.

4         Additionally, although Plaintiffs have only used 97 numbered exhibit thus far, they have

5    designated far in excess of 97 documents because they engaged in the practice of impermissibly

6    combining multiple exhibits into a single filing in contravention of the Court's rules. The Court has

7    admonished Plaintiffs several times that its exhibits were too voluminous and impermissibly combined

8    multiple documents; the Court instructed Plaintiffs that if they wanted to introduce specific subset of

9    documents from a combined exhibit at trial, they would need to call out specific page numbers. (*See*

10   *e.g.,* ECF No. 427 [Ex. 6; Ex. 7; Ex. 8; Ex. 9].) As just one example, Plaintiffs sought to introduce as a

11   single exhibit, more than 10,000 pages combined medical records from each of the three Plaintiffs.

12   Even the exhibit Plaintiffs initially designated that included Mr. Mirkarimi's report—Ex. 56—was

13   itself a compilation. The exhibit also included his full deposition transcript as well as more than 100

14   pages of documents he reviewed in forming his opinions. In contrast, Defendants have steadfastly

15   complied with the Court's restrictions on the number of exhibits they are permitted to use. Allowing

16   Plaintiffs to add Mr. Mirkarimi's report to their exhibit list now—in light of Plaintiffs' prior conduct

17   regarding their exhibit list—would absolve Plaintiffs of the exhibit limit and unfairly apply that

18   limitation to Defendants only. The prejudice to Defendants' from Plaintiffs' belated attempt to

19   supplement their exhibit list for a further time on the eve of trial is increased because Mr. Mirkarimi is

20   the first witness Plaintiffs intend to call and Plaintiffs did not identify this issue until fewer than 24

21   hours before his scheduled testimony.

22        Accordingly, Defendants request the Court deny Plaintiffs' Motion for Relief, which seeks to

23   permit Plaintiffs to add Mr. Mirkarimi's expert report to their exhibit list.

24   **IV.    Request For Order Streamlining Resolution Of Trial Issues**

25        The docket in this case already contains 437 entries, with more than 50 entries since the parties

26   June 30, 2023 pretrial conference. In light of the volume and pace of Plaintiffs' filings, in order to for

27   the parties to have sufficient time to focus on presenting their best arguments for the Court at trial

28   Defendants respectfully request the Court issue an order that parties are not permitted to file any

1    further written pocket briefs or offers of proof without first orally addressing the underlying issues

2    with the Court at trial and asking whether the Court would prefer briefing on the issue or whether it is

3    able to rule from the bench.

4

5

6    Dated:  August 7, 2023

7                                                  DAVID CHIU
                                                   City Attorney
8                                                  MEREDITH B. OSBORN
                                                   Chief Trial Deputy
9                                                  SABRINA M. BERDUX
                                                   KAITLYN MURPHY
10                                                 Deputy City Attorneys

11

12                                          By: */s/ Sabrina M. Berdux*
                                                   SABRINA M. BERDUX
13

14                                                 Attorneys for Defendants
                                                   CITY AND COUNTY OF SAN FRANCISCO and
15                                                 SHERIFF PAUL MIYAMOTO, IN HIS OFFICIAL
                                                   CAPACITY

16

17

18

19

20

21

22

23

24

25

26

27

28