**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass, <br><br> Plaintiffs, <br><br> vs. <br><br> SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL and John & Jane DOEs, Nos. 1 - 50. <br> Defendants. | Case No.: 3:19-cv-02724 SK <br><br> **PLAINTIFFS' OFFER OF PROOF REGARDING EXHIBITS P0068 AND P0071** <br><br> Dept.: Courtroom 4, 17th Floor <br>       Federal District Court <br>       450 Golden Gate Ave. <br>       San Francisco, CA <br> Hon. Sallie Kim, Presiding <br><br> **TRIAL DATE: AUGUST 8, 2023** |

Pursuant to Federal Rule of Evidence 103, Plaintiffs make the following offer of proof for Exhibits 63 and 64, as the Court has sustained objections to this evidence.

## I. STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiffs' Exhibit P0068 (**Exhibit 1**) is a letter from the law firm of Mastagni and Holstedt to Sheriff Paul Miyamoto dated August 8, 2022. In this Exhibit, Mastagni and Holstedt identifies itself as counsel for the San Francisco Deputy Sheriffs' Association ("SFDSA"). The letter was copied to Ken Lomba, the President of the SFDSA. Mr. Lomba is a designated witness for the Plaintiffs. Plaintiffs have also designated Sheriff Miyamoto as an adverse witness. Both Mr. Lomba and Sheriff Miyamoto will be able to authenticate Exhibit P0068 and confirm that it is a true and accurate copy of a letter they received.

Exhibit P0068 states in pertinent part:

According to your office, the Crow's Nest Pilot Program aims to reduce the number of required staffing positions at County Jail #3. The policy seeks to remove deputies from the pod and stations one deputy in the "Crow's Nest," where said deputy is to conduct safety checks from said spot.

Exhibit P0068 also is evidence of the serious, adverse effects stemming from this change in policy, to which the SFDSA objected:

Pilot Program Effects and Impacts on Working Conditions

Staffing deputies in the Crow's Nest creates the following adverse issues:

1. A lack of visibility of inmates from the Crow's Nest Position, thereby increasing potential danger to inmates and in turn potentially increasing the risk exposure to deputies faced with dealing with the aftermath of failed inmate safety checks;
 o Your policy itself notes this downfall of the Crow's Nest position.
 o How is the Crow's Nest a position of "command and control" when visibility is limited?

2. Half as many opportunities to perform safety checks to confirm whether inmates are breathing, which is impossible to do from the Crow's Nest;

3. Slower response times to emergencies, such as heart attacks, seizures, attempted suicides, and fight outbreaks;
 o What happens if an emergency arises and there's only a Crow's Nest deputy available? What happens if the lack of visibility from the Crow's Nest

      position hinders the Crow Nest deputy's ability to timely respond? Three deputies in a pod allows for quicker response times, rather than primarily relying on radio communications for movement deputies.

4. Fewer sworn staff available to respond to emergencies in the common areas of the pods, as indicated in the Pilot Project Proposal;

5. Less walking time for inmates, which will lead to more inmate aggression, outbursts, medical needs, and hospital runs (again, in turn increasing the potential risk to deputies who manage these inmates); and

6. Fewer deputies available to respond to Emergency Response calls via radio to efficiently lock down inmates.

The Plaintiffs have alleged and will prove at trial that budgetary shortfalls and short staffing resulted in otherwise unnecessary, involuntary lockdowns of inmates at the San Bruno Jail, and that these excessive lockdowns constitute a violation of the 14th Amendment of the United States Constitution and the concurrent provision of the California State Constitution.

Plaintiffs' Exhibit P0071 (**Exhibit** 2) is a letter from the law firm of Mastagni and Holstedt to Sheriff Paul Miyamoto dated April 7, 2022. The letter is again copied to Ken Lomba. The letter concerns a grievance for four named Sheriffs' Deputies and all other members similarly situated, who were promised payment above the entrance rate for new hires. The letter states that this policy was instituted because of severe staffing shortages in the Sheriffs' Office. The letter attributes numerous public statements by Sheriff Miyamoto acknowledging the issue of understaffing. The letter states that as many as 200 deputies need to be hired by the Sheriffs' Office.

Exhibit P0071 is relevant and admissible for the same reasons as Exhibit P0068.

On August 4, 2023, the Court issued its Order Regarding Plaintiffs' Trial Exhibits. (**ECF 427**). The Court's Order sustained Defendants' objections to these two exhibits, but did not specify a reason for its Order.

## II. AN OFFER OF PROOF IS APPROPRIATE HERE

An offer of proof is appropriate when a ruling excludes evidence and this exclusion affects a "substantial right of the party." Fed R Evid. 103(a). On review, evidentiary rulings are not assigned error unless a substantial right is affected, and the judge was alerted to the nature of the error.

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully submit this Offer of Proof and request that Plaintiffs' Exhibits P0063 and P0064 not be excluded at trial.

Respectfully Submitted by:

Dated: 8/7/2023

GREENFIRE LAW, P.C.

By: */s/ Richard A. Brody*
Richard A. Brody
ATTORNEYS FOR PLAINTIFFS

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on August 7, 2023, from Richard Brody for the filing of this document.

*/s/ Rachel Doughty*
Rachel Doughty
ATTORNEY FOR PLAINTIFFS