**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Berkeley, CA 94705
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 8055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL, and John & Jane DOEs Nos. 1 - 50.<br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE REGARDING CERTAIN MATERIALS PERTAINING TO STANDARDS FOR CONDITIONS OF INCARCERATION** |

1

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**
Case No.: 3:19-cv-02724 SK

## I. REQUEST

Plaintiffs request that the Court take judicial notice of the following facts and records:

1) Existence and content of the *Federal Performance Based Detention Standards Handbook* (Rev. 11, May 2022),[1] which includes Standard G.6.1 that states: "Prisoners have access to exercise opportunities and equipment, including at least one-hour daily of physical exercise outside the cell and outdoors, when weather permits. (Access to the housing unit's dayroom does not satisfy the standard's requirement.)"

2) Existence and contents of the European Committee for the Prevention of Torture and Inhuman or Degrading Treatment or Punishment, Council of Europe, *30th General Report of the CPT* (May 2021),[2] which includes paragraph 80 that states:

> The CPT has repeatedly emphasised that all prisoners [fn13] must benefit from a minimum of access to one hour's daily outdoor exercise and/or time in the open air, and two hours in the case of juvenile inmates. This remains a fundamental right for all prisoners, including during the Covid-19 pandemic.

Footnote 13 reads: "Including prisoners held under all types of regimes (protection, removal from association, disciplinary, separation, etc.)."

3) Existence and contents of the European Committee for the Prevention of Torture and Inhuman or Degrading Treatment or Punishment, Council of Europe, *Imprisonment, Extract from the 2nd General Report of the CPT* (1992),[3] which states in paragraph 48:

> Specific mention should be made of outdoor exercise. The requirement that prisoners be allowed at least one hour of exercise in the open air every day is widely accepted as a basic safeguard (preferably it should form part of a broader programme of activities). The CPT wishes to emphasise that **all prisoners without exception** (including those undergoing cellular confinement as a punishment) should be offered the possibility to take outdoor exercise daily. It is

---

[1] Available at https://www.usmarshals.gov/sites/default/files/media/document/detention-standards.pdf.
[2] Available at https://rm.coe.int/1680a25e6b.
[3] Available at https://rm.coe.int/16806ce96b.

2

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**
Case No.: 3:19-cv-02724 SK

> also axiomatic that outdoor exercise facilities should be reasonably spacious and whenever possible offer shelter from inclement weather.

(bold in original)

4) Existence and content of pages i-xvii, 61-62, 64-66, 119, 123, 129, 229 and 230 of the American Correctional Association, *Performance-Based Standards and Expected Practices for Correctional Institutions* (5th Ed., March 2021), which includes the following in Section 2D:

- "All inmate rooms/cells provide access to natural light."
- For construction or renovations after June 1, 2008: "All inmate rooms/cells provide inmates with access to natural light by means of at least three-square feet of transparent glazing, plus two additional square feet of transparent glazing per inmate in rooms/cells with three or more inmates."
- For construction or renovation after June 1, 2014: "Each dormitory provides inmates with access to natural light by means of at least 12 square feet, plus two additional square feet of transparent glazing per inmate in the dormitory."
- For dayrooms:

> Each dayroom provides in-mates with access to natural light by means of at least 12 square feet of trans-parent glazing in the dayroom, plus two additional square feet of transparent glazing per inmate whose room/cell is dependent on access to natural light through the dayroom.

And Section 2E, 4A, 4B and 7C concerning inmate access to the outdoors.

## II.   LAW SUPPORTING REQUEST

Federal Rule of Evidence 201(b) provides that this Court may take judicial notice of any "fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Rule 201 of the Federal Rules of Evidence allows judicial notice to be taken of the existence and authenticity of public and quasi-public documents. *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003); *see also, California ex rel. RoNo, LLC v. Altus Finance S.A.*, 344 F.3d 920, 931 (9th Cir. 2003) ("requests for judicial notice are GRANTED to the extent that they are compatible with Federal Rule of Evidence 201 and do not require the acceptance of facts 'subject to reasonable dispute.'"); *Kent v. Daimlerchrysler Corp.*, 200 F. Supp. 2d 1208, 1219 (N.D. Cal. 2002); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 959 (N.D. Cal. 2010). On account of the documents' source, the existence, contents and character of the requested documents are not subject to reasonable dispute.

To the extent that request Items 2 and 3, produced by the European Committee for the Prevention of Torture and Inhuman or Degrading Treatment or Punishment (the "CPT"), are considered "issues about a foreign country's law" under Federal Rule of Civil Procedure Rule 44.1, this request constitutes the required notice in "a pleading or other writing." Expert testimony is not necessarily required to establish foreign law. *Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1216 (9th Cir. 2002) (rehearing en banc). The CPT documents are published in English, an official language of the CPT, and are readily understandable without further commentary or context and no expert testimony is required for their inclusion in the record.

