DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Attorney
SABRINA M. BERDUX, State Bar #248927
KAITLYN MURPHY, State Bar #293309
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3929 [Berdux]
Telephone:    (415) 554-6762 [Murphy]
Facsimile:    (415) 554-3837
E-Mail:       sabrina.m.berdux@sfcityatty.org
E-Mail:       kaitlyn.murphy@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKEN, MICHAEL BROWN AND JOSE POOT, ON BEHALF OF THEMSELVES INDIVIDUALLY AND OTHERS SIMILARLY SITUATED, AS A CLASS AND SUBCLASS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL AND JOHN AND JANE DOES, NOS. 1 -50,<br><br>    Defendants. | Case No. 19-cv-02724-SK (LB)<br><br>**DEFENDANTS' POCKET BRIEF OPPOSING PLAINTIFFS' PROPOSED REBUTTAL TESTIMONY**<br><br>Trial Date:          August 8, 2023 |

The Court has given Plaintiffs significant leeway to present evidence in the course of this litigation and during trial. Plaintiffs have repeatedly sought to introduce improper evidence and continuously sought reconsideration of this Court's orders excluding such evidence. Plaintiffs now seek to call four class members as rebuttal witnesses, two of whom have already testified, to offer cumulative testimony that could have been offered during Plaintiffs' case-in-chief. This attempt is improper and the Court should prohibit Plaintiffs from (re)calling these witnesses.[1]

**I.  Argument**

**A.  Rebuttal Is Only Proper to Rebut New Evidence**

Plaintiffs seek to offer rebuttal testimony from four class members: Messrs. Jose Poot, Montrail Brackens, Joshua Beloy, and Darryl Geyer. Messrs. Poot and Brackens are class representatives and already testified during Plaintiffs' case in chief. Plaintiffs listed Mr. Beloy on their trial witness list, but chose not to call him during their case-in-chief. And the San Francisco Sheriff's Office's publicly available inmate locator states that Mr. Geyer was most recently booked into custody on March 2, 2023—seven months after the close of fact discovery—on a charge of parole violation. Neither Mr. Beloy nor Mr. Geyer were included on Plaintiffs' Rule 26 initial disclosures and Mr. Geyer was also omitted from Plaintiffs' trial witness list. It now appears Plaintiffs will offer these witnesses to either renew testimony previously provided or to offer testimony Plaintiffs strategically withheld during their case-in-chief. The Court should reject Plaintiffs efforts under either approach.

Parties may offer rebuttal evidence only on permission of the Court. The decision is committed to the Court's sound discretion. *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1509-10 (9th Cir. 1995) (recognizing courts have excluded rebuttal testimony without assessing its probative value based on time limits). Plaintiffs are not entitled to recall a witness simply to restate their earlier testimony or contradict what defense witnesses have said; by doing so "the plaintiff could reverse the order of proof, in effect requiring the defendants to put in their evidence before the plaintiff

---

[1] Plaintiffs indicated on Wednesday August 16, 2023, that they were withdrawing their request to present rebuttal expert testimony "[b]arring some exceptionally unforeseen event" and are limiting their proposed rebuttal testimony to class members. To the extent Plaintiffs seek to offer rebuttal expert testimony in the future, Defendants request the opportunity to brief their objection before the Court permits any such testimony.

put in his." *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996) ("The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief.") Plaintiffs may not use rebuttal evidence "merely to bolster the plaintiff[s'] case-in-chief." *Brutsche v. City of Federal Way*, 300 Fed. Appx. 552, 553 (9th Cir. 2008). To be admissible, the subject and content of rebuttal testimony must relate to topics Plaintiffs could not have foreseen as being offered during defendant's case-in-chief. *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999); *Braun*, 84 F.3d at 237. "When, as here, the proposed rebuttal testimony could have been included in the same witness' direct examination," this Court can and should exclude it. *Settling Devotional Claimants v. Copyright Royalty*, 797 F.3d 1106, 1118 (D.C. Cir. 2015) (quotation omitted); *Gossett v. Weyerhauser Co.*, 856 F.2d 1154, 1156-57 (8th Cir. 1988) (affirming exclusion of rebuttal from expert that "should have been presented during the [plaintiffs'] case in chief").

Courts routinely exclude rebuttal testimony on issues that "were known to plaintiffs when they presented their case in chief." *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 705-06 (8th Cir. 1967); *Daly v. Far Eastern Shipping Co. PLC*, 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003) ("Rebuttal evidence is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief. . . . When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry") (internal quotation of *Faigin* omitted).

