1  DAVID CHIU, State Bar #189542
   City Attorney
2  JAMES HANNAWALT, State Bar #139657
   Acting Chief Trial Attorney
3  SABRINA M. BERDUX, State Bar #248927
   KAITLYN MURPHY, State Bar #293309
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, 6th Floor
   San Francisco, California 94102-5408
6  Telephone:      (415) 554-3929 [Berdux]
   Telephone:      (415) 554-6762 [Murphy]
7  Facsimile:      (415) 554-3837
   E-Mail:         sabrina.m.berdux@sfcityatty.org
8  E-Mail:         kaitlyn.murphy@sfcityatty.org

9  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO and
10 PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13 KENYON NORBERT, TROY                        Case No. 19-cv-02724-SK (LB)
   MCALLISTER, MARSHALL HARRIS,
14 ARMANDO CARLOS, MONTRAIL                    **DEFENDANTS' OMNIBUS RESPONSE RE:**
   BRACKEN, MICHAEL BROWN AND JOSE            **POST TRIAL ISSUES AND MOTIONS**
15 POOT, ON BEHALF OF THEMSELVES
   INDIVIDUALLY AND OTHERS
16 SIMILARLY SITUATED, AS A CLASS             Trial Date:        August 8, 2023
   AND SUBCLASS,
17
          Plaintiffs,
18
          vs.
19
   SAN FRANCISCO COUNTY SHERIFF'S
20 DEPARTMENT, CITY AND COUNTY OF
   SAN FRANCISCO, SAN FRANCISCO
21 SHERIFF VICKI HENNESSY; CHIEF
   DEPUTY SHERIFF PAUL MIYAMOTO;
22 CAPTAIN JASON JACKSON, CAPTAIN
   MCCONNELL AND JOHN AND JANE
23 DOES, NOS. 1 -50,

24        Defendants.

25

26

27

28

Defendants' Omnibus Response                    n:\lit\li2019\191337\01703417.docx
Case No. 19-cv-02724-SK (LB)

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................... ii

I.    SAN FRANCISCO'S CONDITIONAL NON-OPPOSITION TO PLAINTIFFS'
      REQUEST TO SEAL MEDICAL RECORDS........................................................1

II.   THE COURT SHOULD STRIKE KEN LOMBA'S TESTIMONY.......................2

      A.    Plaintiffs Used Ken Lomba to Admit Fact Testimony Without
            Disclosing Him As a Fact Witness ...........................................................2

      B.    Mr. Lomba's Expert Testimony at Trial Exceeded Plaintiffs' Late Rule
            26(a)(2)(C) Disclosure ..............................................................................4

III.  DEFENDANTS MOVE TO STRIKE TESTIMONY OF JOSHUA BELOY ........5

IV.   REQUEST FOR JUDICIAL NOTICE (ECF NO. 430) .........................................7

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Amezcua v. Boon*
    754 Fed. Appx. 551 (9th Cir. 2018)...........................................................................5

*Brutsche v. City of Federal Way*
    300 Fed. Appx. 552 (9th Cir. 2008)...........................................................................6

*Christensen v. Goodman Distribution, Inc.*
    2021 WL 71799 (E.D. Cal. Jan. 8, 2021) ..................................................................5

*Daly v. Far Eastern Shipping Co. PLC*
    238 F.Supp.2d 1231 (W.D. Wash. 2003)...................................................................7

*Duff v. Page*
    249 F.2d 137 (9th Cir. 1957) .....................................................................................3

*Emerick v. U.S. Suzuki Motor Corp.*
    750 F.2d 19 (3d Cir. 1984) .........................................................................................6

*Faigin v. Kelly*
    184 F.3d 67 (1st Cir. 1999)......................................................................................6, 7

*Goncharenko v. Royal Caribbean Cruises, Ltd.*
    734 Fed. Appx. 645 (11th Cir. 2018).........................................................................5

*Gossett v. Weyerhauser Co.*
    856 F.2d 1154 (8th Cir. 1988) ...................................................................................6

*Mansur Properties LLC v. First American Title Ins. Co.*
    635 F.Supp.3d 1116 (W.D. Wash. 2022)...................................................................6

