**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MONTRAIL BRACKENS, TROY MCALLISTER, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF PAUL MIYAMOTO,<br><br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br>**PLAINTIFFS' RESPONSE TO COURT'S FOUR POST-TRIAL EVIDENTIARY QUESTIONS**<br><br>**Trial Date: August 8, 2023**<br><br>**Judge: Hon. Sallie Kim** |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 5 |
| II. | MEDICAL RECORDS OF CLASS REPRESENTATIVES SHOULD BE SEALED | 5 |
| | A. EXHIBITS AT ISSUE | 7 |
| | B. THE MAJORITY OF THE EXHIBITS ARE CONFIDENTIAL DOCUMENTS UNDER THIS COURT'S PROTECTIVE ORDER | 7 |
| | C. THE EXHIBITS AT ISSUE ARE PROTECTED FROM DISCLOSURE UNDER THE FIFTH AMENDMENT'S PRIVILEGE AGAINST SELF INCRIMINATION | 8 |
| | D. THE EXHIBITS ARE PROTECTED FROM DISCLOSURE AS CONFIDENTIAL MEDICAL RECORDS | 10 |
| | E. BURDEN OF REDACTING SHOULD NOT BE SHIFTED TO PLAINTIFFS | 10 |
| | F. ALTERNATIVELY, COURT SHOULD ORDER ONLY CITED MEDICAL RECORDS TO BE ENTERED INTO EVIDENCE | 11 |
| III. | KEN LOMBA | 11 |
| | A. KEN LOMBA'S TRIAL TESTIMONY | 11 |
| | B. STAFF REPORTS CREATED BY SHERIFF'S DEPARTMENT | 14 |
| IV. | JOSHUA BELOY | 15 |
| V. | REQUEST FOR JUDICIAL NOTICE FOR STANDARDS ESTABLISHING COMMUNITY STANDARDS | 16 |

# TABLE OF AUTHORITIES

Cases

*Abbey v. Hawaii Employers Mut. Ins. Co.,* 2010 U.S. Dist. LEXIS 120881, 2010 WL4715793 (D. HI. Nov. 15, 2010) .................................................................................................................. 10

*Babu v. County of Alameda* 5:18-cv-07677 NC ....................................................................... 16

*Broomfield v. Aranas,* 2020 U.S. Dist. LEXIS 267551, 2020 WL 2549945 (D. Nev., May 19, 2020) ........................................................................................................................................ 10

*Cantu v. United States*, 2015 U.S. Dist. LEXIS 191395, 2015 WL 12743881 ............................... 13

*Cantu v. United States*, Case No. CV 14-00219 MMM (JCGx), 2015 U.S. Dist. LEXIS 191395, 2015 WL 12743881 (C.D. Cal. 201) ........................................................................ 14

*Doe v. United States*, 487 U.S. 201 (1988) ................................................................................. 9

*Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122 (9th Cir. 2003) .................................. 5, 6

*G. v. Hawaii*, 2010 U.S. Dist. LEXIS 63199, 2010 WL 267483 (D.HI. June 25, 2010) .............. 10

*Hagestad v. Tragesser*, 49 F.3d 1430 (9th Cir. 1995) .................................................................. 5

*Kastigar v. United States*, 406 U.S. 441 (1972) .......................................................................... 9

*Lefkowitz v. Cunningham*, 431 US 801 (1977) ........................................................................... 8

*Lombardi v. TriWest Healthcare Alliance Corp.,* 2009 U.S. Dist LEXIS 41693, 2009 WL 1212170 (D. Ariz. May 4, 2009) ............................................................................................ 10

*Malloy v. Hogan*, 378 U.S. 1 (1964) ............................................................................................ 9

*Marron v. United States* (9th Cir, 1925) 8 F.2d 251 ................................................................. 15

*McCarthy v. Arndstein*, 266 U.S. 34 (1924) ................................................................................ 9

*Nixon v. Warner Communications, Inc*., 435 U.S. 589 (1978) .................................................... 5

*San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 U.S. Dist. LEXIS 4100, 2011 WL 89931 (N.D. Cal. Jan. 10, 2011) .................................................................................... 10

