**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Berkeley, CA 94705
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 8055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| MONTRAIL BRACKENS, TROY MCALLISTER, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF PAUL MIYAMOTO,<br><br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE RE BABU AND UNAVAILABILITY OF CRIMINAL COURTROOMS**<br><br>Dept: Courtroom C, 15th Floor<br>Federal District Court<br>450 Golden Gate Ave.<br>San Francisco, CA<br><br>Hon. Sallie Kim, presiding<br><br>Trial Date: May 7, 2023 |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** – *Babu &* Unavailability of Criminal Courtrooms
Case No.: 3:19-cv-02724 SK

## I. REQUEST

Plaintiffs request that the Court take judicial notice of the following facts and records:

1) Existence and content of the *Babu v. County of Alameda* 5:18-cv-07677 NC, *Babu* ECF 266-1, Ex. 1 ("*Babu* CD"), attached as **Exhibit 3** to the Declaration of Yolanda Huang (September 7, 2023, "Decl. Huang"). *Babu* addressed the conditions of confinement in the Alameda County Jail at Santa Rita. The *Babu* CD provides standards for out of cell time for inmates housed in administrative segregation. *Babu* divides inmates in administrative segregation into two categories, Step 1 and Step 2. Step 1 is the most restrictive housing unit where for a multitude of articulated reasons, an inmate must recreate and be housed alone. Decl. Huang, Exhibit 3, p. 26. Step 2 are those inmates in administrative segregation who can recreate and be housed with others. *Id.* at 27. Step 1 inmates are provided two hours of out of cell time per day, or 14 hours per week. *Id*. at p. 26:16-18. Step 2 inmates are to be provided 3 hours of out of cell time per day, or 21 hours per week. *Id*. at p. 27:8-10. All inmates, regardless of classification, are to be provided outdoor recreation time. *Id.* at p. 32:4.

2) That Alameda County, where Santa Rita Jail is located, is the next largest and most populous county adjacent to San Francisco County, and as a county within the nine (9) Bay Area counties, constitutes a significant partner in the community standards for the Bay Area.

3) The right to a speedy trial under California Penal Code section 1382 has been suspended. *Hernandez-Valenzuela v. Superior Court*, 75 Cal. App. 5th 1108, 1135 (2022). Furthermore, that suspension continued until May 2022 and August 2022. In support of this fact, Plaintiffs ask that judicial notice be taken first of the existence and holding of the unpublished order of the California First Appellate District's decision in *Estrada v. Superior Court,* A166474; *Kuhaiki v. Superior Court* A166508, attached as **Exhibit 4** to the Decl. Huang, and filed on February 28, 2023. Second, Plaintiffs request that judicial notice be taken of the existence and content of the orders of the Superior Court of the State of California, County of San Francisco in the matters of (a) *Peo v. Estrada*, Case No. 21008360 and (b) *Peo v. Kuhaiki,* Case No. 2204424, attached as **Exhibits 5 and 6,** respectively, to the Decl. Haung. These are the two underlying

**2**

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** – *Babu &* Unavailability of Criminal Courtrooms
Case No.: 3:19-cv-02724 SK

Superior Court orders continuing the trial dates of Miguel Estrada and Andrew Kuhaiki past the statutory deadline.

## II.   LAW SUPPORTING REQUEST

Federal Rule of Evidence 201(b) provides that this Court may take judicial notice of any "fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201 of the Federal Rules of Evidence also allows judicial notice to be taken of the existence and authenticity of public and quasi-public documents. *Del Puerto Water Dist. v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003); *see also, California ex rel. RoNo, LLC v. Altus Finance S.A.*, 344 F.3d 920, 931 (9th Cir. 2003) ("requests for judicial notice are GRANTED to the extent that they are compatible with Federal Rule of Evidence 201 and do not require the acceptance of facts 'subject to reasonable dispute.'"); *Kent v. Daimlerchrysler Corp.*, 200 F. Supp. 2d 1208, 1219 (N.D. Cal. 2002); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 959 (N.D. Cal. 2010). On account of the documents' source, the existence, contents and character of the requested documents are not subject to reasonable dispute.

The material of which notice is sought is relevant. The central issue in this case is whether the conditions of confinement at CJ3 violate the Fourteenth Amendment Due Process rights of pre-trial detainees. A constitutional violation can be demonstrated where jail conditions demonstrate a deliberate indifference to a substantial risk of serious harm to the health and safety of detainees. *Hernandez v. County of Monterey*, 110 F. Supp. 3d 929, 934 (N.D. Cal. 2015). Noncompliance with generally accepted guidelines may indicate deliberate indifference to a substantial risk of serious harm. *Id.* at 943. Relatedly, the Eighth Amendment—a lower bar than the Fourteenth Amendment--also allows for consideration of "objective indicia" in determining whether a challenged condition violates standards of decency associated with punishment. *Gregg v. Georgia*, 428 U.S. 153, 176-187 (1976). Such "objective indicia" include history, action by state legislatures, common law, fact, and the court's own judgment. *Rhodes v. Chapman*, 452 U.S. 337,

3

346-347 (1981). Due Process rights are also violated when confinement deprives a detainee of an "identifiable human need[.]" *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). While the primary consideration is "what the general public would consider decent[,]" in "determining whether a challenged condition violates 'evolving standards of decency,' courts may consider opinions of experts and pertinent organizations." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *see also*, *Bell v. Wolfish*, 441 U.S. 543 n.27 (1979).

Santa Rita Jail, the largest single jail in California, and the largest in the Bay area, is a pertinent organization. The adoption by the Alameda County Sheriff, with input from the U.S. Department of Justice, of specific and pertinent standards on an issue pending in this case, is relevant to evaluating whether the conditions of confinement in San Francisco County Jail comport with accepted professional norms and recognized human needs.

Defendants questioned Plaintiff McAlister if he had waived his right to a speedy trial. McAlister, Tr at 284:8-12, and Sheriff Miyamoto testified that his office does not control how long pre-trial detainees stay at CJ3 or whether an individual criminal defendant chooses to waive time. Miyamoto, Tr at 1014:4-21 (and Court overruled relevance objection). Therefore, the ability of Plaintiffs to control how long they spend at CJ3 is relevant to counter any argument or inference invited by Defendants that waiver of a speedy trial somehow allows Defendants to offer less out of cell and outdoors time.

### III.     CONCLUSION.

Plaintiffs respectfully request that this Court take judicial notice of the documents and facts requested in section I above.

Respectfully Submitted by:

Dated: September 7, 2023            LAW OFFICE OF YOLANDA HUANG

*/s/ Yolanda Huang*
Yolanda Huang
ATTORNEY FOR PLAINTIFFS

**4**

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** – *Babu &* Unavailability of Criminal Courtrooms
Case No.: 3:19-cv-02724 SK

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on September 7, 2023 from Yolanda Huang for the filing of this document.

> GREENFIRE LAW, PC
>
> /s/ *Rachel Doughty*
> Rachel Doughty
> ATTORNEY FOR PLAINTIFFS