**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL and John & Jane DOEs, Nos. 1 - 50.<br><br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br>**MOTION FOR CLARIFICATION AND REQUEST TO SUBMIT ADDITIONAL EVIDENCE POST-TRIAL; DECLARATION OF RICHARD A. BRODY IN SUPPORT THEREOF; (PROPOSED) ORDER**<br><br>Trial Date:  August 8, 2023<br>            Federal District Court<br>            450 Golden Gate<br>            San Francisco, CA 94102<br>            Courtroom 4, 17th Floor<br><br>Hon. Sallie Kim, presiding |

## I. Statement of Facts

Plaintiffs' counsel submits this pleading to advise the Court of facts that may be pertinent to the Court's consideration of issues pertaining to any final judgment in this case. Within the past week, Plaintiffs' counsel became aware that Sheriff Paul Miyamoto had written to Mayor London Breed, as well as the Clerk for the San Francisco Board of Supervisors and the Controller for the City and County of San Francisco concerning budgetary issues for the San Francisco Sheriff's Office for Fiscal Years 2023-24 and 2024-25.

A copy of the letter was posted on September 20, 2023, on the X/Twitter account of the San Francisco Deputy Sheriff's Association, under the heading "This is how Mayor @LondonBreed treats @SheriffSF Miyamoto. Breed Cuts off Funding to the Sheriff. Maybe Sheriff Miyamoto should run for Mayor?"

In Paragraph 9 of his letter, Sheriff Miyamoto discussed booking levels and budget issues as of the date of that letter which impact jail housing issues. *See,* Exhibit A, attached to the Declaration of Richard A. Brody. Those matters were issues at trial and are relevant to any potential remedy that the Court may be considering in this case. A copy of Sheriff Miyamoto's letter is attached as Exhibit A to the Brody Declaration.

The letter is written on the official letterhead of the Office of the Sheriff, City and County of San Francisco, and bears Sheriff Miyamoto's name and signature. This is the same letterhead and form of signature as Exhibit 0061, (letter from Sheriff Miyamoto to Supervisor Sandra Fewer) which was authenticated at trial by Sheriff Miyamoto and admitted into evidence. Thus, the document is both self-authenticating and has indicia of reliability.

## II. Plaintiffs Request

Plaintiffs respectfully request that the Court consider the statements in Sheriff Miyamoto's letter as part of any remedy that may be ordered in this case, should the Court make findings in favor of the Plaintiffs. Alternatively, Plaintiffs request that the Court allow limited post-trial briefing on the issue of current budget issues and constraints pertaining to the current and near future operation of CJ3, the San Bruno Jail.

The Court has discretion to grant either of these requests.  The Court has not yet issued Findings of Fact and Conclusions of Law.  Even in instances where the Court has entered a judgment, the court may amend its findings or make additional findings and may amend the judgment accordingly.  Fed. R. Civ. P. 52(b).

### III. REQUESTS FOR CLARIFICATION ARE APPROPRIATE TO CLARIFY A LITIGANT'S DUTY

While there is no specific Federal Rule of Civil Procedure which governs requests for clarification, *United States v. Philip Morris USA, Inc* 793 F. Supp. 2d 165 (DC Dist. Ct. 2011); applying to the Courts for clarification is appropriate to clarify a litigant's duty. See *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945)("…we think courts would not be apt to withhold a clarification in the light of a concrete situation that left parties or "successors and assigns" in the dark as to their duty toward the court.")

Fed. R. Civ. P. 60(a) also provides in pertinent part that "the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."  The Court has authority to modify its own interlocutory orders even when a motion for clarification does not meet the requirements for a motion for reconsideration. *Nancy Zhang v. Realty,* 2022 U.S. Dist. LEXIS 218965, at 7-8 (C.D. Cal. August 24, 2022).

At the conclusion of trial, the Court ordered the parties to submit Proposed Findings of Fact and Conclusions of Law on or before September 17, 2023.  That has been accomplished by both sides.  (ECF Nos. 466 and 474).  In addition, the Court requested briefing on four issues, one of which concerned standards set by different entities for conditions of confinement.  That briefing has also been accomplished.  (ECF Nos. 467, 468, 469, 470, 471, 472 and 473).  A true and accurate copy of pertinent portions of the trial transcript from Day 7 of Trial (August 17, 2023) is attached to the Brody Declaration as Exhibit B and is incorporated by reference as though set forth in full herein.

Plaintiffs contend that the attached letter from Sheriff Miyamoto should be considered by the Court in relation to the standards for conditions of confinement, among other issues. As such, Plaintiffs request clarification of this portion of the Court's previous orders at the conclusion of trial.

### IV. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court consider the statements in Sheriff Miyamoto's letter as part of any remedy that may be ordered in this case, should the Court make findings in favor of the Plaintiffs. Alternatively, Plaintiffs request that the Court allow post-trial briefing on the issue of current budget issues and constraints pertaining to the current and near future operation of CJ3, the San Bruno Jail.

Respectfully Submitted by:

Dated: 9/27/2023

LAW OFFICE OF YOLANDA HUANG

By: /s/ Yolanda Huang
YOLANDA HUANG
ATTORNEY FOR PLAINTIFFS

GREENFIRE LAW, PC

By: /s/ Richard Brody
RACHEL S. DOUGHTY
RICHARD A. BRODY
ATTORNEYS FOR PLAINTIFFS

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on September 27, 2023, from Richard A. Brody for the filing of this Motion.

/s/ Rachel Doughty
Rachel Doughty
ATTORNEY FOR PLAINTIFFS

[Proposed]

ORDER

GOOD CAUSE APPEARING,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Clarification and Request to Submit Additional Evidence Post-Trial is hereby GRANTED.

The parties are Ordered to submit Supplemental Briefing, not exceeding five (5) pages in length, as to whether the Court can and should consider the Miyamoto letter, which was attached as Exhibit A to the Declaration of Richard A. Brody.

The briefs from both parties shall be filed and served no later than October ___, 2023.  No Reply Briefs or other briefing shall be submitted or allowed.

IT IS SO ORDERED.


Dated:  October _____, 2023


_____
HON. SALLIE KIM
United States Magistrate Judge