**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKENS, MICHAEL BROWN, and JOSE POOT, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSEY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL and John & Jane DOEs, Nos. 1 - 50.<br><br>Defendants. | Case No.: 3:19-cv-02724 SK<br><br><br>**DECLARATION OF RICHARD A. BRODY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION AND REQUEST TO SUBMIT ADDITIONAL EVIDENCE POST-TRIAL**<br><br><br>Trial Date:  August 8, 2023<br>Dept:  Courtroom 4, 17th Floor<br>    Federal District Court<br>    450 Golden Gate Ave.<br>    San Francisco, CA<br><br>Hon. Sallie Kim, presiding |

- 1 -

1      I, Richard A. Brody, do declare and state:

2

3      1.     I am an attorney at law duly licensed to practice before the United States District

4 Court for the Northern District of California.  If sworn as a witness, I could and would testify to

5 my personal knowledge of the facts set forth in this Declaration.

6      2.     On September 21, 2023, I became aware that Sheriff Paul Miyamoto had written a

7 letter dated August 18, 2023, addressed to Mayor London Breed, the Clerk of the San Francisco

8 Board of Supervisors and the Controller for the City and County of San Francisco.  A copy of the

9 letter was posted on September 20, 2023, on the X/Twitter account of the San Francisco Deputy

10 Sheriff's Association, under the heading "This is how Mayor @LondonBreed treats @SheriffSF

11 Miyamoto.  Breed Cuts off Funding to the Sheriff.  Maybe Sheriff Miyamoto should run for

12 Mayor?"  The letter is written on the official letterhead of the Office of the Sheriff, City and

13 County of San Francisco, and bears Sheriff Miyamoto's name and signature.  This is the same

14 letterhead and form of signature as Exhibit 0061, (letter from Sheriff Miyamoto to Supervisor

15 Sandra Fewer) which was authenticated at trial by Sheriff Miyamoto and admitted into evidence.

16 A true and accurate copy of Sheriff Miyamoto's August 18, 2023, letter is attached hereto as

17 Exhibit A and incorporated by reference as though set forth in full herein.

18

19      3.     Attached hereto as Exhibit B is a true and accurate copy of pertinent portions of the

20 trial transcript in this case, from Thursday, August 17, 2023.

21

22      I make this declaration under penalty of perjury under the laws of the United States of

23 America.

24      Executed this 27th day of September, 2023, in Sebastopol, California

25

26

27                                */s/ Richard A. Brody*
                                 RICHARD A. BRODY

28

**DECLARATION OF RICHARD A. BRODY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION AND REQUEST TO SUBMIT ADDITIONAL EVIDENCE POST-TRIAL-- 3:19-CV-02724 SK**

1    Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained

2    approval, on September 27, 2023, from Richard A. Brody for the filing of this Declaration.

3

4                                    __/s/ *Rachel Doughty*
                                     Rachel Doughty
5                                    ATTORNEY FOR PLAINTIFFS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF RICHARD A. BRODY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION AND
REQUEST TO SUBMIT ADDITIONAL EVIDENCE POST-TRIAL-- 3:19-CV-02724 SK**

# EXHIBIT A

**DECLARATION OF RICHARD A. BRODY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION AND REQUEST TO SUBMIT ADDITIONAL EVIDENCE POST-TRIAL-- 3:19-CV-02724 SK**





**OFFICE OF THE SHERIFF**

**CITY AND COUNTY OF SAN FRANCISCO**

1 DR. CARLTON B. GOODLETT PLACE
ROOM 456, CITY HALL
SAN FRANCISCO, CALIFORNIA 94102

PAUL MIYAMOTO
SHERIFF

August 18, 2023
Reference: 2023-092

The Honorable London Breed
Mayor, City and County of San Francisco,

Angela Calvillo
Clerk of the Board of Supervisors, City and County of San Francisco,

Ben Rosenfield
Controller, City and County of San Francisco,

Re:     **Adopted Budget for Fiscal Year 2023-24 and Fiscal Year 2024-25**

In conformance with San Francisco Charter Section 9.115, I certify my commitment to perform Sheriff's Office programs and activities as closely as possible to specified levels of performance for Fiscal Years 2023-24 and 2024-25, as envisioned in my budget submittal.

In conformance with San Francisco Administrative Code Section 3.14, I agree that the funding provided by the budget is minimally adequate for the Sheriff's Office except as specifically noted in the following sections. I received no funding for the following requests originally submitted:

1. $500,000 requested for the purpose of recruitment and hiring. Funding to increase staff will reduce our reliance on the use of overtime.

2. $440,000 requested to deliver an in-custody opiate disorder treatment program for the incarcerated population to intervene with this public health crisis.

3. $457,000 requested for the San Francisco Pretrial Diversion Project to fund additional case managers to address the increase in persons released by the Superior Courts to Assertive Case Management.

