DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
SABRINA M. BERDUX, State Bar #248927
KAITLYN MURPHY, State Bar #293309
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3929 [Berdux]
Telephone:    (415) 554-6762 [Murphy]
Facsimile:    (415) 554-3837
E-Mail:       sabrina.m.berdux@sfcityatty.org
E-Mail:       kaitlyn.murphy@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKEN, MICHAEL BROWN AND JOSE POOT, ON BEHALF OF THEMSELVES INDIVIDUALLY AND OTHERS SIMILARLY SITUATED, AS A CLASS AND SUBCLASS,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL AND JOHN AND JANE DOES, NOS. 1 -50,<br><br>Defendants. | Case No. 19-cv-02724-SK (LB)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION AND REQUEST TO SUBMIT ADDITIONAL EVIDENCE POST-TRIAL (ECF NO. 475)**<br><br>Trial Date:        August 8, 2023 |

This trial ended more than a month ago on August 17, 2023. The parties submitted final pre-trial briefing on September 7, 2023. And yet, Plaintiffs ask the Court to re-open the record, consider new evidence, and do so without permitting San Francisco the opportunity to call witnesses in response. Plaintiffs continue their historic practice of improperly filing administrative motions for "clarification." The Court should once again reject their efforts.

Plaintiffs ask the Court to consider an August 18, 2023 letter from Sheriff Miyamoto to Mayor Breed regarding the Sheriff's Office budget. That letter did not exist at the time trial closed and is not part of the evidentiary record. Plaintiffs offer no case law to support their unusual request that the Court re-open the record and also offer no explanation for why the letter is relevant to their Fourteenth Amendment claims. It is not. Offering the parties further opportunity to brief the issues will not solve the errors in Plaintiffs' filing and would only encourage Plaintiffs to file further inappropriate motions on an already full docket.

## I.  Plaintiffs' Motion Is Procedurally Improper

Plaintiffs style their motion as one for clarification, supposedly seeking to clarify a "portion of the Court's previous orders at the conclusion of trial." (ECF No. 475 at 4:1-4.) This is not an argument Plaintiffs can make in good faith because there is no need for the Court to clarify its prior order.

As a result of Plaintiffs' numerous unmeritorious filings between summary judgment and trial, the Court ordered that the parties could not file any further briefs without leave of Court. (ECF No. 443-1.) Accordingly, Plaintiffs' counsel made oral motions during trial for the Court to take judicial notice of the existence and content of several international or trade organization standards regarding jail conditions, and at the conclusion of trial asked the Court for leave to brief the requests. The Court granted Plaintiffs that opportunity and Plaintiffs filed their briefing on September 7, 2023. (ECF No. 468 at 16.) Neither Plaintiffs' oral request for judicial notice nor their briefing mentioned the August 18, 2023 letter. Nor could the Court have intended to give the parties leave to address judicial notice of the August 18, 2023 letter because the trial concluded before the letter was sent. The Court's order does not need further clarity.

Nor is the relief Plaintiffs' request—that the Court re-open the trial record to consider a new exhibit—the type of administrative or clerical issue that can properly be addressed through

administrative motions, which are reserved for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." N.D. Cal. Civ. L.R. 7-11.[1] Plaintiffs cannot insert new evidence into the case after trial has closed where San Francisco has no opportunity to submit its own rebuttal exhibits and testimony. In the Ninth Circuit, failure to follow a local rule is grounds to deny the motion outright. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal of entire action for failure to follow court local rule). Plaintiffs' motion should therefore be denied because it is not a proper administrative motion.

Plaintiffs also failed to follow the local rules for administrative motions that require them to communicate with defense counsel before filing their motion to see if the parties can reach a stipulation, and if not, to include with their motion an attorney declaration explaining why a stipulation was not possible. Civ. L.R. Rule 7-11(a). Plaintiffs could not include any such declaration because they made no effort to meet and confer about this issue prior to filing their motion.

The Court should also reject Plaintiffs' alternative request for further briefing. The trial is over. As described below, Plaintiffs made no effort to show they are entitled to relief they now seek. Plaintiffs also made no effort to show what relevance the August 18, 2023 letter has to the questions the Court must resolve in its post-trial order. And there is a risk that permitting Plaintiffs the opportunity for additional briefing would only encourage them to continue to file similar administrative requests every time the Sheriff makes a public statement about his department between now and when the Court issues its final order. The docket in this case is voluminous—with nearly 500 entries already. There is no need for the Court to review additional briefing on this issue.

**II.     Plaintiffs' Motion Fails on the Substance**

Plaintiffs' motion did not cite a single case where the Court granted the relief they seek. Nor did they explain how the August 18, 2023 letter applies to the facts and law in this case. It does not. The letter makes no reference to the challenged policies regarding outdoor access or out-of-cell time. Whether the Sheriff's Office received all of its requested annual budget makes no fact in this case

---

[1] Plaintiffs did not identify which of the six types of motions permitted by Civil Local Rule 7-1(a) they sought to file. However, it appears they intended to file an administrative rather than a noticed motion because they did not include a notice with their motion, did not include a proposed order, and did not set a hearing date for the motion.

more or less likely. Plaintiffs' request is therefore moot and should be denied on that basis. *See e.g., Norton v. LVNV Funding, LLC,* 396 F. Supp. 3d 901, 909 (N.D. Cal. 2019) (denying request for judicial notice as moot).

It is especially inappropriate for Plaintiffs to try to introduce an August 2023 letter into evidence post-trial when they refused the opportunity to address August 2023 conditions at trial. At summary judgment, the Court held that this case would go to trial on "current" conditions in the jail and clarified that "current" conditions are those that existed at the close of fact discovery in August 2022. (ECF No. 339.) Recognizing that the jail's policies and procedures had changed considerably between August 2022 and August 2023 after the end of the COVID-19 state of emergency, the Court stated it would permit the parties to present evidence about the August 2023 conditions at trial if the parties so stipulated. (ECF No. 384.)  Although San Francisco agreed, Plaintiffs refused to stipulate and so the evidence at trial concerned the jail conditions as of August 2022. (ECF No. 403.)  It would prejudice San Francisco for the Court to now permit Plaintiffs to selectively revise their position after the close of trial. San Francisco would need to re-call witnesses to explain this letter and present new exhibits of its own in order to defend against Plaintiffs' request.

## CONCLUSION

This is Plaintiffs' fourth administrative motion for clarification since the Court issued its summary judgment order. (ECF Nos. 333, 337, 394, 475.) Plaintiffs have consistently used the procedures for an administrative motion to pursue relief that exceeds what an administrative motion

///
///
///
///
///
///
///
///
///

can offer and have been educated by the Court about their failure to follow the local rules. In this case they also fail to substantively support their requested relief. For the foregoing reasons San Francisco respectfully requests the Court deny Plaintiffs' motion.

Dated:  October 2, 2023

                DAVID CHIU
                City Attorney
                JAMES F. HANNAWALT
                Acting Chief Trial Deputy
                SABRINA M. BERDUX
                KAITLYN MURPHY
                Deputy City Attorneys

By: */s/ Kaitlyn Murphy*
     KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and SHERIFF PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY