**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MONTRAIL BRACKENS, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br>Defendant. | Case No.: 3:19-cv-02724 SK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Honorable Sallie Kim<br>Trial Date: Completed |

## TABLE OF CONTENTS

**L.R. 54-5(b)(1) CERTIFICATION** .................................................................... **- 6 -**

**STATEMENT OF ISSUE TO BE DECIDED (LOCAL RULE 7-4(a)(3)** ................................ **- 6 -**

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................................ **- 7 -**

**I.      INTRODUCTION** .................................................................................... **- 7 -**

**II.     STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY** ................ **- 8 -**

**III.    ARGUMENT** ......................................................................................... **- 9 -**

    A.      PLAINTIFFS ARE A PREVAILING PARTY ........................................... **- 10 -**

    B.      THE ATTORNEYS' FEES PLAINTIFFS SEEK TO RECOVER WERE DIRECTLY AND REASONABLY INCURRED IN PROVING AN ACTUAL VIOLATION OF THEIR RIGHTS ..................................................................................... **- 11 -**

    C.      THE ATTORNEY'S FEES SOUGHT BY PLAINTIFFS ARE PROPORTIONALY RELATED TO THE COURT ORDERED RELIEF .................................... **- 12 -**

    D.      PLAINTIFFS' FEES REQUEST IS REASONABLE AND ENHANCEMENT IS APPROPRIATE ........................................................................... **- 13 -**

    E.      PLAINTIFFS' COSTS ARE CORRECTLY STATED, WERE NECESSARILY INCURRED, AND ARE ALLOWABLE BY LAW .................................... **- 22 -**

**IV.    CONCLUSION** .................................................................................... **- 22 -**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Cases**

*Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975) ........................................- 7 -

*Balla v. Idaho State Bd. of Corr.*, No. 81-cv-1165-BLW, 2016 U.S. Dist. LEXIS 188836 (D. Idaho Feb. 1, 2016) ..................................................................- 14 -

*Blum v. Stenson*, 465 U.S. 886 (1984) ................................................- 14 -, - 17 -

*Bown v. Reinke*, No. 1:12-cv-262-BLW, 2016 U.S. Dist. LEXIS 66945 (D. Idaho May 19, 2016)- 14 -, - 17 -

*Cody v. Hillard*, 304 F.3d 767 (8th Cir. 2002) ....................................- 9 -, - 10 -

*Farrar v. Hobby*, 506 U.S. 103 (1992) ................................................- 10 -

*Fish v. St. Cloud State University*, 295 F.3d 849 (8th Cir. 2002) ....................- 13 -

*Fisher v. SJB-P.D. Inc.*, 214 F3d 1115 (9th Cir. 2000) ..............................- 10 -

*Friend v. Kolodzieczak*, 72 F.3d 1386 (9th Cir. 1995) ..............................- 10 -

*Ginest v. Bd. of Cnty. Comm'rs*, 423 F. Supp. 2d 1237 (D. Wyo. 2006) ................- 14 -

*Glauser v GroupMe, Inc*., No. C 11-2584 PJH, 2015 U.S. Dist. LEXIS 60191 (N.D. Cal. May 7, 2015) ..............................................................- 22 -

*Graves v. Arpaio*, 623 F.3d 1043 (9th Cir. 2010) ..................................- 13 -

*Graves v. Arpaio*, 633 F. Supp. 2d 834 (D. Ariz. 2009) ............................- 13 -

*In Groene v. Seng*, No. 4:06-CV-3153, 2006 U.S. Dist. LEXIS 45174 (D. Neb. 2006) ................- 17 -

*In re Texas Prison Litigation*, 191 F.R.D. 164 (D. Mo. 2000) ......................- 12 -

*Jenkins v. Missouri*, 127 F.3d 709 (8th Cir. 1997) ................................- 12 -

*Jones v. Lockhart*, 29 F.3d 422 (8th Cir. 1994) ..................................- 12 -

*Kelly v. Wengler*, 7 F. Supp. 3d 1069 (D. Idaho 2014)..............................- 14 -

*Kelly v. Wengler*, 822 F.3d 1085 (9th Cir. 2016)..................................- 14 -

*LeBlanc-Sterberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998)........................- 12 -

*Lee v. Amazon.com*, 76 Cal.App.5th 200 (2022) ................................- 18 -, - 20 -

*Levine v. City of Alameda*, No. C 04-01780 CRB, 2006 U.S. Dist. LEXIS 47831 (N.D. Cal. July 5, 2006) ..................................................................- 10 -

**Motion for Attorneys' Fees and Costs -- Case No.: 3:19-cv-02724 SK**

*McCarthy v. Madigan*, 503 U.S. 140 (1992) ................................................- 12 -

*McCown v. City of Fontana*, 565 F.3d 1097 (9th Cir. 2009) .......................- 12 -

*Mendez v. County of San Bernardino*, 540 F.3d 1109 (9th Cir. 2008) ................... - 9 -, - 11 -

*Missouri v. Jenkins*, 491 U.S. 274 (1989) ................................... - 13 -, - 14 -

*Missouri v. Jenkins*, 491 U.S. at 285 ...............................................- 17 -

*Nemmers v. City of Dubuque*, 764 F.2d 502 (8th Cir. 1985) .................... - 9 -, - 22 -

*Perdue v. Kenny A.*, 559 U.S. 542 (2010) .................................... - 13 -, - 14 -

*Perez v. Cate*, 632 F.3d 553 (9th Cir. 2011) ..................................- 13 -

*Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2003) ................- 22 -

