**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MONTRAIL BRACKENS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendants. | Case No.: 3:19-cv-02724 SK <br><br> **PARTIES JOINT MOTION TO EXTEND TIME FOR FILING NOTICE OF APPEAL UNTIL THE COURT'S DECISION ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES (FRCP 58 (e); FRAP 4)** <br><br> Date: NA <br> Time: NA <br> Courtroom:  Courtroom C, 15th Floor <br> Federal District Court <br> 450 Golden Gate Ave. <br> SAN FRANCISCO, CA <br><br> Hon. Sallie Kim, presiding |

The parties file this joint motion to request that the Court order that plaintiff's timely motion for attorney's fees made under Rule 54(d)(2) have the same effect under Federal Rule of Appellate Procedure 4(a)(4)(iii) as a timely filed motion under Rule 59, so that any appeal from the merits judgment may also address the forthcoming order on attorneys' fees. Declaration of R. Doughty, filed herewith ("Doughty Decl."), ¶ 6.

## STATEMENT OF FACTS

The Court issued a judgment in this case on October 16, 2023.[1] Plaintiffs timely filed their motion for attorney's fees (ECF 480) on October 31, 2023. The time for the filing of Notice of Appeal runs thirty days after entry of judgment, on Wednesday, November 15, 2023. Fed. R. App. Proc. 4(a)(1)(A); Doughty Decl., ¶ 2.

The parties are in agreement that judicial efficiency would be served by obtaining resolution of the Plaintiffs' timely filed Rule 54(d)(2) fee motion prior to the commencement of any appeal of this matter, as the amount of fees ordered is likely to be addressed in any appeal by either party of this matter and are interrelated. Doughty Decl., ¶ 2. Additionally, the parties have also been engaged in further settlement discussions, since the judgment in this case was entered, which would also benefit from more time, potentially obviating the need for any appeal. Doughty Decl., ¶ 3.

## MEMORANDUM OF POINTS AND AUTHORITIES

In *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196 (1988), the Supreme Court noted that because a request for attorney's fees under 42 U.S.C. § 1988 is collateral to the merits, a decision on the merits of the case is final even absent a finding regarding the recoverability or the amount of attorney's fees. *Id.* at 202-03.

Under Federal Rule of Civil Procedure 58(e),

> Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have

---

[1] The Court's Order on Findings of Fact and Conclusions of Law was distributed on and date stamped October 17, 2023, in an apparent technological glitch.

the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Under Federal Rule of Appellate Procedure 4(a)(4)(iii) if a party files in the district court a motion for attorney fees under Rule 54, the time for appeal runs from the entry of the order disposing of that fees motion "if the district court extends the time to appeal under Rule 58."

The Advisory Committee on 1993 amendments to Rule 58 noted:

> Ordinarily the pendency or post-judgment filing of a claim for attorney's fees will not affect the time for appeal from the underlying judgment. *See Budinich v. Becton Dickinson & Co*., 486 U.S 196 (1988). Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved. However, in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case. This revision permits, but does not require, the court to delay the finality of the judgment for appellate purposes under revised Fed. R. App. P. 4(a) until the fee dispute is decided. To accomplish this result requires entry of an order by the district court before the time a notice of appeal becomes effective for appellate purposes. If the order is entered, the motion for attorney's fees is treated in the same manner as a timely motion under Rule 59.

Here the parties are in agreement that the merits and fees are interrelated issues, which would be more efficiently addressed together, should an appeal be taken.

Time is of the essence. The deadline to file a Notice of Appeal on the merits is Wednesday, November 14, 2023, absent an order of this court. Doughty Decl. ¶ 4. Therefore, and also because there is no dispute between the parties regarding the request in this motion, the parties waive any right to respond to this motion and for a hearing. Doughty Decl. ¶ 5.

**CONCLUSION**

The parties request that the Court grant their joint motion to permit any appeals – to include both the merits judgment and fees judgment, and for the time of appeal to be extended until the disposition on the merits of plaintiffs' Rule 54(d)(2) motion for attorney's fees.

Respectfully Submitted by:

Dated: November 9, 2023                          LAW OFFICE OF YOLANDA HUANG

                                         By: */s/ Yolanda Huang*
                                              Yolanda Huang

                                              GREENFIRE LAW
                                         By: */s/ Rachel Doughty*
                                              Rachel Doughty

                                              *ATTORNEYS FOR PLAINTIFFS*