**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MONTRAIL BRACKENS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br> Defendant. | Case No.: 3:19-cv-02724 SK <br><br> **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> Judge: Honorable Sallie Kim <br> Trial Date: Completed <br><br> Hearing Date: December 11, 2023 <br> Time: 9:30 a.m. |

# TABLE OF CONTENTS

I. INTRODUCTION ......................................................................................................... - 6 -

II. STATEMENT OF RELEVANT FACTS .................................................................... - 6 -

III. ARGUMENT ................................................................................................................. - 8 -

    A. Defendant Failed to Meet its Evidentiary Burden in Opposition ..................... - 8 -

    B. As the Prevailing Party, Plaintiffs Are Entitled to Compensation for Fees Directly and Reasonably Incurred ......................................................................................... - 8 -

        1. Plaintiffs' Claims Were Interrelated and the Relief Obtained Warrants Full Recovery of Attorney Fees ........................................................................... - 8 -

        2. The Hours of Work Incurred by Plaintiffs is Reasonable .................................. - 11 -

    C. The Proper PLRA Lodestar is $246 ................................................................ - 13 -

    D. A Fee Enhancement Is Proper ......................................................................... - 14 -

    E. Expert Fees Should Be Awarded ..................................................................... - 15 -

    F. Other Costs Should Be Awarded ..................................................................... - 16 -

IV. CONCLUSION ........................................................................................................... - 17 -

# TABLE OF AUTHORITIES

**Cases**

*700 Valencia St. LLC v. Farina Focaccia & Cucina Italiana, LLC*,
  No. 15-cv-04931-JCS, 2018 U.S. Dist. LEXIS 21910 (N.D. Cal. Feb. 8, 2018) .......................... - 16 -

*Ackerman v. W. Elec. Co.*, 113 F.R.D. 143 (N.D. Cal. 1986) ............................................................ - 15 -

*Auto. Prods. PLC v. Tilton Eng'g, Inc.*, 855 F. Supp. 1101 (C.D. Cal. 1994) ................................... - 15 -

*Balla v. Idaho State Bd. of Corr.*, No. 81-cv-1165-BLW,
  2016 U.S. Dist. LEXIS 188836 (D. Idaho Feb. 1, 2016) ........................................... - 6 -, - 15 -

*Bd. of Trs. v. Piedmont Lumber*, No. 13-cv-03898-HSG,
  2016 U.S. Dist. LEXIS 113251 (N.D. Cal. Aug. 24, 2016) ................................................ - 16 -

*Blackwell v. Foley*, 724 F. Supp. 2d 1068 (N.D. Cal. 2010) ............................................................. - 9 -

*Bown v. Reinke*, No. 1:12-cv-262-BLW,
  2016 U.S. Dist. LEXIS 66945 (D. Idaho May 19, 2016) .......................................... - 6 -, - 14 -

*Copeland v. Marshall*, 641 F.2d 880 (1980) ...................................................................... - 6 -, - 10 -

*Crommie v. Pub. Utils. Comm'n*, 840 F. Supp. 719 (N.D. Cal. 1994) ............................................. - 9 -

*Denton v. Daimlerchrysler Corp.*, 645 F. Supp. 2d 1215 (N.D. Ga. 2009) ..................................... - 16 -

*Dunlap v. Liberty Nat. Prod., Inc.*, No. 3:12-CV-01635-SI,
  2016 WL 591759 (D. Or. Feb. 12, 2016), aff'd, 878 F.3d 794 (9th Cir. 2017) .............................. - 9 -

*Dyno Indus. v. Tapeprinter, Inc.,* 326 F.3d 141 (9th Cir. 1964) ....................................................... - 10 -

*Fessler v. Porcelana Corona De Mex., S.A.*, 23 F.4th 408 (5th Cir. 2022) ............................. - 8 -, - 9 -

*Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992) ..................................................................... - 8 -

*Ginest v. Bd. of Cnty. Comm'rs*, 423 F. Supp. 2d 1237 (D. Wyo. 2006) ........................................ - 6 -

*Graves v. Penzone*, No. CV-77-00479-PHX-NVW,
  2020 U.S. Dist. LEXIS 73301 (D. Ariz. Apr. 27, 2020) ..................................................... - 14 -

*Greenpeace, Inc. v. Stewart*, No. 17-35945,
  2020 WL 2465321 (9th Cir. May 12, 2020) ............................................................. - 8 -, - 12 -

*Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147 (9th Cir. 2019) ............................... - 8 -, - 9 -

*Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205 (11th Cir. 1983) ...................................... - 12 -

**Reply in Support of Plaintiffs' Motion for Attorneys' Fees and Costs -- Case No.: 3:19-cv-02724 SK**

*Kelly v. Wengler*, 7 F. Supp. 3d 1069 (D. Idaho 2014) .......................................................... - 6 -, - 15 -

