1 | DAVID CHIU, State Bar #189542
City Attorney
2 | JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
3 | SABRINA M. BERDUX, State Bar #248927
KAITLYN MURPHY, State Bar #293309
4 | Deputy City Attorneys
Fox Plaza
5 | 1390 Market Street, 6th Floor
San Francisco, California 94102-5408
6 | Telephone:   (415) 554-3929 [Berdux]
Telephone:   (415) 554-6762 [Murphy]
7 | Facsimile:   (415) 554-3837
E-Mail:       sabrina.m.berdux@sfcityatty.org
8 | E-Mail:       kaitlyn.murphy@sfcityatty.org

9 | Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
10 | PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKEN, MICHAEL BROWN AND JOSE POOT, ON BEHALF OF THEMSELVES INDIVIDUALLY AND OTHERS SIMILARLY SITUATED, AS A CLASS AND SUBCLASS,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL AND JOHN AND JANE DOES, NOS. 1 -50,<br><br>Defendants. | Case No. 19-cv-02724-SK (LB)<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S OBJECTIONS TO EVIDENCE (ECF NO. 488)**<br><br>Hearing Date:   December 11, 2023<br>Time:           9:30 a.m.<br>Place:          Remote Via Zoom<br><br>Trial Date:     August 8, 2023 |

Defendant's Objections to Evidence                                    n:\lit\li2023\191337\01719820.docx
Case No. 19-cv-02724-SK (LB)

1    San Francisco objects to the new facts and contentions Plaintiffs raise though the Declaration of Yolanda Huang in their reply brief in support of Plaintiffs' Motion for Attorneys' Fees and Costs. (ECF No. 488-1"Huang Decl".) Plaintiffs improperly included this information for the first time in their reply brief, depriving San Francisco of an opportunity to substantively respond. The disputed new facts and contentions also improperly characterize underlying documents and otherwise rely on inadmissible speculation and hearsay in violation of the Federal Rules of Evidence. For these reasons San Francisco requests the Court strike or otherwise exclude the Huang Declaration in its entirety.

I.   **Plaintiffs Characterize Rather Than Provide the Correspondence About Which They Complain**

As an initial matter, San Francisco objects to the new information contained in Paragraph 6 of the Huang Declaration regarding San Francisco's failure to stipulate to an extension of time for Plaintiffs to file their reply under the best evidence rule because Plaintiffs characterize, rather than provide, the Court with the parties' communications. (Huang Decl. ¶ 6.) Plaintiffs argue that they "proposed that the parties stipulate to delaying the due date for this reply brief in order to avoid further and unnecessary fees" and that "[e]ven on this simple proposal, Defendant refused to so stipulate and instead insisted that Plaintiffs fully brief and file a reply motion," citing Paragraph 6 of the Huang Declaration as support. (ECF No. 488 at 7.) The Huang Declaration does not attach the actual correspondence between the parties, which would show San Francisco did not reject Plaintiffs' request for an extension. (Huang Decl. ¶ 6.) Instead, San Francisco stated on Thursday November 16—five days before the reply brief was due— "If you really need an extension for the Reply, we need to have assurances that it will not come with additional evidence, declarations, etc. In the past, when we've given extensions, reply briefs have included new information and evidence. If that is not going to be the case this time, in principal a continuance should be fine." (Murphy Decl. Ex. A.) San Francisco was right to be concerned Plaintiffs would seek to shoehorn new evidence and issues in the reply brief because that is exactly what they did here. Rather than respond to San Francisco's offer to stipulate to an extension if Plaintiffs agreed not to include new evidence with their reply brief, Plaintiffs simply filed their reply with the erroneous allegation about San Francisco's failure to grant an extension. Plaintiffs' treatment of their request for an extension in their reply brief was improper because "[a]n

original writing . . . is required in order to prove its content unless these rules or federal statute provides otherwise" especially where the declaration on which Plaintiffs rely mischaracterizes the underlying writing. Fed. R. Evid. Rule 1002.

## II.     Plaintiffs Cannot Include New Evidence or Issues in a Reply Brief

"[C]ourts typically do not consider new evidence submitted in a reply brief because the opposing party has no opportunity to respond to it." *Crandall v. Starbucks Corp.,* 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017). Plaintiffs' reply included a seven-page, 16 paragraph declaration from counsel Yolanda Huang, attaching two exhibits. (ECF No. 488-1 ("Huang Decl.").) The declaration contains facts that were not, but could have been included with Plaintiffs' original motion. For example, Ms. Huang includes new information about her firm and her mindset in approaching this litigation (*id*. at ¶¶ 2-4), new information about her "perspective" on the preliminary injunction issued in 2020 (*id*. at ¶ 15), new information about Plaintiffs' rationale for hiring certain experts (*id*. at ¶¶ 7-8), new information about Plaintiffs' rationale for certain discovery decisions (*id*. at ¶¶ 9-10), and new facts supporting the costs Plaintiffs' seek to recover. (*Id*. at ¶¶ 11-14.)

Plaintiffs robbed San Francisco of the ability to adequately respond to these evidence and issues by not raising them until their reply brief. They also made no attempt to explain why this information could not have been included in their initial motion when the facts of the new declaration concern matters that predated Plaintiffs' initial motion filed on November 9, 2023. Accordingly, the Court should exclude these paragraphs from consideration. *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *see also B. v. Morgan Hill Unified Sch. Dist*., No. 21-CV-06611-VKD, 2022 WL 4371003, at \*5 (N.D. Cal. Sept. 21, 2022) (granting objection to new evidence submitted in reply brief supporting an attorney fee motion).

## III.    The Content of the Huang Declaration Is Inadmissible

The Court should sustain San Francisco's objection to the Huang Declaration for the additional reason that even if the information it contains had been included in Plaintiffs' opening motion and San Francisco had the opportunity to respond, the content of the declaration itself is inadmissible under the Federal Rules of Evidence. The declaration contains argumentative speculation about San Francisco's motives. (Huang Decl. ¶ 8 ("As a result of their successful rebuttal testimony at deposition,

Defendants dropped their specious argument").) It also contains speculation and improper medical and psychiatric opinions about "all the inmates" in County Jail 3, (*id*. at ¶ 14 (stating that for "all the inmates" their "ability to communicate with people, to interact with human beings severely and visibly deteriorated"), and unsupported legal opinions on the ultimate issue (*id*. at ¶ 15 ("From my perspective, obtaining a preliminary injunction requires overcoming a high hurdle.").) These facts are just as inadmissible in a declaration as they would be from a live witness. *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006) (holding "statements in declarations based on speculation or improper legal conclusions, or argumentative statements, are not facts").

For the foregoing reasons, the Court should exclude Plaintiffs' reply evidence submitted to bolster their fee motion.

Dated:  November 28, 2023

DAVID CHIU
City Attorney
JAMES F. HANNAWALT
Acting Chief Trial Deputy
SABRINA M. BERDUX
KAITLYN MURPHY
Deputy City Attorneys

By: */s/ Kaitlyn Murphy*
KAITLYN MURPHY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and SHERIFF PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY