**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MONTRAIL BRACKENS, et al., <br><br> Plaintifs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br> Defendant. | Case No.: 3:19-cv-02724 SK <br><br> **OBJECTIONS TO DEFENDANTS SUR-REBUTTAL MISNAMED AS AN OBJECTION (ECF 489-489-1), AND REQUEST TO STRIKE** <br><br> TIME:    DECEMBER 11, 2023 <br> DATE:    9:30 A.M. <br> PLACE: COURTROOM C, 15TH FLOOR |

## I. INTRODUCTION

Defendants filed a sur-rebuttal incorrectly titled as an "Objections to Evidence**.**" (ECF 489 and 489-1.  And under the guise of an "objection", defendants improperly filed new evidence and posited new arguments.   In addition to impermissibly filing new evidence and new argument

without leave of court, the evidence defendants filed is incomplete; therefore, creating a misleading record.

## II.     STATEMENT OF FACTS

Defendants alleged that it was improper for Plaintiffs to include new facts and contentions in Plaintiffs' reply (ECF 488).  In support of Defendants' Objection (ECF 489), Defendants submitted new evidence consisting of heavily redacted emails, omitting the important context and qualifications which were part of larger settlement discussions.

## III.    LEGAL AUTHORITY

The Local Rules permit additional factual filings in replies, evidenced by the Local Rules' specific allowance for declarations, (see below, underlined).

> "(c) Reply. <u>Any reply to an opposition may include affidavits or declarations</u>, as well as a supplemental brief or memorandum under Civil L.R. 7-4." Local Rule 7-3 (c)

Thus, the Local Rules anticipate the need for additional factual filings to rebut evidence offered in opposition, which is the purpose for the facts offered in Plaintiffs' reply brief (ECF 488).

In contrast, the Local Rules do <u>not</u> afford parties objecting to evidence neither the opportunity to offer new evidence nor the opportunity to offer new argument, without seeking and <u>obtaining</u> leave of court to do so.

> "(d) Supplementary Material. **Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval**, except as follows: (1) Objection to Reply Evidence. <u>If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence</u>, which may not exceed 5 pages of text, stating its objections to the new evidence, <u>which may not include further argument on the motion</u>."[emphasis added] Local Rule 7-3(d) [emphasis added)

## IV.   ARGUMENT

Defendants' Objection (ECF 489), Declaration of Kaitlyn Murphy (ECF 489-1) and attached emails (ECF 489-2), contain both new evidence and new argument in violation of Local Rule 7.3(d); should be disregarded and struck from the record.  Plaintiffs object to the Declaration of Kaitlyn Murphy and the attached emails, as violations of Local Rule 7-3, and request that the Court strike Defendants filings ECF 489, 489-1 and 489-2 in their entirety.

In the event that the Court does consider the additional facts and arguments offered by Defendants, Plaintiffs respectively wish to draw the Court's attention to a couple of points evident from what Defendants' filings.

First, the communications offered by Defendants (ECF 489-2) are settlement communications and Defendants omitted the majority of the context showing the conditional nature of defendants' offer to allow the reply brief to be delayed to allow for settlement efforts. Notably, Defendants do include the portion of the communication that conditioned any extension with a demand that Plaintiffs waive their right under Local Rule 7-3 to include declarations in support of Plaintiffs' reply.

Second, Defendants include in the unredacted portion of their filed settlement email chain (ECF 489-2); their earlier communication to Plaintiffs showing an unwillingness to move the reply briefing even if the hearing date were moved. Given that Defendants, on a Thursday evening at 4:18 pm before a holiday week, where plaintiffs' reply was due the following Tuesday; finally proposed a conditioned briefing extension which required Plaintiffs to waive their rights under Local Rule 7-3(c); Plaintiffs reasonably and logically did not accept this conditioned briefing extension, and instead turned their attention to finalizing the reply brief in order to meet the filing deadline.

/ / / / /

/ / / / /

Professional courtesy and good faith efforts to reduce additional attorney costs should not be conditioned on waiver of rights.

Respectfully Submitted:

Dated: 11/30/23

LAW OFFICE OF YOLANDA HUANG

By: */s/ Yolanda Huang*
Yolanda Huang
ATTORNEY FOR PLAINTIFFS