**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MONTRAIL BRACKENS, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO.<br>Defendant. | Case No.: 3:19-cv-02724 SK<br><br>**STIPULATIONS AND PROPOSED ORDER**<br><br>Trial Date: August 8, 2023 |

**WHEREAS** The City and County of San Francisco and the Plaintiffs agree to the following facts:

1) At conclusion of trial, and after briefing of the parties, judgment in this case issued on October 16, 2023 (ECF 479), supported by Findings of Fact and Conclusions of Law (ECF 478) of this Court (herein referred to collectively as the "Judgment"). This Court found that "Defendant violated Plaintiffs' rights under the Fourteenth Amendment of the U.S. Constitution and Article I Section 7 of the California Constitution by failing to provide any access to direct sunlight, defined as access to sunlight without any mediation through glass or plastic or other solid substance that blocks ultraviolet light" (ECF 478, p. 67:1-4) and ordered San Francisco to "offer to each inmate who has been incarcerated for longer than a year the following: daily access to direct sunlight, weather permitting and in the absence of an emergency (including but not limited to a global pandemic or prison riot) for at least 15 minutes." (ECF 478, p. 62:13-15).

2) Plaintiffs filed a motion seeking attorney fees and costs (ECF No. 480), and that matter is now fully briefed, with a hearing scheduled for Monday December 11, 2023.

3) The parties jointly requested, and this Court issued an order that the order on fees following Plaintiffs' motion for attorneys fees and costs should have the same effect as a timely motion under Rule 59 of the Federal Rules of Civil Procedure, with the effect that neither party need file a notice of appeal until an order of this Court issues on the fees motion. (ECF 486).

4) The parties have maintained communication, attempting a global settlement of the case including Plaintiffs' attorneys fee motion and the parties' rights to appeal. As part of that discussion, the parties have also discussed how San Francisco intends to modify County Jail 3 to comply with the Court's Judgment regarding direct sunlight.

5) Plaintiffs believe San Francisco's proposal does not satisfy the direct sunlight portion of the Judgment. Resolution of this issue has halted the parties' settlement discussions.

6) The parties continue to agree that a ruling from the Court as to whether or not San Francisco's proposal for providing direct sunlight complies with the Judgment will facilitate the parties' settlement discussions, including settlement of Plaintiffs' pending attorneys fee motion and the parties' appeal rights.

///
///
///

**THEREFORE**, the parties jointly stipulate and request an order as follows:

7) San Francisco shall file, by December 22, 2023, a statement of its proposal for complying with the Judgment, stating Defendants' intended changes to the physical facility or operations at County Jail 3 to comply with the Judgment, and the timeline for doing so.

8) Plaintiffs shall file their response, if they choose, no later than January 5, 2023.

9) The Court may rule on the basis of these filings alone, or if the Court determines that it would benefit from additional briefing by the parties, the Court may order that parties each file such additional briefing by no later than January 19, 2023.

10) This Court shall make a determination, on the papers alone, or after a hearing, at the Court's election, as to the sufficiency of San Francisco's proposal, and issue an order or amended judgement, at its election ("Order on Relief").

11) The hearing on Plaintiffs' motion for attorneys' fees and costs shall be continued to 35 days after the Court issues an order regarding San Francisco's proposal for its intended changes to County Jail 3 to comply with the Judgment.

12) No more than 14 days after the Court issues its Order on Relief, Plaintiffs shall renotice the hearing on Plaintiffs' motion for attorneys' fees and costs and be afforded the opportunity to submit a supplemental briefing and supporting declaration only for the additional attorney fees and costs incurred since the November 11, 2023, filing of Plaintiffs' reply brief on the fees motion (ECF 488). San Francisco shall have 14 days to file any opposition to Plaintiffs' supplemental fees and costs motion, and Plaintiffs shall have 7 days thereafter to file any reply.

///
///
///
///
///
///
///
///
///

Respectfully Submitted by:

Dated: December 6, 2023

          DAVID CHIU
          City Attorney
          MEREDITH B. OSBORN
          Chief Trial Deputy
          SABRINA BERDUX
          KAITLYN MURPHY
          Deputy City Attorneys

          By: ***/s/ Kaitlyn Murphy**
             KAITLYN MURPHY

          Attorneys for Defendants
          CITY AND COUNTY OF SAN FRANCISCO and
          SHERIFF PAUL MIYAMOTO, IN HIS OFFICIAL
          CAPACITY

Dated: December 6, 2023

          GREENFIRE LAW, PC

          By: */s/ Rachel Doughty*
            RACHEL DOUGHTY

          Attorney For Plaintiffs

          *\*\*Pursuant to Civil L.R. 5-1(i)(3), the electronic signatory has obtained approval from this signatory*

IT IS SO ORDERED.

Dated:  December __, 2023

          _____
          MAGISTRATE JUDGE OF THE FEDERAL COURT