DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
SABRINA M. BERDUX, State Bar #248927
KAITLYN MURPHY, State Bar #293309
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3929 [Berdux]
Telephone:    (415) 554-6762 [Murphy]
Facsimile:    (415) 554-3837
E-Mail:       sabrina.m.berdux@sfcityatty.org
E-Mail:       kaitlyn.murphy@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKEN, MICHAEL BROWN AND JOSE POOT, ON BEHALF OF THEMSELVES INDIVIDUALLY AND OTHERS SIMILARLY SITUATED, AS A CLASS AND SUBCLASS,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL AND JOHN AND JANE DOES, NOS. 1 -50,<br><br>Defendants. | Case No. 19-cv-02724-SK (LB)<br><br>**DEFENDANTS' MOTION FOR CLARIFICATION REGARDING COMPLIANCE WITH THE COURT'S POST-TRIAL ORDER (ECF No. 478)**<br><br>Hearing Date:  March 11, 2024<br>Time:          9:30 a.m.<br>Place:         450 Golden Gate Ave., 15th Floor, Courtroom C San Francisco, CA 94102<br><br>Trial Date:    August 8, 2023 |

This filing updates the Court on the steps Defendant City and County of San Francisco has taken to comply with the Court's sunlight injunction and the City's ongoing efforts to redesign the jail's gyms.

The Court ordered San Francisco to provide pre-trial inmates who had been in custody longer than one year 15 minutes per day of access to direct sunlight. In response, the Sheriff's Office redesigned the windows in County Jail 3's gyms. Specifically, the jail removed the louvered grates covering the windows in several pods and plans to remove the grates from the remaining windows in each of the jail's 16 pod gyms. The redesigned windows allow sunlight into the gym that is neither filtered through a windowpane nor any other surface that would block ultraviolet light. All inmates covered by the injunction in County Jail 3 currently have access to at least 15 minutes per day in a redesigned gym.

In addition to County Jail 3, the Sheriff's Office now also houses inmates in a second building on the San Bruno property—the County Jail 3 Annex, which was not used for housing at the time of trial. Weather permitting, inmates in the County Jail 3 Annex have access to direct sunlight via an outdoor yard attached to their dormitory.

**I.   The Court's Order**

On October 17, 2023 the Court issued Findings of Fact and Conclusions of Law following a two-week trial. (ECF No. 478, hereafter "Order"). As part of the Order, the Court required San Francisco to provide certain inmates access to direct sunlight. Specifically, the Court ordered:

> [T]he Court rules that Defendant must offer to each inmate who has been incarcerated for longer than a year the following: daily access to direct sunlight, weather permitting and in the absence of an emergency (including but not limited to a global pandemic or prison riot) for least 15 minutes.

(Order at 62:10-15.) The Court further held that "[a]ll references to 'direct sunlight' are to sunlight not through a window or other surface that blocks ultraviolet light." (Order at 1 n.1.) The Order did not include any limitations on how the Sheriff's Office offered inmates access to sunlight nor did it require the Sheriff's Office to construct outdoor recreation facilities. This definition of direct sunlight is consistent with the Court's now moot preliminary injunction order where it defined "direct sunlight" as "access to sunlight that is not filtered through a window." (ECF No. 119 at 3:1-4.) Following the

1  Court's preliminary injunction order the Sheriff's Office requested clarification on whether the
2  louvered windows at the now closed County Jail 4 were adequate to provide indoor access to direct
3  sunlight and the Court clarified: "[T]o the extent that the louvered windows in County Jail 4 allow
4  access to sunlight, not filtered through any obstruction such as glass, that access is 'access to direct
5  sunlight.'" (ECF No. 119 at 3:1-4.)

## II. The Court's Factual Findings

The Court made the following factual findings about the jail as part of its post-trial Order.

