DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
SABRINA M. BERDUX, State Bar #248927
KAITLYN MURPHY, State Bar #293309
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3929 [Berdux]
Telephone:    (415) 554-6762 [Murphy]
Facsimile:    (415) 554-3837
E-Mail:       sabrina.m.berdux@sfcityatty.org
E-Mail:       kaitlyn.murphy@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTRAIL BRACKENS, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>  Defendant. | Case No. 19-cv-02724-SK (LB)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR CLARIFICATION REGARDING COMPLIANCE WITH THE COURT'S POST-TRIAL ORDER (ECF No. 478)**<br><br>Trial Date:         August 8, 2023 |

On October 17, 2023 the Court issued Findings of Fact and Conclusions of Law following a two-week trial. (ECF No. 478, hereafter "Order"). As part of the Order, the Court required Defendant City and County of San Francisco to provide certain inmates access to direct sunlight. Specifically, the Court ordered:

> [T]he Court rules that Defendant must offer to each inmate who has been incarcerated for longer than a year the following: daily access to direct sunlight, weather permitting and in the absence of an emergency (including but not limited to a global pandemic or prison riot) for least 15 minutes.

(Order at 62:10-15.) The Court further held that as used in the Order, "[a]ll references to 'direct sunlight' are to sunlight not through a window or other surface that blocks ultraviolet light." (Order at 1 n.1.) This definition of direct sunlight is consistent with the Court's now moot 2020 preliminary injunction order where defined "direct sunlight" as "access to sunlight that is not filtered through a window." (ECF No. 119 at 3:1-4.) The Court did not require that access to direct sunlight must occur outside and expressly left open the possibility that San Francisco could comply with the injunction through structural modifications to the existing jail.

On December 6, 2023, subject to the stipulation of the parties (ECF No. 491), the Court set a briefing schedule regarding whether San Francisco's intended changes to County Jail 3 comply with the Court's injunction. (ECF No. 492.) This is not a motion for reconsideration or a motion for clarification of the post-trial Order. Nor was it an opportunity for the parties to re-argue any of the factual or legal issues the Court decided after trial. Instead, the parties represented that resolution from the Court on the issue of whether San Francisco's redesign of County Jail 3 satisfies the Court's injunction will facilitate the parties' settlement discussions regarding Plaintiffs' outstanding attorney's fee motion and the parties' rights to appeal the Court's Judgment. The Court has agreed to consider the issue based on that representation. (ECF No. 491 at 2:1-21.)

Having considered the papers of both parties, the Court finds San Francisco is providing all inmates covered under the Court's injunction with access to direct sunlight consistent with the injunction. The post-trial Order did not include any limitations on how the Sheriff's Office offered inmates access to direct sunlight. It did not require that inmates receive access to direct sunlight specifically on any area of their skin and did not require the Sheriff's Office to construct outdoor recreation facilities in order to provide access to direct sunlight. The declarations and photographs San Francisco submitted demonstrate that the expanded access to direct sunlight the Sheriff's Office offers

///
///
///
///
///

inmates at County Jail 3 through its redesign of the windows in the pod gyms constitutes "direct sunlight" within the meaning of the injunction as do the outdoor areas at the Annex.

**IT IS SO ORDERED.**

Dated: _____     _____
                                  HONORABLE SALLIE KIM
                                  United States Magistrate Judge