DAVID CHIU, State Bar #189542
City Attorney
JAMES F. HANNAWALT, State Bar #139657
Acting Chief Trial Deputy
SABRINA M. BERDUX, State Bar #248927
KAITLYN MURPHY, State Bar #293309
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3929 [Berdux]
Telephone:    (415) 554-6762 [Murphy]
Facsimile:    (415) 554-3837
E-Mail:       sabrina.m.berdux@sfcityatty.org
E-Mail:       kaitlyn.murphy@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
PAUL MIYAMOTO, IN HIS OFFICIAL CAPACITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, TROY MCALLISTER, MARSHALL HARRIS, ARMANDO CARLOS, MONTRAIL BRACKEN, MICHAEL BROWN AND JOSE POOT, ON BEHALF OF THEMSELVES INDIVIDUALLY AND OTHERS SIMILARLY SITUATED, AS A CLASS AND SUBCLASS,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF VICKI HENNESSY; CHIEF DEPUTY SHERIFF PAUL MIYAMOTO; CAPTAIN JASON JACKSON, CAPTAIN MCCONNELL AND JOHN AND JANE DOES, NOS. 1 -50,<br><br>Defendants. | Case No. 19-cv-02724-SK (LB)<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR CLARIFICATION REGARDING COMPLIANCE WITH THE COURT'S POST-TRIAL ORDER (ECF No. 501)**<br><br>Hearing Date:  March 11, 2024<br>Time:          9:30 a.m.<br>Place:         450 Golden Gate Ave., 15th Floor, Courtroom C  San Francisco, CA 94102<br><br>Trial Date:    August 8, 2023 |

Reply to Opposition re Motion for Clarification  1  n:\lit\li2019\191337\01733700.docx
Case No. 19-cv-02724-SK (LB)

Plaintiffs cannot use this filing to seek reconsideration of the Court's post-trial order. Yet, that is exactly what they try to do. San Francisco objects to the new facts and opinions Plaintiffs raise through their brief and associated declarations and requests the Court sustain San Francisco's objections and strike the materials as improper, irrelevant, and inconsistent with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. (ECF Nos. 502-1 to 502-7.) The purpose of the parties' filings was simple and stipulated: to permit the Court to understand the City's plans for complying with the plain language of the injunction as written and then to determine whether the City's plan complied with the injunction. (ECF Nos. 491-492.) Plaintiffs did not do that. Instead, Plaintiffs used their filing to request that the Court modify the injunction and provided new declarations in support of their proposed modification based on evidence and argument they did not offer the Court at trial. Specifically, Plaintiffs request that the Court revise its injunction that requires daily access to "direct sunlight" (ECF No. 478 at 62:10-15) into one that requires "daily access to direct sunlight <u>in the out of doors</u>," (ECF No. 502 at 2:23) (emphasis in original). This is not the City's characterization of Plaintiffs' filing—it is Plaintiff's own words. (*Id*.)

Plaintiffs had an opportunity at trial to present any evidence they wanted about the appropriate injunctive relief for their claims. They made the strategic choice at trial and in their post-trial briefing to request only access "to the outdoors" (ECF No. 474 at 52:5) and not provide any evidence or argument why the same benefits could not be obtained through a window that does not filter out ultraviolet light. The Court issued an order that required access to direct sunlight but did not adopt Plaintiffs' proposal that such access to direct sunlight must occur outdoors. The Court should not now, after trial and after the City's opportunities for cross-examination are exhausted, permit Plaintiffs to once again renew an argument that the Court previously heard, considered, and rejected, all at the expense of the City, which relied on the plain language of the Court's post-trial order when crafting its policy changes, modifying the jail, and expending taxpayer resources.

### A. Plaintiffs' New Evidence Must Be Disregarded

Plaintiffs declarations submitted in support of their filing by Plaintiffs' expert Charles Czeisler (ECF No. 502-3) and class members (ECF Nos. 502-1 [Alvarez], 502-2 [Colvin], 502-4 [Garcia-Pineda], 502-5 [Geyer], 502-6 [McAlister], 502-7 [Wilson]), as well as their references to new facts

from NOAA (ECF No. 502 3:11-15; 3:20-24) must be rejected.[1] The City objects because they contain facts and opinions Plaintiffs did not present in fact discovery, in expert discovery, at trial, or address issues that are irrelevant to the question the Court agreed to consider. Accordingly, the Court should sustain the City's objection to these materials and refuse to consider them.

