**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
PO Box 5475
Oakland, CA 94605
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

**GREENFIRE LAW, PC**
Rachel Doughty, SBN 255904
Richard Brody, SBN 100379
P.O. Box 9055
Berkeley, CA 94707
Telephone: (510) 900-9502
Facsimile: (510) 900-9502
Email: rdoughty@greenfirelaw.com
rbrody@greenfirelaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| MONTRAIL BRACKENS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br> Defendant. | Case No.: 3:19-cv-02724 SK <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR FEES AND COSTS (ECF 480-483)** |

- 1 -
**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR FEES AND COSTS
(ECF 480-483)-- Case No.: 3:19-cv-02724 SK**

**Table of Contents**

| | | |
|---|---|---|
| I. | INTRODUCTION | - 3 - |
| II. | PROCEDURAL HISTORY | - 3 - |
| III. | L.R. 54-5(b)(1) CERTIFICATION | - 4 - |
| IV. | ARGUMENT | - 4 - |
| | A. Plaintiffs Achieved Additional Success On The Merits and Deserve an Enhancement/Multiplier for This Work | - 4 - |
| | A. The Proper Rate to Apply is $258 per Hour for Attorneys | - 5 - |
| | B. Plaintiffs' Updated Fee Request | - 5 - |
| | C. Plaintiffs' Additional Costs Should Be Awarded | - 7 - |
| V. | CONCLUSION | - 8 - |

**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR FEES AND COSTS
(ECF 480-483)-- Case No.: 3:19-cv-02724 SK**

## I.    INTRODUCTION

Plaintiffs, the prevailing parties in this action, seek to supplement their prior briefing to include fees and costs incurred in litigation subsequent to the filing of their original Motion for Attorney Fees and Costs. Plaintiffs' reasonable attorney fees and costs as of October 31, 2023, were $2,297,373.15 and $374,185.87. Plaintiffs now seek an award of $2,070,208.94 in attorney fees and $380,622.87 in costs. (Doughty Decl., ECF 514, ¶¶3-4).

## II.   PROCEDURAL HISTORY

On October 31, 2023, Plaintiffs filed their Motion for Attorney Fees and Costs and supporting documents (ECF 480-483), with a supplemental supporting declaration filed on November 2, 2023 (ECF 484). Defendant filed its opposition and supporting documents on November 14, 2023 (ECF 487-487-12). Plaintiffs replied on November 21, 2023 (ECF 488-489-2). Defendant objected to certain of Plaintiffs' evidence on November 28, 2023 (ECF 489-489-2), and Plaintiffs thereafter, on November 30, 2023, objected to Defendant's November 28, 2023, filings as sur-rebuttal filed without leave of court (ECF 490). On December 6, 2023, the parties stipulated to a proposed delay of the hearing on Plaintiffs' motion for fees in order to allow the Court to consider the adequacy of Defendant's proposed actions to comply with the Court's October 16, 2023, judgment (ECF 478, 479). Specifically, Plaintiffs stipulated that they "believe San Francisco's proposal does not satisfy the direct sunlight portion of the Judgment." (ECF 491, p. 2:21-22). The Court ordered the requested briefing (ECF 492), and the City presented its proposed solution to the Court as a motion (ECF 501-501-16; 503),[1] with Plaintiffs objecting (ECF 502-502-8). The Court determined that the City's selected action to comply with the Court's judgment—removing grating from gym windows at County Jail 3 ("CJ3")—"does not allow each inmate 15 minutes of access to direct sunlight each day." (ECF 512, p.8:17-19). The Court further clarified, holding in response to the City's argument that the Court's Findings of Fact and Conclusions of Law were not clear that:

---

[1] The City originally presented its presentation of proposed compliance actions as a "Statement of Proposal to Comply with Injunction" (ECF No. 492), with Plaintiffs objecting to the same. The Court ordered that the filings be re-filed styled as a motion and objection, which the parties did. (ECF 499).

- 3 -

**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR FEES AND COSTS
(ECF 480-483)-- Case No.: 3:19-cv-02724 SK**

> because the medical evidence demonstrated that sunlight – unfiltered through any substance – on skin specifically is necessary to avoid negative medical effects, Defendant must provide access to direct sunlight – unfiltered through any substance – such that the direct sunlight touches the skin of the inmates. The Court declines to find that Defendant must provide an outdoor exercise yard for all inmates, even though that alternative may be the most practical one.

(ECF 512, p. 8:10-14).

The Court allowed for ten pages of additional briefing on costs and fees, to be considered without a hearing. (ECF 512, p. 8:20-9:2).

