# EXHIBIT A

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADREE EDMO, AKA Mason Edmo, | No. 22-35876 |
| *Plaintiff-Appellee*, | D.C. No. 1:17-cv-00151-BLW |
| v. | |
| CORIZON, INC.; SCOTT ELIASON; IDAHO DEPARTMENT OF CORRECTION; HENRY ATENCIO; JEFF ZUMDA; HOWARD KEITH YORDY; RICHARD CRAIG; RONA SIEGERT, | OPINION |
| *Defendants-Appellants*, | |
| and | |
| MURRAY YOUNG; CATHERINE WHINNERY, | |
| *Defendants*. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted March 5, 2024
Seattle, Washington

Filed April 5, 2024

Before: M. Margaret McKeown and Ronald M. Gould, Circuit Judges, and Robert S. Lasnik,[*] District Judge.

Opinion by Judge Gould

**SUMMARY**[**]

**Prisoner Civil Rights/Attorneys' Fees**

The panel reversed in part, affirmed in part, and vacated in part the district court's award of $2,586,048.80 in attorneys' fees to plaintiff Adree Edmo, and remanded, in an action in which Edmo obtained an injunction requiring defendants the State of Idaho, private prison company Corizon, and individual Idaho prison officials to provide her with adequate medical care, including gender-confirmation surgery.

The panel held that Edmo was entitled under 42 U.S.C. § 1988 to fees incurred litigating her successful Eighth Amendment claim. Pursuant to the Prison Litigation Reform Act ("PLRA"), however, the district court erred in

---

[*] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

calculating the lodestar amount to include fees incurred litigating unsuccessful claims advanced in the complaint, even if those claims were premised on the same facts that supported Edmo's Eighth Amendment claim. Similarly, Edmo should not have been awarded fees on the Eighth Amendment claim against individual defendants who were dismissed from the action in a prior appeal. The panel vacated the district court's fee award and remanded for recalculation of the lodestar amount to include only fees incurred litigating Edmo's successful claim against the defendants who remained in the case.

The panel held that the district court did not err by applying an enhancement to the lodestar amount given that Edmo's counsel operated under extraordinary time pressure and that the customary fee for counsel's services is well above the PLRA cap. The district court also reasonably found that Edmo's counsel achieved excellent results in what may properly be viewed as a landmark case. Because the panel vacated the underlying lodestar amount, however, the panel deferred ruling on whether the district court's use of 1.7 and 2.0 multipliers to enhance the lodestar was proper. The panel instructed the district court to reconsider on remand the amount of the enhancement after it recalculates the lodestar amount.

## COUNSEL

Lori Rifkin (argued), Rifkin Law Office PC, Oakland, California; Dan Stormer, Hadsell Stormer & Renick LLP, Pasadena, California; Craig Durham and Deborah Ferguson, Ferguson Durham PLLC, Boise, Idaho; Amy Whelan, National Center for Lesbian Rights, San Francisco, California; for Plaintiff-Appellee.

Joshua N. Turner (argued), Deputy Solicitor General; Gregory E. Woodard and Andrea H. Nielsen, Deputy Attorneys General; James E.M. Craig, Deputy Division Chief; Raul L. Labrador, Idaho Attorney General; Idaho Attorney General's Office, Boise, Idaho; Bradley S. Richardson and Robert R. Gates, Garrett Richardson PLLC, Eagle, Idaho; Steven R. Kraft, Moore Baskin and Elia LLP, Boise, Idaho; Peter E. Thomas, Moore Elia & Kraft LLP, Boise, Idaho; for Defendants-Appellants.

## OPINION

GOULD, Circuit Judge:

Defendants the State of Idaho, private prison company Corizon, and individual prison officials in this appeal challenge the district court's award of $2,586,048.80 in attorneys' fees to plaintiff Adree Edmo for time spent litigating this civil rights action. Defendants contend that the district court erred in both its calculation of the lodestar amount and its subsequent enhancement of the amount. We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part, affirm in part, and vacate and remand for further proceedings.

