**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONTRAIL BRACKENS; JOSE POOT; TROY MCALLISTER, on behalf of themselves individually and others similarly situated, as a class and Subclass,<br><br>    Plaintiffs - Appellants,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant - Appellee. | No. 24-4789<br><br>D.C. No. 3:19-cv-02724-SK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted June 5, 2025
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge KOH.

    Plaintiffs-Appellants (Plaintiffs) are a certified class of pretrial detainees incarcerated at County Jail 3 (CJ3), a facility run by Defendant-Appellee the City and County of San Francisco (San Francisco). After a seven-day bench trial, a

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

magistrate judge concluded that San Francisco violated Plaintiffs' Fourteenth Amendment right to be free from punishment by denying them any access to direct sunlight.[1] The magistrate judge issued an injunction compelling San Francisco to grant access to direct sunlight for fifteen minutes daily to all inmates who had been incarcerated at CJ3 for over one year. On appeal, Plaintiffs challenge the scope of the injunction, arguing that all inmates at CJ3 should be granted one hour of direct sunlight daily, regardless of how long they have been incarcerated.[2] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the scope of an injunction for abuse of discretion. *Galvez v. Jaddou*, 52 F.4th 821, 829 (9th Cir. 2022). Although a lower court "has 'broad latitude in fashioning equitable relief when necessary to remedy an established wrong,'" *High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 641 (9th Cir. 2004) (quoting *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 999 (9th Cir. 2000)), "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs," 18 U.S.C. § 3626(a)(1)(A). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v.*

---

[1] San Francisco does not challenge this conclusion on appeal.
[2] San Francisco does not challenge the scope of the injunction; to the contrary, it argues that the court should affirm it.

*Hartmarx Corp.*, 496 U.S. 384, 405 (1990). "It is not an abuse of discretion for a court to issue an injunction that does not completely prevent the irreparable harm that it identifies." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 823 (9th Cir. 2018).

    1.    Plaintiffs argue that the magistrate judge abused her discretion by only ordering San Francisco to provide inmates with fifteen minutes of sunlight per day. We disagree.  There was no evidence in the record that established the amount of time per day that a human being must receive direct sunlight to avoid adverse health outcomes.  Attempting to establish a community norm, Plaintiffs point to various standards and reports that recommend jails and prisons provide incarcerated people with one hour of outdoor exercise time per day.[3]  Those recommendations, however, do not differentiate outdoor time and exercise time, and they do not provide any insight into how many minutes of direct sunlight per day the human body must receive to avoid adverse health consequences.  And

---

[3] Specifically, these standards include the American Correctional Association's Performance-Based Standards and Expected Practices for Adult Correctional Institutions, the U.S. Marshals Service's Federal Performance Based Detention Standards, and the 30th General Report of the European Committee for the Prevention of Torture and Inhuman or Degrading Treatment or Punishment. Detainees also cite the State Building Code promulgated by the California Board of State and Community Corrections.  *See* 24 Cal. Code Regs. § 1231.2.10.  The magistrate judge determined that San Francisco failed to comply with the State Building Code because it failed to build an outdoor space at CJ3.  San Francisco does not challenge this determination.

when Plaintiffs tried to elicit expert testimony on this precise question, the magistrate judge ruled such testimony inadmissible because it was outside the scope of the expert's report.  Plaintiffs failed to challenge this ruling in either their opening or reply brief.[4]

Because there was no evidence in the record regarding how many minutes of sunlight per day the human body needs to avoid adverse health outcomes, the magistrate judge did not abuse her discretion in selecting fifteen minutes, an amount of time that in the magistrate judge's view was "more than *de minimis* but less intrusive on" San Francisco than the one hour sought by Detainees.  *See Doe v. Kelly*, 878 F.3d 710, 721–22 (9th Cir. 2017) (holding that, given various "practical considerations," a district court did not abuse its discretion by crafting injunctive relief to provide detainees at U.S. Customs and Border Protection Facilities with wet wipes for sanitation purposes instead of showers); 18 U.S.C. § 3626(a)(1)(A).

