UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONTRAIL BRACKENS, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO,

Defendant.

Case No.  19-cv-02724-SK

**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE**

Regarding Docket No. 531

On June 29, 2026, Plaintiffs filed an administrative motion asking the Court to consider whether this closed case ("*Brackens*") should be related to *Carr et al v. City and County of San Francisco et al.*, 26-cv-05508-SK, which was filed in this District on June 8, 2026 ("*Carr*"). Defendant opposes the administrative motion.  (Dkt. No. 532.)  Defendant also filed an opposition to Plaintiff's administrative motion to relate the cases in *Carr*.  (*Carr*, No. 26-cv-05508-SK, Dkt. No. 11.)  Having evaluated the complaints and dockets in both matters, the Court HEREBY DENIES Plaintiff's motion to relate for the reasons set forth below.

**A.    Legal Standard**

Civil Local Rule 3-12(a) provides that actions are related when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.  Civ. L. R. 3-12(a).

**B.    Discussion**

Here, the Court concludes that the two cases at issue do not "concern substantially the same parties, property, transaction or event." *See* Civ. L. Rule 3-12(a).  The Plaintiffs in *Brackens* brought claims related to denial of out-of-cell time and outdoor recreation in San Francisco

United States District Court
Northern District of California

County Jails 4 and 5.  In contrast, *Carr* concerns claims related to denial of out-of-cell time and outdoor recreation in San Francisco County Jail 2, which houses both men and women.  The Court finds that, because *Carr* pertains to County Jail 2, a different facility that houses both men and women, the factual discovery in *Brackens* will not be relevant to the claims in *Carr*.

In addition, the Court finds that *Carr* includes unique allegations related to sewage, complaints about food, and prescription medications, all of which will require factual development and analysis significantly different from that conducted in *Brackens*.  While the claims in both actions may turn on similar legal principles, the facts in the two cases are distinct.

In sum, given the distinctions in allegations, relevant facts, and procedural posture between *Brackens* and *Carr*, the Court DENIES Plaintiffs' administrative motion to relate.

**IT IS SO ORDERED**.

Dated: July 13, 2026



SALLIE KIM
United States Magistrate Judge

2