**A.    Description of the Documents**

Item 1, the *Federal Performance-Based Detention Standards Handbook* ("Handbook") is issued by the U.S. Marshalls Service "for use in reviewing non-federal facilities that house federal prisoners to ensure these facilities are safe, humane, and protect prisoners statutory and constitutional rights."[4] The Handbook, updated in May 2022, incorporates relevant standards from

---

[4] *See* U.S. Marshalls Service, *Federal Performance-Based Standards*, https://www.usmarshals.gov/what-we-do/prisoners/operation/custody-detention/federal-performance-based-detention-standards.

4

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**
Case No.: 3:19-cv-02724 SK

the *Performance-Based Standards for Local Detention Facilities* (4th Ed.) published by the American Correctional Association. A true and correct copy of the Handbook is attached hereto as <u>Attachment 1</u>.

Forty-six European nation members of the Council of Europe, a consultative body distinct from the European Union, have ratified the "European Convention for the Prevention of Torture and Inhuman or Degrading Treatment or Punishment" (1989) to implement Article 3 of the "Convention for the Protection of Human Rights and Fundamental Freedoms." Article 3 provides that "no one shall be subjected to torture or to inhuman or degrading treatment or punishment."[5] The "European Convention for the Prevention of Torture and Inhuman or Degrading Treatment or Punishment" established the CPT as a monitoring and advisory committee that promulgates standards, conducts visits and issues public reports concerning places of incarceration in member states.[6]

Item 2 is the thirtieth annual report of the CPT, which specifically includes direction regarding the need to allow outdoor exercise in jails and prisons notwithstanding COVID-19 restrictions, as well as other standards concerning conditions of incarceration. A true and correct copy of the full report is attached hereto as <u>Attachment 2</u>. Item 3 is the CPT's standard regarding conditions of imprisonment, which is provided on the CPT website and is extracted from the CPT's second annual report. A true and correct copy of the standard for "Imprisonment" is attached hereto as <u>Attachment 3</u>.

---

[5] *See*, Euro. Comm. for the Prevention of Torture & Inhumane or Degrading Treatment or Punishment, *About the CPT*, https://www.coe.int/en/web/cpt/about-the-cpt.

[6] Parties to the CPT process include: Albania, Andorra, Armenia, Austria, Azerbaijan, Belgium, Bosnia and Herzegovina, Bulgaria, Croatia, Cypress, Czech Republic, Denmark, Estonia, Finland, France, Georgia, Germany, Greece, Hungary, Iceland, Ireland, Italy, Latvia, Lichtenstein, Lithuania, Luxembourg, Malta, Republic of Moldova, Monaco, Montenegro, Netherlands, North Macedonia, Norway, Poland, Portugal, Romania, San Marino, Serbia, Slovak Republic, Slovenia, Spain, Sweden, Switzerland, Turkey, Ukraine and the United Kingdom. *See* Attachment 2 at 48*; see also* Council of Europe, *Russian Federation* https://www.coe.int/en/web/impact-convention-human-rights/russian-federation (noting expulsion of the Russian Federation in 2022).

Item 4 is the fifth edition of *Performance-Based Standards and Expected Practices for Correctional Institutions* published by the American Correctional Association, a national association of correction practitioners that promulgates standards used by correctional institutions across the United States.[7] A true and correct copy of above-identified excerpts of the standards is attached hereto as Attachment 4.

### B.   Relevance of the Documents

The central issue in this case is whether the conditions of confinement at San Bruno Jail violate the Fourteenth Amendment Due Process rights of pre-trial detainees. The Due Process rights of detainees who have not been convicted of a crime are greater than that afforded to convicts under the Eighth Amendment. Detainees must not be subject to conditions that "are incompatible with the evolving standards of decency that mark the progress of a maturing society" *Spain v. Procunier*, 600 F.2d 189, 196 (9th Cir. 1979) (internal quotations and citations omitted). Due Process rights are also violated when confinement deprives a detainee of an "identifiable human need[.]" *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). While the primary consideration is "what the general public would consider decent[,]" in "determining whether a challenged condition violates 'evolving standards of decency,' courts may consider opinions of experts and pertinent organizations." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *see also*, *Bell v. Wolfish*, 441 U.S. 543 n.27 (1979). The requested documents describe incarceration standards adopted by "pertinent organizations," custodians of U.S. federal pretrial prisoners and the European CPT, and are, therefore, relevant to evaluating whether the conditions of confinement comport with accepted professional norms and recognized human needs.

---

[7] ACA, *The History of the American Correctional Association*, https://www.aca.org/ACA_Member/ACA/ACA_Member/AboutUs/AboutUs_Home.aspx?hkey=0c9cb058-e3d5-4bb0-ba7c-be29f9b34380.

6

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**
Case No.: 3:19-cv-02724 SK

In conclusion, Plaintiffs respectfully request that this Court take judicial notice of the existence and content of the items listed above in Section I for the reasons stated in Section II above.

Respectfully Submitted by:

Dated: August 15, 2023					GREENFIRE LAW, PC

							By: */s/ Rachel S. Doughty*
							Rachel Doughty
							ATTORNEY FOR PLAINTIFFS

PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE
Case No.: 3:19-cv-02724 SK