The facts presented during trial were not unforeseen and have been fully briefed. The parties have litigated this case for more than four years with multiple rounds of preliminary injunction briefing and dispositive motions. Defendants answered written discovery, produced documents, and presented witnesses for examination at deposition. All of Defendants' witnesses were disclosed in the City's Rule 26 initial and expert disclosures. Nothing in Defendants' witnesses' testimony in this trial is a new issue that Plaintiffs should not have anticipated and covered during their case-in-chief. Since there is nothing new here for Plaintiffs to rebut, rebuttal testimony should be excluded and the case should be submitted at the close of Defendants' case-in-chief. *See Mansur Properties LLC v. First American Title Ins. Co.*, 635 F.Supp.3d 1116, 1132-33 (W.D. Wash. 2022) ("rebuttal witness may only

provide evidence that contradicts or rebuts unforeseen evidence presented by the opposing party"); *People v. Kinder Morgan Energy Partners, L.P.*, 159 F.Supp.3d 1182, 1191-92 (S.D. Cal. 2016) ("Normally, parties are expected to present all of their evidence in their case in chief") (quoting *Skogen*, 375 F.2d at 705). To allow Plaintiff to call their proposed rebuttal witnesses is nothing more than sandbagging, is highly prejudicial to Defendants who have structured their own case to respond to Plaintiffs' now-concluded case-in-chief, and should be disallowed. *Braun*, 84 F.3d at 237.

### B. Cumulative Evidence Should Be Excluded on Rebuttal

Where, as here, rebuttal testimony would be cumulative of evidence adduced during the case-in-chief, it should not be permitted in rebuttal. *See Evans v. Multnomah County*, 492 F. Appx. 756, 760 (9th Cir. 2012) (affirming exclusion of proffered rebuttal testimony that "would be cumulative of the testimony [plaintiff] presented in his case-in-chief"). Courts routinely exclude rebuttal evidence where a witness "merely revisit[s] evidence earlier presented" but in a "more detailed and comprehensive" manner. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991). Plaintiffs had a full and fair opportunity to introduce testimony. Adding more now is either improper rebuttal or cumulative, and should be disallowed under either theory.

### C. If Rebuttal Is Allowed, Surrebuttal May Be Required

It is clear that "[r]ebuttal testimony cannot be used to advance new arguments or new evidence." *Wadler v. Bio-Rad Laboratories, Inc.*, 2016 WL 6070530 at *3 (N.D. Cal. Oct. 17, 2016) (quoting sources). Not only would permitting Plaintiffs to present new argument now prejudice Defendants, it would also delay resolution of this litigation. Should Plaintiffs try to advance new arguments or provide new evidence on rebuttal an opportunity for Defendants to present surrebuttal evidence may be required to rebut this new information adduced *after* Defendants' case-in-chief has closed. *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1082 (Fed. Cir. 2015). Should new information be allowed on rebuttal, Defendants reserve the right to request surrebuttal from their witnesses to address the surprise new information. This lawsuit must come to a conclusion. Plaintiffs get the first word. They are not entitled to the last.

## II. Conclusion

"It is well-settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). The Seventh Circuit succinctly states that "when the point of completion of a trial has been reached … the trial judge [is] vested with substantial discretionary powers to bring the evidentiary phase to a close, or to put it another way, to curb the natural tendency of vigorous counsel to get in the final word." *United States v. Greene*, 497 F.2d 1068, 1083 (7th Cir. 1974). Plaintiffs have been given ample opportunity and substantial leeway by this Court to present their evidence. The Court should prevent them subverting the order of proof, prejudicing Defendants, and flouting the purpose of the rules to avoid surprise by bringing the same witnesses to testify *again* under the guise of rebuttal.

Dated:  August 16, 2023

                                        DAVID CHIU
                                        City Attorney
                                        MEREDITH B. OSBORN
                                        Chief Trial Deputy
                                        SABRINA M. BERDUX
                                        KAITLYN MURPHY
                                        Deputy City Attorneys

                               By: */s/ Kaitlyn Murphy*
                                        KAITLYN MURPHY

                                        Attorneys for Defendants
                                        CITY AND COUNTY OF SAN FRANCISCO and
                                        SHERIFF PAUL MIYAMOTO, IN HIS OFFICIAL
                                        CAPACITY