*Parenti v. Cnty. of Monterey*
    2017 WL 2457876 (N.D. Cal. May 10, 2017)...........................................................5

*People v. Kinder Morgan Energy Partners, L.P.*
    159 F.Supp.3d 1182 (S.D. Cal. 2016)........................................................................6

*Robinson v. HD Supply, Inc.*
    2013 WL 5817555 (E.D. Cal. Oct. 29, 2013).............................................................5

*Settling Devotional Claimants v. Copyright Royalty*
    797 F.3d 1106 (D.C. Cir. 2015) .................................................................................6

*Shenwick v. Twitter, Inc.*
    2021 WL 1232451 (N.D. Cal. Mar. 31, 2021)...........................................................5

*Skogen v. Dow Chem. Co.*
    375 F.2d 692 (8th Cir. 1967) ..................................................................................6, 7

**Rules**

Federal Rule of Civil Procedure 26 ..................................................................................2

Federal Rule of Civil Procedure 26(a)(1) .......................................................................4

Federal Rule of Civil Procedure 26(a)(2)(C) ...............................................................4, 5

Federal Rule of Evidence 201 .........................................................................................8

Federal Rule of Evidence 401 .........................................................................................7

Federal Rule of Evidence 402 .........................................................................................7

Federal Rule of Evidence 702 .........................................................................................4

Federal Rule of Evidence 703 .........................................................................................4

Federal Rule of Evidence 705 .........................................................................................4

Defendants City and County of San Francisco, and Sheriff Paul Miyamoto, in his official capacity ("San Francisco" or "City"), submit the following responses to four issues the Court permitted the parties to brief post-trial: (1) Plaintiffs' request to seal the medical records admitted into evidence; (2) Defendants' Motion to strike portions of Ken Lomba's testimony; (3)  Defendants' motion to strike the rebuttal testimony of Joshua Beloy; and (4) Plaintiffs' request for judicial notice of certain California state regulations.

## I.   SAN FRANCISCO'S CONDITIONAL NON-OPPOSITION TO PLAINTIFFS' REQUEST TO SEAL MEDICAL RECORDS

The Court admitted medical records from the three class representatives as trial exhibits. (Exs. 9, 241, 248, 254, 1272, 1276, 1278.) After these exhibits were introduced, Plaintiffs sought to redact or seal the exhibits on the basis of the class representatives' privacy and/or confidentiality concerns. Defendants understand Plaintiffs do not seek to seal the transcript of any witness testimony discussing medical issues, only the medical records themselves.

The City takes no position on whether or not it is appropriate for the Court to seal Plaintiffs' medical records. However, to the extent the Court's order regarding Plaintiffs' motion requires the parties to manually redact documents that are already in evidence, the City objects to an order that would require it to perform any of the sealing or redacting. The medical records the City submitted were only offered to complete the medical histories of the three class representatives when Plaintiffs sought to introduce incomplete records for those three inmates. The exhibits needed to complete those records, Exhibits 1272, 1276, and 1278, are voluminous and encompass more than 2,900 pages. Had Plaintiffs timely raised their concern regarding the confidentiality of medical records prior to trial, the City would have been able to deal with these issues before they printed copies of the relevant medical records, but given that Plaintiffs did not raise this issue until midway through trial, the City had already created its hard copies of these exhibits. Additionally, Plaintiffs are the party with an interest in sealing these records and are best positioned to identify which, if any, portions of the medical records need to be redacted or sealed to conform to their request. Accordingly, to the extent the Court orders manual redaction of the records in evidence, the City requests the Court order Plaintiffs to perform any such redaction.