*United States v. Batts* (9th Cir. 1978) 573 F. 2d 599 ................................................................ 15

*Wilkins v. Ahern*, 2010 U.S. Dist. LEXIS 110927, 2010 WL3755654 (N.D. Cal. Sept. 24, 2010) ........................................................................................................................................ 10

Rules

Fed. R. Civ. P. 26 ................................................................................................................... 15

Fed. R. Civ. P. 26(a) ............................................................................................................... 14

Fed. R. Civ. P. 26(a)(2)(C) .................................................................................................... 13

Fed. R. Civ. P. 37(c)(1) ......................................................................................................... 14

Fed. R. Evid. 702 ................................................................................................................... 13

N.D. Cal. Civil L.R. 5-1(i)(3) ................................................................................................ 17

N.D. Cal. Civil L.R. 7-11 .........................................................................................................5

N.D. Cal. Civil L.R. 79-5 ..................................................................................................... 5, 8

N.D. Cal. Civil L.R. 79-5(c)(1) ............................................................................................... 6

N.D. Cal. Civil L.R. 79-5(e) .................................................................................................... 8

N.D. Cal. Civil L.R. 79-5(e)(2) ............................................................................................... 8

N.D. Cal. Civil L.R. 79-5(g)(2) ......................................................................................... 7, 11

## I. INTRODUCTION

At the conclusion of the trial, the Court directed the parties to brief certain questions. The issues were:

1) How to handle the medical records; whether redaction suffices, or whether the records should be sealed, and the legal basis for such actions. Tr at 1595:19-20;

2) Defense motion to strike the testimony of Ken Lomba; Tr at 1595: 22-23;

3) Testimony of Joshua Beloy. Tr at 1596 2-4;

4) Standards for what local jails, including the standards for local jails to receive federal prisoners. Tr at 1596 at 9-14.

Each is addressed in turn below, and Declarations of Yolanda Huang, Rachel Doughty, Paul M. Dennison, Scott Grant, and Alexandria Carl are filed herewith in support.

## II. MEDICAL RECORDS OF CLASS REPRESENTATIVES SHOULD BE SEALED

Plaintiffs, by and through their counsel of record, seek an order allowing certain exhibits previously introduced into evidence at trial to be filed under seal, pursuant to the provisions of Civil Local Rules 7-11 and 79-5, as well as the Protective Order previously issued in this case (ECF 48). The exhibits are medical records pertaining to one or more Plaintiffs in this action. Each of the Plaintiffs is a pre-trial detainee awaiting trial on criminal law charges.

The 9th Circuit has a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). This right of access, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* The U.S. Supreme Court has stated that when presented with a request to seal records, a court should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978). The Supreme Court also acknowledged that the decision is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). If the

district court conscientiously balances the competing interests and articulates compelling reasons supported by specific factual findings, its decision will be reviewed only for an abuse of discretion." *Foltz*, 331 F.3d at 1135.

Local Rule 79-5(c)(1) requires parties seeking to seal documents to provide the Court with:

> (1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>
> (i) the legitimate private or public interests that warrant sealing;
>
> (ii) the injury that will result if sealing is denied; and
>
> (iii) why a less restrictive alternative to sealing is not sufficient;
>
> (2) evidentiary support from declarations where necessary; and
>
> (3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

Pursuant to the provisions of Local Rule 79-5(c)(1) these documents should be submitted and kept under seal for the following reasons:

(i) Each of the Plaintiffs whose medical records are sought to be sealed has a right under the United States Constitution to assert his 5th Amendment rights as to these documents. Further, each of these Plaintiffs has a legitimate expectation that these records will remain private. There is also no public interest that warrants allowing these medical records to be made public.

(ii) The injury to each Plaintiff if sealing is denied is substantial. First, allowing public access to these records could adversely impact each Plaintiff's upcoming trial in their criminal cases. Second, the public disclosure of these records allows unnecessary and unwarranted intrusion into private health matters which are of no legitimate public concern.