4. $240,000 requested to fund storage and licenses for an additional 200 body worn cameras (BWCs). The 2019 rollout of BWCs increased community expectations regarding 21st Century Policing reforms. Without funding for additional BWCs, it will not be possible to meet those expectations.

5. As in prior budget years, $670,000 requested to fund collective-bargaining agreement-required equipment including:
   a. Ballistic vests for staff safety to replace vests older than five years.
   b. Ordnance stock required for both the Deputy Sheriffs' Association and the Managers and Supervisors Association Collective Bargaining Agreements.
   c. Uniforms for new deputies.

6.  $450,000 requested for three pieces of VMWare hardware for Horizon. The Horizon platform supports the processing for: bookings, housing, visitation, releases, court appearances, and use of the California Law Enforcement Telecommunications System. The loss of this function will be catastrophic for the criminal justice system and all law enforcement agencies in the City and County of San Francisco.

In addition to our original budget request, we anticipate a need for budget support for the following:

7.  My involvement in the Asia-Pacific Economic Cooperation (APEC) summit was not known until after the initial budget submission. As such, we had no opportunity to request funding required to meet the security demands of the event.

8.  While I have minimal funding to address the Emergency Services Unit deployment in the South of Market and Tenderloin districts, this funding is grossly inadequate given the enormity of the problems in these neighborhoods. Given the public safety interest, we will continue our deployment through the remainder of the fiscal year.

9.  Between the months of June and July 2023, bookings into the jail increased by 27%. However, during the same period, releases increased by only 14%. Additionally, in July 2022 the average daily jail population was 778 people, while in July 2023, the average daily jail population was 927 people.  With the increase in bookings and a commensurate increase in the jail population, additional housing units will be required, and I have received no additional funding for this purpose.

I have been told that I will receive additional funding through the Drug Market Activity Coordination Center and that has yet to materialize.  Given the lack of additional funding coupled against the increasing needs of the City and County of SF, I will need to explore funding options.

Respectfully submitted,

Paul Miyamoto
Sheriff, City and County of San Francisco

Phone: 415 554-7225 Fax: 415 554-7050
Website: sfsheriff.com Email:
sheriff@sfgov.org

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION OF RICHARD A. BRODY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLARIFICATION AND REQUEST TO SUBMIT ADDITIONAL EVIDENCE POST-TRIAL-- 3:19-CV-02724 SK**

**Volume 7**

**Pages 1350 - 1601**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Sallie Kim, Magistrate Judge

MONTRAIL BRACKENS, et al.,       )
                                 )
          Plaintiffs,            )
                                 )
   VS.                           **) NO. C 19-02724 SK**
                                 )
CITY AND COUNTY OF               )
SAN FRANCISCO, et al.,           )
                                 )
          Defendants.            )
_____ )

                              San Francisco, California
                              Thursday, August 17, 2023

          **TRANSCRIPT OF BENCH TRIAL PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
                    LAW OFFICES OF YOLANDA HUANG
                    2748 Adeline Street, Suite A
                    Berkeley, California 94703
               **BY:  YOLANDA HUANG, ATTORNEY AT LAW**

                    GREENFIRE LAW, PC
                    2748 Adeline Street, Suite A
                    Berkeley, California 94703
               **BY:  RICHARD A. BRODY, ATTORNEY AT LAW**
                    **RACHEL S. DOUGHTY, ATTORNEY AT LAW**


          **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


REPORTED BY:  Ana Dub, RDR, RMR, CRR, CSR No. 7445
              Jennifer Coulthard, RMR, CRR, CSR No. 14457
              Official United States Reporters

1  **APPEARANCES**:   (CONTINUED)

2  For Defendant:
                           OFFICE OF THE CITY ATTORNEY
3                          Sixth Floor, Fox Plaza
                           1390 Market Street
4                          San Francisco, California 94102
                    BY:  **SABRINA M. BERDUX, ATTORNEY AT LAW**

5

6                          OFFICE OF THE CITY ATTORNEY
                           1 Dr. Carlton B. Goodlett Place
7                          City Hall, Room 234
                           San Francisco, California 94102
8                   BY:  **KAITLYN M. MURPHY, DEPUTY CITY ATTORNEY**

9

10  Also Present:          **Jose Poot**
                           **Joshua Beloy**
11                         **Chief Deputy Sheriff Lisette Adams**
                           **Winnie Fong, Paralegal**
12                         **Nuria de la Fuenta, Spanish Interpreter**

13

14

15

16

17

18

19

20

21

22

23

24

25

1          MS. BERDUX:  I believe so.  We'd like to make a

2    Rule 50 motion.

3          THE COURT:  Okay.  Go ahead.

4          MS. BERDUX:  First, regarding the out-of-cell time

5    class, the period in question, August 2022, it remains

6    undisputed that COVID protocols were put in place in

7    consultation with Dr. Pratt and that those protocols were

8    reasonable.  At that time, out-of-cell time for administrative

9    separation inmates was one hour a day and three to four hours a

10   day for general population.