*Thomas v. City of Tacoma*, 410 F.3d 644 (9th Cir. 2005) .................. - 10 -, - 11 -

*Thorne v. City of El Segundo*, 802 F.2d 1131 (9th Cir. 1986) .....................- 10 -

*Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869 (9th Cir. 2005) ............- 11 -

*Volk v. Gonzalez*, 262 F.3d 528 (5th Cir. 2001) ...............................- 13 -

*Witherspoon v. Sielaff*, 507 F. Supp. 667 (N.D. Ill. 1981) ..........................- 9 -

**Statutes**

42 U.S.C. § 1981 .............................................................- 8 -

42 U.S.C. § 1983 .............................................................- 8 -

42 U.S.C. § 1988 ............................................................ passim

42 U.S.C. §1997e ........................................................... passim

**Other Sources**

Fed. R. Civ. Proc. 54 ...................................- 6 -, - 7 -, - 9 -, - 22 -

L.R. 54-1 ...................................................- 6 -, - 9 -, - 22 -

L.R. 54-3 ...................................................- 6 -, - 9 -, - 22 -

L.R. 54-5 ...............................................................- 6 -

**Constitutional Provisions**

C.A. Const. art. I, § 17 ...................................................- 8 -

C.A. Const. art. I, § 7 ............................................ - 6 -, - 8 -

U.S. Const. amend. XIV ........................................................................................................... - 6 -, - 8 -

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 11, 2023 at 9:30 a.m. or at such other time determined by the Court, before the Honorable Sallie Kim, U.S. Magistrate Judge, Plaintiffs will and hereby do move, pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. §1997e, Rule 54(d) of the Federal Rules of Civil Procedure, Rules 54-1, 54-3 and 54-5 of the Civil Local Rules for the United States District Court for the Northern District of California, for recovery of their reasonable attorneys' fees and costs in the amount of $2,297,373.15. This motion is based on the accompanying Memorandum of Points and Authorities, the Declarations of Rachel Doughty, Yolanda Huang, and Richard Drury, all of the pleadings, records, and papers on file herein, and such other evidence or argument as may be presented at or before the hearing of this matter.

## L.R. 54-5(b)(1) CERTIFICATION

Pursuant to Local Rule 54-5(b)(1), Plaintiffs' counsel, Rachel Doughty, reached out to counsel for Defendants during the week of October 23, 2023, seeking to attempt to settle the issues of fees and costs in this matter. *See* Decl. of Rachel Doughty at ¶22. On October 27, 2023, Ms. Doughty had a phone call with defense counsel Kaitlyn Murphy, which was followed with email correspondence, offering the basis for the rates demanded by Plaintiff and also providing a summary of hours spent, in response to questions Ms. Murphy had during the phone conversation. *See id.* Ms. Doughty sent a formal and complete offer to Ms. Murphy, including an itemized list of costs, on October 30, 2023. *See id.*

## STATEMENT OF ISSUE TO BE DECIDED (LOCAL RULE 7-4(a)(3)

Having prevailed on their claims for violation of Plaintiffs' rights under the Fourteenth Amendment of the U.S. Constitution and Article I Section 7 of the California Constitution, and having successfully secured an injunction requiring Defendants to offer to each inmate who has been incarcerated for longer than a year daily access to direct sunlight, weather permitting and in the absence of an emergency (including but not limited to a global pandemic or prison riot) for at least 15 minutes, whether Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to

42 U.S.C. §1988, 42 U.S.C. § 1997e(d), Fed. R. Civ. P. 54(d), and local rules in the amount requested by Plaintiffs?

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

Plaintiffs Troy McAlister, Montrail Brackens, and Jose Poot, on behalf of themselves individually and others similarly situated as a class and Subclass, have prevailed in this action, with judgment entered in favor of Plaintiffs and against Defendant City and County of San Francisco. *See* ECF 479 (Judgment). This motion is filed pursuant to the fee provisions in 42 U.S.C. § 1988(b) and 42 U.S.C. §1997e. Through the enactment of these provisions, Congress has affirmed the need to provide judicial harbor to those who cannot obtain protection through political means. To encourage the appropriate use of the courts to safeguard such individuals' constitutional rights, Congress has determined that successful civil rights litigants, including those detained in jails, are entitled to recover their attorneys' fees from the governmental agents who deprived them of their civil liberties. The allowance of attorneys' fees is significant. "In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). Congress has abrogated the "American Rule," where it deems it necessary to encourage litigation to implement public policy. *Id.* at 263.

Here, the Court's judgment recognized a vital constitutional right that had not previously been explicitly addressed by case law, to wit: the right of prisoners to daily direct sunlight. In so recognizing, the Court further noted that Defendant offered "no real reason" for refusing to allow inmates access to direct sunlight, and "Defendant's actions are not rational and not reasonably related to valid penological purposes." ECF 478 at p. 59 (Findings of Fact and Conclusions of Law). This is exactly the type of case for which 42 U.S.C. § 1988(b) and 42 U.S.C. §1997e were created. Accordingly, Plaintiffs seek an award of fees and costs in the amount of $2,297,373.15. This total includes the reasonable sum of $1,923,187.28 in attorneys' fees and $374,185.87 in costs necessarily incurred in the prosecution of this case.

## II.      STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On May 20, 2019, Plaintiffs, all pretrial inmates at County Jail #3 located in San Bruno, California, filed a class action complaint for declaratory and injunctive relief and damages, alleging that the conditions of their confinement violated the Eighth and Fourteenth Amendments to the U.S. Constitution (by way of the Civil Rights Acts, 42 U.S.C. §§1981, 1983 et seq., and § 1988), as well as Sections 7 and 17 of the California Constitution. *See* ECF 1 (Complaint). Specifically, Plaintiffs alleged that they had been "completely denied all access to sunlight," among other things. (ECF 1, p. 1).