*Kelly v. Wengler*, 822 F.3d 1085 (9th Cir. 2016) .................................................................. - 6 -, - 15 -

*Leetzow v. Metro. Life Ins. Co.*, No. EDCV 15-2468-VAP (KKx),
   2017 U.S. Dist. LEXIS 53904 (C.D. Cal. Mar. 3, 2017) ................................................. - 17 -

*Lira v. Cate*, No. C 00-0905 SI, 2010 U.S. Dist. LEXIS 26120 (N.D. Cal. Feb. 26, 2010) ........... - 14 -

*Mardirossian v. Guardian Life Ins. Co. of Am.*, 457 F. Supp. 2d 1038 (C.D. Cal. 2006) ............... - 12 -

*Mays v. Stobie*, No. 3:08-CV-552-EJL, 2012 WL 914919 (D. Idaho Mar. 16, 2012) ..................... - 10 -

*Mendez v. County of San Bernardino*, 540 F.3d 1109 (9th Cir. 2008) ..................................... - 8 -, - 9 -

*Missouri v. Jenkins*, 491 U.S. 274 (1989) ............................................................................. - 12 -

*Montes v. City of Yakima*, No. 12-CV-3108-TOR,
   2015 U.S. Dist. LEXIS 193827 (E.D. Wash. June 19, 2015) ........................................... - 12 -

*Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996) ........................................................ - 9 -

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ................................... - 6 -, - 12 -, - 13 -

*Pac. Cold Storage v. Refrigeration Sys. Constr. & Serv. Co.*,
   No. 20-00165 SOM-KJM, 2022 U.S. Dist. LEXIS 95565 (D. Haw. May 12, 2022) .............. - 16 -

*Parsons v. Ryan*, 949 F.3d 443 (9th Cir. 2020) ..................................................................... - 13 -

*Prison Legal News v. Schwarzenegger*, 608 F.3d 446 (9th Cir. 2010) ..................................... - 14 -

*Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571 (2008) ......................................................... - 12 -

*Riverside v. Rivera*, 477 U.S. 561 (1986) ............................................................. - 6 -, - 10 -, - 12 -

*Steward v. Cnty. of Santa Clara*, No. 18-cv-04119-SI,
   2022 WL 94911 (N.D. Cal. Jan. 10, 2022) .................................................................... - 9 -

*Sundance v. Mun. Court*, 192 Cal. App. 3d 268 (1987) .......................................................... - 9 -

*Sunstone Behavioral Health, Inc. v. Alameda Cnty. Med. Ctr.*,
   646 F. Supp. 2d 1206 (E.D. Cal. 2009) ......................................................................... - 16 -

*United States ex rel. Trinh v. Ne. Med. Servs.*,
   No. C 10-1904 CW, 2016 U.S. Dist. LEXIS 19340 (N.D. Cal. Feb. 17, 2016) ...................... - 9 -

*Warfield v. City of Chi.*, 733 F. Supp. 2d 950 (N.D. Ill. 2010) ................................................ - 15 -

*Webb v. Sloan*, 330 F.3d 1158 (9th Cir. 2003) ....................................................................... - 9 -

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) .......................................................... - 10 -

*Zeigler v. Cnty. of San Luis Obispo*, No. CV 17-9295-MWF (AFMx),
   2023 WL 3432238 (C.D. Cal. Mar. 1, 2023) ................................................................................. - 9 -

**Statutes**

28 U.S.C. § 1821 ............................................................................................................................ - 16 -

28 U.S.C. § 1920 ............................................................................................................................ - 16 -

**Other Authorities**

L.R. 54(d) ....................................................................................................................................... - 15 -

L.R. 54-3 ........................................................................................................................................ - 16 -

## I. INTRODUCTION

Congress recognizes that private enforcement of civil rights depends on the availability of fee awards. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In awarding such fees, compensation must reflect the customary market rate, time and labor required, financial risk taken by the prevailing party's counsel, the novelty and difficulty of the question involved, and the results obtained. *See Kelly v. Wengler*, 7 F. Supp. 3d 1069, 1081-1084 (D. Idaho 2014), aff'd *Kelly v. Wengler*, 822 F.3d 1085, 1100 (9th Cir. 2016); *Bown v. Reinke*, No. 1:12-cv-262-BLW, 2016 U.S. Dist. LEXIS 66945 at *7 (D. Idaho May 19, 2016); *Balla v. Idaho State Bd. of Corr.*, No. 81-cv-1165-BLW, 2016 U.S. Dist. LEXIS 188836 at *12, 30-38 (D. Idaho Feb. 1, 2016); *Ginest v. Bd. of Cnty. Comm'rs*, 423 F. Supp. 2d 1237, 1241-42 (D. Wyo. 2006).