### A. Structure of County Jail 3 Gyms and Gym Time

County Jail 3 is organized into a system of 16 identical pods named with numbers one through eight and letters A or B. (Order at 2:23-3:1.) Each pod has 24 two-person cells for a maximum capacity of 48 inmates and has its own gym of approximately 1,000 square feet, measuring 21 feet by 40 feet. (Order at 3:2-4; 6:16-17.) Trial Exhibit 1134 depicts a pod gym. (Order at 6:2-15.)

Trial Exhibit 1134:



Each gym has two screened windows measuring 8 feet by 6 feet that allow air flow from the outside and allow some natural light into the gym, but the gym windows are covered with screens and louvers to prevent weather intrusion. (Order at 6:18-22.) Trial Exhibits 1167 and 1171 depict what the gym windows looked like during the litigation. (Order at 7:1-24.)

Trial Exhibit 1167:



Trial Exhibit 1171:



### 1. The County Jail 3 Annex

In addition to County Jail 3, the San Bruno facility also has another property referred to as the County Jail 3 Annex. (Order at 2:4-5.) The Sheriff's Office did not use the County Jail 3 Annex to house inmates at the time of trial. (Order at 2:7.)

Unlike County Jail 3's pod structure, the County Jail 3 Annex is a dormitory style housing facility, meaning each housing unit has an open housing area where all inmates mix together rather than individual cells each holding one or two inmates. (Order at 2:7-11.) Each housing unit at the County Jail 3 Annex has an attached outdoor yard measuring approximately 40 feet by 80 feet. (Order at 14:18-19.)

### B. Inmate Population

County Jail 3 housed 532 inmates at the close of fact discovery, approximately 43 percent of whom had been in custody for one year or longer. (Order at 8:15-16.) Of those inmates in custody one year or longer, 132 were in general population and 94 were in administrative segregation. (Order at 9:1-12.)

## III. County Jail 3 Redesign and Gym Modifications

### A. County Jail 3

In response to the Court's post-trial Order, the Sheriff's Office immediately reviewed the injunction and set to work designing a plan for compliance. (Johnson Decl. ¶ 3.) The Sheriff's Office ultimately decided to redesign the windows in the pod gyms to expand the amount of direct sunlight that the gym received.

Unlike the windows in inmate cells which have a solid pane, the light that comes into the jail through the gym windows is not filtered through a windowpane. (Johnson Decl. ¶ 4.) Instead, prior to the redesign, each gym window had an interior metal mesh screen and behind that a metal louver to keep out precipitation. (*Id.*) [1]

The Sheriff's Office implemented a plan to remove the louvers over the gym windows, clean the windows, and design and install a heavy-duty woven wire window guard to affix to the exterior of

---

[1] There have been occasions since the redesign where gyms that no longer have the louvered screens now experience additional water intrusion when it rains rain. (Berdux Decl. Ex. D.)

the building. (Johnson Decl. ¶ 5.) For purposes of clarity, after the redesign, it would still be the case that there is no glass, plastic, or other windowpane on the gym windows that would block ultraviolet from coming into the jail. (*Id.*)

The Sheriff's Office identified a vendor who designed the new exterior window guard. (Johnson Decl. ¶ 6.) That design process is complete and this vendor will also help San Francisco remove the louvers and install the new exterior window guards. (*Id.*) The Sheriff's Office initiated the process to secure funding and declared a state of emergency based on the Court's order to expedite the City's Administrative-Code imposed contracting procedures. (*Id.*) The Sheriff's Office is also working with an engineer from the San Francisco Department of Public Works to ensure that the redesign modifications do not negatively impact the jail's structural integrity. (*Id.*)

The Sheriff's Office has already used its own maintenance and facilities staff to remove the louvers from one window on each of the ground floor gyms (1A/B, 2A/B, 3A/B, and 4A/B) as part of the redesign. (Johnson Decl. ¶ 7.) Below are photographs of the jail's exterior showing Sheriff's Office staff removing louvers from a gym window approximately one week after the Court issued its post-trial Order. (Johnson Decl. ¶ 7, Ex. A.)