**1.    Dr. Czeisler's Declaration.**

Plaintiffs submitted a 15-page declaration from Dr. Czeisler with their filing. (ECF No. 502-3.) Dr. Czeisler's post-trial declaration contains new facts, arguments, and conclusions that were not presented in his expert reports or his testimony at trial explaining how light through a window differs from light outdoors. His declaration is the crux of Plaintiffs' filing. (See ECF No. 502 at 3-5.)  By asking the Court to rely on Dr. Czeisler's post-trial declaration, Plaintiffs are asking the Court to consider new factual evidence, new expert opinions and to revise its post-trial order.

All of Dr. Czeisler's new opinions flow from the premise that light coming into the gym would not mitigate the health effects of daily exposure to sunlight on a person's skin that he discussed at trial. (ECF No. 502-3 ¶¶ 26-28.) But this fact does not appear in the Court's post-trial order. This was not an opportunity for Plaintiffs to present new expert testimony. The Court's role at this phase is to clarify the order it already issued. It cannot do so by relying on new evidence and new argument. Plaintiffs essentially invite the Court to reinterpret the meaning of "direct sunlight" based on facts and opinions that are not in the trial record and certainly are not part of the findings of fact that the Court made following trial. Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence permit a party to rely on such previously undisclosed facts and opinions.

Dr. Czeisler then goes further to offer opinions, not about whether San Francisco is currently complying with the injunction, but how he believes San Francisco can "best" comply with the injunction, calling San Francisco's approach "inefficient" and "difficult to manage." (ECF No. 205-3 ¶¶ 31-32.) But that is irrelevant. Plaintiffs do not get to dictate how the City complies with the Court's

---

[1] Plaintiffs previously included a declaration and exhibits from counsel Ms. Huang (ECF Nos. 496 to 496-4) and exhibits to the Czeisler declaration (497-1 to 497-8) as part of their filing. Defendants objected to these documents. (ECF No. 500.) After the Court ordered the parties to restyle their filings as a motion (ECF No. 499), Plaintiffs omitted this evidence from their resubmitted filing. Plaintiffs therefore waived any reliance on the omitted documents.

injunction. That discretion lies exclusively within the expertise of the San Francisco Sheriff's Office. The fact that Plaintiffs do not like the Sheriff's Office's approach or would prefer a different option is not grounds to amend or renegotiate the terms of the Court's order after trial, which plainly permitted the City to offer access to direct sunlight through a window that does not filter out ultraviolet light.

### 2.     References to NOAA Records.

Plaintiffs' opposition references facts or calculations based on data from NOAA. (ECF No. 502 at 3:11-15; 3:20-24.) Plaintiffs make no request for judicial notice of these facts and the declaration they cite in support of the information—a declaration from Plaintiffs' counsel Ms. Huang—was dropped from Plaintiffs' filing.. Not only do these facts constitute new evidence, after a two-week trial and an extensive finding of facts, the information from NOAA has no independent value. Plaintiffs' only use it to support Dr. Czeisler's new opinions, which are independently objectionable. Therefore, San Francisco objects to Plaintiffs' reference to NOAA records as irrelevant and inconsistent with the Federal Rules of Civil procedure regarding expert testimony as described above regarding Dr. Czeisler's declaration.

### 3.     Inmate Declarations.

The City objects to the six inmate declarations Plaintiffs submitted (ECF Nos. 502-1 [Alvarez], 502-2 [Colvin], 502-4 [Garcia-Pineda], 502-5 [Geyer], 502-6 [McAlister], 502-7 [Wilson].) because they do not address issues relevant to the question before the Court—which is whether San Francisco can comply with the Court's post-trial order by modifying the two six-foot by eight-foot windows in each pod gym. And again, the declarations constitute new evidence, after an extensive trial and findings of fact. Many of the paragraphs in these declarations discuss alleged injuries that are not causally related to the issues in this case, and are both on hearsay or speculation. (*See e.g.,* ECF Nos. 502-1 (Alvarez) ¶ 3 [describing alleged injuries]; 502-2 (Colvin) ¶ 2 [same]; 502-4 (Garcia-Pineda) ¶¶ 8-10 [same]; 502-7 (Wilson) ¶ 3-5 [same].)

Other paragraphs in the inmate declarations explicitly acknowledge that the City's modifications to the pod gyms allow in "much more light" than there was at the time of trial and let in sunlight at an angle so that some inmates can "actually feel sunlight on [their] skin," yet offer no explanation for why this does not suffice to provide the "direct sunlight" referenced in the post-trial

order. (ECF No. 502-1 (Alvarez) ¶¶ 4, 7; *see also* ECF Nos. 502-2 (Colvin) ¶ 4, 10 [acknowledging the jail's modifications "does make more bright light inside the gym," but without explanation stating that it is not "bright, golden sunlight" and instead is "reflected light from the outside"]; 502-6 (McAlister) ¶ 4 [acknowledging there was sunlight on the basketball court and the inmates "gathered into the square and stood there for the 15 minutes they let us be inside the gym"].) Still other declarations contain internally inconsistent claims, such as acknowledging the gym is now "illuminated with light from the outside" but in the same sentence claiming "sunlight never comes into the gym," (ECF No. 502-5 (Geyer) ¶ 3) or acknowledging the modifications "makes the gym brighter," but claiming without explanation that inmates still cannot "see[] sunlight in [the] gym." (ECF No. 502-7 (Wilson) ¶ 7.) A person does not need to be able to see the sun to have access to sunlight. Such a suggestion would mean that even being wholly outside on a cloudy or foggy day would not comply with the Court's order and would be absolutely impossible to comply with. Instead, these paragraphs of Plaintiffs' declarations actually support, rather than oppose the City's position. To the extent they are internally inconsistent, these declarations are not sufficiently reliable to be considered as evidence.

Still other paragraphs in Plaintiffs' inmate declarations acknowledge Plaintiffs' aim is to improperly seek reconsideration and/or modification of the Court's post-trial injunction to shift its requirement for "direct sunlight" to outdoor sunlight. (*See* ECF No. 502-5 (Geyer) ¶ 6 [requesting the Court require the jail to provide "a space, like an outdoor yard, where we can get real sunlight"]; 502-6 (McAlister) 3 [identical language]; 502-7 (Wilson) ¶ 7 [identical language].) This request is irrelevant to the question actually under consideration regarding whether San Francisco's structural modifications to the jail comply with the Court's post-trial order.

Instead of offering facts relevant to whether the City's modifications could satisfy the Court's post-trial injunction, the declarations complain about the details of whether they are in fact currently receiving 15 minutes of access to direct sunlight per day. (See e.g., ECF No. 502-4 (Garcia-Pineda) ¶ 14 [complaining about the number of days he has access to the gym].)

///

///

**B.     Plaintiffs' Request Violates the Federal Rules of Civil Procedure**

Absent an appeal, Plaintiffs' only vehicle for modifying a Court order after trial was a motion under either Rule 59 or 60 of the Federal Rules of Civil Procedure. They did not bring either. The Court should not permit Plaintiffs to convert the filing about how to interpret the plain language of the post-trial injunction the Court actually ordered into one about how to re-imagine the injunction. For the foregoing reasons, the Court should sustain San Francisco's objections and exclude Plaintiffs' filing from consideration.

Dated:  February 5, 2024

>                    DAVID CHIU
>                    City Attorney
>                    JAMES F. HANNAWALT
>                    Acting Chief Trial Deputy
>                    SABRINA M. BERDUX
>                    KAITLYN MURPHY
>                    Deputy City Attorneys
>
>             By:    */s/ Sabrina M. Berdux*
>                    SABRINA M. BERDUX
>
>                    Attorneys for Defendants
>                    CITY AND COUNTY OF SAN FRANCISCO and
>                    SHERIFF PAUL MIYAMOTO, IN HIS OFFICIAL
>                    CAPACITY