## III.  L.R. 54-5(b)(1) CERTIFICATION

Pursuant to Local Rule 54-5(b)(1), and in addition to the efforts described in Plaintiffs' opening brief (ECF 480), Plaintiffs' counsel, Rachel Doughty, has made multiple additional attempts to settle the issues of fees and costs in this matter, without success. (*See* Decl. of Rachel Doughty, ECF 514, ¶2).

## IV.  ARGUMENT

### A.  Plaintiffs Achieved Additional Success On The Merits and Deserve an Enhancement/Multiplier for This Work

Plaintiffs again achieved success on the merits, prevailing in opposing the City's argument that removal of grates from gym windows could afford pre-trial inmates with access to direct sunlight for at least 15 minutes each day. (ECF 512, p. 8:17-19). In other words, once again, without Plaintiffs' continuing diligence, pre-trial detainees would still be facing incarceration at CJ3 with no or insufficient access to direct sunlight, jeopardizing their health. The City's insistence on a response to the Court's October 15, 2023, judgment that is not consistent with the precise language of the Court's Findings of Fact and Conclusions of Law demonstrates the necessity of Plaintiffs' continued vigilance and additional efforts. (*See* ECF 512, p. 1:22).

Plaintiffs should be afforded an enhancement on the fees for the hours spent since the original fee motion was filed, for the same reasons given by Plaintiffs in support of their request for a multiplier in their original fee motion. (*See* ECF 480, p. 13:9-22:2). The PLRA authorizes multipliers to the base hourly rate above the cap set by 42 U.S.C. § 1997e(d)(1). *See Kelly v. Wengler*, 822 F.3d 1085, 1100 (9th Cir. 2016); *Parsons v. Ryan*, 949 F.3d 443, 466 (9th Cir.

- 4 -

2020). An enhancement is appropriate for the additional hours expended since Plaintiffs filed their fees and costs motion. The additional briefing and the City's recalcitrance in the face of the Court's prior clear order, is illustrative of the resistance Plaintiffs encountered in litigating this case. It is also further evidence of the importance of adequately compensating Plaintiffs' counsel to ensure that constitutional rights are protected. (ECF 480, pp. 12:12-13:8).

### A. The Proper Rate to Apply is $258 per Hour for Attorneys

The Criminal Justice Act rates for court appointed counsel increased to $172/hour on January 1, 2024. The PLRA rate cap is therefore $258/hour.[2] (*See* ECF 480, p. 13:13-25). The appropriate rate to use is the one in force at the time of the fee request—here March 2024. *Edmo v. Idaho Dep't of Corr.*, No. 1:17-cv-00151-BLW, 2022 U.S. Dist. LEXIS 207537, at *8 (D. Idaho Sep. 30, 2022)(*citing Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989).) The reason for this is that "[c]learly, compensation received several years after the services were rendered -- as it frequently is in complex civil rights litigation -- is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings." *Missouri*, 491 U.S. at 283.

### B. Plaintiffs' Updated Fee Request

Plaintiffs' updated fee request is broken down by biller in Table 1, below. The individual time entries supporting this request are provided as Exhibit 1 to the Doughty Declaration filed herewith (ECF 514). Billing judgment was applied prior to calculating the lodestar shown in Table 1. (Doughty Decl., ECF 514, ¶3).

///
///
///

---

[2] https://cand.uscourts.gov/about/court-programs/criminal-justice-act-cja/cja-compensation-rates/ (last accessed March 25, 2024).

- 5 -

**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR FEES AND COSTS (ECF 480-483)-- Case No.: 3:19-cv-02724 SK**

**Table 1: PLRA Rate (after billing judgment applied)** (*See* ECF 514, Exhibit 1)

| Biller | Grad Year | Firm | Total Hours | PLRA Rate | PLRA Lodestar | Enhance-ment | PLRA Rate Lodestar |
|---|---|---|---|---|---|---|---|
| Rachel Doughty | 2004 | GFL | 560.1 | $258.00 | $144,505.80 | 2.00 | $289,011.60 |
| Erica Plasencia | Paralegal/ Translation | GFL | 26.1 | $239.00 | $6,237.90 | 1.20 | $7,485.48 |
| Alexandra Monson | 2018 | GFL | 16.5 | $258.00 | $4,257.00 | 1.50 | $6,385.50 |
| Carla Barraez | Paralegal | GFL | 5.5 | $239.00 | $1,314.50 | 1.00 | $1,314.50 |
| Ariel Strauss | 2011 | GFL | 11.2 | $258.00 | $2,889.60 | 1.50 | $4,334.40 |
| Christian Bucey | 2017 | GFL | 3.7 | $258.00 | $946.86 | 1.50 | $1,420.29 |
| Jessica Taylor | 2014 | GFL | 9.6 | $258.00 | $2,476.80 | 1.50 | $3,715.20 |
| Richard Brody | 1981 | GFL | 618.0 | $258.00 | $159,444.00 | 2.00 | $318,888.00 |
| Susann Bradford | 2021 | GFL | 81.5 | $258.00 | $21,027.00 | 1.50 | $31,540.50 |
| Nuria de la Fuente | Legal Asst/ Translation | GFL | 113.7 | $239.00 | $27,168.33 | 1.20 | $32,601.99 |
| Jessica Blome | 2007 | GFL | 4.3 | $258.00 | $1,109.40 | 1.50 | $1,664.10 |
| Rae Lovko | 2000 | GFL | 92.8 | $258.00 | $23,942.40 | 1.50 | $35,913.60 |
| Lily Rivo | 2005 | GFL | 8.5 | $258.00 | $2,193.00 | 1.50 | $3,289.50 |
| Donna Wallace | Senior Paralegal | GFL | 44.5 | $258.00 | $11,481.00 | 1.00 | $11,481.00 |
| Paul Hauffman | 1976 | SSHH&Z | 0.0 | $258.00 | $0.00 | 1.50 | $0.00 |
| Michael Seplow | 1990 | SSHH&Z | 0.0 | $258.00 | $0.00 | 1.50 | $0.00 |
| Yolanda Huang | 1982 | YH | 2395.9 | $258.00 | $618,140.84 | 2.00 | $1,236,281.69 |
| Student Clerk | Student Clerk | YH | 40.0 | $239.00 | $9,560.00 | 1.00 | $9,560.00 |
| Adirah Rodriguez | Student Clerk | YH | 14.5 | $239.00 | $3,465.50 | 1.00 | $3,465.50 |
| Pat Giacommetti | Senior Paralegal | YH | 133.3 | $258.00 | $34,378.50 | 1.00 | $34,378.50 |
| Joshua Paiz | Student Clerk | YH | 156.8 | $239.00 | $37,477.59 | 1.00 | $37,477.59 |
| **Total:** | | Total | 4,336.4 | | $1,112,016.02 | | $2,070,208.94 |

**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR FEES AND COSTS (ECF 480-483)-- Case No.: 3:19-cv-02724 SK**

### C. Plaintiffs' Additional Costs Should Be Awarded

Plaintiffs seek a total of $380,622.87 in costs, broken down by category in Table 2, below. (*See* Doughty Decl, ECF 514, ¶ 4; Huang Decl., ECF 515, ¶¶2-3; opening fees and costs motion and supporting papers, ECF 480, p. 22:3-20; 484). Total costs include the costs Plaintiffs incurred after their original fees and cost motion was filed, consisting of the following:

1. **Expert Fees:** Plaintiffs incurred $2,700 in fees from Dr. Czeisler to prepare his declaration (ECF 497) in support of Plaintiffs' Opposition to Defendant's Motion for Clarification. This Court relied upon an expert opinion of Dr. Czeisler, and took judicial notice of various facts presented in his declaration as well. (ECF 512, p. 7:1-10). (Huang Decl., ECF 515, ¶ 2.a)

2. **Various Correspondence-Related Charges for January 24, 2024, Letter to Class Members**: Plaintiffs' counsel incurred various charges to keep their clients apprised of the status of the litigation in a single letter provided all class members, which included copy costs, envelopes, costs to stuff and deliver correspondence. (Huang Decl., ECF 515, ¶ 2.b)

3. **Photographer**: Plaintiffs incurred costs in paying a photographer to attend the site inspection. (Huang Decl., ECF 515, ¶ 2.c)

4. **Pacer Charges**: Greenfire Law incurred Pacer charges totaling $61.90. (Doughty Decl., ECF 514 ¶4).

///
///
///

**Table 2: Costs, categorized** (Doughty Decl., ECF 514, ¶4)

| Category | Total |
|---|---|
| Delivery Fee | $538.75 |
| Expert Expense | $1,637.88 |
| Expert Fee (Defense) | $9,900.00 |
| Expert Fee (Plaintiff) | $302,068.51 |
| Filing Fee | $400.00 |
| Hotel | $6,673.58 |
| Interpreter | $2,563.50 |
| Legal Research | $1,698.20 |
| Medical Records Summaries | $1,700.00 |
| Pacer | $326.10 |
| Parking and Tolls | $620.49 |
| Postage | $501.00 |
| Reproduction and Binding | $10,281.31 |
| Service Fee | $300.00 |
| Tech Support | $3,269.00 |
| Transcript Fee | $38,144.55 |

## V. CONCLUSION

Plaintiffs respectfully request attorney fees of $2,070,208.94 and costs of $380,622.87.

Respectfully Submitted by:

Dated: 3/26/2024

GREENFIRE LAW, PC

By: */s/ Rachel Doughty*

Rachel Doughty
ATTORNEY FOR PLAINTIFFS