# BACKGROUND

Edmo filed this action while incarcerated at an Idaho prison in 2017.  Edmo alleged violations of the Eighth Amendment, the Fourteenth Amendment's Equal Protection Clause, the Affordable Care Act ("ACA"), the Americans with Disabilities Act ("ADA"), and negligence under Idaho law.  The district court initially granted in part and denied in part Defendants' motion for dispositive relief, with the denial in part being on exhaustion grounds.  While the district court was considering the motion for dispositive relief, Edmo moved for a preliminary injunction based on three of her claims: the Eighth Amendment denial of medical care, the Fourteenth Amendment sex discrimination, and the ACA sex discrimination.  Edmo sought an injunctive order requiring Defendants to provide Edmo gender-affirming medical care, including gender-confirmation surgery, hormone treatment, and gender-appropriate clothing and personal items.  The motion also sought to prohibit Defendants from implementing the prison's gender dysphoria policy and from retaliating against Edmo because of her gender identity.

The district court ordered expedited discovery and conducted a three-day evidentiary hearing.  After that hearing, the district court granted an injunction on Edmo's Eighth Amendment claim and ordered Defendants to "provide Edmo with adequate medical care, including gender-confirmation surgery."  *Edmo v. Idaho Dep't of Correction*, 358 F. Supp. 3d 1103, 1129 (D. Idaho 2018).  The district court made findings of fact, and its injunction was effectively permanent.  *Edmo v. Idaho Dep't of Correction*, No. 1:17-CV-00151-BLW, 2019 WL 2319527, at *1-2 (D. Idaho May 31, 2019).  The district court denied preliminary injunctive relief on Edmo's Fourteenth

Amendment and ACA claims because the record had not been sufficiently developed. *Edmo*, 358 F. Supp. 3d at 1128-29. The district court did not rule on the other remedies that Edmo had sought.[1] *Id.* at 1129.

Defendants appealed, and the injunction was stayed. We initially ordered a limited remand instructing the district court to clarify issues of mootness. *See* Case No. 19-35019, Dkt. 92. When the appeal returned and was considered on the merits, we affirmed the district court's decision except as it applied to five defendants in their individual capacities. Case No. 19-35017, Dkt. 96. Defendants petitioned for *en banc* review, which was denied. *Id.*, Dkt. 105. We partially lifted the stay of the injunction, and Edmo received gender-confirmation surgery in July 2020, even as Defendants petitioned the Supreme Court for a writ of *certiorari*. *Id.*, Dkts. 113-114. After a writ was denied, the parties engaged in settlement negotiations that led to Edmo voluntarily dismissing the remainder of her claims.

The district court awarded Edmo $2,586,048.80 for attorneys' fees incurred up until the injunction became permanent and all appeals were resolved. The figure was based on the lodestar and a subsequent enhancement, for which the district court used 1.7 and 2.0 multipliers for local and out-of-state counsel, respectively. Defendants appeal the award, claiming that the lodestar, the application of an

---

[1] The district court deferred ruling on Edmo's request to enjoin enforcement of the prison's gender dysphoria policy because the prison had revised the policy after Edmo filed her motion. *Edmo*, 358 F. Supp. 3d at 1129. Because the new policy appeared to allow Edmo access to gender-appropriate clothing and personal items, the court also deferred ruling on those remedies. *Id.* The district court did not expressly rule on the other remedies sought by Edmo, such as hormone treatment and retaliation.

enhancement, and the amount of the enhancement were erroneous.

## LEGAL STANDARDS

### I. **Attorneys' Fees Generally**

#### A. Standard of Review

The district court has broad discretion in calculating attorneys' fees. *A.D. v. California Highway Patrol*, 712 F.3d 446, 450 (9th Cir. 2013). We review fee awards for abuse of discretion and "affirm unless the district court applied the wrong legal standard or its findings were illogical, implausible, or without support in the record." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1201-02 (9th Cir. 2013) (internal alteration and quotations omitted). The district court also must "fully explain[] its reasoning in making an award." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009).

#### B. Lodestar and Enhancement

To calculate attorneys' fees, courts in the Ninth Circuit use the two-step "lodestar method." *Gonzalez*, 729 F.3d at 1202. The first step is to determine the presumptive lodestar figure. *Id.* The court begins by tallying the number of hours an attorney reasonably expended on the prevailing party's case. *Id.* The court then multiplies the number of hours by a reasonable hourly rate, based on evidence of the market rate for the services provided. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). The result of this equation is the lodestar figure, which is treated as a presumptively reasonable award.

After calculating the lodestar figure, the court proceeds to the second step: considering whether to enhance the award

based on the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  These factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.*  The lodestar is presumed to include (or "subsume") at least some of these factors, and an enhancement can be justified only in "rare" and "exceptional" cases where the presumption is overcome.  *See Kelly v. Wengler*, 822 F.3d 1085, 1103 (9th Cir. 2016) (quoting *Perdue v. Kenny A.*, 559 U.S. 542, 553-54 (2010)); *see also Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (enumerating factors presumptively subsumed in lodestar).

### C. Multiplier

If an enhancement is justified, then the court "may adjust the lodestar upward . . . using a 'multiplier.'"  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  A multiplier must be supported by "specific evidence" of the typical hourly rate for comparable services

in the relevant forum. *Id.* (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). Specific evidence is often provided by expert testimony. *E.g.*, *Trulsson v. Cnty of San Joaquin Dist. Attorney's Office*, 2014 WL 5472787, at *7 (E.D. Cal. Oct. 28, 2014); *Leuzinger v. Cnty of Lake*, 2009 WL 839056, at *12 (N.D. Cal. Mar. 30, 2009); *Steward v. Cnty of Santa Clara*, 2022 WL 94911, at *1 (N.D. Cal. Jan. 10, 2022). "[T]he general rule is that the rates of attorneys practicing in the forum district . . . are used" unless the moving party presents evidence that a different rate should apply. *See Gates*, 987 F.2d 1405.

## II. **Attorneys' Fees in Prisoner Civil Rights Cases**

The Civil Rights Attorney's Fees Awards Act of 1976 ("§ 1988") allows attorneys' fees to be awarded to a plaintiff who prevails in a civil rights action brought under § 1983. 42 U.S.C. § 1988. The scope of most § 1983 fee awards is guided by the Supreme Court's *Hensley* decision, in which the Court created a two-step analysis for assessing fees in cases involving both successful and unsuccessful claims. *See Hensley v. Eckerhart*, 461 U.S. 424, 434-40 (1983); *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003). Under *Hensley*, when a case involves claims based on "different facts and legal theories," *id.* at 434-35, the plaintiff is not entitled to fees for an unsuccessful claim "that is distinct in all respects from his successful claims," *id.* at 440. In sharp contrast, if a lawsuit consists of related claims—with similar legal theories or a "common core of facts"—then the court proceeds to the second step, where the "most critical factor is the degree of success obtained." *Id.* at 435, 440. The measure of success is the "overall relief obtained," not the success of individual claims. *Id.* at 435. If the plaintiff achieves a high degree of success, then under the *Hensley*

rule, time spent on unsuccessful claims may be included in the lodestar calculation. *Id.* at 440.

Although *Hensley* remains good law and is controlling in most § 1983 cases, the enactment of the Prison Litigation Reform Act ("PLRA") displaced *Hensley* in actions brought by prisoners. As we have explained, "[i]n actions by prisoners, it is not enough that fees are authorized under [§ 1988]" because the PLRA explicitly limits awards to fees "directly and reasonably incurred in proving an actual violation of the plaintiff's rights." *Balla v. Idaho*, 677 F.3d 910, 918 (9th Cir. 2012) (quoting 42 U.S.C. § 1997e(d)(1)(A)); *see also Kelly*, 822 F.3d at 1103 ("The PLRA alters the lodestar method in prisoner civil rights cases . . . ."); H.R. Rep. No. 104-21 at 28 (Feb. 6, 1995) (expressing Congress's intent to "narrow[] the judicially created view of a 'prevailing party'" in prisoner cases).

Under the PLRA, only fees incurred litigating successful claims are compensable, and time attorneys spend on unsuccessful claims must be excluded from the lodestar calculation. *Dannenberg v. Valadez*, 338 F.3d 1070, 1075 (9th Cir. 2003). Unlike *Hensley*, the PLRA excludes unsuccessful claims even if they are based on related legal theories or share a "common core of facts" with a successful claim. *See* H.R. Rep. No. 104-21 at 28 (noting the PLRA's "[n]arrowing the definition of 'prevailing party' will eliminate . . . attorney fees incurred in litigating unsuccessful claims, regardless of whether they are related to meritorious claims").

Although the PLRA alters the lodestar in prisoner civil rights cases, the standard broadly governing when to give enhancements under § 1988 (discussed *supra*) applies equally to PLRA cases, notwithstanding the PLRA's cap on

the hourly rate used in the lodestar calculation. *Kelly*, 822 F.3d at 1103; *see also* 42 U.S.C. § 1997e(d)(3) (requiring that hourly rate be capped at 150% of rate used for appointed counsel under the Criminal Justice Act, 18 U.S.C. § 3006A). The PLRA rate is treated as presumptively reasonable but may be enhanced under appropriate circumstances. *Kelly*, 822 F.3d at 1103.

## DISCUSSION

### I. Lodestar

The district court's lodestar calculation here included time Edmo's attorneys spent on both successful and unsuccessful claims. Although the district court cited both *Hensley* and the PLRA, its determination that unsuccessful claims were compensable because they shared a "common core of facts" with the successful Eighth Amendment claim was a rationale clearly rooted in the theory and language of *Hensley*.

The district court erred by including in the lodestar time that Edmo's attorneys spent on unsuccessful claims. The district court's reasoning, as we see it, was inconsistent with the limiting language of the PLRA. The district court's error may in part have been caused by a failure of our court to be explicit enough about how the PLRA had limited and modified the general rules derived from *Hensley* and normal civil rights practice, in cases brought by prisoners. We hold that Edmo is fully entitled to fees incurred litigating her successful Eighth Amendment claim. But we also hold that Edmo is not entitled to fees incurred litigating the unsuccessful claims advanced in her complaint, even if those claims are premised on the same facts that supported her Eighth Amendment claim.

Similarly, *Dannenberg* holds that Edmo also should not be awarded fees on the Eighth Amendment claim she brought against several individual defendants who were dismissed from the action on appeal.[2] *Dannenberg*, 338 F.3d at 1075. We hold that the district court must recalculate the lodestar to include only fees incurred litigating Edmo's successful claim against the defendants who remained in the case. We therefore vacate the district court's attorneys' fees award and remand for recalculation of the lodestar.

## II. **Enhancement**

The district court applied an enhancement to the lodestar based on the following *Kerr* factors: "the customary fee" charged by similar attorneys in the market, "time limitations imposed by the client or the circumstances," "the amount involved and the results obtained," and "awards in similar cases." *Kerr*, 526 F.2d at 70.

The district court did not err in applying an enhancement. As an initial matter, Defendants do not contest that Edmo's counsel operated under extraordinary time pressure and that the customary rate for counsel's services is well above the PLRA cap. The district court reasonably applied these factors, which were supported in part by uncontested expert testimony.

The district court also reasonably found that Edmo's counsel achieved excellent results in what may properly be viewed as a landmark case. Edmo was the first person to

---

[2] To the extent it is difficult or impossible for the district court to identify fees specifically related to certain claims or defendants, it is within the district court's discretion to apply a percentage reduction based on the district court's reasonable estimate of the time spent on unsuccessful claims or dismissed parties.

obtain a court order compelling a prison to provide gender-confirmation surgery. Edmo's counsel successfully defended this ruling through several appeals. Defendants attempt to downplay this success and incorrectly assert that the district court's order compelling this relief (along with our published opinion affirming) "did not create binding precedent."

The district court also properly considered awards in similar cases to determine whether an enhancement was justified. The degree of success Edmo achieved is no less than that achieved in other cases in which enhancements were granted based on the same *Kerr* factors. *E.g.*, *Kelly*, 822 F.3d at 1103 (affirming enhancement where counsel "obtained a contempt finding and secured significant remedies for their clients"); *Balla*, 2016 WL 6762651, at *11 (applying enhancement where attorneys conducted effective discovery on short notice). Defendants cite other district court cases in which enhancements were denied, but the existence of contrary persuasive authority does not render the district court's determination an abuse of discretion. Accordingly, we affirm the district court's determination that there should be an enhancement to Edmo's fee award.

## III. **Multiplier**

As to the precise amount of the enhancement, we defer ruling on whether the district court's use of 1.7 and 2.0 multipliers to local and out-of-state counsel, respectively, was proper in light of our decision to vacate the underlying lodestar amount. As a general rule, a multiplier is normally selected **after** the lodestar amount is correctly determined. *See Gonzalez*, 729 F.3d at 1202. We hold that the district court here should reconsider the amount of the enhancement after it recalculates the lodestar.

## CONCLUSION

For the foregoing reasons, we reverse in part as to the district court's calculation of the lodestar, affirm in part as to the application of an enhancement, and we do not consider the amount of the enhancement. We vacate the district court's attorneys' fees order and remand for recalculation of the lodestar and reconsideration of the amount of the enhancement. To the extent that litigation costs apart from fees are impacted by our ruling, the district court is instructed to reconsider that portion of its award as well.