2.	Plaintiffs also argue that the magistrate judge abused her discretion by only granting relief to inmates incarcerated for over one year.  Plaintiffs first contend that the magistrate judge's determination that adverse health consequences do not manifest until an individual goes without sunlight for approximately one

---

[4] At oral argument, Plaintiffs suggested that they wished to challenge this ruling.  We decline to consider this argument because it was not raised in Plaintiffs' opening brief.  *See* Fed. R. App. P. 28(a)(8); *Montana Pole & Treating Plant v. I.F. Laucks & Co.*, 993 F.2d 676, 679 (9th Cir. 1993) (declining to consider an issue raised for the first time at oral argument).

year is unsupported by the record.  Because this challenged determination is a factual finding, clear error is the appropriate standard of review.  *Galvez*, 52 F.4th at 829 (9th Cir. 2022) (citing *United States v. Washington*, 853 F.3d 946, 962 (9th Cir. 2017)).  Plaintiffs next argue that the magistrate judge ignored evidence that human beings need daily access to sunlight.  We disagree with both contentions.

    The magistrate judge did not clearly err in determining that medical consequences from a lack of sunlight did not manifest until approximately one year after incarceration.  Under the clear error standard, "a reviewing court must ask whether, 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'"  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Here, the magistrate judge conducted a seven-day bench trial and reviewed voluminous medical records.  She considered a range of medical conditions across multiple individuals that were linked to a lack of exposure to direct sunlight, including bowel problems, diabetes, myopia, increased blood pressure, inflammation, headaches, and weight gain.  While Plaintiffs point to isolated conditions that may have manifested slightly earlier, on our review of the entire body of evidence, we are not "left with the definite and firm conviction" that the magistrate judge's finding of an approximate one-year delay between incarceration and the start of adverse health conditions is clearly erroneous when viewed in the

aggregate. *Easley*, 532 U.S. at 242 (quoting *U.S. Gypsum Co.*, 333 U.S. at 395).

Further, the magistrate judge did not ignore evidence that human beings need daily access to sunlight. Plaintiffs point to expert testimony that humans need daily exposure to direct sunlight. That testimony, however, does not address how long a human being can go without access to direct sunlight before suffering adverse health effects. At most, Plaintiffs' expert established that an ethical scientific experiment would not deprive individuals of sunlight for months or years. Such testimony is insufficient to establish that the magistrate judge abused her discretion, especially in light of her factual finding that the named plaintiffs did not suffer adverse health consequences until they had been detained for one year. Plaintiffs also point to the aforementioned standards and reports as support for their argument that individuals require daily access to sunlight without a one-year delay. But again, these reports fail to address how long a human being can go without access to direct sunlight before suffering adverse health effects. On this record, we cannot hold that the magistrate judge abused her discretion.

**AFFIRMED.**[5]

---

[5] Plaintiffs also introduced various motions in their reply brief. *See* Dkt. 40 at 17–23. Their request to seal the Supplemental Excerpts of Record is GRANTED. The clerk shall immediately seal San Francisco's originally filed Supplemental Excerpts of Record (Dkt. 30). San Francisco is ORDERED to file a redacted version of the Supplemental Excerpts of Record within five days that redacts the named plaintiffs' medical records. Plaintiffs' other motions are DENIED. *See* Fed. R. App. P. 10(a).

FILED

AUG 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Brackens v. City and County of San Francisco*, No. 24-4789

KOH, J., concurring in part and dissenting in part:

I respectfully dissent in part.[1] The magistrate judge ordered the City and County of San Francisco ("Defendant") to provide daily access to direct sunlight to "each inmate who has been incarcerated for longer than a year." The magistrate judge based the one-year requirement on "the fact that Plaintiffs began suffering from medical problems approximately a year after they were incarcerated." That core justification for the injunction's scope was incorrect. The magistrate judge's own findings of fact indicated that two of the three named Plaintiffs suffered from medical problems within six to eight months of their incarceration. That contradiction between the magistrate judge's factual findings and the scope of the injunction constitutes clear error.

The majority excuses this inconsistency because each named Plaintiff manifested other medical problems after more than a year of incarceration. But the magistrate judge explicitly justified the ruling below on the timing of when Plaintiffs' "*began* suffering from medical problems[.]" Because the record establishes that two of the three named Plaintiffs' medical problems began prior to a year of incarceration, I would reverse the magistrate judge's decision to limit

---

[1] Based on the specific factual record presented in this case, I concur that the magistrate judge's decision to order that Defendant must provide inmates with just fifteen minutes of sunlight per day was not an abuse of discretion.

1

relief to persons incarcerated for longer than a year and remand to the magistrate judge to determine how long a person may be incarcerated before daily access to sunlight is required.