1  **II.    THE COURT SHOULD STRIKE KEN LOMBA'S TESTIMONY**

2         Defendants moved in limine to exclude Ken Lomba from testifying at trial on the grounds that

3  he was a fact witness that was not timely disclosed and Plaintiffs attempted to cure their mistake by

4  disclosing him, also late, as a non-retained expert. (ECF Nos. 350, 350-1 through 350-10.) Now that

5  Mr. Lomba has testified, it has become clear that he was not an expert, either retained or non-retained,

6  and his fact-based testimony should be stricken from the record. Accordingly, the City moves to strike

7  all testimony offered by Ken Lomba at trial that was not an opinion. This includes the following page

8  and line numbers, all from Volume 3 of the trial transcript: 512:18-513:5; 513:22-524:13; 525:2-

9  526:23; 527:17-559:10; 559:23-566:6; 570:8-576:16; 579:17-586:1; 586:6-590:10; 594:21-606:13;

10 607:22-608:4; 608:14-25; and 610:10-611:17. (Exhibit A) The City also moves to strike Mr. Lomba's

11 opinion testimony on issues of recruitment as irrelevant and beyond the scope of Plaintiffs' expert

12 disclosure.

13         **A.    Plaintiffs Used Ken Lomba to Admit Fact Testimony Without Disclosing Him As a**
          **Fact Witness**
14

15         Mr. Lomba is the President of the San Francisco Deputy Sheriff's Association. Plaintiffs did

16 not list him as a fact witness in their Rule 26 disclosures and the City did not depose him before the

17 close of fact discovery. Instead, in their amended expert witness disclosure Plaintiffs listed Mr. Lomba

18 as an unretained expert, who would offer opinion testimony regarding the roles of deputy sheriffs, the

19 direct supervision model in the jail, staffing and its impact, and the goals values and objectives of the

20 San Francisco Sheriff's Office.

21         Despite disclosing him as an expert, Plaintiffs consistently considered Mr. Lomba a fact

22 witness in their case before and during trial. Plaintiffs referred to Mr. Lomba as a fact witness in their

23 summary judgment briefing. (ECF No. 266 at 17 ("Mr. Lomba has been designated as a rebuttal fact

24 witness by Plaintiffs' counsel."). And when Plaintiffs initially sought to qualify Mr. Lomba as an

25 expert at trial, they moved to have Mr. Lomba "qualified as a fact expert." (Tr. Vol. 3 565:19-20.)

26         The vast majority of Mr. Lomba's testimony at trial was limited to factual matters in which he

27 should have been disclosed as a fact witness during fact discovery. Mr. Lomba gave very few actual

28 opinions at trial.

The referenced portions of Mr. Lomba's testimony should be stricken because they do not offer expert opinions. Instead, these portions of his testimony discuss Mr. Lomba's work history with the SFSO, including his role as the President of the Deputy Sheriff's Association (509:11-25); factual information about how COVID-19 protocols were implemented in the jail (512:18-513:5); and information about the SFSO's organizational structure, staff schedules in the custody division and the effects of a staffing shortage (513:22-524:13.) The overwhelming majority of his testimony was factual information about staffing levels in CJ3 (525:2-526:23; 527:17-559:10; 608:14-25), the Deputy Sheriff's Association's position on jail policies (559:23-566:6), staffing and recruitment efforts in the jail (570:8-576:16; 579:17-586:20; 586:11-15; 588:20-590:2; 594:21-606:13) and deputy salaries (610:10-611:17.) None of this was opinion testimony.

At the conclusion of Mr. Lomba's testimony the Court stated: "I'm a little bit puzzled by the fact that Mr. Lomba is testifying as an expert, because I didn't hear a lot of opinions in his testimony. He have a lot of factual background about what happened during the course of his dealings as DSA President with the Sheriff's Department . . . A lot of what Mr. Lomba talked about, was recruitment, which was not even in the list that was provided to me as an area of expertise and appeared to be just factual." (Tr. Vol. 3 612:6-21.) The Court's observations are correct and the referenced testimony should be stricken because it does not contain opinion testimony within the topics for which Plaintiffs' disclosed Mr. Lomba as an expert.

Mr. Lomba did not in fact offer expert testimony. Rule 702 allows an expert witness to "testify in the form of an opinion." However, "when the subject of inquiry is one which common knowledge would enable one to decide, it is not a proper subject for expert testimony." *Duff v. Page,* 249 F.2d 137, 140 (9th Cir. 1957). Ken Lomba offered facts regarding staffing, the direct supervision model in County Jail 3, recruitment efforts by the Deputy Sheriff's Association and the Sheriff's Office. He testified that staffing shortages are causing his members to be overworked or tired and that when staffing shortages lead to increased "lockdowns" the conditions of the deputies in jail is difficult because incarcerated persons because more difficult to supervise. The remainder of Mr. Lomba's testimony summarized Sheriff's Office documents such as staffing reports and criticized the Sheriff's Office recruitment efforts. Neither of which are the subject of specialized knowledge that would assist

the trier of fact. The facts may have been informative, but they did not give rise to expert opinion and he should have instead been disclosed as a fact witness.

Plaintiffs' failed to disclose Ken Lomba during the three-year period of fact discovery as required by Federal Rule of Civil Procedure 26(a)(1) even after the City sent them a reminder about the need to update their discovery responses before trial. (ECF No. 350-2, 250-4.) Accordingly, the Court should strike the above-referenced portions of Mr. Lomba's testimony.

**B.      Mr. Lomba's Expert Testimony at Trial Exceeded Plaintiffs' Late Rule 26(a)(2)(C) Disclosure**

Mr. Lomba's expert testimony on issues of recruitment should also be stricken. First, the issue of recruitment is irrelevant to the challenged conditions of confinement. Second, Plaintiffs did not disclose Mr. Lomba as an expert on issues of recruitment and their failure to do so prejudiced the City.

Rule 26(a)(2)(C) requires a party to provide the following information with its expert disclosure for any expert not required to prepare a report: "[1] the subject matter about which the witness is expected to testify under Federal Rules of Evidence 702, 703, or 705; and [2] a summary of the facts and opinions to which the witness is expected to testify."

Plaintiffs disclosed Mr. Lomba as a non-retained expert in on September 2, 2022. (ECF No. 350-7) This disclosure did not describe either the expected subject matter of his testimony or a summary of the facts and opinions about which he was expected to testify as required by Rule 26(a)(2)(C). Only after the City wrote Plaintiffs stating it intended to move to exclude Mr. Lomba at trial because Plaintiffs' disclosure did not contain the required information did Plaintiffs provide an "amended" disclosure containing the five topics about which Lomba would testify. (ECF Nos. 350-8, 350-9; 350-10.) The problem with Plaintiffs' amended disclosure is that it was still underinclusive based on the testimony Mr. Lomba offered at trial.

Plaintiffs' amended expert disclosure indicated Mr. Lomba would offer testimony about (1) the roles and tasks of Sheriff's Office employees; (2) the direct supervision model; (3) staffing levels at CJ3; (4) the impact of staffing levels; and (5) the history and development of the Sheriff's Office's goals in terms of custody. Plaintiffs' amended expert disclosure did not disclose that Mr. Lomba would offer testimony regarding recruitment issues.

Where an expert disclosure does not fairly disclose the topics of the expert's opinions, those opinions should not be admitted. See e.g., *Robinson v. HD Supply, Inc.*, No. 2:12-cv-00604-GEB-AC, 2013 WL 5817555, at *2 (E.D. Cal. Oct. 29, 2013) (excluding expert where disclosure "suggests the subject matter of [expert] testimony but fails to provide a summary of the facts and opinions to which the witness[es] [are] expected to testify"); *Amezcua v. Boon*, 754 Fed. Appx. 551, 553 (9th Cir. 2018) (criticizing disclosure that provided only a "general overview of topics" as insufficient); *Christensen v. Goodman Distribution, Inc.*, No. 2:18-CV-2776-MCE-KJN, 2021 WL 71799, at *4 (E.D. Cal. Jan. 8, 2021) ("That highly generalized statement does not qualify as a 'summary' of [the witness'] opinions for purposes of Rule 26(a)(2)(C)."). "Allowing this type of vague reference defeats the purpose of the Federal Rules," which are increasing efficiency and reducing unfair surprise. *Goncharenko v. Royal Caribbean Cruises, Ltd.*, 734 Fed. Appx. 645, 647 (11th Cir. 2018) (affirming exclusion); *see also Shenwick v. Twitter, Inc.*, Case No. 16-cv-05314-JST, 2021 WL 1232451, at *1 (N.D. Cal. Mar. 31, 2021) (stating Rule 37 is "intended to put teeth into the mandatory … disclosure requirements).

The City was harmed by Plaintiffs' failure to fully describe the topics about which Mr. Lomba would offer expert testimony in their expert disclosure. Its "ability to prepare for and conduct a meaningful deposition [was] undermined by not knowing in advance [the witness's] opinions and the main facts on which those opinions are based." *Parenti v. Cnty. of Monterey*, Case No. 14-cv-05481-BLF (SVK), 2017 WL 2457876, at *3 (N.D. Cal. May 10, 2017), *report and recommendation adopted*, 2017 WL 2438545 (N.D. Cal. June 6, 2017); *Christensen v. Goodman Distribution, Inc.*, 2021 WL 71799, at *3 (holding amended disclosure "still fails to satisfy Rule 26(a)(2)(C) because they do not include a summary of the facts and opinions to which each witness is expected to testify").

Mr. Lomba's testimony regarding any and all recruitment matters should therefore be stricken because it was not expert testimony and it was not disclosed as expert testimony.

## III.    DEFENDANTS MOVE TO STRIKE TESTIMONY OF JOSHUA BELOY

Plaintiffs offered testimony from inmate Joshua Beloy in their rebuttal case. Mr. Beloy is no longer a class member. Although incarcerated in CJ3, he was recently convicted on several felony counts of rape and is therefore no longer pre-trial. Defendants move to strike Mr. Beloy's testimony in

1  its entirety because it was not rebuttal testimony. Specifically, Defendants request that the Court strike

2  following pages of the trial transcript: 1582:24-1583:20; 1584:6-1585:7; 1585:13-24.

3      "It is well-settled that evidence which properly belongs in the case-in-chief but is first

4  introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the

5  orderly presentation of proof." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984).

6  *Mansur Properties LLC v. First American Title Ins. Co.*, 635 F.Supp.3d 1116, 1132-33 (W.D. Wash.

7  2022) ("rebuttal witness may only provide evidence that contradicts or rebuts unforeseen evidence

8  presented by the opposing party"); *People v. Kinder Morgan Energy Partners, L.P.*, 159 F.Supp.3d

9  1182, 1191-92 (S.D. Cal. 2016) ("Normally, parties are expected to present all of their evidence in

10 their case in chief") (quoting *Skogen*, 375 F.2d at 705).

11     Plaintiffs may not use rebuttal evidence "merely to bolster the plaintiff[s'] case-in-chief."

12 *Brutsche v. City of Federal Way*, 300 Fed. Appx. 552, 553 (9th Cir. 2008). To be admissible, the

13 subject and content of rebuttal testimony must relate to topics Plaintiffs could not have foreseen as

14 being offered during defendant's case-in-chief. *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999); *Braun*,

15 84 F.3d at 237. "When, as here, the proposed rebuttal testimony could have been included in the same

16 witness' direct examination," this Court can and should exclude it. *Settling Devotional Claimants v.*

17 *Copyright Royalty*, 797 F.3d 1106, 1118 (D.C. Cir. 2015) (quotation omitted); *Gossett v. Weyerhauser*

18 *Co.*, 856 F.2d 1154, 1156-57 (8th Cir. 1988) (affirming exclusion of rebuttal from expert that "should

19 have been presented during the [plaintiffs'] case in chief").

20     Mr. Beloy's testimony at trial did not cover unforeseen matters. Mr. Beloy first testified

21 regarding periods of time during COVID in which he did not receive out of cell time. He then testified

22 about having contracted COVID, his symptoms, and the jail's medical response. Out-of-cell time and

23 the jails' response to COVID were central issues in the trial and the subject of testimony by multiple

24 witnesses in Plaintiffs' case and offered by Defendants. There was nothing offered by Mr. Beloy that

25 was not known to Plaintiffs' counsel before trial and should have been included in their case-in-chief.

26 The Court recognized in real time that Mr. Beloy's testimony was not in fact rebuttal, asking "Okay,

27 And how is this rebuttal? Who is he rebutting?" (Tr. Vol. 7 1364:9-10.)

28 ///

Courts routinely exclude rebuttal testimony on issues that "were known to plaintiffs when they presented their case in chief." *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 705-06 (8th Cir. 1967); *Daly v. Far Eastern Shipping Co. PLC*, 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003) ("Rebuttal evidence is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief. . . . When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry") (internal quotation of *Faigin* omitted). Mr. Beloy's testimony was not rebuttal evidence and should be stricken here.

## IV.     REQUEST FOR JUDICIAL NOTICE (ECF NO. 430)

Plaintiffs seek judicial notice of (1) 2001 California Building Code, Section 470A; (2) the existence and content of the 2007 California Building Code, Section 1231; (3) the existence and content of the 2013 Title 24 Minimum Standards for Local Detention Facilities; (4) the existence and content of the 2021 Final Proposed Revisions of Title 24; (5) the history of the California Building Standards Code, Title 24; and (6) Plaintiffs argument that Defendant did not comply with the California Building Code in failing to provide an outside exercise area. (ECF No. 430 2:1-12; Tr. Vol. 7 1596:6-14.)

The specific code and regulatory sections Plaintiffs cite are irrelevant pursuant to FRE 401 and 402 and therefore not properly subject to judicial notice. The Court has already ruled that "whether Defendant complied with the California Building Code does not appear to be relevant to the issue of the Fourteenth Amendment."  (ECF No. 387, Pg. 2:21-22) In so doing, a number of Defendants' disclosed exhibits have been sustained upon Plaintiffs' objections, including 1,000 pages of subpoenaed records from the Board of State and Community Corrections California (BSCC), the entity responsible for enforcing Plaintiffs requested codes. (ECF No. 428, re: Exhibit 1063) In respect of and reliance on the Court's ruling on Motions in Limine, Defendants withdrew a "Primary Witness" identified to testify from the BSCC, Steve Wicklander. (ECF Nos. 387, 421, 362)

Additionally, Plaintiffs seek judicial notice not just of the actual text of these regulations, but of Plaintiffs' interpretive legal argument that San Francisco did not comply with state and local regulations. A court should not judicially notice a fact that is not subject to a reasonable dispute. FRE

1   201. Defendants dispute they did not comply with BSCC regulations because they never received any

2   violations from the BSCC for its recreation facilities. Defendants disputed and intended to provide a

3   defense to Plaintiffs allegations is evidenced by the exhibits and witnesses proffered in pre-trial

4   pleadings and by prior pleadings in this case. (*E.g.* ECF No. 260)

5        Plaintiffs Request for Judicial Notice also proffers extensive legislative history, not

6   adjudicative facts. The legislative history may or may not be complete and therefore potentially

7   inaccurate. For example, no analysis has been proffered by counsel or disclosed in expert reports

8   regarding the applicability of new codes or standards to pre-existing buildings. Defendants have not

9   had the opportunity to review the legislative history and what are likely additional existing legal

10  opinions other than what Plaintiffs have provided. Accordingly, Defendants are also unduly prejudiced

11  by Plaintiffs requests.

12       To the extent Plaintiffs seek judicial notice of correctional standards that are not binding on

13  this Court they are irrelevant. As this Court stated during trial: "You may file the request for judicial

14  notice. Whether I will take judicial notice or not remains to be seen. Also, whether I find it to be

15  relevant remains to be seen. Again, let me remind you, the Ninth Circuit and the Supreme Court are

16  the only entities to which I answer. I do not answer to [international standards]. I do not answer to

17  [standards from professional organizations]." (Tr. 993:14-21.) The standards Plaintiffs seek judicial

18  notice of are irrelevant to the Court's charge in this case. For the foregoing reasons, Plaintiffs' request

19  for judicial notice must be denied in its entirety.

20  Dated:  September 7, 2023

21                                       DAVID CHIU
                                         City Attorney
22                                       JAMES HANNAWALT
                                         Acting Chief Trial Deputy
23                                       SABRINA M. BERDUX
                                         KAITLYN MURPHY
24                                       Deputy City Attorneys

25                                   By: */s/ Sabrina M. Berdux*
                                         SABRINA M. BERDUX
26
                                         Attorneys for Defendants
27                                       CITY AND COUNTY OF SAN FRANCISCO and
                                         SHERIFF PAUL MIYAMOTO, IN HIS OFFICIAL
28                                       CAPACITY