(iii) There is no less restrictive alternative to sealing of these records. At trial, there was discussion of perhaps submitting these records with redactions being made of each Plaintiff's name, inmate number, and Social Security number. However, such redactions do not prevent a member of the public from ascertaining the identity of each Plaintiff through a review of such factors as date of incarceration, family history, and past employment and educational histories. Further, the attorneys for each of the Plaintiffs in their criminal cases have specifically requested

that these confidential medical records be sealed for the protection of their clients, and have stated that redactions do not adequately protect the legal interests of their clients.

Finally, under Local Rule 79-5(g)(2), "When the Court denies a motion to seal, it will determine whether to consider the information sought for sealing and require its public filing, permit its withdrawal without considering the information, or order any other disposition it deems proper."

### A.   EXHIBITS AT ISSUE

The exhibits which Plaintiffs seek to have filed under seal are the medical records of Plaintiffs which were offered into evidence by both Plaintiffs and Defendants, and specifically, the following:[1]

Medical Records pertaining to Plaintiff Montrail Brackens: Exhibits 9A (pp. 2-1112 of original Exh. 9) 241, 1272 A-E;

Medical Records pertaining to Plaintiff Troy McAlister: Exhibits 9E (pp. 3013-5384 of original Exh. 9), 248, and 1276 A-F; and

Medical Records pertaining to Plaintiff Jose Poot: Exhibits 9G (pp. 6284-6490 of original Exh. 9), 254, and 1278 A-F.[2]

### B.   THE MAJORITY OF THE EXHIBITS ARE CONFIDENTIAL DOCUMENTS UNDER THIS COURT'S PROTECTIVE ORDER

On September 178, 2019, this Court entered a Protective Order in this case, which is still in full force and effect (ECF 48). The vast majority of the documents which are the subject of this motion have been designated as "Highly Confidential-Attorneys' Eyes Only." The only exceptions are Plaintiffs' Exhibits 241, 248 and 254, which were obtained by Plaintiffs' counsel. Those three exhibits consist of medical records and should, as a matter of law, be accorded the same privacy protections as those medical records bearing express confidentiality notices under existing statutory and case law. *See* Section II.D below, below.

---

[1] See Tr at 822 et seq. Plaintiffs and Defendants originally included records of additional individuals, but those were not admitted to evidence. To the extent Exhibits 9B, 9C, 9D, and 9F were admitted, they should be withdrawn. Doughty Decl.

Paragraph 14.3 of the Protective Order contains the following requirement for the filing of protected material:

> Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

Plaintiffs have complied with Civil Local Rule 79-5 by setting forth the reasons for allowing these confidential medical records to be submitted under seal in Section **Error! Reference source not found.**.

### C.  THE EXHIBITS AT ISSUE ARE PROTECTED FROM DISCLOSURE UNDER THE FIFTH AMENDMENT'S PRIVILEGE AGAINST SELF INCRIMINATION

Each of the Plaintiffs is a pre-trial detainee awaiting trial on one or more criminal charges. None of the Plaintiffs have waived their rights to protection under this Court's Protective Order. In addition, each of the Plaintiffs whose medical records are at issue assert their 5th Amendment rights against self-incrimination as to their medical records which are the subject of this Motion.

A person may not be compelled to give testimony in any proceeding, civil or criminal, formal or informal, before administrative, legislative or judicial bodies, when that person's answers may tend to incriminate him in future criminal proceedings. *See Lefkowitz v. Cunningham*, 431 US 801, 804-805 (1977) (Fifth Amendment privilege available in criminal as well as civil proceedings where the testimony might later subject the witness to criminal prosecution). The privilege against self- incrimination "'can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory,' in which the witness reasonably believes that the information sought, or discoverable as a result of his testimony, could be used in

a subsequent state or federal criminal proceeding." *Kastigar v. United States*, 406 U.S. 441 (1972). The privilege "applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). The privilege against self-incrimination protects not only the compelled disclosure of oral testimony but also may protect the compelled disclosure of certain types of documents and other personal property. *Malloy v. Hogan*, 378 U.S. 1 (1964), *Doe v. United States*, 487 U.S. 201, 209 (1988).

Paul M. Dennison is the criminal defense attorney for Plaintiff Montrail Brackens. In his attached sworn declaration, Mr. Dennison asserts all of Mr. Brackens' rights, including those arising under the constitutions of the United States and the State of California, as well as those established by statue and case law. Mr. Dennison has requested that the entirety of Mr. Brackens' medical records be sealed. Declaration of Paul Dennison, filed herewith ("Dennison Decl."), ¶4. Mr. Dennison also confirms that Mr. Brackens has never waived his rights under the protective order and that sealing of the medical records is appropriate and necessary to protect Mr. Brackens' rights as a pretrial detainee. Dennison Decl., ¶5.

Scott Grant is a deputy public defender with the San Francisco Public Defender. He is the criminal defense attorney for Plaintiff Troy McAlister. Mr. Grant requests that the entirety of Mr. McAlister's medical records be sealed. Mr. Grant states similar concerns as that articulated by Mr. Dennison. In addition to the concerns regarding Mr. McAlister's right to privacy, Mr. Grant states that Mr. McAlister's pending criminal case has been extensively covered in the local news, and there has been significant public interest in the case. If these medical records are made public, they would subject Mr. McAlister to review by local and national news outlets, potentially making details, which are private, to be made publicly available, and inappropriately publicized. Mr. Grant requests, that if the Court orders redaction, that he be provided the opportunity to review the redacted documents for completion and appropriateness before they are made public. Given the time and effort involved to redact 2,400 pages, the multi-steps for review, it would be in the interests of not just Mr. McAlister's privacy, but judicial resources in reviewing the process, to

seal the entirety of Mr. McAlister's medical records, which is Mr. Grant's request. *See* Declaration of Scott Grant, filed herewith.

Alexandra Carl is the criminal defense attorney for Jose Poot. Ms. Carl has only recently taken over Mr. Poot's defense. She verbally communicated that she would like Mr. Poot's medical records sealed, but has not forwarded an executed declaration. Huang Decl. ¶ 19.

### D.  THE EXHIBITS ARE PROTECTED FROM DISCLOSURE AS CONFIDENTIAL MEDICAL RECORDS

It is well-established in the 9th Circuit that medical privacy merits sealing medical records. *Broomfield v. Aranas,* 2020 U.S. Dist. LEXIS 267551, 2020 WL 2549945 (D. Nev., May 19, 2020). The Court in *Broomfield* stated that:

> This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g.*, *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 U.S. Dist. LEXIS 4100, 2011 WL 89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.,* 2010 U.S. Dist. LEXIS 120881, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 U.S. Dist. LEXIS 63199, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010); *Wilkins v. Ahern*, 2010 U.S. Dist. LEXIS 110927, 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.,* 2009 U.S. Dist LEXIS 41693, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009). This is because a person's medical records contain sensitive and private information about their health. While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Eighth Amendment, that does not mean that the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

*Broomfield,* 2020 U.S. Dist. LEXIS at *4.

Here, there is no genuine public interest that justifies the making these confidential medical records public. Accordingly, the Court should grant Plaintiffs' Motion to File Records Under Seal.

### E.  BURDEN OF REDACTING SHOULD NOT BE SHIFTED TO PLAINTIFFS

At trial, this Court directed Defendants to make redactions of medical records. Court, Tr. 1355:6-9. Defendants are expected to propose that that burden be shifted to Plaintiffs. Plaintiffs

oppose this. There is no reason to shift that burden to Plaintiffs. Since trial, Plaintiffs suggested a stipulation to withdraw those portions of the exhibits which are records not cited to by either party in a post-trial briefs, in order to (1) reduce the burden of redaction and (2) minimize the chance of disclosing private medical records which are not relied upon anyhow by the parties. Defendants would not agree to this proposal. Doughty Decl. ¶ 3. Because it is Defendants then who seek to retain the vast number of pages of medical records, it is Defendants who should bear the burden of redaction.

### F.  ALTERNATIVELY, COURT SHOULD ORDER ONLY CITED MEDICAL RECORDS TO BE ENTERED INTO EVIDENCE

Under Local Rule 79-5(g)(2) this Court has discretion to "order any other disposition it deems proper" if it denies a request to seal. If the Court denies Plaintiffs' request to seal the medical records, Plaintiffs request that any medical record not cited by either party in a proposed finding of fact and conclusion of law be withdrawn from evidence in this trial.

## III.  KEN LOMBA

### A.  KEN LOMBA'S TRIAL TESTIMONY

Mr. Lomba was qualified as an expert at trial in "the role of the sheriff's deputies, the direct supervision model, which is related to the impact of staffing levels on the inmates, i.e., their relationship with the correctional officers, the actual staffing levels and the goals, values and objectives of the Sheriff's Department." Court, Tr 578:25-579:5.

At the conclusion of Mr. Lomba's testimony, the Court stated:

> THE COURT: Okay. Let me just tell you that I'm a little puzzled by the fact that Mr. Lomba is testifying as an expert, because I didn't hear a lot of opinions in his testimony.
>
> He gave a lot of factual background about what happened during the course of his dealings as DSA president with the Sheriff's Department, and opinions are things like it's bad -- he gave some; for example, it's bad for everyone when inmates are locked in their cells because it makes them agitated and anxious and it's more difficult for the correctional officers also, so both sides it's bad for them. That's opinion. I accept that type of opinion.
>
> A lot of what Mr. Lomba talked about, first of all, was about recruitment, which was not even in the list that was provided to me as an area of expertise and appeared to be just factual.

> So after this is over, I might ask for some briefing on what part of Mr. Lomba's testimony I can actually take into consideration, since he was offered as an expert witness.
>
> And I know there was a lot of fighting about the fact that he wasn't disclosed as a percipient witness earlier, so if he's an expert witness suddenly testifying about the factual history in the guise of an expert witness, there might be a problem with that.
>
> So I just want to highlight this for you that I might ask for some briefing on that, because it seemed like his testimony today, although interesting and helpful, was mixed in terms of just pure factual background and information versus actual expert testimony, you know.
>
> The opinion that I accepted, i.e., it's bad for prisoners, inmates to be in their cells all the time because it's bad for them and it's also bad for the correctional officers, that kind of thing I will accept.

Lomba, Tr at 612:6-613:13.

Plaintiffs' September 15, 2022, designation of Mr. Lomba stated:

> [Mr. Lomba] has direct and actual knowledge and information regarding:
>
> 1) the roles and tasks of the members of his Association, namely deputy sheriffs, at San Francisco County Jail located at San Bruno;
>
> 2) the direct supervision model and the staffing required for the direct supervision model, and the actual staffing levels vis-à-vis the direct supervision structure;
>
> 3) the actual staffing levels at San Francisco County Jail located at San Bruno;
>
> 4) the impact of the actual staffing levels at San Francisco County Jail located at San Bruno on the jail's ability to provide out of cell time, programming, rehabilitation, showers, phone access; the impact of the jail lockdowns and decrease in out of cell time, programming, rehabilitation, showers, phone access on inmate conduct and emotional temperament and the consequential impact on sheriff deputy job duties and job safety.
>
> 5). the history, and development of the SFSD's goals, values and objectives for its custody responsibilities; the status of SFSD's current goals, values and objectives in terms of its custody responsibilities as practiced; and how the current and actual staffing plans and levels run counter to and make it difficult if not impossible for sworn custody staff to meet SFSD's goals, values, objectives and mission.

DKT 370-5. This designation was made 11 months before trial.

This Court already addressed Mr. Lomba's testimony in response to Defendants' Second Motion in Limine, rejecting Defendants' request to exclude Mr. Lomba's testimony and holding that:

> **Although Plaintiffs did not disclose Lomba until after the close of fact discovery, Defendant deposed him**. (Dkt. No. 369 at 10.) Plaintiffs have stated Lomba is a non-retained expert and listed him on their expert witness disclosures and amended it with additional information regarding his intended testimony. (Dkt. Nos. 350-7; 350-9.) The Court finds that the summary of intended testimony satisfies FRCP 26(a)(2)(C) for non-retained experts. However, Defendant has been prejudiced by Plaintiffs' failure to disclose Lomba as a fact witness, despite his role in fact discovery and in Plaintiffs' theory of improper staffing leading to the conditions of confinement. Pursuant to the discussion at the pretrial conference, **Defendant is permitted to conduct further fact discovery regarding fact discovery to rebut Lomba's testimony**.

DKT 387, p.6:14-23 (emphasis added). The order did <u>not</u> mention exclusion of testimony as a potential sanction.

Despite leave from the Court to do so, Defendants elected to not conduct additional fact discovery. Huang Decl. ¶ 2.

As the Court noted in its order, Defendants had already examined Ken Lomba extensively during his deposition, held on January 23 and February 3, 2023, including extensive examination on the issues of fact underlying Mr. Lomba's opinion. Decl. Huang, ¶¶ 8 to 14.

Non-retained expert witnesses are allowed to, and in most circumstances, must testify to the factual basis for her or his opinions. Federal Rule of Evidence 702 allows a witness to be "qualified as an expert by knowledge, skill, *experience*, training or education." (emphasis added) That testimony must be "based upon sufficient facts or data" and the testimony must be "the product of reliable principles and methods. *Id*. Under Rule 26(a)(2)(C), a detailed, written expert report is not required for a non-retained expert. But, a party offering the expert's testimony must disclose: (i) the subject matter on which the witness is expected to present evidence…and (ii) a summary of the facts and opinions to which the witness is expected to testify." *Cantu v. United States*, 2015 U.S. Dist. LEXIS 191395 at *6, 2015 WL 12743881. "[T]he critical distinction between retained and non-retained experts is the nature of the testimony that the expert will

provide, and whether it is based only on percipient knowledge or on information reviewed in anticipation for trial." *Cantu v. United States*, Case No. CV 14-00219 MMM (JCGx), 2015 U.S. Dist. LEXIS 191395, 2015 WL 12743881, at *5 (C.D. Cal. 201). Mr. Lomba's expert testimony is grounded in his own extensive experience with the Sheriff's Department and as the President of the San Francisco Deputy Sheriff's Association ("DSA"). His trial testimony hued closely to his disclosure and the facts supporting the opinions listed in his disclosure.

Rule 37(c)(1) allows the use at trial of required to be disclosed by Rule 26(a) that is not properly disclosed if the failure to disclose is "harmless." There has been no prejudice to Defendants. Mr. Lomba, and the scope of his knowledge of the Sheriff's Department is well-known to Defendants. *See, e.g.*, Miyamoto, Tr. 936:24-937:3 (testimony that the Sheriff is "aware that the San Francisco Deputy Sheriffs' Association is the organization that lobbies for and represents the interests of the sheriff's deputies in San Francisco"), 939:24-940:23 (admitting Exhibit 63, December 26, 2019 letter from the DSA regarding the recruiting budget, upon authentication by Sheriff Miyamoto), 941:15-943:19 (admitting Exhibit 64, January 13, 2022, letter from the DSA regarding the 2022/23 Budget Request and focused upon recruitment and retention, upon authentication by Sheriff Miyamoto).

### B. STAFF REPORTS CREATED BY SHERIFF'S DEPARTMENT

It does not appear that Defendants seek to exclude staff reports of the Sheriff's Department which were authenticated by Mr. Lomba, and entered into evidence. Court, Tr at 545:19-2 (admitting Exhibits 177-201 upon stipulation of the parties and after Court confirmed Defendants had a chance to depose Mr. Lomba on the staff reports). Exhibits 177-201 are staff reports of the San Francisco Sheriff for the months of January 2020 through December 2022. After admission of these documents, Defendants stipulated to the authenticity and admissibility of Exhibits 202-209—the January 2022 to August 2022 staff reports. DKT 448, no. 25; Court Tr, at 921:15-17 (admission of Exhibits 202-209).

Defendants initially objected to Exhibits 177-201 on the grounds that these were not produced in advance of the discovery cut-off. After production pursuant to Defendants' subpoena, Defendants had ample time and opportunity to review these documents and then examine Mr.

Lomba at two sessions of deposition. The Court overruled Defendant's objection. Lomba, Tr at 542:15-23. There has been no objection raised that the data contained in these staffing reports are inaccurate or unreliable. In fact, counsel for Defendants assured the Court that "there's no question about the fact that they are from the San Francisco County Sheriff's Office." Lomba, Tr at 542:19-23 (re Exhibit 185). These staffing reports were produced by Defendants. Nothing contained within them are unknown or new to Defendants.

## IV.    JOSHUA BELOY

Joshua Beloy was plaintiff's rebuttal witness. Plaintiffs' offered Mr. Beloy to rebut Captain Ramirez' testimony about the air exchange, and Dr. Pratt's testimony about how inmates creatively exercise in their cells. Mr. Beloy, who was under lock down, was given a roommate who tested positive for covid, transmitting the virus to Mr. Beloy.

Defendants objected that Mr. Beloy was not included in Plaintiffs' Rule 26 disclosures. Defendants argued that the failure to include Joshua Beloy was prejudicial because Defendants did not take Mr. Beloy's deposition. This issue was previously raised by Defendants, and in motions in limine. *See* ECF 350, Defendants' Motion In Limine No. 2. And again at the pretrial conference. Plaintiffs stated that there was no prejudice to Defendants; Defendants have had ample knowledge from 2022, of Mr. Beloy and his proposed testimony because plaintiffs submitted multiple declarations in the current case by Mr. Beloy, particularly in Plaintiffs' efforts to renew the preliminary injunction. *See, e.g.,* ECF 197-5.

The Court has overruled Defendants' objection. *See* ECF 387, p. 6.

Defendants now renew their objection again based upon the same recycled argument. The Court noted in oral arguments at trial that very established law in the 9th Circuit leaves it to the Court's discretion whether to receive rebuttal testimony. *Marron v. United States* (9th Cir, 1925) 8 F.2d 251, 257. The Court also cited *United States v. Batts* (9th Cir. 1978) 573 F. 2d 599, which held that "admissibility of rebuttal evidence is subject to the sound discretion of the trial court [cite omitted]. Great deference must be accorded to this discretion and the judgment of the trial court."

The trial court heard Defendants' objections and permitted the limited rebuttal testimony of Joshua Beloy.

Defendants' endless arguments and litigation and ceaseless demand for litigation and judicial resources would be so much better served if applied to compliance with a long standing legal obligation; stopped causing inmates to develop life long chronic, incurable illness and provided outdoor access to the inmates subject to this custody and control.

## V.   REQUEST FOR JUDICIAL NOTICE FOR STANDARDS ESTABLISHING COMMUNITY STANDARDS

Plaintiffs have filed two requests for Requests for Judicial notice. The first, DKT 449, seeks notice of the existence and content of certain materials pertaining to established standards for conditions of confinement. Plaintiffs reference these, demonstrating their relevance, in their Proposed Findings of Fact and Conclusions of Law, filed herewith.

The second, filed herewith, seeks notice of the consent decree in the litigation *Babu v. County of Alameda* 5:18-cv-07677 NC, *Babu* ECF 266-1, Ex. 1 ("*Babu* CD"), which outlines the minimum amount of time that inmates in administrative segregation are to receive in Santa Rita Jail. The *Babu* CD provides standards for out of cell time for inmates housed in administrative segregation. *Babu* divides inmates in administrative segregation into two categories, Step 1 and Step 2. Step 1 is the most restrictive housing unit where for a multitude of articulated reasons, an inmate must recreate and be housed alone. Decl. Huang, Exhibit 3, p. 26. Step 2 are those inmates in administrative segregation who can recreate and be housed with others. *Id.* at 27. Step 1 inmates are provided two hours of out of cell time per day, or 14 hours per week. *Id.* at p. 26:16-18. Step 2 inmates are to be provided 3 hours of out of cell time per day, or 21 hours per week. *Id.* at p. 27:8-10. All inmates, regardless of classification, are to be provided outdoor recreation time. *Id.* at p. 32:4.  The purpose of Plaintiffs' reference to the *Babu* consent decree is to highlight an agreed upon community standard for the largest jail in the 9 Bay Area counties.

Respectfully Submitted by:

Dated: September 7, 2023   LAW OFFICE OF YOLANDA HUANG

By:  */s/ Yolanda Huang*
Yolanda Huang
ATTORNEY FOR PLAINTIFFS

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on September 7, 2023 from Yolanda Huang for the filing of this document.

GREENFIRE LAW, PC

/s/ *Rachel Doughty*
Rachel Doughty
ATTORNEY FOR PLAINTIFFS