11       Regarding the outdoor access issue, there remains no

12   causal link between any harm by lack of out-of-cell -- excuse

13   me -- outdoor access.

14          THE COURT:  Okay.  I'm going to deny the motion under

15   Rule 50, and I'm going to ask for the findings of fact and

16   conclusions of law, and I want to talk about timing of the

17   submissions.

18       So I know the plaintiffs gave me a proposed findings of

19   fact and conclusions of law before trial started, but I'm going

20   to give you an opportunity, obviously, to give me one now that

21   we have the evidence in the record.

22       So the critical question is always how long will it take

23   to get the transcript.

24       And so, Ms. Dub, I don't know what you think is realistic.

25                   (Discussion held off the record.)

PROCEEDINGS

1    THE COURT:  So that's great to hear.  We have daily

2    transcripts.

3        So let me hear from, first, the plaintiffs, what kind of

4    schedule you would propose, and then I'll hear from the

5    defense.

6            MS. HUANG:  I've discussed it with my team, and we

7    think that the fastest we could do it would be after Labor Day.

8            THE COURT:  Okay.

9            MS. HUANG:  Although it would be easier on us if we

10   had, you know, three weeks minimum.

11           THE COURT:  Okay.  So that would be September 7th.

12       Okay.  And what about for the defendants?

13           MS. BERDUX:  That's agreeable.

14           THE COURT:  Okay.  So by September 7th, both sides can

15   submit to me the proposed findings of fact and conclusions of

16   law.

17       And we have some other issues for briefing.  Do you want

18   to submit those at the same time, on September 7th?

19           MS. HUANG:  That would be fine.  The main issue is how

20   to handle the medical records.  Are there others that I'm --

21           THE COURT:  There was one other issue.

22           MS. BERDUX:  A motion to strike testimony of Ken

23   Lomba.

24           THE COURT:  That's right.

25       Okay.  Those are the only two issues that I remember.  If

PROCEEDINGS

1    there's something else that I've forgotten, let me know.

2              MS. MURPHY:  The last one, I think, was you had

3    reserved whether after Mr. Beloy testified, you were going to

4    keep it in the record.

5              THE COURT:  That's right.  Okay.

6              MS. DOUGHTY:  Sorry, Your Honor.  One more issue.

7    There are a couple of pending requests for judicial notice.

8              THE COURT:  What are they?

9              MS. DOUGHTY:  There was one that's the standards set

10   by different entities.  So there's the standards, for example,

11   for what local jails have to meet in order to receive federal

12   prisoners in terms of the issues -- the conditions of

13   confinement at issue in this case, and then -- and some other

14   standards.

15             THE COURT:  Okay.  So those are the four issues we've

16   identified.  I'll accept briefing hopefully on the same day,

17   September 7th, and I will put a limit of 20 pages per side.

18   Just submit your briefing.  No cross-motions.  No replies.  No

19   oppositions.

20             MS. MURPHY:  May I ask for clarification for the

21   proposed finding of facts and conclusions of law?  Fairly

22   I think we would need to exceed 20 pages to give you a full

23   record.

24             THE COURT:  For that --

25             MS. MURPHY:  Okay.

1       THE COURT:   -- there's no page limitation other than

2    what I can read, but for the briefing, 20 pages.

3           MS. HUANG:   So it's 20 pages total?

4           THE COURT:   Correct.

5           MS. HUANG:   All right.

6           THE COURT:   For the briefing for those four issues.

7       Is there anything else we should talk about while we're

8    all here?

9           MS. MURPHY:   I think just the logistics.  Given the

10   number of binders, when is the most convenient time for us to

11   return?  I understand it has to be either today or tomorrow.

12          THE COURT:   Okay.

13          MS. MURPHY:   I just want to work with your schedule

14   for when.

15          THE COURT:   Yeah.  So let me tell you that the binders

16   are -- okay.  There's a proposed change in the local rules on

17   exhibits that will affect what happens after I issue the

18   findings of fact and conclusions of law, but before -- and

19   that's been posted for public comment.

20       Before that point in time, do you want to access the

21   binders?  Is that the issue?

22          MS. MURPHY:   No.  It's -- well, it's a question of if

23   you want to keep the hard copy of yours, and then it will take

24   us some time to remove our binders from the room.  I just

25   wanted to know, with schedules -- I assume you don't want to

PROCEEDINGS

1        **MS. MURPHY:**  Thanks.

2              (Proceedings adjourned at 3:11 p.m.)

3                        ---o0o---

4              **CERTIFICATE OF REPORTERS**

5         We certify that the foregoing is a correct transcript

6    from the record of proceedings in the above-entitled matter.

7

8    DATE:  Friday, August 11, 2023

9

10

11

12    _____

13         Ana Dub, RMR, RDR, CRR, CCRR, CRG, CCG
         CSR No. 7445, Official United States Reporter

14

15

16

17    _____

18         JENNIFER L. COULTHARD, RMR, CRR

19            Official Court Reporter

20                CA CSR#14457

21

22

23

24

25