On June 27, 2019, Plaintiffs filed a motion for a preliminary injunction. *See* ECF 8 (Plaintiffs' Motion for Preliminary Injunction and Related Relief). On January 31, 2020, following preliminary discovery, which included a judicial site visit to the San Bruno Jail, the Court issued a preliminary injunction requiring the City to provide (1) one hour a day, five days a week, of recreation time for inmates in administrative segregation, except under certain circumstances, and (2) one hour per week of direct sunlight for inmates housed in the jail for more than four consecutive years. *See* ECF 110 (Order Regarding Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss); ECF 119 (Order Regarding Motion for Clarification). The January 31, 2020 Order was briefly stayed. *See* ECF 138 (Stipulation and Order for Partial Stay of Injunction and Stay of Appeal); ECF 150 (Order Approving Second Stipulation to Stay).

The parties engaged in significant discover, including numerous depositions, over the course of the following two years, in the midst of a global pandemic. Defendants vigorously defended this case, and resisted discovery in particular.

A trial in this case was held on August 8, 9, 10, 11, 15, 16 and 17, 2023, with Plaintiffs asserting that the City and County of San Francisco, through its actions, violated the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7 of the California Constitution denying inmates access to direct sunlight and by failing to provide sufficient out-of-cell time. *See* ECF 478 (Findings of Fact and Conclusions of Law).

Litigation of this matter lasted over four years, which litigation included significant written discovery, depositions, site visits, an appeal, numerous motions, and a lengthy trial. The parties

twice tried to mediate a settlement of the case, to no avail. Defendants rigorously asserted numerous defenses to allowing detainees access to sunlight before and through trial, including the following:

1. Weather;

2. Covid, including through the present date;

3. Resource availability, including staff;

4. The proximity and prior use of the old exercise yard at the San Bruno location; and

5. The similarity of the Jail's ventilation plus windows to the experience of direct sunlight.

Plaintiffs had to be prepared to address each of these defenses at trial. And, Plaintiffs' relief at trial exceeded that offered by Defendants in settlement.

## III.    ARGUMENT

A successful civil rights plaintiff is "normally entitled to fees" under 42 U.S.C. § 1988. *Cody v. Hillard*, 304 F.3d 767, 772 (8th Cir. 2002); *see also Mendez v. County of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008) ("a court's discretion to deny fees under § 1988 is very narrow and . . . fee awards should be the rule rather than the exception"); *Witherspoon v. Sielaff*, 507 F. Supp. 667, 668 (N.D. Ill. 1981) ("a prevailing plaintiff should receive fees almost as a matter of course"). A prisoner who prevails in a civil rights claim is entitled to recover his fees subject to the provisions of the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. §1997e.

To recover fees, the prisoner must: (a) be a prevailing party, 42 U.S.C. § 1988; (b) the fees must be directly and reasonably incurred in proving an actual violation of the prisoner's rights, 42 U.S.C. § 1997e(d)(1)(A); (c) the fees must be proportionately related to the court ordered relief for the violation, 42 U.S.C. § 1997e(d)(1)(B)(i); and (d) the hourly rate of the fee recovery must be no more than 150% of the Criminal Justice Act rates for court appointed counsel. 42 U.S.C. § 1997e(d)(3). Costs are recoverable where necessarily incurred and allowed by law. *See* Fed. R. Civ. P. 54(d); L.R.s 54-1, 54-3; *Nemmers v. City of Dubuque*, 764 F.2d 502, 506 (8th Cir. 1985).

Plaintiffs' fee application satisfies each of these requirements for both fees and costs.

### A.    PLAINTIFFS ARE A PREVAILING PARTY

A "prevailing party" is one who obtains "actual relief on the merits of his claim [which] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). "[A] plaintiff who obtains either an enforceable judgment on the merits or a court-ordered consent decree has established the required judicially sanctioned change in legal relationship, and so is a prevailing party." *Cody*, 304 F.3d at 773.

In order to qualify as the prevailing party, it is not necessary for a civil rights inmate to prevail on every claim (or even most claims) asserted in the litigation. *See Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005) ("The fact that Plaintiff failed to recover on all theories of liability is not a bar to recovery of attorney's fees"). Rather, the plaintiff "is considered the prevailing party for attorneys' fees purposes if he or she succeeds on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1140 (9th Cir. 1986). Moreover, "the Ninth Circuit has squarely held that injunctive relief alone is sufficient to establish a plaintiff as the prevailing party[,] . . . even where a complaint prays for both injunctive and legal relief." *Levine v. City of Alameda*, No. C 04-01780 CRB, 2006 U.S. Dist. LEXIS 47831, at *7 (N.D. Cal. July 5, 2006) (citing *Friend v. Kolodzieczak*, 72 F.3d 1386, 1390 (9th Cir. 1995) and *Fisher v. SJB-P.D. Inc.*, 214 F3d 1115 (9th Cir. 2000)).

Here, there is no question that the Plaintiffs were the prevailing party. *See* ECF 478; ECF 479. They have obtained a permanent injunction requiring Defendant to take affirmative action to ensure that daily direct sunlight is afforded to each inmate who has been incarcerated for longer than a year. *See id.* This relief requires the City and County of San Francisco to modify its behavior permanently, directly benefits the Plaintiffs, and gives rise to an enforceable judgment in Plaintiffs' favor. *See id.* Further, the judgment resulted in recognition of a significant issue, finding that inmates have a constitutional right to daily direct sunlight. *See id.*

**B.**   **THE ATTORNEYS' FEES PLAINTIFFS SEEK TO RECOVER WERE DIRECTLY AND REASONABLY INCURRED IN PROVING AN ACTUAL VIOLATION OF THEIR RIGHTS**

The attorneys' fees that Plaintiffs seek to recover are only those fees which were directly and reasonably incurred in proving the violation of Plaintiffs' constitutional rights. *See* 42 U.S.C. § 1997e(d)(1)(A); Decl. of Rachel Doughty at ¶20 and Exh. 11; Decl. of Yolanda Huang at ¶¶15-16 and Exh. 2. Detailed descriptions of the activities performed on Plaintiffs' behalf were maintained. *See id.*

Plaintiffs should recover a fully compensatory fee even though they did not prevail on all claims because of the relatedness of all of their claims. *See Mendez*, 540 F.3d at 1125-26 ("A plaintiff is entitled to recover attorney's fees even for claims on which she did not prevail, if they 'involve a common core of facts or are based on related legal theories'") (quoting *Thomas v. City of Tacoma*, 410 F.3d at 649). The Ninth Circuit has held that prevailing plaintiffs "are to be compensated for attorneys' fees incurred for services that contribute to the ultimate victory in the lawsuit. . . . Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. Lawsuits usually involve many reasonable disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 884 (9th Cir. 2005). Successful prisoner litigation is rare, and the injunction issued against the City and County of San Francisco is even more exceptional because it established, for the first time, that inmates have a constitutional right to direct sunlight. That this Court did not find in favor of Plaintiffs as to all theories of liability does not dilute this victory.

Recovery of fees for 4,203.20 hours of work by Plaintiffs' attorneys' and administrative staff are being sought. *See* Decl. of Rachel Doughty at Exh. 11; Decl. of Yolanda Huang at Exh. 2. In some cases, the time for specific tasks has been reduced; approximately 160 hours have been written off. *See* Decl. of Rachel Doughty at ¶18 and Exh. 11.

Plaintiffs' claims related to the provision of sunlight and those related to the provision of recreational out-of-cell time involved a common core of facts and witnesses. Both claims also required examination of related physical and mental harms. Further, in addressing Defendants'

defenses, Plaintiffs' work cannot generally be disentangled between the two claims. For example, Defendants' defenses to Plaintiff's sunlight claim (resources/staffing, Covid) raised many of the same issues that needed to be addressed when preparing evidence and witnesses to address Plaintiffs' recreational out-of-cell time claim.

### C. THE ATTORNEY'S FEES SOUGHT BY PLAINTIFFS ARE PROPORTIONALY RELATED TO THE COURT ORDERED RELIEF

"The PLRA indicates that attorney fees awarded in prison cases should be proportional to the benefit obtained." *In re Texas Prison Litigation*, 191 F.R.D. 164, 177 (D. Mo. 2000); *see also* 42 U.S.C. § 1997e(d)(1)(B)(i). "[S]uccess on the merits is a factor in considering the reasonableness of the fee in relation to the results obtained." *Jenkins v. Missouri*, 127 F.3d 709, 719 (8th Cir. 1997).

The Supreme Court has long mandated that "federal courts must take cognizance of the valid constitutional claims of prison inmates." *McCarthy v. Madigan*, 503 U.S. 140, 153 (1992). Here, Plaintiffs exercised their right to adjudicate important constitutional issues, and in so doing, they demonstrated that the Defendant's failure to provide access to direct sunlight had resulted in causing physical harm. *See* EFD 478. The right to direct sunlight had not previously been addressed in case law, making it an issue of first impression. In issuing an injunction, the Court found that the Defendant had failed to proffer any legitimate, much less compelling, penological reason to deny inmates access to sunlight. *See* ECF 478. Through this litigation, Plaintiffs vindicated not only their own constitutional rights in this case, but also those of other similarly situated prisoners. A plaintiff bringing a civil rights action "does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority." *Jones v. Lockhart*, 29 F.3d 422, 424 (8th Cir. 1994); *see also McCown v. City of Fontana*, 565 F.3d 1097, 1105 (9th Cir. 2009) (full award of fees warranted where public has benefited through changes in policy); *LeBlanc-Sterberg v. Fletcher*, 143 F.3d 748, 760 (2d Cir. 1998) ("substantial fee award" is justified where injunctive award results in a "systemic affect of importance" or serves a "substantial public interest").

The benefit obtained through this suit is significant and impacts a large population. However, the benefit was only achieved after four years of litigation, which litigation included significant written discovery, depositions, site visits, an appeal, numerous motions, two mediations, and a lengthy trial. *See* Decl. of Rachel Doughty at ¶17 and Exh. 11; Decl. of Yolanda Huang at ¶13 and Exh. 2. Without Plaintiffs' continued commitment, Defendant would not have addressed the harm being caused by its actions. The fees being sought are proportionally related to the relief ordered by the Court, ensuring that inmates' constitutional rights are upheld and protected.

### D.     PLAINTIFFS' FEES REQUEST IS REASONABLE AND ENHANCEMENT IS APPROPRIATE

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002). The PLRA caps attorneys' fees at an hourly rate no more than 150% of the Criminal Justice Act rates for court appointed counsel. 42 U.S.C. § 1997e(d)(3). Under this cap, the maximum PLRA is $246 per hour (150% of $164/hour).

Reasonable attorneys' fees also include work done by law clerks and paralegals at the prevailing market rate. *See Missouri v. Jenkins*, 491 U.S. 274, 284-288 (1989). The same PLRA cap applies to the work of law clerks and paralegals. *See Volk v. Gonzalez*, 262 F.3d 528, 535 (5th Cir. 2001). The PLRA cap does not further reduce the rates for paralegals below market rates; they are capped at the same rate schedule as attorneys. *See Perez v. Cate*, 632 F.3d 553, 557 (9th Cir. 2011) (approving award of paralegal fees at the PLRA maximum because the maximum fell below the paralegal market rate in the relevant market); *Graves v. Arpaio*, 633 F. Supp. 2d 834, 851 (D. Ariz. 2009), aff'd 623 F.3d 1043 (9th Cir. 2010) (finding the PLRA does not provide any basis for arbitrarily discounting fees incurred by paralegals and clerks based on the effect of the PLRA maximum on the attorneys' hourly rate).

Under Section 1988, Congress provided that a prevailing party may recover "a reasonable attorney's fee as part of the costs." *Perdue v. Kenny A.*, 559 U.S. 542, 550 (2010). To ensure that fees are reasonable, the lodestar method normally looks to prevailing market rates in the relevant

community. *See id.* at 551; *Missouri v. Jenkins*, 491 U.S. at 285; *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). However, even when this is done, "[t]he lodestar method was never intended to be conclusive in all circumstances." *See Perdue*, 559 U.S. at 553. Under certain conditions, an enhancement may be appropriate. *See id.*

Courts have repeatedly acknowledged that enhancements are available under the PLRA. *See Kelly v. Wengler*, 7 F. Supp. 3d 1069, 1081-1084 (D. Idaho 2014), aff'd *Kelly v. Wengler*, 822 F.3d 1085, 1100 (9th Cir. 2016) (awarding a multiplier of 1.3 and 2); *Bown v. Reinke*, No. 1:12-cv-262-BLW, 2016 U.S. Dist. LEXIS 66945 at *7 (D. Idaho May 19, 2016) (awarding a multiplier of 1.4 and 1.8); *Balla v. Idaho State Bd. of Corr.*, No. 81-cv-1165-BLW, 2016 U.S. Dist. LEXIS 188836 at *12, 30-38 (D. Idaho Feb. 1, 2016) (awarding a multiplier of 1.26, 1.39, and 1.97); *Ginest v. Bd. of Cnty. Comm'rs*, 423 F. Supp. 2d 1237, 1241-42 (D. Wyo. 2006) (awarding a 25% enhancement). Among the factors that may be considered for enhancements are (1) the customary market rate and awards in similar cases, (2) the time and labor required, (3) the financial risk taken by the prevailing party's counsel in taking a contingent civil rights case, (4) the novelty and difficulty of the questions involved, and (5) the results obtained. *See id.*

Here, Plaintiffs clearly are entitled to the maximum PLRA rate of $246 per hour. This rate is far below the market rate for each attorney and support staff involved in the litigation. *See* Decl. of Richard Drury at ¶¶6-24; Decl. of Rachel Doughty at ¶¶5, 7-15, 17. At the time of this writing, a summary of Plaintiffs' requested fees consist of the following[1]:

| Biller | Graduation Year | Firm | Market Rate | Total Hours | Total Hours After Billing Judgment Reduction | PLRA Rate | PLRA Lodestar | PLRA Lodestar After Billing Judgment Reduction |
|---|---|---|---|---|---|---|---|---|
| Rachel Doughty | 2004 | GFL | 820 | 541 | 534.6 | $246.00 | $133,086.00 | $131,511.60 |
| Erica Plasencia | Paralegal/ Translation | GFL | 246 | 26.6 | 26.1 | $246.00 | $6,543.60 | $6,420.60 |
| Alexandra Monson | 2018 | GFL | 450 | 16.5 | 16.5 | $246.00 | $4,059.00 | $4,059.00 |

[1] This table reflects an additional 30 hours anticipated for review of Defendant's opposition to this motion and preparation of a reply. Plaintiffs reserve the right to supplement the table and related exhibits thereafter.

| Name | Role/Year | Firm | Rate | Hours | Adj Hours | Rate 2 | Amount | Adj Amount |
|---|---|---|---|---|---|---|---|---|
| Carla Barraez | Paralegal | GFL | 246 | 6.1 | 5.5 | $246.00 | $1,500.60 | $1,353.00 |
| Ariel Strauss | 2011 | GFL | 680 | 22.2 | 11.3 | $246.00 | $5,461.20 | $2,779.80 |
| Christian Bucey | 2017 | GFL | 430 | 3.9 | 3.7 | $246.00 | $959.40 | $902.82 |
| Jessica Taylor | 2014 | GFL | 600 | 15.2 | 9.6 | $246.00 | $3,739.20 | $2,361.60 |
| Richard Brody | 1981 | GFL | 820 | 616.7 | 616.7 | $246.00 | $151,708.20 | $151,708.20 |
| Susann Bradford | 2021 | GFL | 350 | 81.7 | 81.7 | $246.00 | $20,098.20 | $20,098.20 |
| Nuria de la Fuente | Legal Asst/ Translation | GFL | 246 | 109.8 | 102.4 | $246.00 | $27,010.80 | $25,190.40 |
| Jessica Blome | 2007 | GFL | 780 | 3.9 | 3.9 | $246.00 | $959.40 | $959.40 |
| Rae Lovko | 2000 | GFL | 820 | 69.8 | 69.8 | $246.00 | $17,170.80 | $17,170.80 |
| Lily Rivo | 2005 | GFL | 675 | 7 | 7.0 | $246.00 | $1,722.00 | $1,722.00 |
| Donna Wallace | Snr Paralegal | GFL | 246 | 47 | 44.5 | $246.00 | $11,562.00 | $10,947.00 |
| Paul Hoffman | 1976 | SSHH&Z | | 6 | 0.0 | $246.00 | $1,476.00 | $0.00 |
| Michael Seplow | 1990 | SSHH&Z | | 9 | 0.0 | $246.00 | $2,214.00 | $0.00 |
| Yolanda Huang | 1982 | YH | 900 | 2444.6 | 2335.9 | $246.00 | $601,380.15 | $574,627.65 |
| Student Clerk | Student Clerk | YH | 246 | 40.0 | 40.0 | $246.00 | $9,840.00 | $9,840.00 |
| Adirah Rodriguez | Student Clerk | YH | 246 | 14.5 | 14.5 | $246.00 | $3,567.00 | $3,567.00 |
| Pat Gia-commetti | Senior Paralegal | YH | 246 | 133.3 | 133.3 | $246.00 | $32,779.50 | $32,779.50 |
| Joshua Paiz | Student Clerk | YH | 246 | 146.3 | 146.3 | $246.00 | $35,992.26 | $35,992.26 |
| | | | | | | | | |
| **Total:** | | **Total** | | **4,361.1** | **4,203.2** | | **$1,072,829.31** | **$1,033,990.83** |

Further, as addressed below, after calculating the lodestar, Plaintiffs also seek an enhancement with multipliers ranging from 1.20 to 2.0 attorneys and administrative staff. Application of the requested multipliers would result in the following award:

| Biller | PLRA Lodestar After Billing | Enhancement/ Multiplier | PLRA Rate Demand |
|---|---|---|---|

- 15 -

| | Judgment Reduction | | |
|---|---|---|---|
| Rachel Doughty | $131,511.60 | 2.00 | $263,023.20 |
| Erica Plasencia | $6,420.60 | 1.20 | $7,704.72 |
| Alexandra Monson | $4,059.00 | 1.50 | $6,088.50 |
| Carla Barraez | $1,353.00 | 1.00 | $1,353.00 |
| Ariel Strauss | $2,779.80 | 1.50 | $4,169.70 |
| Christian Bucey | $902.82 | 1.50 | $1,354.23 |
| Jessica Taylor | $2,361.60 | 1.50 | $3,542.40 |
| Richard Brody | $151,708.20 | 2.00 | $303,416.40 |
| Susann Bradford | $20,098.20 | 1.50 | $30,147.30 |
| Nuria de la Fuente | $25,190.40 | 1.20 | $30,228.48 |
| Jessica Blome | $959.40 | 1.50 | $1,439.10 |
| Rae Lovko | $17,170.80 | 1.50 | $25,756.20 |
| Lily Rivo | $1,722.00 | 1.50 | $2,583.00 |
| Donna Wallace | $10,947.00 | 1.00 | $10,947.00 |
| Paul Hoffman | $0.00 | 1.50 | $0.00 |
| Michael Seplow | $0.00 | 1.50 | $0.00 |
| Yolanda Huang | $574,627.65 | 2.00 | $1,149,255.29 |
| Student Clerk | $9,840.00 | 1.00 | $9,840.00 |
| Adirah Rodriguez | $3,567.00 | 1.00 | $3,567.00 |
| Pat Gia-commetti | $32,779.50 | 1.00 | $32,779.50 |
| Joshua Paiz | $35,992.26 | 1.00 | $35,992.26 |
| | | | |
| **TOTAL** | **$1,033,990.83** | | **Lodestar with Enhancement: $1,923,187.28** |

The basis for the enhancement is (1) the PLRA maximum hourly rate severely undervalues the work of counsel, and the enhancement would bring the hourly rate more in line with fair market rates, (2) the time and labor expended on the case was unnecessarily exacerbated by Defendants' baseless defenses and refusal to engage in good faith resolution of the matter, (3) Plaintiffs' counsel took significant risk by taking the case on a contingency basis, (4) the case involved a novel question that required extensive discovery and development of expert testimony, and (5) the result obtained resulted in recognition of a right to direct sunlight under the U.S. and California constitutions (a right not previously addressed by case law).

### 1.   Hourly Rate

Courts look to the marketplace as a guide in determining what constitutes a reasonable attorney fee. *See Missouri v. Jenkins*, 491 U.S. at 285; *Blum v. Stenson*, 465 U.S. at 895 n.11. The maximum PLRA rate of $246 per hour does not represent the marketplace. *See* Decl. of Richard Drury at ¶¶6-24; Decl. of Rachel Doughty at ¶¶5, 7-15, 17; Decl. of Yolanda Huang at ¶¶2-3, 14. This, in and of itself, is a sufficient basis upon which to issue a multiplier. *See Bown,* 2016 U.S. Dist. LEXIS at *6-7.

Given that the marketplace serves as a guide in determining what constitutes a "reasonable" attorney's fee, the hourly rate charged by Plaintiffs' attorneys in other cases provides, at least, a benchmark as to the reasonableness of the time and fees incurred in this litigation. *See In Groene v. Seng*, No. 4:06-CV-3153, 2006 U.S. Dist. LEXIS 45174 (D. Neb. 2006). Recent fee motion awards in public interest cases have ruled partner hourly rates between $600 and $1,250, associate hourly rates between $325 and $925, and paralegal/administrative hourly rates between $225 and $350 as reasonable and appropriate. *See* Decl. of Richard Drury at ¶¶7, 10-18. These awards were ordered in various courts in California, including in the Northern District of California. *See id.* Recent fee motions awarded to Greenfire Law, PC are in accord with these rulings. *See id.* at ¶19; Decl. of Rachel Doughty at ¶¶5, 9, 13, 14.

In looking at market rates, the Laffey Matrix also is useful:

Another useful benchmark in determining reasonable market rates is the adjusted Laffey Matrix, named after *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354, 371 (D.D.C. 1983). Courts have relied on the updated Laffey Matrix, *Smith v. District of Columbia*, 466 F. Supp. 2d 151, 156 (D.D.C. 2006), including federal courts in the Northern District of California. *Kempf v. Barrett Bus. Servs.*, No. C-06-3161 SC, 2007 WL 4167016 (N.D. Cal. Nov. 20, 2007), aff'd, 336 Fed.Appx. 658 (9th Cir. 2009) (finding attorneys' requested fees reasonable when compared to rates in the updated Laffey Matrix). While reliance on the Laffey Matrix (adjusted for local rates) is not mandatory, courts have held that it is a useful indicator of billing rates in conjunction with attorney declarations and other information. *See Syers Properties III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 702 (2014). The Laffey Matrix is available on-line at http://www.laffeymatrix.com/ see.html. According to the most recent Laffey Matrix, current market rates are: paralegals - $239; 1-3 year lawyers - $437; 4-7 year lawyers - $538; 8-10 year lawyers - $777; 11-19 year lawyers - $878; 20+ year lawyers - $1,057.

*See* Decl. of Richard Drury at ¶20.

As established by the Declarations of Richard Drury, Rachel Doughty, and Yolanda Huang, the requested enhancements are necessary to bring hourly rates closer to the market rate; however, even with enhancements, the rates are far below market rate. *See* Decl. of Richard Drury at ¶¶6-24; Decl. of Rachel Doughty at ¶¶5, 7-15, 17; Decl. of Yolanda Huang at ¶¶2-3, 14. More specifically:

a.       **Yolanda Huang.** Ms. Huang have over 30 years of experience, and for the past 11 years, she has primarily been litigating claims under Section 1983 in federal court, including cases involving conditions of confinement. *See* Decl. of Yolanda Huang at ¶¶2-5. A reasonable market rate for Ms. Huang is between $900 to $1,057. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 2.0 for Ms. Huang would bring her hourly rate up to $492.

b.       **Rachel Doughty.** Ms. Doughty has almost 20 years of experience and is the founding and managing shareholder of Greenfire Law. *See* Decl. of Rachel Doughty at ¶5. She has civil litigation experience in California and North Carolina, is admitted to the Ninth Circuit Court of Appeals as well as the federal District of D.C. Court, and has appeared pro hac vice in federal district courts in Mississippi, Alabama, and Florida, as well as before the Fourth and Eleventh Circuit Courts of Appeal. *See id.* In 2023, she was awarded the Clay Award for Consumer Protection and the award for Top Verdicts 2022 by the *Daily Journal* for my work as lead counsel in the matter of *Lee v. Amazon.com*, 76 Cal.App.5th 200 (2022). *See id.* She has recently been

awarded fees at a rate of $720/hour by California superior courts in Mendocino and Trinity Counties in 2023, and 2022, respectively. *See id.* A reasonable market rate for Ms. Doughty is between $820 to $1,057. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 2.0 for Ms. Doughty would bring her hourly rate up to $492.

   c. **Richard Brody.** Mr. Brody has over 40 years of experience representing injured individuals in complex litigation and nonprofit organizations in public-interest litigation before state and federal courts. *See* Decl. of Rachel Doughty at ¶7. He has served as co-counsel in six appellate cases with published opinions, including two decisions from the California Supreme Court. *See id.* He has tried multiple cases to verdict and has begun over fifty trials which settled prior to verdict. *See id.* A reasonable market rate for Mr. Brody is $900 to $1,057. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 2.0 would bring his hourly rate up to $492.

   d. **Jennifer Rae Lovko.** Ms. Lovko has almost 20 years of civil litigation experience before both state and federal courts. *See* Decl. of Rachel Doughty at ¶8. She has in the past worked on Constitutional civil rights matters addressing prisoner conditions of confinement. *See id.* In addition to her work as a litigator, Ms. Lovko has been a contributing author in several Continuing Education of the Bar (CEB) publications. *See id.* A reasonable market rate for Ms. Lovko is $820 to $878. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 1.5 would bring her hourly rate up to $369.

   e. **Ariel Strauss.** Mr. Strauss has almost 12 years of experience. *See* Decl. of Rachel Doughty at ¶9. In addition to his work at Greenfire Law, he served as a judicial clerk with the Supreme Court of Israel, during which time he addressed constitutional and administrative law issues related to the rights of prisoners. *See id.* Mr. Strauss has been recently awarded fees at an hourly rate of $550 by Mendocino County Superior Court. *See id.* A reasonable market rate for Mr. Strauss is $680 to $878. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 1.5 would bring his hourly rate up to $369.

   f. **Alexandra Monson.** Ms. Monson has over 5 years of experience and has represented clients in a variety of administrative law matters. *See* Decl. of Rachel Doughty at ¶10.

A reasonable market rate for Ms. Monson is $450 to $538. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 1.5 would bring her hourly rate up to $369.

g.  **Jessica Blome.** Ms. Blome has over 16 years of experience and is a shareholder at Greenfire Law. *See* Decl. of Rachel Doughty at ¶11. She also was awarded the Clay Award for Consumer Protection and the award for Top Verdicts 2022 by the *Daily Journal* for her work on *Lee v. Amazon.com*, 76 Cal.App.5th 200 (2022). *See id.* A reasonable market rate for Ms. Blome is $780 to $878. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 1.5 would bring her hourly rate up to $369.

h.  **Susann Bradford.** Ms. Bradford has 2 years of experience, and before joining Greenfire Law, she was a Graduate Fellow at the Golden Gate University Law and Justice Clinic. *See* Decl. of Rachel Doughty at ¶12. A reasonable market rate for Ms. Bradford is $350 to $437. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 1.5 would bring her hourly rate up to $369.

i.  **Christian Bucey.** Mr. Bucey graduated from law school in 2017. *See* Decl. of Rachel Doughty at ¶13. Greenfire Law was awarded fees for Mr. Bucey at the rate of $407/hour by Sonoma Superior in 2023. *See id.* A reasonable market rate for Mr. Bucey is $430 to $777. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 1.5 would bring his hourly rate up to $369.

j.  **Jessica Taylor.** Ms. Taylor has almost 10 years of experience and has extensive experience in civil litigation, including experience on several multi-district litigations. *See* Decl. of Rachel Doughty at ¶14. Greenfire Law was awarded fees for Ms. Taylor at the rate of $400/hour by Mendocino Superior in 2023. *See id.* A reasonable market rate for Ms. Taylor is $600 to $777. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 1.5 would bring her hourly rate up to $369.

k.  **Lily Rivo.** Ms. Rivo has nearly 18 years of experience. *See* Decl. of Rachel Doughty at ¶15. Prior to working at Greenfire Law, her practice focused on legal writing related to both civil and criminal law matters. *See id.* She began her career as a Deputy Attorney at the California Office of the Attorney General in 2007. *See id.* A reasonable market rate for Ms. Rivo is

$675 to $878. *See* Decl. of Richard Drury at ¶23. The requested multiplier of 1.5 would bring her hourly rate up to $369.

Plaintiffs also are seeking a multiplier of 1.2 for Nuria de la Fuente and Erica Plasencia to reflect the value of their work providing translation in the case. *See* Decl. of Rachel Doughty at ¶17.

### 2.   Time and Labor Expended

Plaintiffs counsel participated in two mediations in this case, to no avail. In their Rule 68 offer, Defendants offer was significantly less than the result that Plaintiffs obtained. *See* Decl. of Rachel Doughty at ¶23. Throughout the litigation, Defendants continued to put forth defenses that had no merit. Indeed, the Court acknowledged Defendant offered "no real reason" for refusing to allow inmates access to direct sunlight, and "Defendant's actions are not rational and not reasonably related to valid penological purposes." ECF 478 at p. 59. For all of these reasons, Plaintiffs were forced to expend extra time and labor that could have been avoided but for Defendant's actions.

### 3.   Risk

A multiplier also is warranted to address that Plaintiffs experienced significant contingent risk in this action. The expense and risk associated with public interest litigation has only increased over time, and as a result, fewer attorneys are willing to take on such litigation. *See* Decl. of Richard Drury at ¶¶25-26; Decl of Yolanda Huang at ¶¶6-9.

### 4.   Novel Question of Law and Result Obtained

Finally, a multiplier is warranted because this case dealt with a novel question of law, to wit: do prisoners have a constitutional right to direct sunlight? In responding to this issue, Plaintiffs had to engage much time and money, including the retention of Charles Czeisler, M.D., Ph.D. For over four years, including two years during Covid, Plaintiffs pursued litigation toward the ultimate end of having this constitutional right established. The result establishes precedent where no precedent before existed. The benefit obtained through this suit is significant and impacts a large population.

For all of these reasons, Plaintiffs believe their requested enhancement is reasonable and appropriate.

### E.  PLAINTIFFS' COSTS ARE CORRECTLY STATED, WERE NECESSARILY INCURRED, AND ARE ALLOWABLE BY LAW

In addition to attorneys' fees, Plaintiffs are entitled to an award of costs. *See* Fed. R. Civ. P. 54(d); L.R.s 54-1, 54-3; *Nemmers v. City of Dubuque*, 764 F.2d at 506. There is a presumption for awarding costs to the prevailing party, and Defendant holds the burden of overcoming this presumption by affirmatively showing that Plaintiff is not entitled to costs. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003); *Glauser v GroupMe, Inc*., No. C 11-2584 PJH, 2015 U.S. Dist. LEXIS 60191, at *2-3 (N.D. Cal. May 7, 2015).

Plaintiffs seek $372,672.87, with $255,092.51 associated with Plaintiffs' retention of Dr. Charles Czeisler. Plaintiffs anticipate Defendants objecting that this amount is excessive, but this is not so. Initially, Plaintiffs sought to rely on experts that were willing to donate their time on a pro bono basis. *See* Decl. of Yolanda Huang at ¶10. The need to retain Dr. Czeisler was prompted by the Court finding that these experts would not be sufficient to establish causation. *See id.* Dr. Czeisler's expertise is rare, and retention of him required significant funding. *See id.* Without his assistance, the result obtained would seem highly unlikely; his participation was essential. *See id.*

The Court should award Plaintiffs all costs in the amount of $374,185.87 which have been correctly stated, were necessarily incurred, and are allowable under federal law and local rules. Decl. of Yolanda Huang at ¶17-23.

## IV.  CONCLUSION

Accordingly, Plaintiffs seek an award of fees and costs in the amount of $2,297,373.15. This total includes the reasonable sum of $1,923,187.28 in attorneys' fees and $374,185.87 in costs necessarily incurred in the prosecution of this case.

Respectfully Submitted by:

Dated: 10/31/2023

GREENFIRE LAW, PC

*/s/ Rachel Doughty*

Rachel Doughty