Defendant's Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs is based, in large part, upon a questioning of the professional judgment of Plaintiffs' counsel in litigating this case. Such questioning defies the deference that should be given to Plaintiffs' counsel in determining the steps necessary to achieve success. *See Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have [otherwise]"). It also ignores the fact that Defendant could have avoided liability for the bulk of the attorney's fees by reasonably litigating the case. "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986) (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (1980).

As addressed in Plaintiffs' opening brief and this reply, Plaintiffs should be awarded $2,312,297.97 in attorneys' fees and costs. This number includes fees incurred since Plaintiffs' fee motion was filed (in the amount of $14,924.82) and costs previously requested (in the amount of $374,185.87).

## II. STATEMENT OF RELEVANT FACTS

Yolanda Huang, the lead and original attorney in this case, operates a solo law firm wherein she primarily represents indigent criminal defendants. *See* Decl. of Yolanda Huang at ¶2. Consequently, the financial resources of her firm are limited. *See id.*

- 6 -
Reply in Support of Plaintiffs' Motion for Attorneys' Fees and Costs -- Case No.: 3:19-cv-02724 SK

As addressed in Plaintiffs' opening brief, Defendant has litigated this matter without regard to the attorney time or costs required. The fees incurred by Plaintiffs are a result of Defendant's failure to reasonably resolve the case. *See* Decl. of Yolanda Huang at ¶¶4-5. Even now, Defendant continues to litigate in a manner that requires the accrual of additional fees. While in settlement negotiations regarding fees, Plaintiffs proposed that the parties stipulate to delaying the due date for this reply brief in order to avoid further and unnecessary fees. *See id.* at ¶6. Even on this simple proposal, Defendant refused to so stipulate and instead insisted that Plaintiffs fully brief and file a reply motion. *See id.* As a consequence, Plaintiffs have incurred additional fees. *See id.* at ¶16.

Contrary to Defendant's unfounded allegations, the attorneys in this case sought to keep fees and costs low. Funding this type of litigation is always difficult and expensive, and in this case, it was funded solely out of Plaintiffs' counsel's own pocket. *See id.* at ¶4. The effort to keep fees and costs at a reasonable level was done out of financial necessity and ethics. *See id*. at ¶2. Also, due to the initial posture of the case (where Plaintiffs were seeking damages), Plaintiffs' counsel made every effort to keep fees and costs low so as to maximize any potential damages recovery for Plaintiffs themselves. *See id*. at ¶3. Plaintiffs' counsel incurred reasonable fees and costs as regards experts, motion practice, discovery, and document review. *See id.* at ¶6-11.

Defendant criticizes the size of Plaintiffs' legal team without noting that the team worked individually and separately on discrete tasks. Work was always pushed to the lowest cost available worker where possible. *See id.* at ¶12. Defendant also asserts that Yolanda Huang, and only Yolanda Huang, engaged in block billing. This is incorrect as the billing is discrete. Block billing takes place when large blocks of time are notated with multiple entries. Instead, Yolanda Huang's billing statements are for short, limited periods of time, and usually contain only one or related two tasks. There is no caselaw specifying that legal time records have to reveal the exact content of the legal task. Nor does any caselaw hold that the manner in which Yolanda Huang maintained her time records constitutes block billing. *See id*. at ¶13.

Reply in Support of Plaintiffs' Motion for Attorneys' Fees and Costs -- Case No.: 3:19-cv-02724 SK

III. ARGUMENT

A. **Defendant Failed to Meet its Evidentiary Burden in Opposition**

Plaintiffs bear the initial burden of documenting that its attorneys expended a reasonable amount of time and submitting evidence to support the fees it seeks. *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). To do so, Plaintiffs submitted declarations from Rachel Doughty, Yolanda Huang, and Richard Drury, along with spreadsheets that detail the work performed in this case. This evidence establishes that the time spent was reasonable given the length of litigation, the novelty and complexity of the case, and the defenses put forth by the Defendant. It also establishes the reasonable market rate for this work. The evidentiary burden then shifted to the Defendant to submit "evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted" by the moving party. *Id.* at 1397-98. In this respect, the City must go beyond mere allegations or observations and "identify any unreasonable tasks or hours or provide some valid reason to reduce the time requested." *Greenpeace, Inc. v. Stewart*, No. 17-35945, 2020 WL 2465321, *5 (9th Cir. May 12, 2020).

B. **As the Prevailing Party, Plaintiffs Are Entitled to Compensation for Fees Directly and Reasonably Incurred**

1. **Plaintiffs' Claims Were Interrelated and the Relief Obtained Warrants Full Recovery of Attorney Fees**

Defendant asks this Court to reduce Plaintiffs' request for attorney fees by 50% because of time expended in the pursuit of unsuccessful claims and the degree of success obtained. No basis exists to warrant such a drastic reduction.[1] The bases for this request is scant. Where a prevailing party's recovery is limited, courts look at the interrelatedness of claims and the important public purpose served by the litigation. *See Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2019); *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1125-28 (9th Cir. 2008); *Fessler v. Porcelana Corona De Mex., S.A.*, 23 F.4th 408, 416 (5th Cir. 2022); *United States ex rel.*

---

[1] As a preliminary matter, the Defendant does not differentiate between hours incurred by Yolande Huang versus those incurred by Greenfire Law, PC. As the evidence demonstrates, Greenfire Law, PC came into the case in October of 2021. This was after many of the motions and associated work complained of by Defendant. (For example, Defendant references ECF 1, 63, 87, 107, 191, 197, 203, 205, 208, 209, 210, 211, 212, 218, 224, 225, 235, 236, 244, 244-1, 246, 252, 253, 255, and 256. All work associated with these filings was done solely by Yolanda Huang's office.) Accordingly, even if this Court were to reduce fees by any percentage, it would be improper to apply that reduction to fees incurred by Greenfire Law, PC.

*Trinh v. Ne. Med. Servs.*, No. C 10-1904 CW, 2016 U.S. Dist. LEXIS 19340, at *11 (N.D. Cal. Feb. 17, 2016).

Plaintiffs should recover a fully compensatory fee even though they did not prevail on all claims because of the relatedness of all of their claims. *See Mendez*, 540 F.3d at 1125-26; *Webb v. Sloan*, 330 F.3d 1158, 1168–69 (9th Cir. 2003); *Fessler*, 23 F.4th at 416; *United States ex rel. Trinh*, 2016 U.S. Dist. LEXIS at *11. Where claims are related but the success is limited, courts do retain some discretion to reduce a fee award; however, where the case involves civil rights, it is important for courts to remember that the granted recovery serves an important public purpose. *See Mendez*, 540 F.3d at 1128. Successful suits, even those where only partial success was obtained, act as a deterrent and "serve the public purpose of helping to protect [the plaintiff] and persons like him from being subjected to similar unlawful treatment in the future." *See id.*, quoting *Morales v. City of San Rafael*, 96 F.3d 359, 364-65 (9th Cir. 1996).

Fundamentally, attorney fee statutes are designed to encourage attorneys to "undertake difficult public interest cases[,]" recognizing that such cases "are often essential to the effectuation of fundamental public policies." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1076 (N.D. Cal. 2010); *see also Crommie v. Pub. Utils. Comm'n*, 840 F. Supp. 719, 725-26 (N.D. Cal. 1994) (recognizing that fee awards serve to "attract attorneys to cases of significant societal importance"). Further,

> It must be remembered that an award of attorneys' fees is not a gift. It is just compensation for expenses actually incurred in vindicating a public right. To reduce the attorneys' fees of a successful party because he did not prevail on all his arguments, makes it the attorney, and not the defendant, who pays the cost of enforcing that public right.

*Sundance v. Mun. Court*, 192 Cal. App. 3d 268, 273 (1987). Thus, attorney fees need not be reduced if plaintiffs achieved "limited success" **where claims were brought for a common purpose of changing government action**. *Ibrahim*, 912 F.3d at 1172.[2]

---

[2] Defendant cites to a number of cases where the lodestar was reduced by 50 percent or more based on limited success; however, these cases are easily distinguishable in that the claims were either not interrelated and/or the results obtained were less significant and precedential than here. *See e.g., Steward v. Cnty. of Santa Clara*, No. 18-cv-04119-SI, 2022 WL 94911 (N.D. Cal. Jan. 10, 2022) (50% reduction in lodestar where case initially contained seven causes of action against the City and six individuals, with the trial only involving two causes of action against two individuals, and the trial verdict resulting in an award against one deputy for an altercation occurring on one day); *Zeigler v. Cnty. of San Luis Obispo*, No. CV 17-9295-MWF (AFMx), 2023 WL 3432238 (C.D. Cal. Mar. 1, 2023) (50% reduction in monetary damages case because public interest served was not protected by injunctive relief); *Dunlap v. Liberty Nat. Prod., Inc.*, No. 3:12-CV-01635-SI, 2016 WL 591759 (D. Or. Feb. 12, 2016), aff'd, 878 F.3d 794 (9th Cir. 2017) (50% reduction where the

When addressing a fee motion, courts also may consider how the losing party's conduct contributed to the work necessarily incurred by the prevailing party's counsel. *See Riverside*, 477 U.S. at 580 n.11. The more "stubborn" a losing party is, the more time the prevailing party will be required to spend in litigation. *Copeland v. Marshall*, 641 F.2d 880, 904 n.53 (D.C. Cir. 1980).

As stated in Plaintiffs' opening brief, Plaintiffs' claims related to the provision of sunlight and those related to the provision of recreational out-of-cell time involved a common core of facts and witnesses. They arise from a common course of conduct by the City. Although Defendant briefly mentions that Plaintiffs' two claims are separate, it offers no argument nor does it provide any evidence to refute the relatedness of the claims. Indeed, Defendant complains that Plaintiffs made no effort to distinguish between work connected with one claim versus another. But, this is exactly the point! The work was so interrelated that it cannot be apportioned based on individual claims.[3]

As regards the degree of success achieved, Defendant tries to downplay Plaintiffs' victory. They should not be allowed to do so. Plaintiffs filed this case on May 20, 2019 and sought a preliminary injunction. *See* ECF 1. At that time, Defendant rightfully noted that a preliminary injunction is an "extraordinary remedy" that "represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it." ECF 11 (Defendants' Opposition to Motion for Preliminary Injunction) at p. 10:7-9, quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Dyno Indus. v. Tapeprinter, Inc.,* 326 F.3d 141, 143 (9th Cir. 1964). On January 30, 2020, the Court granted Plaintiffs this extraordinary relief, ordering the City to "provide inmates in administrative segregation in County Jails 4 and 5 exercise in the gym for at least one hour a day, five days a week," and to "provide any pretrial detainee who had been confined for more than four years access to direct sunlight for at least one hour a week." ECF 110 at pp. 47:25-48:2.

In granting the preliminary injunction, the Court noted that Defendant could not justify complete denial of outdoor exercise and direct access to sunlight based on generalized concerns about

---

evidence and legal issues were distinct and severable); *Mays v. Stobie*, No. 3:08-CV-552-EJL, 2012 WL 914919, at *3 (D. Idaho Mar. 16, 2012) (75% reduction because costs related to criminal charges not related to Section 1983 civil action, numerous causes of action were dismissed, plaintiff did not prevail against any of the municipal entities, and award was only for monetary damages in the amount of $1,954.27).

[3] Plaintiffs also note that they are not seeking recovery on work that is not interrelated. For example, Yolanda Huang cut her hours for time spent on the inmate survey for purposes of this motion. (Plaintiffs reserve their right to argue on appeal that the surveys should have been allowed into evidence, along with Ghannam's testimony.)

safety, lack of manpower, lack of an outdoor exercise area, or expense. *See id.* at pp. 32:17-33:12, 37:2-17. Further, the Court remarked that the City had created the problem by deliberately choosing to construct a jail without an outdoor exercise area and without access to direct sunlight. Therefore, it could not now justify its behavior with this "self-created situation." *Id.* Subsequently, the City stubbornly opposed changing its conduct and continued to defend itself in litigation based upon justifications that the Court had found to be baseless *years before*.

The trial of this case resulted in a finding that Defendant need not give inmates four hours of out-of-cell time, instead holding that one hour of out-of-cell time was constitutionally sufficient.[4] *See* ECF 478 at pp. 63:9-19, 66:11-17. As regards direct access to sunlight, the Court found that the City had violated Plaintiffs' rights under the 14th Amendment of the U.S. Constitution and Article I Section 7 of the California Constitution by failing to provide any access to direct sunlight. Consequently, the City must offer to each inmate who has been incarcerated for longer than a year daily access to sunlight in the amount of at least 15 minutes. *See id.* at 62:10-16, 66:11-17. In reaching its conclusions, the Court again admonished that the City had created the at-issue problems by building a jail without a secured outdoor exercise: "Defendants created a situation in which they cannot securely allow inmates to go outside, and they cannot hide behind that reason when the denial creates harm." *Id.* at 59:3-13.

To be clear, before the litigation, the City neither adhered to one hour out-of-cell time nor provided direct access to sunlight. While the litigation did not result in every finding that Plaintiffs sought, it did result in a permanent injunction that recognizes inmates have a right to direct access to sunlight. It did result in findings that the City had been violating inmates' constitutional rights. **Such violation would have continued but for this litigation**. Plaintiffs therefore respectfully request that they be awarded fees for all time spent on their interrelated claims, which time was necessary to bring about the recognition of important public rights.

### 2. The Hours of Work Incurred by Plaintiffs is Reasonable

Defendant inappropriately questions the professional judgment of Plaintiffs' counsel and ignores the fact that the City could have avoided liability for the majority of the attorney's fees for

---

[4] Plaintiffs reserve the right to challenge this conclusion as well as exclusion of evidence pertaining to this issue.

which they now find themselves liable by making a reasonable settlement offer in a timely manner and withdrawing baseless defenses. *See Moreno*, 534 F.3d at 1112; *Riverside*, 477 U.S. at 580 n.11. Defendant argues that an additional 10 percent reduction in fees should be awarded based upon general allegations that some clerical fees are inappropriate, some time entries are too vague or ambiguous, some time entries constitute block billing, and some work is related to unsuccessful motions.[5]

Defendant argues that clerical tasks performed by attorneys are not compensable. In support of this position, it includes a table that contains clerical tasks that are, for the most part, performed by clerical staff. Less than two hours is associated with Ms. Huang's review and assistance. *See* ECF 487 at pp. 10:9-11:25. The law is clear that recovery for administrative or clerical entries is appropriate. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 580–81 (2008); *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Next, the City complains that the description of some of Plaintiffs' time entries are too vague or ambiguous. *See* ECF 487. at 14:1-16. Neither the Court nor Plaintiffs can address this complaint because the City did not identify even one entry that it finds too vague or ambiguous. To shift its burden, the City is required to do more than make a mere allegation. *See Greenpeace, Inc.*, 2020 WL 2465321 at *5. The City alleges that some of Yolanda Huang's time entries constitute impermissible block billing. As addressed *infra* in Section II, this is incorrect.

Finally, Defendant alleges that Plaintiffs' legal team was too large, noting that courts may reduce time for bringing new or unnecessary attorneys up to speed. Again, neither the Court nor Plaintiffs can address this as the City does not identify even one individual's work that is unreasonable. It cites no discrete contribution that was unreasonable. The law is clear that the use of multiple attorneys in a significant, lengthy case is common and, without more, is not grounds for reducing the hours claimed. *See Montes v. City of Yakima*, No. 12-CV-3108-TOR, 2015 U.S. Dist. LEXIS 193827, at *27 (E.D. Wash. June 19, 2015); *Mardirossian v. Guardian Life Ins. Co. of Am.*, 457 F. Supp. 2d 1038, 1050 (C.D. Cal. 2006); *Johnson v. Univ. Coll. of Univ. of Ala.*, 706 F.2d 1205, 1208 (11th Cir. 1983). Moreover, the Court should not "impose its own judgment regarding the best

---

[5] All of these allegations focus only on fees incurred by Yolanda Huang and not by Greenfire Law, PC. Despite this, Defendant improperly seeks to cut all fees by all billers by 10 percent. Accordingly, even if this Court were to reduce fees by any percentage, it would be improper to apply any reduction of fees incurred by Greenfire Law, PC.

way to operate a law firm, nor [should it] determine if different staffing decisions might have led to different fee requests." *Moreno*, 534 F.3d at 1114-15. The Court should defer to plaintiffs' professional judgment. *See id.* at 1112.

The record does not reflect that any member of the legal team charged improperly for getting up to speed. As regards attorneys who worked on the case, over 90% of the fees incurred were from Yolanda Huang, Rachel Doughty, and Richard Brody. The other attorneys who work on the case were assigned discrete tasks based upon their experience. For example, Mr. Strauss helped prepare a filing regarding national and international standards for conditions of confinement, a topic upon which he advised the Israeli Supreme Court in prior employment. *See* ECF 482-1, p. 14. A careful review of Ms. Blome's time shows she was consulted on tough evidentiary issues only. Nothing in this is remarkable or unreasonable. In fact, using the unique existing skills and experience of staff is far more efficient than requiring one or two attorneys to develop all expertise needed to successfully try a complex case. Nor is anything remarkable or unreasonable in utilizing four paralegals, three student law clerks, and one secretary over the four-year course of this litigation to handle administrative, clerical, and language interpretation tasks.

Plaintiffs' timesheets reflect the reasonable professional judgment of Plaintiffs' counsel and all fees were directly and reasonably incurred.

### C. The Proper PLRA Lodestar is $246

Defendant erroneously claims that the PLRA Lodestar of $246 is only correct for work performed after January 1, 2023.[6] In support of this position, Defendant cites to *Parsons v. Ryan*, 949 F.3d 443, 466 (9th Cir. 2020). This case does not address whether the lodestar is supposed to be calculated by the year in which the fees were earned as opposed to the year in which the fees are awarded. This issue has been addressed, however, in *Graves v. Penzone*, wherein the Court found that a fee award should be based upon the current rate. *See Graves v. Penzone*, No. CV-77-00479-

---

[6] Defendants argue that a blended rate should be applied, adjusting the PLRA rate based on the year the work was performed. However, Defendant does not actually apply a blended rate. It seeks to apply the 2019 rate to *all* entries. The City justified this by stating that it does not have the "back-up excel file" needed calculate a blended rate. This is incorrect. The week prior to filing of the fee motion, the City asked for this information, and it was provided. *See* Decl. of Yolanda Huang at ¶15. Exhibit 1 to the Declaration of Yolanda Huang, filed in support of Plaintiffs' Opening Brief, and Exhibit 11 to the Declaration of Rachel Doughty, filed in support of Plaintiffs' Opening Brief, also contain time entries by year.

PHX-NVW, 2020 U.S. Dist. LEXIS 73301, at *19 (D. Ariz. Apr. 27, 2020) "nothing in the PLRA establishes that historical PLRA rates should be employed in lieu of the current rate as the cap for when fees are awarded). In that case, the prevailing party's attorneys incurred fees from 2014 through 2020; the Court calculated the lodestar for all incurred work based on the 2020 PLRA rate. *See id.*; *see also Lira v. Cate*, No. C 00-0905 SI, 2010 U.S. Dist. LEXIS 26120, at *15 (N.D. Cal. Feb. 26, 2010).[7]

### D.     A Fee Enhancement Is Proper

Plaintiffs seek an enhancement, as addressed in their opening brief on fees (ECF 480 at pp. 13:9-22:2), based on four factors: (1) the PLRA maximum hourly rate severely undervalues the work of counsel, and the enhancement would bring the hourly rate more in line with fair market rates, (2) the time and labor expended on the case was unnecessarily exacerbated by Defendants' baseless defenses and refusal to engage in good faith resolution of the matter, (3) Plaintiffs' counsel took significant risk by taking the case on a contingency basis, (4) the case involved a novel question that required extensive discovery and development of expert testimony, and (5) the result obtained resulted in recognition of a right to direct sunlight under the U.S. and California constitutions (a right not previously addressed by case law).

Defendant does not argue that the $246 PLRA rate is the prevailing market rate. Instead, they state: "If the fact that the PLRA rate is below the market rate alone was a justification for enhancing the lodestar, the PLRA rate cap would be meaningless and enhancement would be appropriate in all PLRA cases, which is not the law." ECF 487 at p. 17:1-6. Defendant cites to no caselaw in support of their position, and actually the law does allow market rate to be considered for enhancing the amount of the PLRA rate cap. *See Bown v. Reinke*, No. 1:12-cv-262-BLW, 2016 U.S. Dist. LEXIS 66945, at *7 (D. Idaho May 19, 2016) (the Court "finds that the PLRA hourly rate significantly undervalues the time of [the prevailing party's] counsel. Accordingly, a multiplier must be applied to bring those

---

[7] Notably, Defendant cites elsewhere in its brief to *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010), which goes against their argument that fees should be tied to the rate in the year incurred. Defendant cites to Prison Legal News for the proposition that the Laffey matrix should not be relied upon to determine the prevailing market rate. See ECF 487 at p. 19:4-8. In that case, the Court actually awarded a higher rate than in the Laffey matrix. Also, relevant here, it held that application of current fee rates (rather than the rates in the years that work occurred) was proper. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453-54 (9th Cir. 2010). The Court noted that it was proper to rely upon the current rate rather than make an interest adjustment to compensate for the delay in payment of fees for work performed in prior years. *See id.*

hourly rates more in line with fair market rates); *Kelly v. Wengler*, 7 F. Supp. 3d 1069, 1082 (D. Idaho 2014), aff'd *Kelly v. Wengler*, 822 F.3d 1085, 1100 (9th Cir. 2016) (awarding enhancement based on affidavits of plaintiff's attorney and other attorney to determine prevailing market rate); *Balla v. Idaho State Bd. of Corr.*, No. 81-cv-1165-BLW, 2016 U.S. Dist. LEXIS 188836 at *12, 30-38 (D. Idaho Feb. 1, 2016) (enhancement of attorneys and paralegals allowed based on market rate). Plaintiffs' attorneys have presented affidavits to establish the current market rate, and the rates identified therein have not been refuted by any evidence presented by Defendant.

As regards the second factor, Defendant argues enhancement should not consider time and labor "because these criteria are already baked into the fee calculation, which considers hours reasonably expended on successful claims." ECF 487 at p. 17:7-13. Again, they cite to no caselaw in support of this argument, and caselaw does indicate that time and labor can be considerations. *See Bown v. Reinke*, No. 1:12-cv-262-BLW, 2016 U.S. Dist. LEXIS 66945, at *6 (D. Idaho May 19, 2016). As regards the remaining factors, Defendant avers that others have taken similar cases, and Plaintiffs' counsel argued that the at-issue violations are governed by precedent. *See* ECF at pp. 17:14-18:2. Even if this is true, it does not detract from the fact that Plaintiffs' counsel took significant risk by taking the case on a contingency basis. This is especially true because Plaintiffs' counsel has had to pay numerous experts, with Defendant arguing that expert fees are not recoverable. And clearly, the result obtained in this case is precedential.

### E. Expert Fees Should Be Awarded

Plaintiffs acknowledge that most courts have found expert fees not recoverable under Rule 54(d). A minority, however, have found such fees recoverable in special circumstances. *See Warfield v. City of Chi.*, 733 F. Supp. 2d 950, 955 (N.D. Ill. 2010) (awarding expert fees in a Section 1983 action); *Auto. Prods. PLC v. Tilton Eng'g, Inc.*, 855 F. Supp. 1101, 1107 (C.D. Cal. 1994) (awarding expert fees as reasonably incurred given factual and legal intricacies, as well as need to address defenses raised by opposing side); *Ackerman v. W. Elec. Co.*, 113 F.R.D. 143, 146 (N.D. Cal. 1986) (finding the court had discretion under Rule 54(d) to determine that special circumstances existed and to tax expert witness fees in excess of the per diem because the testimony was essential to prove the plaintiff's case and rebut the defense).

Here, Plaintiffs' counsel initially intended to rely upon two experts willing to do the work pro bono. In light of the Court's direction and Defendant's vigorous defense, it was necessary to retain Dr. Czeisler. Dr. Czeisler's work on the case was key to Plaintiffs' victory, as recognized by this Court. *See* ECF 478 at pp. 56:1-3, 58:4-7, 61:12-15. Certainly the burden of bearing this cost should not rest upon Plaintiffs' counsel. But for Defendant's violation of Plaintiffs' constitutional rights, its reliance on baseless justifications, and its unwillingness to resolve the matter through settlement, Plaintiffs' counsel would not be in the hole for fees paid to Dr. Czeisler and other of Plaintiffs' experts.[8] The Court has discretion when awarding costs, and Plaintiffs respectfully request that this discretion be used to award expert fees.

### F. Other Costs Should Be Awarded

Defendant also attacks a number of other costs for which reimbursement should be awarded.

Plaintiffs seek recovery of hotel costs for Dr. Czeisler. Such costs are recoverable pursuant to 28 U.S.C. § 1821. *See Sunstone Behavioral Health, Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1220 (E.D. Cal. 2009); *Denton v. Daimlerchrysler Corp.*, 645 F. Supp. 2d 1215, 1229 (N.D. Ga. 2009). Plaintiffs seek recovery for service of process, and such costs are recoverable pursuant to 28 U.S.C. § 1920. *See Pac. Cold Storage v. Refrigeration Sys. Constr. & Serv. Co.*, No. 20-00165 SOM-KJM, 2022 U.S. Dist. LEXIS 95565, at *7-8 (D. Haw. May 12, 2022); *see also* Local Rule 54-3. Plaintiffs seek recovery related to Lexis research and PACER. These fees are recoverable and are regularly included as part of attorneys' fees awards. *See 700 Valencia St. LLC v. Farina Focaccia & Cucina Italiana, LLC*, No. 15-cv-04931-JCS, 2018 U.S. Dist. LEXIS 21910, at *18-19 (N.D. Cal. Feb. 8, 2018); *Bd. of Trs. v. Piedmont Lumber*, No. 13-cv-03898-HSG, 2016 U.S. Dist. LEXIS 113251, at *8-9 (N.D. Cal. Aug. 24, 2016).

Plaintiffs seek recovery for medical record summaries. Defendant provided voluminous medical records to Plaintiffs, and Plaintiffs hired nurses to compile medical summaries. This was done at a rate far less than what would have been charged by an attorney less qualified to interpret medical files. Recovery as either a cost or fee is appropriate. Plaintiffs seek recovery for work done

---

[8] Should the Court strike expert fees and expert deposition costs, Plaintiffs request that the *per diem* be awarded. *See* 28 U.S.C. § 1821.

by Leigh Johnson, who Defendant correctly notes is an attorney. Recovery for her work should be awarded as part of the attorney fee reward. *See* Decl. of Yolanda Huang at ¶14.

Plaintiffs seek recovery for travel costs (parking, bridge toll), and these are recoverable as costs. *See Leetzow v. Metro. Life Ins. Co.*, No. EDCV 15-2468-VAP (KKx), 2017 U.S. Dist. LEXIS 53904, at *12 (C.D. Cal. Mar. 3, 2017).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs should be awarded $2,312,297.97 in attorneys' fees and costs. This number includes fees incurred since Plaintiffs' fee motion was filed (in the amount of $14,924.82) and costs previously requested (in the amount of $374,185.87).

Defendant not only failed to meet its evidentiary burden, but as the prevailing party, Plaintiffs are entitled to compensation for fees and costs directly and reasonably incurred. This includes fees for claims that are interrelated and where the relief obtained caused the government to stop acting in violation of Plaintiffs' constitutional rights. Defendant could have avoided liability for the bulk of the attorney's fees by reasonably litigating the case, reasonably engaging in settlement, or reasonably engaging in mediation. It did not so and should not now be allowed to complain about the fees incurred by Plaintiffs' counsel.

Respectfully Submitted by:

Dated: 11/21/23                                              GREENFIRE LAW, PC


                                                             */s/ Rachel Doughty*
                                                             Rachel Doughty