1   The Sheriff's Office then cleaned the windows and installed a temporary window screen on the
2   outside of the building. (Johnson Decl. ¶ 8.) Below is a photograph showing the modified gym
3   window from the jail's exterior after the Sheriff's Office removed the louvers, cleaned the window,
4   and installed a temporary screen, also taken approximately one week after the Court issued its post-
5   trial Order. (Johnson Decl. ¶ 8, Ex. B.)



1    Removing the louvers and cleaning the windows increases the amount of direct sunlight into
2    the gym. Below are photographs showing the inside of the gym after the Sheriff's Office removed the
3    louvers. (Johnson Decl. ¶ 8, Ex. C.) These photographs were taken within two weeks after the Court's
4    post-trial Order and show a "before" and "after" look at the changes to the gym. The first two photos
5    show a gym where the Sheriff's Office removed one louver and the other is still in place. (*Id.*)





And the second two photos show a gym before and after the Sheriff's Office cleaned the windows. (Johnson Decl. ¶ 8, Ex. C.)




Below is an additional photo showing a gym where one louver has been removed and the other remains. (Berdux Decl. Ex. M).



1        At least one gym window has already been redesigned for each of the eight pods on the first
2   floor of the jail. (Johnson Decl. ¶ 7.) Exhibits E through L to the Berdux Declaration include two
3   photographs of each pod gym on the bottom floor of the jail showing what the windows look like after
4   the Sheriff's Office removed one louver. (Berdux Decl. Exs. E-L.)
5        The Sheriff's Office then assessed its housing assignments to ensure each inmate covered by
6   the injunction was either housed in one of the ground floor pods where the louvers have been removed
7   or if not, that the inmate is offered the opportunity to be transported daily to one of the redesigned pod
8   gyms for the purpose of having access to direct sunlight. (Johnson Decl. ¶ 9.) Ultimately, when the
9   project is complete, both of the gym windows in each pod gym will be redesigned and there will be no
10  need to transport inmates outside of their assigned pod to offer access to direct sunlight. (*Id*.)
11       Separate from the Sheriff's Office's own employee hours and supplies, the City estimates that
12  outside work on this project will cost approximately $200,000. (Johnson Decl. ¶ 12.)

### B.   The County Jail 3 Annex

The Sheriff's Office now uses the County Jail 3 Annex to house inmates because of an increase in the jail's population.[2] (Johnson Decl. ¶ 13.) Weather permitting, inmates housed in the County Jail 3 Annex have access to the outdoor yard the Court referenced in its Order for at least 15 minutes per day, seven days per week. (*Id*. at ¶ 14.)

## IV.   Opportunity for Argument

Although the parties have styled this filing as a motion at the Court's direction (ECF No. 499), San Francisco understands that the purpose of this filing is to inform the Court about San Francisco's recent structural modifications, not to relitigate the scope of the Court's Order or seek reconsideration of that Order. Accordingly, San Francisco has framed its filing in terms of facts rather than argument and supported those facts with declarations and photographs of the work the Sheriff's Office performed. If the Court entertains argument on the question of whether the jail's modifications comply with the injunction from Plaintiffs, San Francisco respectfully requests the opportunity to respond with its own argument beyond the factual statements contained herein.

---

[2] The combined population of County Jail 3 and the Annex as of December 12, 2023 was 694. (Johnson Decl. ¶ 13.)

## V. Conclusion

Based on the plain language of the Court's order, its Court's findings of fact after trial, and the Sheriff's Office's modifications to the jail following the Court's judgment, San Francisco respectfully requests the Court confirm that the jail's redesign of the gym windows complies with the Court's post-trial injunction.

Dated: January 22, 2024

                        DAVID CHIU
                        City Attorney
                        JAMES F. HANNAWALT
                        Acting Chief Trial Deputy
                        SABRINA M. BERDUX
                        KAITLYN MURPHY
                        Deputy City Attorneys

By: */s/ Sabrina M. Berdux*
     SABRINA M. BERDUX

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and SHERIFF PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY